UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SUZANNE POIRIER, Individually and On Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>       v.<br><br>BAKKT HOLDINGS, INC. f/k/a VPC IMPACT ACQUISITION HOLDINGS, JOHN MARTIN, OLIBIA STAMATOGLOU, GORDON WATSON, KAI SCHMITZ, and KURT SUMMERS,<br><br>                  Defendants. | **Case No.**<br><br>**<u>CLASS ACTION COMPLAINT</u>**<br><br>**<u>JURY TRIAL DEMANDED</u>** |

Plaintiff Suzanne Poirier ("Plaintiff"), individually and on behalf of all others similarly situated, by Plaintiff's undersigned attorneys, for Plaintiff's complaint against Defendants, alleges the following based upon personal knowledge as to Plaintiff and Plaintiff's own acts, and information and belief as to all other matters, based upon, *inter alia*, the investigation conducted by and through Plaintiff's attorneys, which included, among other things, a review of the Defendants' public documents, conference calls and announcements made by Defendants, United States ("U.S.") Securities and Exchange Commission ("SEC") filings, wire and press releases published by and regarding Bakkt Holdings, Inc. ("Bakkt" or the "Company") f/k/a VPC Impact Acquisition Holdings ("VIH"), analysts' reports and advisories about the Company, and information readily obtainable on the Internet.  Plaintiff believes that substantial, additional evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## NATURE OF THE ACTION

1.    This is a federal securities class action on behalf of a class consisting of all persons and entities other than Defendants that purchased or otherwise acquired: (a) Bakkt securities between March 31, 2021 and November 19, 2021, both dates inclusive (the "Class Period"); and/or (b) Bakkt Class A common stock pursuant and/or traceable to the Offering Documents (defined below) issued in connection with the business combination between the Company and Bakkt Holdings, LLC ("Legacy Bakkt") completed on or about October 15, 2021 (the "Business Combination").  Plaintiff pursues claims against the Defendants under the Securities Act of 1933 (the "Securities Act") and the Securities Exchange Act of 1934 (the "Exchange Act").

2.    Bakkt was formerly known as "VPC Impact Acquisition Holdings" and operated as a special purpose acquisition company ("SPAC"), also called a blank-check company, which is a development stage company that has no specific business plan or purpose or has indicated its business plan is to engage in a merger or acquisition with an unidentified company or companies, other entity, or person.

3.    On January 11, 2021, the Company and Legacy Bakkt announced entry into a definitive agreement for the Business Combination that would result in Legacy Bakkt becoming a publicly traded company with an enterprise value of approximately $2.1 billion.

4.    On March 31, 2021, the Company filed a registration statement on Form S-4 with the SEC in connection with the Business Combination, which, after several amendments, was declared effective by the SEC on September 17, 2021 (the "Registration Statement").  Also on September 17, 2021, the Company filed a proxy statement and prospectus on Form 424B3 with the SEC in connection with the Business Combination, which formed part of the Registration Statement (the "Proxy" and, together with the Registration Statement, the "Offering Documents").

5.     On or about October 15, 2021, the Company and Legacy Bakkt completed the Business Combination pursuant to the Offering Documents.  Thereafter, the Company changed its name to "Bakkt Holdings, Inc." and began operating a digital asset platform that enables consumers to buy, sell, convert, and spend digital assets.

6.     The Offering Documents were negligently prepared and, as a result, contained untrue statements of material fact or omitted to state other facts necessary to make the statements made not misleading and were not prepared in accordance with the rules and regulations governing their preparation.  Additionally, throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operations, and compliance policies.  Specifically, the Offering Documents and Defendants made false and/or misleading statements and/or failed to disclose that: (i) the Company had defective financial controls; (ii) as a result, there were errors in the Company's financial statements related to the misclassification of certain shares issued prior to the Business Combination; (iii) accordingly, the Company would need to restate certain of its financial statements; (iv) the Company downplayed the true scope and severity of these issues; (v) the Company overstated its remediation of its defective financial controls; and (vi) as a result, the Offering Documents and Defendants' public statements throughout the Class Period were materially false and/or misleading and failed to state information required to be stated therein.

7.     On May 17, 2021, Bakkt—then still operating as VIH—notified the SEC of its inability to timely file its quarterly report for the quarter ended March 31, 2021.  Specifically, the Company advised that, as a result of a statement issued by the SEC, "the Company reevaluated the accounting treatment of its public warrants and private placement warrants" and "is currently determining the extent of the SEC Statement's impact on its financial statements[.]"

8.      On this news, the Company's share price fell $0.13 per share, or 1.26%, to close at $10.18 per share on May 18, 2021.

9.      Then, on October 13, 2021, the Company disclosed in an SEC filing that it had also previously failed to properly account for the classification of its Class A ordinary shares and "adjust[ed] . . . the initial carrying value of the Class A ordinary shares subject to possible redemption with the offset recorded to additional paid-in capital (to the extent available), accumulated deficit and Class A ordinary shares." Notably, the Company revised its balance sheet as of December 31, 2020, including, among other changes, additional paid-in capital that was reduced from $9,860,338 to nil, an accumulated deficit that ballooned from $4,861,190 to $29,250,419, and total shareholders' *equity* of $5,000,009 that swung to a total shareholders' *deficit* of $29,249,901.

10.     Following these additional disclosures, the Company's share price fell $0.47 per share, or 4.73%, to close at $9.46 per share on October 14, 2021.

11.     Finally, on November 22, 2021, Bakkt disclosed in another SEC filing that the Company's management "has re-evaluated . . . the accounting classification of the Class A ordinary shares . . . of [VIH] . . . and has identified errors in the historical financial statements of VIH . . . related to the misclassification . . . of the Class A Ordinary Shares prior to the [Business Combination]." Specifically, the Company found that, as a result of errors in its condensed consolidated financial statements for the year ended December 31, 2020, and the quarterly periods ended March 31, 2021, June 30, 2021 and September 30, 2021, Bakkt should "restate certain of VIH's condensed consolidated financial statements from" those periods.

12.     On this news, Bakkt's stock price fell $2.70 per share, or 13.69%, to close at $17.02 per share on November 22, 2021.

13.    As of the time this Complaint was filed, Bakkt's Class A common stock was trading between $4 to $5 per share, and continues to trade below its initial value from the Business Combination, damaging investors.

14.    As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## JURISDICTION AND VENUE

15.    The claims asserted herein arise under and pursuant to Sections 11 and 15 of the Securities Act (15 U.S.C. §§ 77k and 77o), and Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. § 240.10b-5).

16.    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, Section 22 of the Securities Act (15 U.S.C. § 77v), and Section 27 of the Exchange Act (15 U.S.C. § 78aa).

17.    Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b) and Section 27 of the Exchange Act (15 U.S.C. § 78aa(c)) as the alleged misstatements entered and subsequent damages took place in this Judicial District.  Pursuant to Bakkt's most recent annual report on Form 10-K, as of March 25, 2022, there were 57,164,488 shares of the Company's Class A common stock issued and outstanding.  Bakkt's Class A common stock trades on the New York Stock Exchange ("NYSE").  Accordingly, there are presumably hundreds, if not thousands, of investors in Bakkt's Class A common stock located in the U.S., some of whom undoubtedly reside in this Judicial District.

18.     In connection with the acts alleged in this Complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including, but not limited to, the mails, interstate telephone communications, and the facilities of the national securities markets.

## PARTIES

19.     Plaintiff purchased or otherwise acquired Bakkt securities during the Class Period, and/or Bakkt Class A common stock pursuant and/or traceable to the Offering Documents issued in connection with the Business Combination, and suffered damages as a result of the federal securities law violations and false and/or misleading statements and/or material omissions alleged herein.

20.     Defendant Bakkt is a Delaware corporation with principal executive offices located at 10000 Avalon Boulevard, Suite 1000, Alpharetta, Georgia 30009.  The Company's Class A common stock and warrants trade in an efficient market on the NYSE under the trading symbols "BKKT" and "BKKT WS", respectively.  Prior to the Business Combination, the Company was organized under the laws of the Cayman Islands with principal executive offices located at Victory Park Capital Advisors, LLC, 150 North Riverside Plaza, Suite 5200, Chicago, Illinois 60606, and the Company's units, Class A ordinary shares, and warrants traded on the Nasdaq Stock Market ("NASDAQ") under the trading symbols "VIHAU", "VIH", and "VIHAW", respectively.

21.     Defendant John Martin ("Martin") served as Bakkt's Chief Executive Officer at all relevant times prior to the consummation of the Business Combination.  Martin signed or authorized the signing of the Registration Statement filed with the SEC.

22.     Defendant Olibia Stamatoglou ("Stamatoglou") served as Bakkt's Chief Financial Officer at all relevant times prior to the consummation of the Business Combination.  Stamatoglou signed or authorized the signing of the Registration Statement filed with the SEC.

23.     Defendants Martin and Stamatoglou are sometimes referred to herein collectively as the "Exchange Act Individual Defendants."

24.     The Exchange Act Individual Defendants possessed the power and authority to control the contents of Bakkt's SEC filings, press releases, and other market communications.  The Exchange Act Individual Defendants were provided with copies of Bakkt's SEC filings and press releases alleged herein to be misleading prior to or shortly after their issuance and had the ability and opportunity to prevent their issuance or to cause them to be corrected.  Because of their positions with Bakkt, and their access to material information available to them but not to the public, the Exchange Act Individual Defendants knew that the adverse facts specified herein had not been disclosed to and were being concealed from the public, and that the positive representations being made were then materially false and misleading.  The Exchange Act Individual Defendants are liable for the false statements and omissions pleaded herein.

25.     Bakkt and the Exchange Act Individual Defendants are sometimes referred to herein collectively as the "Exchange Act Defendants."

26.     Defendant Gordon Watson ("Watson") served as Bakkt's Chief Operating Officer at the time of the Business Combination and currently serves as a Director of the Company.  Watson signed or authorized the signing of the Registration Statement filed with the SEC.

27.     Defendant Kai Schmitz ("Schmitz") served as a Director of Bakkt at the time of the Business Combination.  Schmitz signed or authorized the signing of the Registration Statement filed with the SEC.

28.     Defendant Kurt Summers ("Summers") served as a Director of Bakkt at the time of the Business Combination.   Summers signed or authorized the signing of the Registration Statement filed with the SEC.

29.     The Exchange Act Individual Defendants and Defendants Watson, Schmitz, and Summers are sometimes referred to herein collectively as the "Securities Act Individual Defendants."

30.     As directors, executive officers, and/or major shareholders of the Company, the Securities Act Individual Defendants participated in the solicitation of Bakkt Class A common stock in the Business Combination for their own benefit and the benefit of the Company.   The Securities Act Individual Defendants were key members of the Business Combination working group and executives of the Company who pitched investors to approve the Business Combination and the shares acquired in the Business Combination.

31.     Bakkt and the Securities Act Individual Defendants are sometimes referred to herein collectively as the "Securities Act Defendants."

32.     The Exchange Act Defendants and the Securities Act Defendants are sometimes collectively, in whole or in part, referred to herein as "Defendants."

## SUBSTANTIVE ALLEGATIONS

### Background

33.     Bakkt was formerly known as "VPC Impact Acquisition Holdings" and operated as a SPAC.

34.     On January 11, 2021, the Company and Legacy Bakkt announced entry into a definitive agreement for the Business Combination that would result in Legacy Bakkt becoming a publicly traded company with an enterprise value of approximately $2.1 billion.

35. On March 31, 2021, the Company filed the Registration Statement on Form S-4 with the SEC in connection with the Business Combination, which, after several amendments, was declared effective by the SEC on September 17, 2021.  Also on September 17, 2021, the Company filed the Proxy on Form 424B3 with the SEC in connection with the Business Combination, which formed part of the Registration Statement.

36. On or about October 15, 2021, the Company and Legacy Bakkt completed the Business Combination pursuant to the Offering Documents.  Thereafter, the Company changed its name to "Bakkt Holdings, Inc." and began operating a digital asset platform that enables consumers to buy, sell, convert, and spend digital assets.

**Materially False and Misleading Statements Issued in the Offering Documents**

37. Among other results, the Offering Documents reported that, as of December 31, 2020, the Company's additional paid-in capital was $9,860,338, accumulated deficit was $4,861,190, and total shareholders' equity was $5,000,009.

38. Additionally, regarding the Company's accounting for its Class A ordinary shares, the Offering Documents contained the following representations:

> The Company accounts for its Class A ordinary shares subject to possible redemption in accordance with the guidance in Accounting Standards Codification ("ASC") Topic 480 "Distinguishing Liabilities from Equity." Ordinary shares subject to mandatory redemption are classified as a liability instrument and are measured at fair value. Conditionally redeemable ordinary shares (including ordinary shares that feature redemption rights that are either within the control of the holder or subject to redemption upon the occurrence of uncertain events not solely within the Company's control) are classified as temporary equity. At all other times, ordinary shares are classified as shareholders' equity. The Company's ordinary shares feature certain redemption rights that are considered to be outside of the Company's control and subject to occurrence of uncertain future events. Accordingly, at December 31, 2020, 17,312,211 Class A ordinary shares subject to possible redemption are presented as temporary equity, outside of the shareholders' equity section of the Company's consolidated balance sheet.

39.     Moreover, although the Offering Documents acknowledged that the Company had previously identified a material weakness in its internal control over financial reporting, they simultaneously downplayed the severity of that material weakness by cabining its scope "to the accounting for a significant and unusual transaction related to the warrants we issued in connection with our initial public offering in September 2020"; to "internal control over financial reporting [that] was not effective as of December 31, 2020"; and to "a material misstatement of our warrant liabilities, change in fair value of warrant liabilities, Class A common stock subject to possible redemption, additional paid-in capital, accumulated deficit and related financial disclosures for the fiscal year ended December 31, 2020[.]"

40.     The Offering Documents also assured investors that, "[t]o respond to this material weakness, we have devoted significant effort and resources to the remediation and improvement of our internal control over financial reporting[.]"

41.     The statements referenced in ¶¶ 37-40 were materially false and misleading because the Offering Documents were negligently prepared and, as a result, contained untrue statements of material fact or omitted to state other facts necessary to make the statements made not misleading and were not prepared in accordance with the rules and regulations governing their preparation. Specifically, the Offering Documents made false and/or misleading statements and/or failed to disclose that: (i) the Company overstated its efforts to remediate its defective financial controls; (ii) the Company downplayed the true scope and severity of its defective financial controls; (iii) there were additional errors in the Company's financial statements related to the misclassification of certain shares issued prior to the Business Combination; (iv) accordingly, the Company would need to restate certain additional financial statements; and (v) as a result, the Offering Documents were materially false and/or misleading and failed to state information required to be stated therein.

**Materially False and Misleading Statements Issued During the Class Period**

42.     The Class Period begins on March 31, 2021, when Bakkt—then still operating as VIH—filed an annual report on Form 10-K with the SEC, reporting the Company's financial and operating results for the quarter and year ended December 31, 2020 (the "2020 10-K").  That filing reported, among other results, additional paid-in capital of $6,002,037, an accumulated deficit of $1,002,669, and total shareholders' equity of $5,000,004 for December 31, 2020.

43.     The 2020 10-K also contained substantively the same statements as referenced in ¶ 38, *supra*, regarding the Company's accounting for its Class A ordinary shares, except that it stated that "at December 31, 2020, 19,563,518 Class A ordinary shares subject to possible redemption are presented as temporary equity, outside of the shareholders' equity section of the Company's balance sheet."

44.     Additionally, the 2020 10-K assured investors that "[o]ur management evaluated, with the participation of our principal executive officer and principal financial and accounting officer (our 'Certifying Officers'), the effectiveness of our disclosure controls and procedures as of December 31, 2020," and that, "[b]ased upon that evaluation, our Certifying Officers concluded that, as of December 31, 2020, our disclosure controls and procedures were effective."

45.     The 2020 10-K also assured investors that "[t]here were no changes in our internal control over financial reporting . . . during the most recent fiscal quarter that have materially affected, or are reasonably likely to materially affect, our internal control over financial reporting."

46.     Appended as exhibits to the 2020 10-K were signed certifications pursuant to the Sarbanes-Oxley Act of 2002 ("SOX"), wherein the Exchange Act Individual Defendants certified that "[t]he [2020 10-K] fully complies with the requirements of Section 13(a) or 15(d) of the [Exchange Act]" and that, "[t]o [their] knowledge, the information contained in the [2020 10-K]

fairly presents, in all material respects, the financial condition and results of operations of the Company as of and for the period covered by the [2020 10-K]."

47.     The statements referenced in ¶¶ 42-46 were materially false and misleading because Defendants made false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and compliance policies.   Specifically, the Exchange Act Defendants made false and/or misleading statements and/or failed to disclose that: (i) the Company had defective financial controls; (ii) as a result, there were errors in the Company's financial statements related to the misclassification of certain shares issued prior to the Business Combination; (iii) accordingly, the Company would need to restate certain of its financial statements; and (iv) as a result, the Company's public statements were materially false and misleading at all relevant times.

**The Truth Begins to Emerge**

48.     On May 17, 2021, during post-market hours, the Company filed a Form NT 10-Q with the SEC, providing notification of its inability to timely file its quarterly report on Form 10-Q with the SEC for the quarter ended March 31, 2021.  That filing advised, in relevant part:

> On April 12, 2021, the Staff of the [SEC] issued the "Staff Statement on Accounting and Reporting Considerations for Warrants Issued by [SPACs]" (the "SEC Statement"), which clarified guidance for all SPACs regarding the accounting and reporting for their warrants. Following review of the SEC Statement, the Company reevaluated the accounting treatment of its public warrants and private placement warrants (collectively, the "Warrants") as equity, and concluded that, based on the SEC Statement, the Warrants should be, and should previously have been, classified as a liability measured at fair value, with non-cash fair value adjustments recorded in earnings at each reporting period.
>
> The Company is currently determining the extent of the SEC Statement's impact on its financial statements, including the financial statements as of and for the fiscal quarter ended March 31, 2021[.]

49.     On this news, the Company's share price fell $0.13 per share, or 1.26%, to close at $10.18 per share on May 18, 2021.  Despite this decline in the Company's share price, its securities continued to trade at artificially inflated prices throughout the remainder of the Class Period because of the Exchange Act Defendants' continued misstatements and omissions regarding the true scope and severity of its defective financial controls.

50.     For example, on May 24, 2021, the Company filed an amended annual report on Form 10-K/A with the SEC for the quarter and year ended December 31, 2020 (the "2020 10-K/A").   Among other revised results, that filing reported additional paid-in capital of $9,860,338, an accumulated deficit of $4,861,190, and total shareholders' equity of $5,000,009 for December 31, 2020.

51.     The 2020 10-K/A also contained substantively the same statements as referenced in ¶ 38, *supra*, regarding the Company's accounting for its Class A ordinary shares.

52.     Although the 2020 10-K/A acknowledged that the Company had identified a material weakness in its internal control over financial reporting, it simultaneously downplayed the severity of the material weakness by stating that it was "due solely to the material weakness in our internal control over financial reporting described below in 'Management's Report on Internal Control over Financial Reporting[,]'" which merely stated that the 2020 10-K/A "does not include a report of management's assessment regarding internal control over financial reporting or an attestation report of our registered public accounting firm due to a transition period established by rules of the SEC for newly public companies."

53.     Additionally, the 2020 10-K/A assured investors that "[i]n light of this material weakness, we performed additional analysis as deemed necessary to ensure that our financial statements were prepared in accordance with U.S. generally accepted accounting principles"

("GAAP"); that "[m]anagement has implemented remediation steps to address the material weakness and to improve our internal control over financial reporting"; and that "we expanded and improved our review process for complex securities and related accounting standards."

54.     Appended as exhibits to the 2020 10-K/A were substantively the same SOX certifications as referenced in ¶ 46, *supra*, signed by the Exchange Act Individual Defendants.

55.     Also on May 24, 2021, the Company filed a quarterly report on Form 10-Q with the SEC, reporting the Company's financial and operating results for the quarter ended March 31, 2021 (the "1Q21 10-Q").  That filing reported, among other results, additional paid-in capital of $43,531,612, an accumulated deficit of $38,532,806, and total shareholders' equity of $5,000,003 for March 31, 2021.

56.     Additionally, the 1Q21 10-Q contained substantively the same statements as referenced in ¶ 38, *supra*, regarding the Company's accounting for its Class A ordinary shares.

57.     The 1Q21 10-Q also contained substantively the same statements as referenced in ¶¶ 52-53, *supra*, acknowledging that the Company had identified a material weakness in its internal control over financial reporting, while simultaneously downplaying the severity of that material weakness and assuring investors that those controls had been or would be remediated.  The 1Q21 10-Q also went further by representing that "[n]otwithstanding the material weakness, management has concluded that the financial statements included elsewhere in this [1Q21 10-Q] present fairly, in all material respects, our financial position, results of operations and cash flows in conformity with GAAP[,]" and that "[o]ur plans at this time include providing enhanced access to accounting literature, research materials and documents and increased communication among our personnel and third-party professionals with whom we consult regarding complex accounting applications."

58.     Appended as exhibits to the 1Q21 10-Q were substantively the same SOX certifications as referenced in ¶ 46, *supra*, signed by the Exchange Act Individual Defendants.

59.     On August 13, 2021, the Company filed a quarterly report on Form 10-Q with the SEC, reporting the Company's financial and operating results for the quarter ended June 30, 2021 (the "2Q21 10-Q").   That filing reported, among other results, additional paid-in capital of $22,262,164, an accumulated deficit of $17,263,148, and total shareholders' equity of $5,000,001 for June 30, 2021.

60.     Additionally, the 2Q21 10-Q contained substantively the same statements as referenced in ¶ 38, *supra*, regarding the Company's accounting for its Class A ordinary shares.

61.     The 2Q21 10-Q also contained substantively the same statements as referenced in ¶¶ 52-53, *supra*, acknowledging that the Company had identified a material weakness in its internal control over financial reporting, while simultaneously downplaying the severity of that material weakness and assuring investors that those controls had been or would be remediated, as well as the additional assurances in the 1Q21 10-Q as referenced in ¶ 57, *supra*, including that "management believes that the financial statements included in this [2Q21 10-Q] present fairly in all material respects our financial position, results of operations and cash flows for the period presented."

62.     Appended as exhibits to the 2Q21 10-Q were substantively the same SOX certifications as referenced in ¶ 46, *supra*, signed by the Exchange Act Individual Defendants.

63.     The statements referenced in ¶¶ 48 and 50-62 were materially false and misleading because Defendants made false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and compliance policies.   Specifically, the Exchange Act Defendants made false and/or misleading statements and/or failed to disclose

that: (i) the Company overstated its efforts to remediate its defective financial controls; (ii) the Company downplayed the true scope and severity of its defective financial controls; (iii) there were additional errors in the Company's financial statements related to the misclassification of certain shares issued prior to the Business Combination; (iv) accordingly, the Company would need to restate additional financial statements; and (v) as a result, the Company's public statements were materially false and misleading at all relevant times.

64.     On October 13, 2021, during post-market hours, the Company filed a quarterly report on Form 10-Q with the SEC, reporting the Company's financial and operating results for the quarter ended September 30, 2021 (the "3Q21 10-Q").  That filing disclosed that the Company had failed to properly account for the classification of its Class A ordinary shares and would need to revise certain of its previously issued financial statements, stating, in relevant part:

> In connection with the preparation of the Company's financial statements as of September 30, 2021, management determined it should revise its previously reported financial statements. The Company determined, at the closing of the Company's Initial Public Offering and shares sold pursuant to the exercise of the underwriters' overallotment, it had improperly valued its Class A ordinary shares subject to possible redemption . . . . As a result, management has noted a reclassification adjustment related to temporary equity and permanent equity. This resulted in an adjustment to the initial carrying value of the Class A ordinary shares subject to possible redemption with the offset recorded to additional paid-in capital (to the extent available), accumulated deficit and Class A ordinary shares.

65.     As a result, the Company revised its balance sheet as of December 31, 2020, including, among other changes, additional paid-in capital that was reduced from $9,860,338 to nil, an accumulated deficit that ballooned from $4,861,190 to $29,250,419, and total shareholders' *equity* of $5,000,009 that swung to a total shareholders' *deficit* of $29,249,901.

66.     On this news, the Company's share price fell $0.47 per share, or 4.73%, to close at $9.46 per share on October 14, 2021.  Despite this decline in the Company's share price, its securities continued to trade at artificially inflated prices throughout the remainder of the Class

Period because of the Exchange Act Defendants' continued misstatements and omissions regarding the true scope and severity of its defective financial controls.

67.     For example, the 3Q21 10-Q assured investors that the Exchange Act Individual Defendants "carried out an evaluation of the effectiveness of the design and operation of our disclosure controls and procedures as of September 30, 2021[,]" and that, "[b]ased upon their evaluation, [the Exchange Act Individual Defendants] concluded that our disclosure controls and procedures . . . were effective"; that "[t]here was no change in our internal control over financial reporting that occurred during the fiscal quarter ended September 30, 2021 covered by this [3Q21 10-Q] that has materially affected, or is reasonably likely to materially affect, our internal control over financial reporting"; and that "[t]he material weakness . . . was remediated during the quarter ended September 30, 2021."

68.     In describing the Company's purported remediation of the material weakness in its internal control over financial reporting, the 3Q21 10-Q stated:

> We recognize the importance of the control environment as it sets the overall tone for the Company and is the foundation for all other components of internal control. Consequently, we designed and implemented remediation measures to address the material weakness previously identified and enhance our internal control over financial reporting. In light of the material weakness, we enhanced our processes to identify and appropriately apply applicable accounting requirements to better evaluate and understand the nuances of the complex accounting standards that apply to our condensed consolidated financial statements, including providing enhanced access to accounting literature, research materials and documents and increased communication among our personnel and third-party professionals with whom we consult regarding complex accounting applications. The foregoing actions, which we believe remediated the material weakness in internal control over financial reporting, were completed as of the date of June 30, 2021.

69.     Appended as exhibits to the 3Q21 10-Q were substantively the same SOX certifications as referenced in ¶ 46, *supra*, signed by the Exchange Act Individual Defendants.

70.     The statements referenced in ¶¶ 64 and 67-69 were materially false and misleading because Defendants made false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and compliance policies.  Specifically, the Exchange Act Defendants made false and/or misleading statements and/or failed to disclose that: (i) the Company still had defective financial controls; (ii) as a result, the Company would need to restate additional financial statements; (iii) the Company downplayed the true scope and severity of these issues; and (iv) as a result, the Company's public statements were materially false and misleading at all relevant times.

**The Truth Fully Emerges**

71.     On November 22, 2021, a little over a month after the Company had assured investors that it had successfully remediated its defective financial controls, Bakkt filed a current report on Form 8-K with the SEC, disclosing that the Company would have to restate certain of its previously-issued financial statements because of errors related to the misclassification of certain shares issued prior to the Business Combination.  Specifically, that filing stated, in relevant part:

> Management of Bakkt . . . has re-evaluated the application of ASC 480-10-S99-3A to the accounting classification of the Class A ordinary shares, par value $0.0001 (the "Class A Ordinary Shares") of [VIH] prior to the completion of the Merger (defined below), which were issued in connection with VIH's initial public offering (the "IPO"), and has identified errors in the historical financial statements of VIH for the Affected Period (defined below) related to the misclassification (the "Misclassification") of the Class A Ordinary Shares prior to the Merger. Accordingly, the Company has determined that it is appropriate to restate certain of VIH's condensed consolidated financial statements from the Affected Period.

> * * *

> In connection with VIH's condensed consolidated financial statements as of September 30, 2021 and the filing of its Quarterly Report on Form 10-Q filed on October 13, 2021, VIH's management determined it should revise its previously reported financial statements to, among other things, address the Misclassification by noting a reclassification adjustment related to temporary equity and permanent equity. This resulted in an adjustment to the initial carrying value of the Class A

Ordinary Shares subject to possible redemption with the offset recorded to additional paid-in capital (to the extent available), accumulated deficit and Class A Ordinary Shares. ***However, VIH did not restate the historical financial statements because it deemed the adjustment to be immaterial at that time.***

\* \* \*

On November 19, 2021, management, after briefing and consulting with the Audit Committee of the Board of Directors of the Company (the "Audit Committee"), concluded that, ***due to the Misclassification, VIH's previously issued (i) condensed consolidated audited financial statements for the year ended December 31, 2020 included in VIH's Annual Report on Form 10-K, initially filed on March 31, 2021 (as amended); and (ii) condensed consolidated unaudited financial statements for the quarterly periods ended March 31, 2021, June 30, 2021 and September 30, 2021 included in VIH's Quarterly Reports on Form 10-Q filed on May 24, 2021, August 13, 2021 and October 13, 2021, respectively (the periods referred to in (i) and (ii), collectively, the "Affected Period"), should no longer be relied upon . . . . Further, the Audit Committee, in consultation with management, determined that it is appropriate to restate certain of VIH's condensed consolidated financial statements from the Affected Period.***

(Emphases added.)

72.     On this news, Bakkt's stock price fell $2.70 per share, or 13.69%, to close at $17.02 per share on November 22, 2021.

73.     As of the time this Complaint was filed, Bakkt's Class A common stock was trading between $4 to $5 per share, and continues to trade below its initial value from the Business Combination, damaging investors.

74.     As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

**Post-Class Period Developments**

75.     On December 8, 2021, Bakkt filed an amended quarterly report on Form 10-Q/A with the SEC, restating financials for the quarters ended March 31, 2021 and June 30, 2021.  For March 31, 2021, that filing reported, among other revised results, additional paid-in capital of nil,

an accumulated deficit of $62,922,035, and a total shareholders' deficit of $62,921,517.  Moreover, for June 30, 2021, that filing reported, among other revised results, additional paid-in capital of nil, an accumulated deficit of $41,652,377, and a total shareholders' deficit of $41,651,859.

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

76.    Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a class consisting of all persons and entities other than Defendants that purchased or otherwise acquired Bakkt securities during the Class Period, and/or Bakkt Class A common stock pursuant and/or traceable to the Offering Documents issued in connection with the Business Combination; and were damaged thereby (the "Class").  Excluded from the Class are Defendants, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendants have or had a controlling interest.

77.    The members of the Class are so numerous that joinder of all members is impracticable.  Throughout the Class Period, Bakkt securities were actively traded on the NYSE and NASDAQ.  While the exact number of Class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery, Plaintiff believes that there are hundreds or thousands of members in the proposed Class.  Record owners and other members of the Class may be identified from records maintained by Bakkt or its transfer agent and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

78.    Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal law that is complained of herein.

79.     Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation.  Plaintiff has no interests antagonistic to or in conflict with those of the Class.

80.     Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class.  Among the questions of law and fact common to the Class are:

- whether the federal securities laws were violated by Defendants' acts as alleged herein;

- whether statements made by Defendants to the investing public in the Offering Documents for the Business Combination, or during the Class Period, misrepresented material facts about the business, operations and management of Bakkt;

- whether the Securities Act Individual Defendants negligently prepared the Offering Documents for the Business Combination and, as a result, the Offering Documents contained untrue statements of material fact or omitted to state other facts necessary to make the statements made not misleading, and were not prepared in accordance with the rules and regulations governing their preparation;

- whether the Exchange Act Individual Defendants caused Bakkt to issue false and misleading financial statements during the Class Period;

- whether certain Defendants acted knowingly or recklessly in issuing false and misleading financial statements;

- whether the prices of Bakkt securities during the Class Period were artificially inflated because of the Defendants' conduct complained of herein; and

- whether the members of the Class have sustained damages and, if so, what is the proper measure of damages.

81.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.  Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden

of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them.  There will be no difficulty in the management of this action as a class action.

82.     Plaintiff will rely, in part, upon the presumption of reliance established by the fraud-on-the-market doctrine in that:

- Defendants made public misrepresentations or failed to disclose material facts during the Class Period;

- the omissions and misrepresentations were material;

- Bakkt securities are traded in an efficient market;

- the Company's shares were liquid and traded with moderate to heavy volume during the Class Period;

- the Company traded on the NYSE and NASDAQ and was covered by multiple analysts;

- the misrepresentations and omissions alleged would tend to induce a reasonable investor to misjudge the value of the Company's securities; and

- Plaintiff and members of the Class purchased, acquired and/or sold Bakkt securities between the time the Defendants failed to disclose or misrepresented material facts and the time the true facts were disclosed, without knowledge of the omitted or misrepresented facts.

83.     Based upon the foregoing, Plaintiff and the members of the Class are entitled to a presumption of reliance upon the integrity of the market.

84.     Alternatively, Plaintiff and the members of the Class are entitled to the presumption of reliance established by the Supreme Court in *Affiliated Ute Citizens of the State of Utah v. United States*, 406 U.S. 128, 92 S. Ct. 2430 (1972), as Defendants omitted material information in their Class Period statements in violation of a duty to disclose such information, as detailed above.

## COUNT I

**(Violations of Section 10(b) of the Exchange Act and Rule 10b-5 Promulgated Thereunder Against the Exchange Act Defendants)**

85.     Plaintiff repeats and re-alleges each and every allegation contained above as if fully set forth herein.

86.     This Count is asserted against the Exchange Act Defendants and is based upon Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder by the SEC.

87.     During the Class Period, the Exchange Act Defendants engaged in a plan, scheme, conspiracy and course of conduct, pursuant to which they knowingly or recklessly engaged in acts, transactions, practices and courses of business which operated as a fraud and deceit upon Plaintiff and the other members of the Class; made various untrue statements of material facts and omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and employed devices, schemes and artifices to defraud in connection with the purchase and sale of securities.  Such scheme was intended to, and, throughout the Class Period, did: (i) deceive the investing public, including Plaintiff and other Class members, as alleged herein; (ii) artificially inflate and maintain the market price of Bakkt securities; and (iii) cause Plaintiff and other members of the Class to purchase or otherwise acquire Bakkt securities and options at artificially inflated prices.  In furtherance of this unlawful scheme, plan and course of conduct, the Exchange Act Defendants, and each of them, took the actions set forth herein.

88.     Pursuant to the above plan, scheme, conspiracy, and course of conduct, each of the Exchange Act Defendants participated directly or indirectly in the preparation and/or issuance of the quarterly and annual reports, SEC filings, press releases and other statements and documents

described above, including statements made to securities analysts and the media that were designed to influence the market for Bakkt securities. Such reports, filings, releases and statements were materially false and misleading in that they failed to disclose material adverse information and misrepresented the truth about Bakkt's finances and business prospects.

89. By virtue of their positions at Bakkt, the Exchange Act Defendants had actual knowledge of the materially false and misleading statements and material omissions alleged herein and intended thereby to deceive Plaintiff and the other members of the Class, or, in the alternative, the Exchange Act Defendants acted with reckless disregard for the truth in that they failed or refused to ascertain and disclose such facts as would reveal the materially false and misleading nature of the statements made, although such facts were readily available to the Exchange Act Defendants. Said acts and omissions of the Exchange Act Defendants were committed willfully or with reckless disregard for the truth. In addition, each of the Exchange Act Defendants knew or recklessly disregarded that material facts were being misrepresented or omitted as described above.

90. Information showing that the Exchange Act Defendants acted knowingly or with reckless disregard for the truth is peculiarly within the Exchange Act Defendants' knowledge and control. As the senior managers and/or directors of Bakkt, the Exchange Act Individual Defendants had knowledge of the details of Bakkt's internal affairs.

91. The Exchange Act Individual Defendants are liable both directly and indirectly for the wrongs complained of herein. Because of their positions of control and authority, the Exchange Act Individual Defendants were able to and did, directly or indirectly, control the content of the statements of Bakkt. As officers and/or directors of a publicly-held company, the Exchange Act Individual Defendants had a duty to disseminate timely, accurate, and truthful information with

respect to Bakkt's businesses, operations, future financial condition, and future prospects.  As a result of the dissemination of the aforementioned false and misleading reports, releases and public statements, the market price of Bakkt securities was artificially inflated throughout the Class Period.  In ignorance of the adverse facts concerning Bakkt's business and financial condition which were concealed by the Exchange Act Defendants, Plaintiff and the other members of the Class purchased or otherwise acquired Bakkt securities at artificially inflated prices and relied upon the price of the securities, the integrity of the market for the securities and/or upon statements disseminated by the Exchange Act Defendants, and were damaged thereby.

92.     During the Class Period, Bakkt securities were traded on an active and efficient market.  Plaintiff and the other members of the Class, relying on the materially false and misleading statements described herein, which the Exchange Act Defendants made, issued or caused to be disseminated, or relying upon the integrity of the market, purchased or otherwise acquired shares of Bakkt securities at prices artificially inflated by the Exchange Act Defendants' wrongful conduct.  Had Plaintiff and the other members of the Class known the truth, they would not have purchased or otherwise acquired said securities, or would not have purchased or otherwise acquired them at the inflated prices that were paid.  At the time of the purchases and/or acquisitions by Plaintiff and the Class, the true value of Bakkt securities was substantially lower than the prices paid by Plaintiff and the other members of the Class.  The market price of Bakkt securities declined sharply upon public disclosure of the facts alleged herein to the injury of Plaintiff and Class members.

93.     By reason of the conduct alleged herein, the Exchange Act Defendants knowingly or recklessly, directly or indirectly, have violated Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder.

94.     As a direct and proximate result of the Exchange Act Defendants' wrongful conduct, Plaintiff and the other members of the Class suffered damages in connection with their respective purchases, acquisitions, and sales of the Company's securities during the Class Period, upon the disclosure that the Company had been disseminating misrepresented financial statements to the investing public.

### COUNT II

### (Violations of Section 20(a) of the Exchange Act Against the Exchange Act Individual Defendants)

95.     Plaintiff repeats and re-alleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

96.     During the Class Period, the Exchange Act Individual Defendants participated in the operation and management of Bakkt, and conducted and participated, directly and indirectly, in the conduct of Bakkt's business affairs.  Because of their senior positions, they knew the adverse non-public information about Bakkt's misstatement of income and expenses and false financial statements.

97.     As officers and/or directors of a publicly owned company, the Exchange Act Individual Defendants had a duty to disseminate accurate and truthful information with respect to Bakkt's financial condition and results of operations, and to correct promptly any public statements issued by Bakkt which had become materially false or misleading.

98.     Because of their positions of control and authority as senior officers, the Exchange Act Individual Defendants were able to, and did, control the contents of the various reports, press releases and public filings which Bakkt disseminated in the marketplace during the Class Period concerning Bakkt's results of operations.  Throughout the Class Period, the Exchange Act Individual Defendants exercised their power and authority to cause Bakkt to engage in the

wrongful acts complained of herein.  The Exchange Act Individual Defendants, therefore, were "controlling persons" of Bakkt within the meaning of Section 20(a) of the Exchange Act.  In this capacity, they participated in the unlawful conduct alleged which artificially inflated the market price of Bakkt securities.

99.     Each of the Exchange Act Individual Defendants, therefore, acted as a controlling person of Bakkt.  By reason of their senior management positions and/or being directors of Bakkt, each of the Exchange Act Individual Defendants had the power to direct the actions of, and exercised the same to cause, Bakkt to engage in the unlawful acts and conduct complained of herein.  Each of the Exchange Act Individual Defendants exercised control over the general operations of Bakkt and possessed the power to control the specific activities which comprise the primary violations about which Plaintiff and the other members of the Class complain.

100.     By reason of the above conduct, the Exchange Act Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act for the violations committed by Bakkt.

<u>**COUNT III**</u>

**(Violations of Section 11 of the Securities Act Against the Securities Act Defendants)**

101.     Plaintiff repeats and incorporates each and every allegation contained above as if fully set forth herein, except any allegation of fraud, recklessness, or intentional misconduct.

102.     This Count is brought pursuant to Section 11 of the Securities Act, 15 U.S.C. § 77k, on behalf of the Class, against Defendants.

103.     The Offering Documents for the Business Combination were inaccurate and misleading, contained untrue statements of material facts, omitted to state other facts necessary to make the statements made not misleading, and omitted to state material facts required to be stated therein.

104.    Bakkt is the registrant for the Business Combination.  Defendants named herein were responsible for the contents and dissemination of the Offering Documents.

105.    As issuer of the shares, Bakkt is strictly liable to Plaintiff and the Class for the misstatements and omissions in the Offering Documents.

106.    None of the Defendants named herein made a reasonable investigation or possessed reasonable grounds for the belief that the statements contained in the Offering Documents were true and without omissions of any material facts and were not misleading.

107.    By reasons of the conduct herein alleged, each Defendant violated, and/or controlled a person who violated Section 11 of the Securities Act.

108.    Plaintiff acquired Bakkt shares pursuant and/or traceable to the Offering Documents for the Business Combination.

109.    Plaintiff and the Class have sustained damages.  The value of Bakkt Class A common stock has declined substantially subsequent to and because of Defendants' violations.

## COUNT IV

**(Violations of Section 15 of the Securities Act Against the Securities Act Individual Defendants)**

110.    Plaintiff repeats and incorporates each and every allegation contained above as if fully set forth herein, except any allegation of fraud, recklessness, or intentional misconduct.

111.    This Count is asserted against the Securities Act Individual Defendants and is based upon Section 15 of the Securities Act, 15 U.S.C. § 77o.

112.    The Securities Act Individual Defendants, by virtue of their offices, directorship, and specific acts were, at the time of the wrongs alleged herein and as set forth herein, controlling persons of Bakkt within the meaning of Section 15 of the Securities Act.  The Securities Act

Individual Defendants had the power and influence and exercised the same to cause Bakkt to engage in the acts described herein.

113.    The Securities Act Individual Defendants' positions made them privy to and provided them with actual knowledge of the material facts concealed from Plaintiff and the Class.

114.    By virtue of the conduct alleged herein, the Securities Act Individual Defendants are liable for the aforesaid wrongful conduct and are liable to Plaintiff and the Class for damages suffered.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

A.    Determining that the instant action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, and certifying Plaintiff as the Class representative;

B.    Requiring Defendants to pay damages sustained by Plaintiff and the Class by reason of the acts and transactions alleged herein;

C.    Awarding Plaintiff and the other members of the Class prejudgment and post-judgment interest, as well as their reasonable attorneys' fees, expert fees and other costs; and

D.    Awarding such other and further relief as this Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury.

Dated:  April 21, 2022                    Respectfully submitted,

                                          POMERANTZ LLP

                                          */s/ Jeremy A. Lieberman*
                                          Jeremy A. Lieberman
                                          J. Alexander Hood II
                                          James M. LoPiano
                                          600 Third Avenue, 20th Floor
                                          New York, New York 10016

Telephone: (212) 661-1100
Facsimile: (212) 661-8665
jalieberman@pomlaw.com
ahood@pomlaw.com
jlopiano@pomlaw.com

*Attorneys for Plaintiff*

DocuSign Envelope ID: A249511D-1489-4552-9GC7-C253F976984B

# CERTIFICATION PURSUANT
## TO FEDERAL SECURITIES LAWS

1.    I, ___Suzanne Poirier_____, make this declaration pursuant to Section 27(a)(2) of the Securities Act of 1933 ("Securities Act") and/or Section 21D(a)(2) of the Securities Exchange Act of 1934 ("Exchange Act") as amended by the Private Securities Litigation Reform Act of 1995.

2.    I have reviewed a Complaint against Bakkt Holdings, Inc. ("Bakkt" or the "Company") and authorize the filing of a comparable complaint on my behalf.

3.    I did not purchase or acquire Bakkt securities at the direction of plaintiffs' counsel or in order to participate in any private action arising under the Securities Act or Exchange Act.

4.    I am willing to serve as a representative party on behalf of a Class of investors who purchased or otherwise acquired Bakkt securities during the class period, including providing testimony at deposition and trial, if necessary.  I understand that the Court has the authority to select the most adequate lead plaintiff in this action.

5.    The attached sheet lists all of my transactions in Bakkt securities during the Class Period as specified in the Complaint.

6.    During the three-year period preceding the date on which this Certification is signed, I have not served or sought to serve as a representative party on behalf of a class under the federal securities laws.

7.    I agree not to accept any payment for serving as a representative party on behalf of the class as set forth in the Complaint, beyond my pro rata share of any recovery, except such reasonable costs and expenses directly relating to the representation of the class as ordered or approved by the Court.

DocuSign Envelope ID: A249E11D-1489-4E52-9CC7-C253F976984B

8.    I declare under penalty of perjury under the laws of the United States of America

that the foregoing is true and correct.

**Executed** _____4/20/2022_____
          **(Date)**

_____
**(Signature)**

Suzanne Poirier
_____
          **(Type or Print Name)**

**Bakkt Holdings, Inc. (BKKT)**                                   **Suzanne Poirier**

### List of Purchases and Sales

| Transaction Type | Date | Number of Shares/Unit | Price Per Share/Unit |
|---|---|---|---|
| Purchase | 11/1/2021 | 100 | $41.0000 |
| Purchase | 11/1/2021 | 85 | $39.6800 |
| Purchase | 12/28/2021 | 100 | $9.6450 |