**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SUZANNE POIRIER, Individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>v.<br><br>BAKKT HOLDINGS, INC. f/k/a VPC IMPACT ACQUISITION HOLDINGS, JOHN MARTIN, OLIBIA STAMATOGLOU, GORDON WATSON, KAI SCHMITZ, and KURT SUMMERS,<br><br>       Defendants. | Case No.: 1:22-cv-02283-EK-PK<br><br>Hon. Eric R. Komitee |

**MEMORANDUM OF LAW IN SUPPORT OF RACHNA
MEHROTRA'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND
<u>APPROVAL OF SELECTION OF COUNSEL</u>**

**TABLE OF CONTENTS**

**Page**

I.      FACTUAL BACKGROUND ..................................................................................2

II.     PROCEDURAL HISTORY..................................................................................5

III.    ARGUMENT .........................................................................................................5

    A.   Appointing Movant as Lead Plaintiff Is Appropriate ....................................5

        1.   Movant Filed a Timely Motion. ...........................................................6

        2.   Movant Has the Largest Financial Interest in the Relief Sought. ............7

        3.   Movant Satisfies the Relevant Requirements of Rule 23. ........................8

            a.   Movant's Claims Are Typical...................................................8

            b.   Movant Is An Adequate Representative.....................................9

    B.   Approving Lead Plaintiff's Choice of Counsel Is Appropriate.....................10

IV.     CONCLUSION ....................................................................................................11

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Brady v. Top Ships Inc.,*
    324 F. Supp. 3d 335 (E.D.N.Y. 2018)......................................................................6, 7

*In re Cendant Corp.,*
    264 F.3d 201 (3d Cir. 2001) .................................................................................10

*City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp.,*
    269 F.R.D. 291 (S.D.N.Y. 2010) ..........................................................................9

*In re Coinbase Global Securities Litigation,*
    No. 3:21-cv-05634-VC, Dkt. No. 87 (N.D. Cal. Nov. 5, 2021) ...........................10

*Daniels Family 2001 v. Las Vegas Sands Corp.,*
    2021 U.S. Dist. LEXIS 974 (D. Nev. Jan. 5, 2021)..............................................11

*Deinnocentis v. Dropbox, Inc.,*
    2020 U.S.  Dist. LEXIS 8680 (N.D. Cal. Jan. 16, 2020) ......................................11

*Ford v. VOXX Int'l Corp.,*
    No. 14-cv-4183-JS-AYS, 2015 U.S. Dist. LEXIS 92705 (E.D.N.Y. Apr. 13, 2015)...............8

*In re Gentiva Sec. Litig.,*
    281 F.R.D. 108 (E.D.N.Y. 2012) .........................................................................8

*Jiang v. BlueCity Holdings Limited, et al.,*
    No. 1:21-cv-04044-CLP (E.D.N.Y. Dec. 22, 2021)...............................................10

*Kuriakose v. Fed. Home Loan Mortg. Co.,*
    No. 1:08-cv-7281-JFK, 2008 WL 4974839 (S.D.N.Y. Nov. 24, 2008)..................8

*Malriat v. Quantumscape Corp.,*
    2021 U.S. Dist. LEXIS 76914 (N.D. Cal. April 20, 2021).....................................11

*Snyder v. Baozun Inc.,*
    2020 U.S. Dist. LEXIS 163967 (S.D.N.Y. Sept. 8, 2020).....................................11

*Subramanian v. Watford, et. al.,*
    2021 U.S. Dist. LEXIS 81823 (D. Colo. April 29, 2021) ....................................10

*Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.,*
    No. 10-cv-00864-SLT, 2011 U.S. Dist. LEXIS 88552 (E.D.N.Y. May 31, 2011)..................9

*White Pine Invs. v. CVR Ref.,*
    2021 U.S. Dist. LEXIS 1199 (S.D.N.Y. Jan. 5, 2021) .........................................11

*Xiangdong Chen v. X Fin.*,
No. 19-CV-6908-KAM-SJB, 2020 U.S. Dist. LEXIS 86292 (E.D.N.Y. May 13, 2020) .........6

**Statutes**

15 U.S.C. § 77z-1..............................................................................................*passim*

15 U.S.C. § 78u-4 .............................................................................................*passim*

**Rules**

FED. R. CIV. P. 23.................................................................................................1, 6, 8

Rachna Mehrotra ("Movant") respectfully submits this memorandum of law in support of her motion ("Motion") to appoint her as lead plaintiff and approve her selection of Levi & Korsinsky, LLP ("Levi & Korsinsky") as Lead Counsel pursuant to Section 27 of the Securities Act of 1933 ("Securities Act") and Section 21D of the Securities Exchange Act of 1934 ("Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), on behalf of all persons and entities other than Defendants that purchased or otherwise acquired: (a) Bakkt Holdings, Inc. ("Bakkt" or the "Company") f/k/a VPC Impact Acquisition Holdings ("VIH") securities between March 31, 2021 and November 19, 2021, both dates inclusive (the "Class Period"); and/or (b) Bakkt Class A common stock pursuant and/or traceable to the Offering Documents issued in connection with the business combination between the Company and Bakkt Holdings, LLC ("Legacy Bakkt") completed on or about October 15, 2021 (the "Business Combination"), concerning claims under Sections 11 and 15 of the Securities Act (15 U.S.C. §§ 77k and 77o), and Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. § 240.10b-5), against Defendants Bakkt, John Martin ("Martin"), Olibia Stamatoglou ("Stamatoglou"), Gordon Watson ("Watson"), Kai Schmitz ("Schmitz"), and Kurt Summers ("Summers"), (collectively, "Defendants").

Pursuant to the PSLRA, the person or group of persons with the largest financial interest in the relief sought by the Class who also satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure are presumed to be the "most adequate" plaintiff—*i.e.*, the plaintiff most capable of adequately representing the interests of Class members. The PSLRA provides that the Court shall appoint the most adequate movant as lead plaintiff. Movant believes that she is the "most adequate" movant, as defined by the PSLRA, and should be appointed lead plaintiff based

on the substantial financial losses she suffered as a result of defendants' wrongful conduct as alleged in this litigation. Moreover, Movant satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as her claims are typical of other Class members' claims and she will fairly and adequately represent the interests of the Class. In addition, Movant's selection of Levi & Korsinsky as Lead Counsel should be approved because the firm has substantial experience in securities class action litigation and the experience and resources to efficiently prosecute the Action.

## I.    FACTUAL BACKGROUND[1]

Bakkt was formerly known as "VPC Impact Acquisition Holdings" and operated as a special purpose acquisition company ("SPAC"), also called a blank-check company, which is a development stage company that has no specific business plan or purpose or has indicated its business plan is to engage in a merger or acquisition with an unidentified company or companies, other entity, or person. ¶ 2.

The Company and Legacy Bakkt announced on January 11, 2021 entry into a definitive agreement for the Business Combination that would result in Legacy Bakkt becoming a publicly traded company with an enterprise value of approximately $2.1 billion. ¶ 3.

On March 31, 2021, Bakkt filed a registration statement on Form S-4 with the SEC in connection with the Business Combination, which, after several amendments, was declared effective by the SEC on September 17, 2021 (the "Registration Statement"). ¶ 4. Also on that date, the Company filed a proxy statement and prospectus on Form 424B3 with the SEC in connection

---

[1] Citations to "¶ __" are to paragraphs of the Class Action Complaint (the "*Poirier* Complaint") filed in the action styled *Poirier v. Bakkt Holdings, Inc. f/k/a VPC Impact Acquisition Holdings., et. al.,* Case No. 1:22-cv-02283-EK-PK (the "*Poirier* Action"). Unless otherwise defined, capitalized terms shall have the same meaning set forth in the *Poirier* Complaint. The facts set forth in the *Poirier* Complaint are incorporated herein by reference.

with the Business Combination, which formed part of the Registration Statement (the "Proxy" and, together with the Registration Statement, the "Offering Documents"). *Id.*

On or about October 15, 2021, the Company and Legacy Bakkt completed the Business Combination pursuant to the Offering Documents. ¶ 5. Thereafter, the Company changed its name to "Bakkt Holdings, Inc." and began operating a digital asset platform that enables consumers to buy, sell, convert, and spend digital assets. *Id.*

The Offering Documents were negligently prepared and, as a result, contained untrue statements of material fact or omitted to state other facts necessary to make the statements made not misleading and were not prepared in accordance with the rules and regulations governing their preparation. ¶ 6. Further, throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operations, and compliance policies. *Id.* Specifically, the Offering Documents and Defendants made false and/or misleading statements and/or failed to disclose that: (i) the Company had defective financial controls; (ii) as a result, there were errors in the Company's financial statements related to the misclassification of certain shares issued prior to the Business Combination; (iii) accordingly, the Company would need to restate certain of its financial statements; (iv) the Company downplayed the true scope and severity of these issues; (v) the Company overstated its remediation of its defective financial controls; and (vi) as a result, the Offering Documents and Defendants' public statements throughout the Class Period were materially false and/or misleading and failed to state information required to be stated therein. *Id.*

On May 17, 2021, Bakkt—then still operating as VIH—notified the SEC of its inability to timely file its quarterly report for the quarter ended March 31, 2021. ¶ 7. Specifically, the Company advised that, as a result of a statement issued by the SEC, "the Company reevaluated the accounting

3

treatment of its public warrants and private placement warrants" and "is currently determining the extent of the SEC Statement's impact on its financial statements[.]" *Id.*

In response to this news, the Company's share price declined 1.26%, or $0.13 per share, to close on May 18, 2021 at $10.18 per share. ¶ 8.

Then, on October 13, 2021, the Company disclosed in an SEC filing that it had also previously failed to properly account for the classification of its Class A ordinary shares and "adjust[ed] . . . the initial carrying value of the Class A ordinary shares subject to possible redemption with the offset recorded to additional paid-in capital (to the extent available), accumulated deficit and Class A ordinary shares." ¶ 9. Notably, Bakkt revised its balance sheet as of December 31, 2020, including, among other changes, additional paid-in capital that was reduced from $9,860,338 to nil, an accumulated deficit that ballooned from $4,861,190 to $29,250,419, and total shareholders' equity of $5,000,009 that swung to a total shareholders' deficit of $29,249,901. *Id.*

Following these additional disclosures, the Company's share price plummeted 4.73%, or $0.47 per share, to close on October 14, 2021 at $9.46 per share. ¶ 10.

Finally, on November 22, 2021, Bakkt disclosed in another SEC filing that the Company's management "has re-evaluated . . . the accounting classification of the Class A ordinary shares . . . of [VIH] . . . and has identified errors in the historical financial statements of VIH . . . related to the misclassification . . . of the Class A Ordinary Shares prior to the [Business Combination]." ¶ 11. Specifically, the Company found that, as a result of errors in its condensed consolidated financial statements for the year ended December 31, 2020, and the quarterly periods ended March 31, 2021, June 30, 2021 and September 30, 2021, Bakkt should "restate certain of VIH's condensed consolidated financial statements from" those periods. *Id.*

4

On this news, Bakkt's stock price dropped 13.69%, or $2.70 per share, to close on November 22, 2021 at $17.02 per share. ¶ 12.

## II.    PROCEDURAL HISTORY

Pending before this Court is the above-captioned *Poirier* Action against the Defendants. Plaintiff Suzanne Poirier ("Poirier") commenced the first-filed action on April 21, 2022. On that same day, counsel acting on Poirier's behalf published a notice on *Globe Newswire* announcing that a securities class action had been initiated against the Defendants. *See* Exhibit C ("Press Release") to the Declaration of Adam M. Apton in Support of Movant's Motion ("Apton Decl.").

## III.    ARGUMENT

### A.    Appointing Movant as Lead Plaintiff Is Appropriate

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 77z-1(a)(3)(B) and 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" — *i.e.*, the plaintiffs most capable of adequately representing the interests of the Class — is the class member or group of class members that:

> (aa) has either filed the complaint or made a motion in response to a notice. . .
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 77z-1(a)(3)(B)(iii) and 15 U.S.C. § 78u-4(a)(3)(B)(iii).

5

The presumption "may be rebutted only upon proof by a purported member of the plaintiff class that the presumptively most adequate plaintiff—

> (aa) will not fairly and adequately protect the interest of the class; or

> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class."

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I) and 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Movant satisfies the forgoing criteria and has complied with all of the PSLRA's requirements to be appointed lead plaintiff. Movant has, to the best of her knowledge, the largest financial interest in this litigation—having lost $210,918.36 as a result of her transactions and meets the relevant requirements of Federal Rule of Civil Procedure 23. *See* Loss Chart, Ex. B to Apton Decl. In addition, Movant is not aware of any unique defenses that Defendants could raise against her that would render her inadequate to represent the Class. Accordingly, Movant respectfully submits that she should be appointed as lead plaintiff. *See Brady v. Top Ships Inc.,* 324 F. Supp. 3d 335, 350 (E.D.N.Y. 2018).

### 1.    Movant Filed a Timely Motion.

On April 21, 2022, pursuant to 15 U.S.C. § 77z-1(a)(3)(A)(i) and 15 U.S.C. § 78u-4(a)(3)(A)(i), counsel for Poirier published the Press Release on *Globe Newswire* —a widely circulated national business-oriented wire service—announcing that a securities class action had been filed against defendants herein and advising purchasers of Bakkt securities and/or common stock that they had 60 days from the publication of the April 21, 2022 notice to file a motion to be appointed as lead plaintiff. See Apton Decl., Ex. C; *Xiangdong Chen v. X Fin.*, No. 19-CV-6908-KAM-SJB, 2020 U.S. Dist. LEXIS 86292, at *6 (E.D.N.Y. May 13, 2020) (finding that a notice published on *Globe Newswire* satisfied Rule 23).

6

Movant timely filed her motion within the 60-day period following publication of the April 21, 2022 Press Release and submitted herewith a sworn certification attaching her transactions in Bakkt securities and/or common stock and attesting that she is willing to serve as representative of the Class. *See* PSLRA Certification, Ex. A to Apton Decl. By making a timely motion in response to a PSLRA notice, Movant satisfies the first PSLRA requirement to be appointed as lead plaintiff. *See* 15 U.S.C. § 77z-1(a)(3)(B)(iii)(aa) and 15 U.S.C. § 78u-4(a)(3)(B)(iii)(aa).

### 2.      Movant Has the Largest Financial Interest in the Relief Sought.

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii) and 15 U.S.C. § 78u-4(a)(3)(B)(iii). At the time of this filing, Movant believes that she has the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and, accordingly, is presumed to be the "most adequate plaintiff."

Movant acquired Bakkt securities and/or common stock at prices alleged to have been artificially inflated by Defendants' materially false and misleading statements and was injured thereby. As a result of Defendants' false statements, Movant suffered an approximate loss of $210,918.36. *See* Apton Decl., Ex. B. Movant is unaware of any other Class member claiming a larger financial interest in this matter that has filed a motion for appointment as lead plaintiff. Consequently, Movant believes that she has the "largest financial interest in the relief sought by the Class." Thus, Movant satisfies the second PSLRA requirement—the largest financial interest— and should be appointed as lead plaintiff for the Class. *See Top Ships,* 324 F. Supp. 3d at 350.

### 3.   Movant Satisfies the Relevant Requirements of Rule 23.

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(cc) and 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

FED. R. CIV. P. 23(a).

In making its determination that a lead plaintiff candidate satisfies the requirements of Rule 23, typicality and adequacy are the only provisions of Rule 23 that are to be considered. *Ford v. VOXX Int'l Corp.,* No. 14-cv-4183-JS-AYS, 2015 U.S. Dist. LEXIS 92705, at *6 (E.D.N.Y. Apr. 13, 2015) (citing *In re Gentiva Sec. Litig.,* 281 F.R.D. 108, 112 (E.D.N.Y. 2012)). At the lead plaintiff stage of the litigation, Movant need only make a preliminary showing that she satisfies Rule 23's typicality and adequacy requirements. *Id.* at *6.

### a.   Movant's Claims Are Typical.

The Rule 23(a) typicality requirement is satisfied when a lead plaintiff's claims arise from the same event, practice, or course of conduct that gives rise to other class members' claims, and lead plaintiff's claims are based on the same legal theory. *See Kuriakose v. Fed. Home Loan Mortg. Co.,* No. 1:08-cv-7281-JFK, 2008 WL 4974839, at *5 (S.D.N.Y. Nov. 24, 2008); Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id.*

Movant's claims are typical of the claims asserted by the proposed Class. Like all members of the Class, Movant alleges that Defendants' material misstatements and omissions concerning Bakkt's business, operational and financial results violated the federal securities laws. Movant, like all members of the Class, purchased or otherwise acquired Bakkt securities during the Class Period and/or Bakkt Class A common stock pursuant and/or traceable to the Offering Documents. *Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*, No. 10-cv-00864-SLT, 2011 U.S. Dist. LEXIS 88552, at *12 (E.D.N.Y. May 31, 2011) (typicality satisfied where movants purchased stock at artificially inflated prices "and suffered damages as a result"). Accordingly, Movant's interests and claims are "typical" of the interests and claims of the Class.

### b.      Movant Is An Adequate Representative.

"The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp.,* 269 F.R.D. 291, 297 (S.D.N.Y. 2010). Movant has demonstrated her adequacy by retaining competent and experienced counsel, Levi & Korsinsky, with the resources and expertise to efficiently prosecute the Action, and Movant's financial losses ensure that she has sufficient incentive to ensure the vigorous advocacy of the Action. *See* Apton Decl., Ex. B. Movant is not aware that any conflict exists between her claims and those asserted on behalf of the Class.

Moreover, Movant's husband and authorized representative, Sanjay Mehrotra, considers himself to be a sophisticated investor, having been investing in the stock market for twenty-five years. Together the couple resides in Edmonton, Alberta, Canada, and Mr. Mehrotra possesses a Certified Financial Planner (CFP) degree in financial services. Mr. Mehrotra is

9

currently self-employed as the owner of FS Business Enterprises Inc, a real estate holdings company, where he is the sole director and shareholder, and is the only employee. Further, Mr. Mehrotra has experience overseeing attorneys, as he has hired attorneys for real estate related matters. Therefore, Mr. Mehrotra will prosecute the Action vigorously on behalf of Movant and the Class. *See* Apton Decl., Ex. D, Declaration by Sanjay Mehrotra in support of his wife's motion.

Accordingly, Movant meets the adequacy requirement of Rule 23.

### B.    Approving Lead Plaintiff's Choice of Counsel Is Appropriate.

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 77z-1(a)(3)(B)(v) and 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp.*, 264 F.3d 201, 274 (3d Cir. 2001). Thus, the Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)(aa) and 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, Movant has selected Levi & Korsinsky to pursue this litigation on her behalf and has retained the firm as the Class' Lead Counsel in the event she is appointed as lead plaintiff. Levi & Korsinsky possesses adequate experience in securities litigation and has successfully prosecuted numerous securities class actions on behalf of injured investors, as reflected by the Firm Résumé attached to the Apton Decl. as Ex. E. Moreover, Levi & Korsinsky has often been appointed as lead counsel in similar actions in this Circuit and across the country arising under the federal securities laws on behalf of investors. *See also e.g., Jiang v. BlueCity Holdings Limited, et al.*, No. 1:21-cv-04044-CLP, Dkt. No. 16 (E.D.N.Y. Dec. 22, 2021); *In re Coinbase Global Securities Litigation,* No. 3:21-cv-05634-VC, Dkt. No. 87 (N.D. Cal. Nov. 5, 2021); *Subramanian v. Watford, et. al.*, 2021 U.S. Dist. LEXIS 81823, at *10 (D. Colo. April 29, 2021) (appointing Levi & Korsinsky noting they are "qualified, experienced, and able to vigorously conduct the proposed

10

litigation."); *Malriat v. Quantumscape Corp.*, 2021 U.S. Dist. LEXIS 76914, at *21 (N.D. Cal. April 20, 2021); *Daniels Family 2001 v. Las Vegas Sands Corp.,* 2021 U.S. Dist. LEXIS 974, at *8 (D. Nev. Jan. 5, 2021) (appointing Levi & Korsinsky as lead counsel noting the firm's "extensive experience in complex securities class actions"); *White Pine Invs. v. CVR Ref.,* 2021 U.S. Dist. LEXIS 1199, at *10 (S.D.N.Y. Jan. 5, 2021) appointing Levi & Korsinsky noting "the firm has 'extensive experience' in this area of law and is sufficiently qualified to conduct this litigation"; *Deinnocentis v. Dropbox, Inc.,* 2020 U.S. Dist. LEXIS 8680, at *13 (N.D. Cal. Jan. 16, 2020); *Snyder v. Baozun Inc.,* 2020 U.S. Dist. LEXIS 163967, at *11 (S.D.N.Y. Sept. 8, 2020) appointing Levi & Korsinsky noting the firm has "obtained numerous favorable judgments for clients in these past representations". Thus, the Court may rest assured that by granting Movant's motion, the Class will receive the highest caliber of legal representation possible.

## IV.    CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court grant her Motion and enter an Order: (1) appointing Movant as Lead Plaintiff, (2) approving her selection of Levi & Korsinsky as Lead Counsel for the Class, and (3) granting such other relief as the Court may deem just and proper.

Dated: June 21, 2022                                     Respectfully Submitted,

**LEVI & KORSINSKY, LLP**

By: */s/ Adam M. Apton*
Adam M. Apton (AS-8383)
55 Broadway, 10th Floor
New York, NY 10006
Tel: (212) 363-7500
Fax: (212) 363-7171
Email: aapton@zlk.com

11

*Lead Counsel for Rachna Mehrotra and
[Proposed] Lead Counsel for the Class*

12