UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x

SUZANNE POIRIER, Individually and on
Behalf of All Others Similarly Situated,

                         Plaintiff,

    vs.

BAKKT HOLDINGS, INC. f/k/a VPC
IMPACT ACQUISITION HOLDINGS, JOHN
MARTIN, OLIBIA STAMATOGLOU,
GORDON WATSON, KAI SCHMITZ, and
KURT SUMMERS,

                        Defendants.

---------------------------------------------------------------- x

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

Civil Action No. 1:22-cv-02283-EK-PK

CLASS ACTION

MEMORANDUM OF LAW IN SUPPORT
OF MOTION FOR APPOINTMENT AS
LEAD PLAINTIFF AND APPROVAL OF
LEAD PLAINTIFF'S SELECTION OF
LEAD COUNSEL

4874-5156-8421.v2

## I.   INTRODUCTION

This action is brought on behalf of all persons who purchased or otherwise acquired: (a) Bakkt Holdings, Inc., f/k/a VPC Impact Acquisition Holdings ("Bakkt" or the "Company") securities between March 31, 2021 and November 19, 2021, both dates inclusive (the "Class Period"); and/or (b) Bakkt Class A common stock pursuant and/or traceable to the registration statement on Form S-4 proxy statement and prospectus on Form 424B3 (the "Offering Documents") issued in connection with the business combination between the Company and Bakkt Holdings, LLC ("Legacy Bakkt") completed on or about October 15, 2021 (the "Business Combination"), against the Company and certain of its officers for alleged violations of the Securities Act of 1933 ("1933 Act") and Securities Exchange Act of 1934 (the "1934 Act"). In securities class actions, the Private Securities Litigation Reform Act of 1995 ("PSLRA") directs district courts to appoint as lead plaintiff the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i).[1]

Mr. Sheffield should be appointed lead plaintiff because he filed a timely motion, has a substantial financial interest in the outcome of this litigation, and will typically and adequately represent the class's interests. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). In addition, Mr. Sheffield's selection of Robbins Geller Rudman & Dowd LLP as lead counsel for the putative class should be approved. *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

---

[1]   For ease of reference, Christopher H. Sheffield only cites to the relevant sections in the 1934 Act, which are identical in substance to those of the 1933 Act.

- 1 -

## II.    STATEMENT OF FACTS

Bakkt is a technology platform that enables consumers to buy, sell, convert, and spend digital assets.  Bakkt was formerly known as VPC Impact Acquisition Holdings ("VIH") and operated as a SPAC.  By way of background, SPACs like Bakkt are often referred to as "blank check companies" because they have no business or operations at the time of formation.  Instead, SPAC  sponsors use proceeds from public offerings for the purpose of effecting a merger, capital stock exchange, asset acquisition, stock purchase, reorganization, or similar business combination with one or more businesses.  Bakkt's Class A common stock trades on the New York Stock Exchange under the ticker BKKT.

On January 11, 2021, Bakkt and Legacy Bakkt announced entry into a definitive agreement for the Business Combination that would result in Bakkt becoming a publicly traded company with an enterprise value of approximately $2.1 billion.  On March 31, 2021, the Company filed a registration statement on Form S-4 with the U.S. Securities and Exchange Commission ("SEC") in connection with the Business Combination, which, after several amendments, was declared effective by the SEC on September 17, 2021.  Also on September 17, 2021, the Company filed a proxy statement and prospectus on Form 424B3 with the SEC in connection with the Business Combination, which formed part of the Registration Statement.  On or about October 15, 2021, the Company and Legacy Bakkt completed the Business Combination pursuant to the Offering Documents.

The complaint alleges that in the Offering Documents and throughout the Class Period defendants made false and/or misleading statements and/or failed to disclose that: (i) the Company had defective financial controls; (ii) as a result, there were errors in the Company's financial statements related to the misclassification of certain shares issued prior to the Business

- 2 -

Combination; (iii) accordingly, the Company would need to restate certain of its financial statements; (iv) the Company downplayed the true scope and severity of these issues; (v) the Company overstated its remediation of its defective financial controls; and (vi) as a result, the Offering Documents and defendants' public statements throughout the Class Period were materially false and/or misleading and failed to state information required to be stated therein.

On May 17, 2021, Bakkt – then still operating as VIH – notified the SEC of its inability to timely file its quarterly report for the quarter ended March 31, 2021.  Specifically, the Company advised that, as a result of a statement issued by the SEC, "the Company reevaluated the accounting treatment of its public warrants and private placement warrants" and "is currently determining the extent of the SEC Statement's impact on its financial statements."  ECF 1 at ¶48.  The Complaint alleges that on this news, the Company's share price suffered a decline.

Then, on October 13, 2021, the Company disclosed in an SEC filing that it had also previously failed to properly account for the classification of its Class A ordinary shares and "adjust[ed] . . . the initial carrying value of the Class A ordinary shares subject to possible redemption with the offset recorded to additional paid-in capital (to the extent available), accumulated deficit and Class A ordinary shares."  ECF 1 at ¶64.  Notably, the Company revised its balance sheet as of December 31, 2020, including, among other changes, additional paid-in capital that was reduced from $9,860,338 to nil, an accumulated deficit that ballooned from $4,861,190 to $29,250,419, and total shareholders' equity of $5,000,009 that swung to a total shareholders' deficit of $29,249,901.  The complaint alleges that, on these additional disclosures, the Company's share price suffered a single-session decline of nearly 5%. .

Finally, on November 22, 2021, Bakkt disclosed in another SEC filing that the Company's management "has re-evaluated . . . the accounting classification of the Class A ordinary shares . .

- 3 -

4874-5156-8421.v2

. of [VIH] . . . and has identified errors in the historical financial statements of VIH . . . related to the misclassification . . . of the Class A Ordinary Shares prior to the [Business Combination]." ECF 1 at ¶71. Specifically, the Company found that, as a result of errors in its condensed consolidated financial statements for the year ended December 31, 2020, and the quarterly periods ended March 31, 2021, June 30, 2021, and September 30, 2021, Bakkt should "restate certain of VIH's condensed consolidated financial statements from" those periods. *Id.* The complaint alleges that, on this news, Bakkt's share price declined over 13%.

As of the filing of the complaint, Bakkt's Class A common stock was trading between $4 to $5 per share.

## III.    ARGUMENT

### A.    Mr. Sheffield Is the "Most Adequate Plaintiff" and Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i). First, "[n]ot later than 20 days" after the complaint is filed, a notice must be published "in a widely circulated national business-oriented publication or wire service" advising members of the purported plaintiff class "of the pendency of the action, the claims asserted therein, and the purported class period" and that "not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff." 15 U.S.C. §78u-4(a)(3)(A)(i). The statutory notice was published on April 21, 2022. *See* Declaration of David A. Rosenfeld in Support of Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel ("Rosenfeld Decl."), Ex. A.

- 4 -

Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person that:

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I).  Mr. Sheffield meets these requirements and should be appointed Lead Plaintiff.

### 1.    Mr. Sheffield's Motion Is Timely

The April 21, 2022, statutory notice advised putative class members of the pendency of the action, the claims asserted, the Class Period, and the right to move the Court for appointment as lead plaintiff by June 20, 2022.  *See* Rosenfeld Decl., Ex. A; 15 U.S.C. §78u-4(a)(3)(A).  On June 20, 2022, we observed Juneteenth and pursuant to Fed. R. Civ. P. 6(a)(1)(C), the "next day that is not a Saturday, Sunday, or legal holiday," is June 21, 2022.  Because this motion is being timely filed by the statutory deadline, Mr. Sheffield is eligible for appointment as lead plaintiff.

### 2.    Mr. Sheffield Has the Largest Financial Interest in the Relief Sought by the Class

As evidenced by his Certification and loss chart, Mr. Sheffield purchased 5,349 shares of Bakkt Class A common and suffered significant losses of over $46,778 as a result of defendants' alleged misconduct.  *See* Rosenfeld Decl., Exs. B, C.  To the best of his counsel's knowledge, there are no other plaintiffs with a larger financial interest.  Therefore, Mr. Sheffield meets the PSLRA's prerequisite of having the largest financial interest.

4874-5156-8421.v2

### 3.    Mr. Sheffield Is Typical and Adequate of the Putative Class

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23."    15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Typicality and adequacy of representation are the only provisions of Rule 23 relevant to the determination of lead plaintiff under the PSLRA.  *See Kaplan v. Gelfond*, 240 F.R.D. 88, 94 (S.D.N.Y. 2007).  "The typicality requirement is satisfied 'where the claims arise from the same course of events and each class member makes similar legal arguments to prove defendant's liability.'"  *Teamsters Local Union No. 727 Pension Fund v. Vanda Pharm. Inc*., 2019 WL 7287202, at *4 (E.D.N.Y. May 24, 2019) (citation omitted).  "The adequacy requirement is satisfied where 'class counsel is qualified, experienced, and generally able to conduct the litigation; . . . the proposed lead plaintiff has interests that are not antagonistic to other class members; and . . . the proposed lead plaintiff and the class possess sufficient interest to pursue vigorous prosecution of their claims.'"  *Id.* (citation omitted).

Mr. Sheffield satisfies the typicality requirement because, just like all other class members, he: (1) purchased Bakkt securities during the relevant time period; (2) was adversely affected by defendants' false and misleading statements; and (3) suffered damages thereby.  Mr. Sheffield's substantial loss provides the requisite interest to ensure vigorous advocacy.  Moreover, Mr. Sheffield's interests are aligned with the putative class.  Mr. Sheffield has amply demonstrated his adequacy by signing a sworn Certification and submitting a Declaration detailing his ability and willingness to serve as, and to assume the responsibilities of, class representative.  *See* Rosenfeld Decl., Exs. B, D.  Mr. Sheffield's Declaration – which sets forth his residence, education, professional background, and investment experience – establishes his *prima facie* adequacy showing and enables the Court and absent class members to independently assess Mr. Sheffield's

4874-5156-8421.v2

ability to satisfy Rule 23's prerequisites. *See* Rosenfeld Decl., Ex. D. Finally, as explained below, Mr. Sheffield has selected experienced and qualified counsel, further evidencing his ability to fairly and competently represent the interests of the putative class.

Because Mr. Sheffield filed a timely motion, has a significant financial interest in the relief sought by the class, and demonstrated his typicality and adequacy, the Court should adopt the presumption that he is the "most adequate plaintiff."

**B.      The Court Should Approve Mr. Sheffield's Selection of Counsel**

The PSLRA provides that the most adequate plaintiff "'shall, subject to the approval of the court, select and retain counsel to represent the class.'" *Vanda*, 2019 WL 7287202, at *5 (quoting 15 U.S.C. §78u-4(a)(3)(B)(v)). "'The PSLRA evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention.'" *Id.* (citation omitted). Here, Mr. Sheffield has selected Robbins Geller to serve as lead counsel for the proposed class.

Robbins Geller, a 200-attorney nationwide law firm with offices in New York, regularly practices complex securities litigation. The Firm's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues. Courts throughout the country, including within this District, have noted Robbins Geller's reputation for excellence, which has resulted in the appointment of Robbins Geller attorneys to lead roles in hundreds of complex class action securities cases. *See, e.g.*, *Vanda*, 2019 WL 7287202, at *4 (appointing Robbins Geller as lead counsel in securities case); *see also In re Am. Realty Capital Props., Inc. Litig.*, No. 1:15-mc-00040-AKH, ECF No. 1316 at 55 (S.D.N.Y. Jan. 21, 2020) (Concerning Robbins Geller's role as lead counsel in recovering $1.025 billion for the class in a securities class action, stating "the role

of lead counsel was fulfilled in an extremely fine fashion by [Robbins Geller].  At every juncture, the representations made to me were reliable, the arguments were cogent, and the representation of their client was zealous."); *NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*, No. 1:08-cv-10783, ECF No. 243 at 10-11 (S.D.N.Y. May 2, 2016) (Concerning Robbins Geller's role as lead counsel in recovering $272 million for the class of MBS purchasers, stating: "Counsel, thank you for your papers.  They were, by the way, extraordinary papers in support of the settlement," and acknowledging "plaintiffs' counsel's success in the Second Circuit essentially changing the law.  I will also note what counsel have said, and that is that this case illustrates the proper functioning of the statute . . . .  Counsel, you can all be proud of what you've done for your clients.  You've done an extraordinarily good job.").

In the last two years alone, Robbins Geller attorneys have recovered more than $3 billion for investors in securities class actions, including in: *In re Valeant Pharm. Int'l, Inc. Sec. Litig.*, No. 3:15-cv-07658-MAS-LHG (D.N.J.) ($1.21 billion recovery); *Am. Realty*, No. 1:15-mc-00040-AKH ($1.02 billion recovery); and *Smilovits v. First Solar, Inc.*, No. 2:12-cv-00555-DGC (D. Ariz.) ($350 million recovery).  Robbins Geller attorneys have also obtained the largest securities fraud class action recoveries in the Fifth, Sixth, Seventh, Eighth, Tenth, and Eleventh Circuits.[2]

---

[2]      *See, e.g.*, *In re Enron Corp. Sec. Litig.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the Sixth Circuit); *Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.*, No. 1:02-cv-05893 (N.D. Ill.) ($1.575 billion recovery is the largest securities class action recovery ever following a trial as well as the largest securities class action recovery in the Seventh Circuit); *In re UnitedHealth Grp. Inc. PSLRA Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) (represented lead plaintiff CalPERS in obtaining $925 million recovery which is the largest securities class action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery for the class is the largest securities recovery in the Tenth Circuit; Robbins Geller attorneys also created a mechanism that allowed class members to share an additional $250 million recovered by the

- 8 -

And, while trials in shareholder class actions are rare, Robbins Geller has tried nine cases, including a February 2019 trial in the Central District of California in *HsingChing Hsu v. Puma Biotechnology, Inc.*, No. 8:15-cv-00865-AG (C.D. Cal.), where the jury returned a verdict for plaintiff, finding that defendants Puma Biotechnology, Inc. and its CEO committed securities fraud.

Thus, the Court can be assured that by approving Mr. Sheffield's choice of Robbins Geller as lead counsel, the putative class will receive the highest caliber of representation.

## IV.    CONCLUSION

Mr. Sheffield has satisfied each of the PSLRA's requirements for appointment as lead plaintiff.  Accordingly, Mr. Sheffield respectfully requests that the Court appoint him as Lead Plaintiff and approve his selection of Lead Counsel.

DATED:  June 21, 2022

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD

*s/ David A. Rosenfeld*
DAVID A. ROSENFELD

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com

SEC); *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

- 9 -

4874-5156-8421.v2

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS
JENNIFER N. CARINGAL
MICHAEL ALBERT
JUAN CARLOS SANCHEZ
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
jcaringal@rgrdlaw.com
malbert@rgrdlaw.com
jsanchez@rgrdlaw.com

Proposed Lead Counsel for Proposed Lead
Plaintiff

- 10 -

4874-5156-8421.v2

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on June 21, 2022, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ David A. Rosenfeld
DAVID A. ROSENFELD

ROBBINS GELLER RUDMAN
&amp; DOWD LLP
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

Email:  drosenfeld@rgrdlaw.com

4874-5156-8421.v2

Case 1:22-cv-02283-PK    Document 17    Filed 06/21/22    Page 13 of 13 PageID #: 173

# Mailing Information for a Case 1:22-cv-02283-EK-PK Poirier v. Bakkt Holdings, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Adam Apton**
  aapton@zlk.com

- **J. Alexander Hood**
  ahood@pomlaw.com,ashmatkova@pomlaw.com,abarbosa@pomlaw.com,ipareja@pomlaw.com

- **Jeremy Alan Lieberman**
  jalieberman@pomlaw.com,disaacson@pomlaw.com,ashmatkova@pomlaw.com,abarbosa@pomlaw.com,fgravenson@pomlaw.com

- **James Michael LoPiano**
  jlopiano@pomlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)