**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Lead Plaintiff and Class*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SUZANNE POIRIER, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>BAKKT HOLDINGS, INC. f/k/a VPC IMPACT ACQUISITION HOLDINGS, JOHN MARTIN, OLIBIA STAMATOGLOU, GORDON WATSON, KAI SCHMITZ, and KURT SUMMERS,<br><br>Defendants. | **CASE No.: 1:22-cv-02283-EK-PK**<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF JEFFREY FANDL TO APPOINT LEAD PLAINTIFF AND APPROVE LEAD PLAINTIFF'S SELECTION OF COUNSEL**<br><br>**CLASS ACTION**<br><br>June 21, 2022 |

## TABLE OF CONTENTS

**INTRODUCTION AND BACKGROUND** .................................................................................. 1

**ARGUMENT** .............................................................................................................................. 4

    **I.**     **MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF** ........................................ 4

        **A.**     **Movant Is Willing to Serve as Class Representative** ...................................... 5

        **B.**     **Movant Has the Largest Financial Interest in the Action** ........................................... 5

        **C.**     **Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure** ........................................................................................................ 6

            **1.**     **Movant's Claims are Typical** ........................................................................ 7

            **2.**     **Movant Is Adequate** ..................................................................................... 7

        **D.**     **Movant Is Presumptively the Most Adequate Plaintiff** ............................................. 8

    **II.**     **MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED** ...................... 8

**CONCLUSION** .......................................................................................................................... 9

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Bally Total Fitness*, *Sec. Litig.*,
  2005 WL 627960 (N.D. Ill. Mar. 15, 2005) ................................................................... 6

*In re Cendant Corp. Litig.*,
  264 F.3d 201 (3d Cir. 2001) ....................................................................................... 7

*In re Fuwei Films Sec. Litig.*,
  247 F.R.D. 432 (S.D.N.Y. 2008) ............................................................................ 5, 6

*In re Livent, Inc. Noteholders Sec. Litig.*,
  210 F.R.D. 512 (S.D.N.Y. 2002) ............................................................................... 7

*In re Olsten Corp. Sec. Litig.*,
  3 F.Supp.2d 286 (E.D.N.Y. 1998) ............................................................................. 5

*In re Oxford Health Plans, Inc. Sec. Litig.*,
  182 F.R.D. 42 (S.D.N.Y. 1998) ................................................................................. 6

*Lax v. Merch. Acceptance Corp.*,
  1997 WL 461036 (N.D. Ill. Aug. 11, 1997) .............................................................. 5

*Takara Tr. v. Molex Inc.*,
  229 F.R.D. 577 (N.D. Ill. 2005) ................................................................................ 5

**Statutes**

15 U.S.C. § 77z-1(a) ....................................................................................... 4, 5, 6, 8

15 U.S.C. § 78u-4(a) ....................................................................................... 4, 5, 6, 8

**Rules**

Fed. R. Civ. P. 23 ............................................................................................... 5, 6, 7

ii

Movant Jeffrey Fandl ("Movant") respectfully submits this memorandum of law in support of his motion for an Order, pursuant to the Securities Act of 1933 (the "Securities Act") and the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(a)     appointing Movant as Lead Plaintiff for all persons other than Defendants who purchased or otherwise acquired the securities of Bakkt Holdings, Inc. ("Bakkt" or the "Company") f/k/a VPC Impact Acquisition Holdings: (i) pursuant and/or traceable to the registration statement and related prospectus (collectively, the "Registration Statement") issued in connection with Bakkt's October 15, 2021 business combination (the "Business Combination"); and/or (ii) between March 31, 2021 and November 19, 2021, inclusive (the "Class Period"), to recover damages caused by Defendants' violations of the federal securities laws (the "Class"); and

(b)     approving Movant's selection of The Rosen Law Firm, P.A. ("Rosen Law") as Lead Counsel for the Class.

## INTRODUCTION AND BACKGROUND

The above-captioned action was commenced on April 21, 2022 against the Company and certain of its officers, directors, and underwriters for violations under the Securities Act and the Exchange Act. That same day, an early notice pursuant to the PSLRA was published advising class members of, *inter alia*, the allegations and claims in the complaint, the Class Period, and advising class members of their option to seek appointment as Lead Plaintiff. *See* Ex. 1 hereto.

Defendant Bakkt is a Delaware corporation with principal executive offices located at 10000 Avalon Boulevard, Suite 1000, Alpharetta, Georgia 30009. The Company's Class A common stock and warrants trade in an efficient market on the NYSE under the trading symbols "BKKT" and "BKKT WS", respectively. Prior to the Business Combination, the Company was

1

organized under the laws of the Cayman Islands with principal executive offices located at Victory Park Capital Advisors, LLC, 150 North Riverside Plaza, Suite 5200, Chicago, Illinois 60606, and the Company's units, Class A ordinary shares, and warrants traded on the Nasdaq Stock Market ("NASDAQ") under the trading symbols "VIHAU", "VIH", and "VIHAW", respectively.

Bakkt was formerly known as "VPC Impact Acquisition Holdings" and operated as a special purpose acquisition company ("SPAC"), also called a blank-check company, which is a development stage company that has no specific business plan or purpose or has indicated its business plan is to engage in a merger or acquisition with an unidentified company or companies, other entity, or person.

On January 11, 2021, the Company and Bakkt Holdings, LLC ("Legacy Bakkt") announced entry into a definitive agreement for the Business Combination that would result in Legacy Bakkt becoming a publicly traded company with an enterprise value of approximately $2.1 billion.

On or about October 15, 2021, the Company and Legacy Bakkt completed the Business Combination pursuant to the Offering Documents. Thereafter, the Company changed its name to "Bakkt Holdings, Inc." and began operating a digital asset platform that enables consumers to buy, sell, convert, and spend digital assets.

The complaint alleges that the Registration Statement contained untrue statements of material fact or omitted to state other facts necessary to make the statements made not misleading and were not prepared in accordance with the rules and regulations governing their preparation. Additionally, the complaint alleges that throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operations, and compliance policies. Specifically, the Registration Statement and Defendants

made false and/or misleading statements and/or failed to disclose that: (1) the Company had defective financial controls; (2) as a result, there were errors in the Company's financial statements related to the misclassification of certain shares issued prior to the Business Combination; (3) accordingly, the Company would need to restate certain of its financial statements; (4) the Company downplayed the true scope and severity of these issues; (5) the Company overstated its remediation of its defective financial controls; and (6) as a result, the Registration Statement and Defendants' public statements throughout the Class Period were materially false and/or misleading and failed to state information required to be stated therein.

On May 17, 2021, Bakkt—then still operating as VIH—notified the SEC of its inability to timely file its quarterly report for the quarter ended March 31, 2021. Specifically, the Company advised that, as a result of a statement issued by the SEC, "the Company reevaluated the accounting treatment of its public warrants and private placement warrants" and "is currently determining the extent of the SEC Statement's impact on its financial statements[.]"

On this news, the Company's share price fell $0.13 per share, or 1.26%, to close at $10.18 per share on May 18, 2021.

Then, on October 13, 2021, the Company disclosed in an SEC filing that it had also previously failed to properly account for the classification of its Class A ordinary shares and "adjust[ed] . . . the initial carrying value of the Class A ordinary shares subject to possible redemption with the offset recorded to additional paid-in capital (to the extent available), accumulated deficit and Class A ordinary shares." Notably, the Company revised its balance sheet as of December 31, 2020, including, among other changes, additional paid-in capital that was reduced from $9,860,338 to nil, an accumulated deficit that ballooned from $4,861,190 to $29,250,419, and total shareholders' equity of $5,000,009 that swung to a total shareholders' deficit of $29,249,901.

Following these additional disclosures, the Company's share price fell $0.47 per share, or 4.73%, to close at $9.46 per share on October 14, 2021.

Finally, on November 22, 2021, Bakkt disclosed in another SEC filing that the Company's management "has re-evaluated . . . the accounting classification of the Class A ordinary shares . . . of [VIH] . . . and has identified errors in the historical financial statements of VIH . . . related to the misclassification . . . of the Class A Ordinary Shares prior to the [Business Combination]." Specifically, the Company found that, as a result of errors in its condensed consolidated financial statements for the year ended December 31, 2020, and the quarterly periods ended March 31, 2021, June 30, 2021 and September 30, 2021, Bakkt should "restate certain of VIH's condensed consolidated financial statements from" those periods.

On this news, Bakkt's stock price fell $2.70 per share, or 13.69%, to close at $17.02 per share on November 22, 2021.

By the commencement of this action, Bakkt's ordinary shares were trading below the Offering price, damaging investors.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of Bakkt's securities, Movant and other Class members have suffered significant losses and damages.

**ARGUMENT**

## I.   MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 77z-1(a)(3)(B); 15 U.S.C. § 78u-4(a)(3)(B). The

4

PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" to serve as lead plaintiff is the person or group that:

> (aa) has either filed the complaint or made a motion in response to a notice…;
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 77z-1(a)(3)(B)(iii); 15 U.S.C. § 78u-4(a)(3)(B)(iii).

As set forth below, Movant satisfies all three of these criteria, and thus is entitled to the presumption of being the "most adequate plaintiff" for the Class.

### A. Movant Is Willing to Serve as Class Representative

Movant has filed herewith a PSLRA certification attesting that he is willing to serve as representative of the class and remains willing to provide testimony at deposition and trial, if necessary. *See* Ex. 2 hereto. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the Class.

### B. Movant Has the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff…is the person or group of persons that…has the largest financial interest in the relief sought by the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). "While the PSLRA does not specify how we should decide which plaintiff group has the 'largest financial interest' in the relief sought, most courts simply determine which potential lead plaintiff has suffered the greatest total losses." *Takara Tr. v. Molex Inc.*, 229 F.R.D. 577, 579 (N.D. Ill. 2005). Of the *Lax/Olsten*-styled[1] factors in determining the largest financial interest, the financial loss is the most significant factor. *See In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 437

---

[1] *Lax v. Merch. Acceptance Corp.*, 1997 WL 461036 *5 (N.D. Ill. Aug. 11, 1997); *In re Olsten Corp. Sec. Litig.*, 3 F.Supp.2d 286, 295 (E.D.N.Y. 1998).

(S.D.N.Y. 2008). Indeed, "the best yardstick by which to judge 'largest financial interest' is the amount of loss, period." *In re Bally Total Fitness*, *Sec. Litig.*, 2005 WL 627960 * 4 (N.D. Ill. Mar. 15, 2005).

Movant lost approximately $146,617.39. *See* Ex. 3 hereto. Movant is not aware of any other movant that has suffered greater losses in Bakkt securities during the Class Period. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

### C. Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(cc); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification – a *prima facie* showing that Movant will satisfy the requirements of Rule 23 is sufficient. *Fuwei Films*, 247 F.R.D. at 439 (only a *prima facie* showing is required). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998).

6

### 1.    Movant's Claims are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. *See In re Livent, Inc. Noteholders Sec. Litig.*, 210 F.R.D. 512, 516 (S.D.N.Y. 2002). Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id*.

Here, Movant's claims are typical of the claims asserted by the Class. Movant, like all members of the Class, alleges that Defendants violated the Securities Act and the Exchange Act by issuing false and misleading information and failing to disclose material statements about Bakkt's business. Movant's interests are closely aligned with the other Class members' and Movant's interests are, therefore, typical of the other members of the Class.

### 2.    Movant Is Adequate

The adequacy of representation of Rule 23 is satisfied where it is established that a representative party has the ability to represent the claims of the class vigorously, has obtained adequate counsel, and there is no conflict between a potential representative's claim and those asserted on behalf of the class. *In re Cendant Corp. Litig.*, 264 F.3d 201, 265 (3d Cir. 2001).

Here, Movant has communicated with competent, experienced counsel concerning this case, and made this motion to be appointed as Lead Plaintiff. Movant is not aware that any conflict exists between his claims and those asserted on behalf of the Class. Movant also sustained substantial financial losses from investments in Bakkt securities and is, therefore, extremely motivated to pursue claims in this action.

### D. Movant Is Presumptively the Most Adequate Plaintiff

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the Plaintiffs' class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interests of the class; or
(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 77z-1(a)(3)(B)(iii)(II); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

The presumption that Movant is the most adequate Lead Plaintiff is not, therefore, subject to rebuttal. Accordingly, Movant has suffered financial losses and has the largest financial interest in this case of any timely lead plaintiff. The ability of Movant to represent the Class fairly and adequately is discussed above. Movant is not aware of any unique defenses Defendants could raise against him that would render Movant inadequate to represent the Class.

## II.    MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to the approval of the Court. 15 U.S.C. § 77z-1(a)(3)(B)(v); 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)(aa); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected Rosen Law as Lead Counsel. The firm has been actively researching the Movant's and Class' claims, including reviewing publicly available financial and other documents while gathering information in support of the claims against Defendants. Furthermore, the firm has an extensive history bringing significant recoveries to investors and is experienced in the area of securities litigation and class actions, having been appointed as lead counsel in securities class actions in this District and in other courts throughout the nation. *See*

8

Ex. 4 hereto. The firm has prosecuted numerous securities fraud class actions and other complex litigation and obtained substantial recoveries on behalf of investors.

As a result of the firm's experience in litigation involving issues similar to those raised in "this action, Movant's counsel has the skill and knowledge to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movant's selection of Lead Counsel, the members of the class will receive the best legal representation available.

**CONCLUSION**

For the foregoing reasons, Movant respectfully requests the Court issue an Order: (1) appointing Movant as Lead Plaintiff of the Class; (2) approving Movant's selection of Rosen Law as Lead Counsel; and (3) granting such other relief as the Court may deem to be just and proper.

Dated: June 21, 2022                          Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

/s/ Phillip Kim
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Lead Plaintiff
and Class*

9

## CERTIFICATE OF SERVICE

I hereby certify that on June 21, 2022, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/Phillip Kim