**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SUZANNE POIRIER, Individually and On Behalf of All Others Similarly Situated, | Case No. 1:22-cv-02283-EK-PK |
| Plaintiff, | Date of Service: June 21, 2022 |
| v. | |
| BAKKT HOLDINGS, INC. f/k/a VPC IMPACT ACQUISITION HOLDINGS, JOHN MARTIN, OLIBIA STAMATOGLOU, GORDON WATSON, KAI SCHMITZ, and KURT SUMMERS, | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF JEREMY PETRUS, RICHARD PETRUS, AND BONNIE PETRUS'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**

**TABLE OF CONTENTS**

I.      PRELIMINARY STATEMENT ...................................................................................1

II.     FACTUAL BACKGROUND.....................................................................................2

III.    ARGUMENT............................................................................................................5

        A.      The Petrus Family Should Be Appointed Lead Plaintiff........................................5

                1.      The Petrus Family Filed a Timely Motion ....................................................6

                2.      The Petrus Family Has the Largest Financial Interest.................................6

                3.      The Petrus Family Satisfies the Requirements of Rule 23 of the Federal
                        Rules of Civil Procedure..............................................................................7

        B.      The Court Should Approve Lead Plaintiff's Choice of Counsel..............................9

IV.     CONCLUSION .........................................................................................................9

# TABLE OF AUTHORITIES

**CASES**

*City of Monroe Employees' Ret. Sys. v. Hartford Fin. Svcs. Group, Inc.*,
269 F.R.D. 291 (S.D.N.Y. 2010)..................................................................................7, 8

*In re Cendant Corp. Litig.*,
264 F.3d 201 (3d Cir. 2001) ......................................................................................7, 9

*In re eSpeed, Inc. Sec. Litig.*,
232 F.R.D. 95 (S.D.N.Y. 2005)....................................................................................7

*Kuriakose v. Federal Home Loan Mortg. Co.*,
No. 1:08-cv-7281, 2008 WL 4974839 (S.D.N.Y. Nov. 24, 2008) ...............................8

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
589 F. Supp. 2d 388 (S.D.N.Y. 2008) ......................................................................6, 7

**STATUTES**

15 U.S.C. § 77z-1(a)(3)(B)................................................................................1, 5, 6, 9

15 U.S.C. § 78u-4(a)(3)(B)...............................................................................1, 5, 6, 9

**RULES**

Fed. R. Civ. P. 23....................................................................................................*passim*

Jeremy Petrus, Richard Petrus, and Bonnie Petrus (the "Petrus Family") respectfully submits this memorandum of law in support of his motion pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA") for an Order: (1) appointing the Petrus Family as Lead Plaintiff under 15 U.S.C. § 77z-1(a)(3)(B) and 15 U.S.C. § 78u-4(a)(3)(B); (2) approving the Petrus Family's selection of Glancy Prongay & Murray LLP as Lead Counsel pursuant to 15 U.S.C. § 77z-1(a)(3)(B) and 15 U.S.C. § 78u-4(a)(3)(B)(v); and (3) granting such other relief as the Court may deem to be just and proper (the "Motion").

## I. PRELIMINARY STATEMENT

This is a class action on behalf of persons who purchased or otherwise acquired: (a) Bakkt Holdings, Inc. ("Bakkt" or the "Company") f/k/a VPC Impact Acquisition Holdings ("VIH") securities between March 31, 2021 and November 19, 2021, both dates inclusive (the "Class Period"); and/or (b) Bakkt Class A common stock pursuant and/or traceable to the offering documents issued in connection with the business combination between the Company and Bakkt Holdings, LLC ("Legacy Bakkt") completed on or about October 15, 2021 (the "Business Combination").

The Private Securities Litigation Reform Act of 1995 ("PSLRA") provides that the Court shall appoint the "most adequate plaintiff"—the plaintiff most capable of adequately representing the interests of class members—as lead plaintiff. *See* 15 U.S.C. § 77z-1(a)(3)(B); 15 U.S.C. § 78u-4(a)(3)(B). Pursuant to the PSLRA, the plaintiff or movant with the largest financial interest in the relief sought by the class who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") is presumed to be the most adequate plaintiff. This motion is made on the grounds that the Petrus Family is the "most adequate plaintiff" as defined by the PSLRA.

The Petrus Family believes that it is the "most adequate plaintiff" as defined by the PSLRA and should be appointed as lead plaintiff based on its financial losses suffered as a result of

Defendants' wrongful conduct as alleged in this action. In addition, for purposes of this motion, the Petrus Family satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as their claims are typical of other class members' claims and they are committed to fairly and adequately representing the interests of the class. Thus, pursuant to the PSLRA's lead plaintiff provision, the Petrus Family respectfully submits that they are the presumptively the most adequate plaintiff and should be appointed as lead plaintiff for the class.

Additionally, the Petrus Family's selection of Glancy Prongay & Murray LLP as lead counsel for the class should be approved because the firm has substantial expertise in securities class actions, and the experience and resources to efficiently prosecute this action.

## II.   FACTUAL BACKGROUND[1]

Bakkt was formerly known as "VPC Impact Acquisition Holdings" and operated as a special purpose acquisition company ("SPAC"), formed to engage in a merger or acquisition with another company.

On January 11, 2021, the Company and Legacy Bakkt announced they entered into a definitive agreement for the Business Combination that would result in Legacy Bakkt becoming a publicly traded company with an enterprise value of approximately $2.1 billion.

On March 31, 2021, the Company filed a registration statement on Form S-4 with the SEC in connection with the Business Combination, which was declared effective by the SEC on September 17, 2021 (the "Registration Statement"). On September 17, 2021, the Company filed a proxy statement and prospectus in connection with the Business Combination, which formed part of the Registration Statement (the "Proxy" and, together with the Registration Statement, the "Offering Documents").

---

[1] This section is adapted from the complaint in the above-captioned action. *See* Dkt. No. 1.

On or about October 15, 2021, the Company and Legacy Bakkt completed the Business Combination pursuant to the Offering Documents. Thereafter, the Company changed its name to "Bakkt Holdings, Inc." and began operating a digital asset platform that enables consumers to buy, sell, convert, and spend digital assets.

The complaint filed in this action alleges that throughout the Class Period, and in the Offering Documents, Defendants made materially false and/or misleading statements, and failed to disclose material adverse facts about the Company's business, operations, and prospects, including that: (i) the Company had defective financial controls; (ii) as a result, there were errors in the Company's financial statements related to the misclassification of certain shares issued prior to the Business Combination; (iii) accordingly, the Company would need to restate certain of its financial statements; (iv) the Company downplayed the true scope and severity of these issues; (v) the Company overstated its remediation of its defective financial controls; and (vi) as a result, the Offering Documents and Defendants' public statements throughout the Class Period were materially false and/or misleading and failed to state information required to be stated therein.

On May 17, 2021, Bakkt—then still operating as VIH—notified the SEC of its inability to timely file its quarterly report for the quarter ended March 31, 2021. Specifically, the Company disclosed that, as a result of a statement issued by the SEC, "the Company reevaluated the accounting treatment of its public warrants and private placement warrants" and "is currently determining the extent of the SEC Statement's impact on its financial statements[.]" On this news, the Company's share price fell $0.13 per share, or 1.26%, to close at $10.18 per share on May 18, 2021.

Then, on October 13, 2021, the Company disclosed in an SEC filing that it had also previously failed to properly account for the classification of its Class A ordinary shares and

3

"adjust[ed] . . . the initial carrying value of the Class A ordinary shares subject to possible redemption with the offset recorded to additional paid-in capital (to the extent available), accumulated deficit and Class A ordinary shares." Notably, the Company revised its balance sheet as of December 31, 2020, including, among other changes, additional paid-in capital that was reduced from $9,860,338 to nil, an accumulated deficit that ballooned from $4,861,190 to $29,250,419, and total shareholders' equity of $5,000,009 that swung to a total shareholders' deficit of $29,249,901. Following these additional disclosures, the Company's share price fell $0.47 per share, or 4.73%, to close at $9.46 per share on October 14, 2021.

Finally, on November 22, 2021, Bakkt disclosed in another SEC filing that the Company's management "has re-evaluated . . . the accounting classification of the Class A ordinary shares . . . of [VIH] . . . and has identified errors in the historical financial statements of VIH . . . related to the misclassification . . . of the Class A Ordinary Shares prior to the [Business Combination]." Specifically, the Company found that, as a result of errors in its condensed consolidated financial statements for the year ended December 31, 2020, and the quarterly periods ended March 31, 2021, June 30, 2021 and September 30, 2021, Bakkt should "restate certain of VIH's condensed consolidated financial statements from" those periods. On this news, Bakkt's stock price fell $2.70 per share, or 13.69%, to close at $17.02 per share on November 22, 2021.

As of the time the complaint in this action was filed, Bakkt's Class A common stock was trading between $4 to $5 per share. As a result of the Defendants' acts and omissions, and the precipitous decline in the market value of the Company's securities during the Class Period, members of the class have suffered significant losses and damages.

### III.     ARGUMENT

#### A.     The Petrus Family Should Be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 77z-1(a)(3)(B); 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff"—*i.e.*, the plaintiff most capable of adequately representing the interests of the class—is the class member that:

> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption in favor of appointing a movant as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

> (aa) will not fairly and adequately protect the interest of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 77z-1(a)(3)(B)(iii)(II); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, the Petrus Family satisfies all of the PSLRA criteria and has complied with all of the PSLRA's requirements for appointment as lead plaintiff. The Petrus Family has, to the best of their knowledge, the largest financial interest in this litigation and meets the relevant

requirements of Rule 23. In addition, the Petrus Family is not aware of any unique defenses Defendants could raise against them that would render them inadequate to represent the class. Accordingly, the Petrus Family respectfully submits that they should be appointed lead plaintiff. *See Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 397 (S.D.N.Y. 2008).

### 1.     The Petrus Family Filed a Timely Motion

The Petrus Family has made a timely motion in response to a PSLRA early notice. On April 21, 2022, pursuant to the PSLRA, notice was published in connection with this action. *See* Declaration of Gregory B. Linkh ("Linkh Decl.") Ex. A. Therefore, the Petrus Family had sixty days (*i.e.*, until June 21, 2022) to file a motion to be appointed as lead plaintiff. As purchasers of Bakkt securities pursuant or traceable to the IPO and during the Class Period, the Petrus Family are members of the proposed class and have hereby timely filed a motion for appointment as lead plaintiff within sixty days of the notice, in compliance with the PSLRA. 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(aa); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

Additionally, as set forth in their PSLRA certifications, the Petrus Family attests that they have reviewed the complaint, adopt the allegations therein, and are willing to serve as representatives of the class. *See* Linkh Decl., Ex. B. Accordingly, the Petrus Family satisfies the first requirement to serve as lead plaintiff for the class.

### 2.     The Petrus Family Has the Largest Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii); 15 U.S.C. § 78u-4(a)(3)(B)(iii).  At the time of this filing, the Petrus Family believes that they have the largest financial interest among class

members who filed timely applications for appointment as lead plaintiff and is presumed to be the "most adequate plaintiff."

As a result of the revelations described above, the Petrus Family suffered substantial financial losses *See* Linkh Decl., Ex. C (estimating a combined LIFO loss of $104,563.59). To the best of their knowledge, the Petrus Family is not aware of any other class member that has filed a motion for appointment as lead plaintiff who claims a larger financial interest. As such, the Petrus Family believes they have the "largest financial interest in the relief sought by the class," and thus satisfy the second PSLRA requirement to be appointed as lead plaintiff for the Class. *See Varghese*, 589 F. Supp. 2d at 396.

### 3. The Petrus Family Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a). In making its determination that a lead plaintiff candidate otherwise satisfies the requirements of Rule 23, "typicality and adequacy of representation are the only provisions [of Rule 23] relevant to the determination." *City of Monroe Employees' Ret. Sys. v. Hartford Fin. Svcs. Group, Inc*. 269 F.R.D. 291, 296 (S.D.N.Y. 2010). At the lead plaintiff stage of the litigation, a movant need only make a preliminary showing that they satisfy Rule 23's typicality and adequacy requirements. *Id*. at 296-97 (*citing In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 102

(S.D.N.Y. 2005)); *Kuriakose v. Federal Home Loan Mortg. Co.*, No. 1:08-cv-7281, 2008 WL 4974839, at *5 (S.D.N.Y. Nov. 24, 2008).

### a) The Petrus Family's Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims, and plaintiff's claims are based on the same legal theory. *See Kuriakose*, 2008 WL 4974839, at *4. Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id*.

The Petrus Family's claims are typical of the claims asserted by the proposed members of the class. Like all members of the class, the Petrus Family alleges that Defendants' material misstatements and omissions concerning Bakkt's business, operations, and financial prospects violated the federal securities laws. The Petrus Family, like all members of the class, purchased Bakkt shares in reliance on Defendants' alleged misstatements and omissions and was damaged thereby. Accordingly, the Petrus Family's interests and claims are "typical" of the interests and claims of the class.

### b) The Petrus Family Is an Adequate Representative

"The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *City of Monroe*, 269 F.R.D. at 297.

The Petrus Family has demonstrated its adequacy by retaining competent and experienced counsel with the resources and expertise to efficiently prosecute this action, and their financial losses ensure that they have sufficient incentive to provide vigorous advocacy. *See* Linkh Decl., Ex. C. The Petrus Family is not aware of any conflict between their claims and those asserted on behalf of the class. As such, the Petrus Family is well-equipped to represent the class.

**B.      The Court Should Approve Lead Plaintiff's Choice of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 77z-1(a)(3)(B)(v); 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp.*, 264 F.3d at 274. Thus, the Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). Here, the Petrus Family has retained Glancy Prongay & Murray LLP as lead counsel to pursue this litigation on its behalf and will retain the firm as the class's lead counsel in the event they are appointed lead plaintiff. Glancy Prongay & Murray LLP possesses extensive experience in securities class actions and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors, as reflected by the firm's résumé attached to the Linkh Declaration as Exhibit D. Thus, the Court may be assured that, by granting the Motion, the class will receive the highest caliber of legal representation.

## IV.      CONCLUSION

For the foregoing reasons, the Petrus Family respectfully requests that the Court grant their Motion and enter an Order (1) appointing the Petrus Family as Lead Plaintiff; (2) approving their selection of Glancy Prongay & Murray LLP as Lead Counsel for the class; and (3) granting such other relief as the Court may deem just and proper.

Respectfully submitted,

DATED: June 21, 2022

**GLANCY PRONGAY & MURRAY LLP**

By:   */s/ Gregory B. Linkh*

Gregory B. Linkh (GL-0477)
230 Park Ave., Suite 358
New York, NY 10169
Telephone: (212) 682-5340
Facsimile: (212) 884-0988
glinkh@glancylaw.com

Robert V. Prongay
Charles H. Linehan
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Jeremy Petrus, Richard Petrus, and Bonnie Petrus and Proposed Lead Counsel for the Class*

**LAW OFFICES OF HOWARD G. SMITH**
Howard G. Smith
3070 Bristol Pike, Suite 112
Bensalem PA 19020
Telephone: (215) 638-4847
Facsimile: (215) 638-4867

*Additional Counsel*

**PROOF OF SERVICE**

I, the undersigned say:

I am not a party to the above case and am over eighteen years old.

On June 21, 2022, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Eastern District of New York, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on June 21, 2022, at New York, New York.

*/s/ Gregory B. Linkh*
Gregory B. Linkh