**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SUZANNE POIRIER, Individually and On Behalf of All Others Similarly Situated,<br><br>  Plaintiff,<br><br>  v.<br><br>BAKKT HOLDINGS, INC. f/k/a VPC IMPACT ACQUISITION HOLDINGS, JOHN MARTIN, OLIBIA STAMATOGLOU, GORDON WATSON, KAI SCHMITZ, and KURT SUMMERS,<br><br>  Defendants. | Case 1:22-cv-02283<br><br>CLASS ACTION |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION**
**OF ALESSANDRO PIZZO AND LAWRENCE RUTHERFORD FOR**
**APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF COUNSEL**

00696578;V1

Alessandro Pizzo and Lawrence Rutherford ("Movants") respectfully submit this memorandum of law in support of their motion for: (a) appointment as Lead Plaintiff, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act") and Section 27(a)(3)(B) of the Securities Act of 1933 ("Securities Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); and (b) approval of Movants' selection of Bernstein Liebhard LLP ("Bernstein Liebhard") as Lead Counsel for the litigation.

## PRELIMINARY STATEMENT

Presently pending in this District is the above-captioned related securities class action (the "Action") that alleges violations of the Securities Act and Exchange Act against Defendants. The Action was brought on behalf of those that purchased or otherwise acquired: (a) the securities of Bakkt Holdings, Inc. ("Bakkt" or the "Company") between March 31, 2021 and November 19, 2021, inclusive (the "Class Period"); and/or (b) Bakkt Class A common stock pursuant and/or traceable to the Offering Documents (defined below) issued in connection with the business combination between the Company and Bakkt Holdings, LLC ("Legacy Bakkt") completed on or about October 15, 2021 (the "Business Combination").

Under the PSLRA, class action complaints alleging violations of the Securities Act and Exchange Act trigger statutory requirements for selecting the most adequate plaintiff to lead the action. The presumptive lead plaintiff is the movant that has both the largest financial interest in the litigation and has made a *prima facie* showing that it is a typical and adequate class representative under Rule 23 of the Federal Rules of Civil Procedure.

As set forth more fully herein, Movants satisfy these requirements and should be appointed as Lead Plaintiff in the Action.  First, Movants lost $56,114 from their purchases of Bakkt securities during the Class Period.  Movants believes their losses constitute the largest financial interest in the Action.  Second, Movants satisfy the typicality and adequacy

00696578;V1                                                                 1

requirements of Fed. R. Civ. P. 23 as their claims are typical of the claims of the Class, they have no interests that are antagonistic to the Class, and they will fairly and adequately represent the interests of the Class. Alessandro Pizzo lives in Valencia, Spain and has a degree in Psychology of work and complex organizations at the University of Florence (Italy). Pizzo has been investing for 23 years. Pizzo is also the director and owner of a group of companies in Europe and the United Kingdom that are engaged in designing and producing martial arts items sold in Europe and in the rest of the world through resellers. Lawrence Rutherford lives in Atlanta, Georgia, works at Microsoft as a Business Services Clerk, and has invested for over 5 years. With this motion, Movants have filed a joint declaration explaining how, if appointed as lead plaintiff, they will work together, monitor counsel, and resolve any disputes. *See generally* Joint Declaration of Alessandro Pizzo and Lawrence Rutherford filed herewith ("Joint Declaration"). Additionally, Movants selected experienced and qualified counsel that can adequately represent the Class.

Accordingly, Movants respectfully request that the Court grant their motion to appoint them as Lead Plaintiff and to approve their selection of Bernstein Liebhard LLP as Lead Counsel.

<strong>SUMMARY OF THE COMPLAINT</strong>

Bakkt was formerly known as "VPC Impact Acquisition Holdings" (VIH). On January 11, 2021, the Company and Legacy Bakkt announced entry into a definitive agreement for the Business Combination that would result in Legacy Bakkt becoming a publicly traded company with an enterprise value of approximately $2.1 billion.

On March 31, 2021, the Company filed a registration statement with the SEC in connection with the Business Combination, which, after several amendments, was declared effective by the SEC on September 17, 2021 (the "Registration Statement"). Also on September

00696578;V1                                                2

17, 2021, the Company filed a proxy statement and prospectus, which formed part of the Registration Statement (the "Proxy" and Registration Statement are referred to as the "Offering Documents").

On or about October 15, 2021, the Company and Legacy Bakkt completed the Business Combination pursuant to the Offering Documents. Thereafter, the Company changed its name to "Bakkt Holdings, Inc." and began operating a digital asset platform that enables consumers to buy, sell, convert, and spend digital assets.

The complaint alleges that the Offering Documents were negligently prepared and, as a result, contained untrue statements or omissions of material fact, and that throughout the Class Period Defendants made materially false and misleading statements regarding the Company's business, operations, and compliance policies.  Specifically, Plaintiff alleges that Defendants failed to disclose that: (i) the Company had defective financial controls; (ii) there were errors in the Company's financial statements related to the misclassification of certain shares issued prior to the Business Combination; (iii) Bakkt would need to restate certain of its financial statements; (iv) Bakkt downplayed the true scope and severity of these issues; and (v) Bakkt overstated its remediation of its defective financial controls.

On May 17, 2021, Bakkt (then still operating as VIH) notified the SEC of its inability to timely file its quarterly report for the quarter ended March 31, 2021. Specifically, the Company advised that it "reevaluated the accounting treatment of its public warrants and private placement warrants" and "is currently determining the extent" of the impact on its financial statements. Bakkt's share price fell $0.13 per share, or 1.26% on this news.

On October 13, 2021, the Company disclosed in an SEC filing that it had also previously failed to properly account for the classification of its Class A ordinary shares and "adjust[ed]…

the initial carrying value of the Class A ordinary shares subject to possible redemption with the offset recorded to additional paid-in capital (to the extent available), accumulated deficit and Class A ordinary shares." Notably, the Company revised its balance sheet as of December 31, 2020, including, among other changes, additional paid-in capital that was reduced from $9,860,338 to nil, an accumulated deficit that ballooned from $4,861,190 to $29,250,419, and total shareholders' equity of $5,000,009 that swung to a total shareholders' deficit of $29,249,901. Bakkt's share price fell another 4.73%.

On November 22, 2021, Bakkt disclosed that its management "has re-evaluated…the accounting classification of the Class A ordinary shares…of [VIH]…and has identified errors in the historical financial statements of VIH…related to the misclassification…of the Class A Ordinary Shares prior to the [Business Combination]." Specifically, the Company found that, as a result of errors in its condensed consolidated financial statements for the year ended December 31, 2020, and the quarterly periods ended March 31, 2021, June 30, 2021 and September 30, 2021, Bakkt would "restate certain of VIH's condensed consolidated financial statements from" those periods. On this news, Bakkt's stock price fell almost 14%.

## ARGUMENT

### I.    THE COURT SHOULD APPOINT MOVANTS AS LEAD PLAINTIFF

#### A.    The Procedure Required by the PSLRA

The PSLRA establishes a straightforward sequential procedure for selecting a Lead Plaintiff in "each private action arising under [the Securities Act and Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." Sections 21D(a)(1) and (a)(3)(B), 15 U.S.C. §§ 78u-4(a)(1) and (a)(3)(B); Sections 27(a)(1) and (a)(3)(B), 15 U.S.C. §§ 77z-1(a)(1) and (a)(3)(B).

First, the plaintiff who files the initial action must publish a notice (the "Early Notice") to the class within 20 days of filing the action informing putative class members of: (1) the pendency of the action; and (2) their right to file a motion for appointment as Lead Plaintiff within 60 days after publication of the Early Notice. 15 U.S.C. § 78u-4(a)(3)(A)(i); 15 U.S.C. § 77z-1(a)(3)(A)(i).  Second, the PSLRA directs courts to consider any motion to serve as lead plaintiff filed by putative class members in response to an Early Notice by the later of: (i) 90 days after publication of the Early Notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B); 15 U.S.C. § 77z-1(a)(3)(B). Finally, in considering any motion to serve as Lead Plaintiff, the Court "shall appoint as lead plaintiff" the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(i); 15 U.S.C. § 77z-1(a)(3)(B)(i).

The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" is the person or group of persons that:

i)      has either filed the complaint or made a motion in response to an Early Notice;

ii)     in the determination of the court, has the largest financial interest in the relief sought by the class; and

iii)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I).

This presumption "may be rebutted only upon proof" by a putative class member that the presumptively most adequate plaintiff: (1) "will not fairly and adequately protect the interests of the class"; or (2) "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II).

As set forth *infra*, Movants meet the foregoing criteria, and therefore are entitled to the presumption of being the most adequate Lead Plaintiff to represent the Class.

00696578;V1                                                5

### B.      Movants Are the Most Adequate Plaintiff

Movants respectfully submit that they are presumptively the "most adequate plaintiff" because they have made a motion in response to an Early Notice, they believe they have the largest financial interest in the relief sought by the Class, and they otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure.

### 1.      Movants' Motion is Timely

On April 21, 2022, the Early Notice was published via a widely circulated national business-oriented wire service.  *See* Declaration of Joseph R. Seidman, Jr. ("Seidman Decl."), Ex. A.  Accordingly, putative class members had until June 21, 2022, to file lead plaintiff motions.  *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II) ("not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.").  *See also* 15 U.S.C. § 77z-1(a)(3)(A)(i)(II).

Movants timely filed this motion in response to the Early Notice.  Movants also filed sworn certifications, pursuant to 15 U.S.C. § 78u-4(a)(2)(A) and 15 U.S.C. § 77z-1(a)(2)(A), attesting to their review of the complaint in the Action and their willingness to serve as representatives of the Class, including providing testimony at deposition and trial, if necessary. *See* Seidman Decl., Ex. B.  Movants satisfy the first requirement to serve as Lead Plaintiff.

### 2.      Movants Believe They Have the Largest Financial Interest in the Relief Sought by the Class

The PSLRA instructs the Court to adopt a rebuttable presumption that the "most adequate plaintiff" is the plaintiff or movant with "the largest financial interest in the relief sought by the

class" who "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I).

Movants suffered losses of $56,114 in connection with their purchases of Bakkt securities during the Class Period.  *See* Seidman Decl., Ex. C.  Movants are not aware of any other movant that has suffered greater losses in Bakkt securities during the Class Period.  Accordingly, Movants believe that they have the largest financial interest in this litigation.

### 3.    Movants Meet the Requirements of Fed. R. Civ. P. 23

"At this stage of the litigation, in determining whether a movant is the presumptive lead plaintiff under the PSLRA, only a *prima facie* showing that the requirements of Rule 23 are met is necessary." *Topping v. Deloitte Touche Tohmatsu CPA*, 95 F. Supp. 3d 607, 623 (S.D.N.Y. 2015) (emphasis in original).  Movants satisfy the adequacy and typicality requirements of Rule 23 of the Federal Rules of Civil Procedure, which are "the only [Rule 23] provisions relevant to a determination of lead plaintiff under the PSLRA." *Id.*

### a.  Movants' Claims Are Typical of Those of the Class

A lead plaintiff movant is typical of other proposed class members under Rule 23 if "its claims…arise from purchases made in reliance on the same alleged misstatements and omissions that the complainants and other movants base their claims on, and they also seek the same relief, based on the same legal theories." *Kukkadapu v. Embraer S.A.*, 2016 WL 6820734, at *2 (S.D.N.Y. Oct. 20, 2016).  Movants' claims are typical of the Class in that they suffered the same injuries as a result of the same, or substantially the same, course of conduct by Defendants, and bases their claims on the same, or substantially the same, legal theories as the Class. *Id.*

Here, the questions of law and fact common to the members of the Class and which may affect individual Class members include whether (i) Defendants violated the federal securities laws; and (2) the members of the Class sustained damages and, if so, what is the proper measure

00696578;V1                                                          7

of damages. These questions apply equally to Movants as to all members of the Class. Since Movants' claims have the same essential characteristics as those of the other Class members, the typicality requirement is satisfied.

### b. Movants Will Fairly and Adequately Protect the Interests of the Class

The adequacy requirement, in turn, is satisfied where: "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) the class members' interests are not antagonistic to one another; and (3) the plaintiff has sufficient interest in the outcome of the case to ensure vigorous advocacy." *Khunt v. Alibaba Grp. Holding Ltd.*, 102 F. Supp. 3d 523, 536 (S.D.N.Y. 2015).

Movants are an adequate Lead Plaintiff. Movants and members of the Class have the same interest: to maximize the recovery from Defendants. Because of Movants' financial stake in the litigation, Class members can be assured that Movants has the incentive to vigorously prosecute the claims. Movants also submitted the Joint Declaration describing how, if appointed as Lead Plaintiff, they will manage the litigation, which further demonstrates their adequacy. *See* Joint Declaration filed herewith.

Additionally, Movants have demonstrated their adequacy through their selection of Bernstein Liebhard as Lead Counsel for the proposed Class. As discussed more fully below, Bernstein Liebhard is highly qualified and experienced in the area of securities class action litigation and has repeatedly demonstrated its ability to prosecute complex securities class action lawsuits both in this District and nationwide.

## II.    THE COURT SHOULD APPROVE MOVANTS' CHOICE OF COUNSEL

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to court approval. 15 U.S.C. § 78u-4(a)(3)(B)(v); 15 U.S.C. § 77z-1(a)(3)(B)(v).

Bernstein Liebhard has extensive experience prosecuting complex securities class actions, such as this one, and is well qualified to represent the Class.  *See* Seidman Decl., Ex. D (Firm Résumé of Bernstein Liebhard).  Bernstein Liebhard has frequently been appointed as Lead Counsel or Co-Lead Counsel in securities class action lawsuits since the passage of the PSLRA and has frequently appeared in major actions in numerous courts throughout the country. Some of the firm's most recent Lead Counsel appointments include *Valdes v. Kandi Technologies Group, Inc.*, No. 2:20-cv-06042-LDH-AYS (E.D.N.Y.); *Vitiello et al. v. Bed Bath & Beyond, Inc. et al.*, No. 2:20-cv-04240-MCA-MAH (D.N.J.); and *In re Stellantis N.V. Securities Litigation*, No. 1:19-cv-06770-ERK-VMS (E.D.N.Y.).

Bernstein Liebhard has frequently been appointed as Lead Counsel or Co-Lead Counsel since the passage of the PSLRA, and has frequently appeared in major actions before this and other courts throughout the country. *The National Law Journal* has recognized Bernstein Liebhard for thirteen years as one of the top plaintiffs' firms in the country. In 2016, Bernstein Liebhard was listed for the eleventh consecutive year in *The Legal 500*, a guide to the best commercial law firms in the United States, as well as in *Benchmark Plaintiff: The Definitive Guide to America's Leading Plaintiff Firms & Attorneys* for four consecutive years. Bernstein Liebhard was also selected to the *National Law Journal's* annual "America's Elite Trial Lawyers" list for three consecutive years.

Some of Bernstein Liebhard's outstanding successes include:

- *In re Beacon Associates Litigation*, No. 09 CIV 0777 (LBS) (AJP) (S.D.N.Y. 2013) ($219 million settlement);

- *In re Fannie Mae Securities Litigation*, No. 04-1639 (FJL) (D.D.C. 2013) ($153 million settlement);

- *In re Tremont Securities Law, State Law and Insurance Litigation*, No. 08-CV-11117 (TPG) (S.D.N.Y. 2011) (settlement in excess of $100 million);

00696578;V1                                    9

- *In re Marsh & McLennan Companies Securities Litigation*, No. 04-CV-8144 (CM) (S.D.N.Y. 2009) ($400 million settlement);

- *In re Royal Dutch/Shell Transport Securities Litigation*, No. 04-374 (JAP) (D.N.J. 2008) (U.S.-based settlement amounting to $166.6 million);

- *City of Austin Police Retirement System v. Kinross Gold Corp. et al.*, No. 12-CV-01203-VEC (S.D.N.Y. 2012) ($33 million settlement); and

Further, Bernstein Liebhard partner Stanley Bernstein served as Chairman of the Executive Committee in *In re Initial Public Offering Securities Litigation*, No. 21 MC 92 (SAS) (S.D.N.Y. 2009), one of the largest consolidated securities class actions ever prosecuted, resulting in a $586 million settlement.

## CONCLUSION

For the foregoing reasons, Movants respectfully request that this Court: (1) appoint them as Lead Plaintiff for the Action, and all subsequently-filed, related actions; and (2) approve Movants' selection of Bernstein Liebhard as Lead Counsel for the litigation.

Dated:  June 21, 2022                     **BERNSTEIN LIEBHARD LLP**

/s/ Joseph R. Seidman, Jr.

_____

Laurence J. Hasson
Joseph R. Seidman, Jr.
10 East 40th Street
New York, NY  10016
Telephone: (212) 779-1414
Facsimile: (212) 779-3218
Email:  lhasson@bernlieb.com
          seidman@bernlieb.com

*Counsel for Movants and Proposed Lead Counsel for the Proposed Class*

## CERTIFICATE OF SERVICE

I, Joseph R. Seidman, Jr., hereby certify that on June 21, 2022, a true and correct copy of the foregoing was served in accordance with the Federal Rules of Civil Procedure with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing to all parties with an email address of record who have appeared and consented to electronic service in this action.

Dated: June 21, 2022                          /s/ Joseph R. Seidman, Jr.
                                              Joseph R. Seidman, Jr.

00696578;V1                          11