**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

SUZANNE POIRIER, Individually and On Behalf of
All Others Similarly Situated,

Plaintiff,

v.

BAKKT HOLDINGS, INC. f/k/a VPC IMPACT
ACQUISITION HOLDINGS, JOHN MARTIN,
OLIBIA STAMATOGLOU, GORDON WATSON,
KAI SCHMITZ, and KURT SUMMERS,

Defendants.

Case No. 1:22-cv-02283-EK-PK

---

**THE INDIVIDUAL DEFENDANTS' RESPONSE TO MOTIONS FOR
APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF
<u>LEAD PLAINTIFF'S SELECTION OF COUNSEL</u>**

Defendants John Martin, Olibia Stamatoglou, Gordon Watson, Kai Schmitz and Kurt Summers' (collectively, the "Individual Defendants") respectfully submit the following response to the motions for appointment of lead plaintiff and approval of lead plaintiff's selection of counsel, in the above-captioned action.[1]

1.      The Individual Defendants take no position on the appointment of lead plaintiff or the approval of lead counsel.[2]  However, the Individual Defendants respectfully submit that any decision as to the appointment of lead plaintiff is without prejudice to any determination made in connection with class certification in the event any consolidated complaint survives anticipated motions to dismiss.  The preliminary determination of Rule 23 factors for purposes of appointing a lead plaintiff is not the same and should not predetermine how the Court might resolve such factors should this case reach the class certification stage.  *See Villare v. ABIOMED*, No. 19 Civ. 7319 (ER), 19 Civ. 9258 (ER), 2020 WL 3497285, at *5 (S.D.N.Y. June 29, 2020) (recognizing that "a court need not conduct a full analysis of whether the requirements of Rule 23 have been met" at the lead plaintiff stage (citation omitted)); *see also Yates v. Open Joint Stock Co.*, No. 04 Civ. 9742 (NRB), 2005 WL 1018428, at *2 (S.D.N.Y. Apr. 29, 2005) (noting that defendants' attacks on typicality and adequacy were not appropriate until class certification).  All movants concede that in determining the lead plaintiff motions, unlike in a full Rule 23 class certification determination, the Court only requires a preliminary showing that two of the four Rule 23(a) requirements are met.  *See* ECF No. 14 at 8, ECF No. 17 at 6, ECF No. 20 at 6, ECF No. 22 at 7, ECF No. 24-2 at 6 and ECF No. 26 at 7; *see also Omdahl v. Farfetch*, No. 19-cv-86576, 2020

---

[1]    Specifically, the Individual Defendants respond to the motions of lead plaintiff movants Rachna Mehrotra (ECF No. 13), Christopher H. Sheffield (ECF No. 16), Jeffrey Fandl (ECF No. 19), Jeremy Petrus, Richard Petrus and Bonnie Petrus (ECF No. 21), Tse Winston Wing Kuen and James Liner (ECF No. 24) and Alessandro Pizzo and Lawrence Rutherford (ECF No. 25).

[2]    The Individual Defendants do not waive, and expressly preserve, all defenses.

1

WL 3072291, at *3 (S.D.N.Y. June 10, 2020) ("For the purposes of appointment as lead plaintiff pursuant to the PSLRA . . . the moving plaintiff must only make a preliminary showing that the adequacy and typicality requirements [of Rule 23] have been met.") (internal quotations and citation omitted).

2.      Further, the Individual Defendants object to the proposed orders submitted by movants Rachna Mehrotra and Tse Winston Wing Kuen and James Liner to the extent they seek to include a provision regarding document preservation.  *See* ECF No. 14 at ¶ 10 and ECF No. 24-1 at ¶ 9.  Such provisions are not necessary and are duplicative of existing document preservation obligations.  The obligation to preserve relevant documents is set forth under the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(b)(3)(C)(i), and applies to *all* parties in the litigation.  *See Lifestyle Invs., LLC v. Amicus Therapeutics, Inc.*, No. 3:15-cv-7350 (FLW), 2016 WL 3032684, at *8-9 (D.N.J. May 26, 2016) (relying on *Pirelli* to deny lead plaintiff movant's provision for document preservation); *see also In re Deutsche Bank Aktiengesellschaft Sec. Litig.*, No. 16-cv-03495 (AT) (BCM), 2016 WL 5867497, at *6 (S.D.N.Y. Oct. 4, 2016) (citing *Pirelli* and denying lead plaintiff movant's provision for document preservation as duplicative); *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBrance & Co.*, 229 F.R.D. 395, 421 (S.D.N.Y. 2004) (denying lead plaintiff movant's unopposed motion for an order requiring the preservation of evidence because the obligation that all parties preserve relevant documents is "statutorily automatic," and "such an order would either unnecessarily duplicate the obligations created under the PSLRA or . . . alter those obligations without justification").  Moreover, proposed lead plaintiffs have failed to attempt to make any evidentiary showing that the Individual Defendants are not complying with their preservation obligations, rendering such an order unwarranted.

2

3.    The Individual Defendants also object to movant Tse Winston Wing Kuen and James Liner's proposed order insofar as it purports to modify the appropriate methods for effecting service upon the parties.  *See* ECF No. 24-1 at ¶ 8.  The Individual Defendants understand your Honor's Individual Practices, including Rule II.A's requirement that all documents be filed on ECF (exempting *pro se* parties), and subject to them, the Individual Defendants submit that ECF filings are deemed properly served under E.D.N.Y. Local Rule 5.2(a).  Moreover, the Individual Defendants further object to the extent movant Tse Winston Wing Kuen and James Liner seek to modify in any way the methods and procedures governing service of process.

## CONCLUSION

While the Individual Defendants take no position on the motions for lead plaintiff, the Individual Defendants respectfully request that any request to include document preservation and service of papers provisions in an order appointing lead plaintiff and lead counsel be denied.

Dated:    New York, New York
          July 5, 2022

/s/ Susan L. Saltzstein
Susan L. Saltzstein
Julie E. Cohen
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001
Phone: (212) 735-3000
Fax: (212) 735-2000
Susan.saltzstein@skadden.com
Julie.cohen@skadden.com

*Attorneys for Defendants John Martin,*
*Olibia Stamatoglou, Gordon Watson, Kai*
*Schmitz and Kurt Summers*

3