FINAL – FOR EXECUTION

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

SUZANNE POIRIER, Individually and On
Behalf of All Others Similarly Situated,

                Plaintiff,

    v.

BAKKT HOLDINGS, INC. f/k/a VPC IMPACT
ACQUISITION HOLDINGS, JOHN MARTIN,
OLIBIA STAMATOGLOU, GORDON
WATSON, KAI SCHMITZ, and KURT
SUMMERS,

                Defendants.

Case No. 1:22-cv-02283-EK-PK

---

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement dated April 12, 2023 ("Stipulation" or "Settlement Agreement"), is entered into by and among (i) Co-Lead Plaintiffs Rachna Mehrotra, Tse Winston Wing Kuen, and James Liner ("Plaintiffs"), on behalf of themselves and the Settlement Class (as defined below in ¶ 1(oo)), and (ii) Defendants Bakkt Holdings, Inc. ("Bakkt") (f/k/a VPC Impact Acquisition Holdings ("VIH")), John Martin ("Martin"), Olibia Stamatoglou ("Stamatoglou"), Gordon Watson ("Watson"), Kai Schmitz ("Schmitz"), and Kurt Summers ("Summers") (the "Individual Defendants" and, collectively with Bakkt, "Defendants"), by and through their respective counsel, and embodies the terms and conditions of the settlement of the above-captioned action (the "Action").[1]  Subject to the approval of the Court and the terms and conditions expressly provided herein, this Stipulation is intended to fully, finally and forever

---

[1] All terms with initial capitalization not otherwise defined in this paragraph shall have the meanings ascribed to them in ¶ 1 herein.

compromise, settle, release, resolve, relinquish, waive, discharge and dismiss with prejudice the Action and all claims asserted against Defendants therein, and all Released Plaintiffs' Claims (defined below) against Defendants' Releasees (defined below). Plaintiffs and Defendants are referred to herein as the "Parties."

WHEREAS:

A.    On April 21, 222, Suzanne Poirier filed a putative class action complaint styled as *Poirier v. Bakkt Holdings, Inc.*, No. 1:22-cv-02283, alleging violations of federal securities laws against Bakkt, Martin, Stamatoglou, Watson, Schmitz, and Summers, in the United States District Court for the Eastern District of New York.

B.    On August 3, 2022, the Court entered an order appointing Plaintiffs as Co-Lead Plaintiffs and approving Plaintiffs' selection of Pomerantz LLP ("Pomerantz") and Levi & Korsinsky LLP ("Levi & Korsinsky") as Co-Lead Counsel.

C.    On October 18, 2022, Plaintiffs filed the Amended Complaint (the "Amended Complaint"). The Amended Complaint asserted claims under Sections 11 and 15 of the Securities Act of 1933 (the "Securities Act") against Bakkt, Martin, Stamatoglou, Watson, Schmitz, and Summers. The Amended Complaint also asserted claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 thereunder against Bakkt, Martin, Stamatoglou, Watson, Schmitz, and Summers.

D.    Following the filing of the Amended Complaint, the Parties discussed the possibility of mediation. On November 22, 2022, in order for the Parties to schedule mediation, the Parties jointly requested that the Court adjourn Defendants' deadline to file a pre-motion letter requesting permission to file a motion to dismiss the Amended Complaint. The Court granted this request on December 2, 2022.

E.      The Parties then scheduled a mediation for February 28, 2023.  On December 20, 2022, in order for the Parties to conduct that mediation, the Parties jointly requested that the Court again adjourn Defendants' deadline to file a pre-motion letter requesting permission to file a motion to dismiss the Amended Complaint.  The Court granted this request on December 21, 2022.

F.      On February 28, 2023, Co-Lead Counsel and Defendants' Counsel participated in a full-day mediation session before Robert A. Meyer, Esq.  In advance of that session, the Parties exchanged and submitted to Mr. Meyer detailed mediation statements, which addressed contested liability and damages issues.  Near the conclusion of the mediation, Mr. Meyer proposed a mediator's proposal that the Parties agree to resolve the Action for a settlement amount of $3,000,000 in cash.  The Parties did not reach an agreement during the mediation to resolve the Action.

G.      On March 2, 2023, the Parties advised the Court that they had not agreed to resolve the Action and that they were continuing to discuss the possibility of settlement.

H.      Following the mediation session, Co-Lead Counsel and Defendants' Counsel, with the assistance of Mr. Meyer, continued to discuss the possibility of settlement.

I.      On Tuesday, March 7, 2023, the Parties reached an agreement to resolve the Action for a settlement amount of $3,000,000 in cash, as previously proposed by Mr. Meyer.  The Parties then began negotiating the terms of a Memorandum of Understanding (the "MOU").  On March 9, 2023, the Parties advised the Court that they had reached an agreement to resolve the Action, and requested that the Court indefinitely adjourn the deadlines for Defendants to file a pre-motion letter seeking leave to file a motion to dismiss the Amended Complaint, and for Plaintiffs' to respond to Defendants' pre-motion letter.  The Court temporarily adjourned the pre-motion letter deadlines, ordering that, unless the Parties finalized a stipulation of settlement and Plaintiffs filed

3

a motion for preliminary approval of settlement by April 10, 2021, Defendants' pre-motion letter would be on April 20, 2023, and Plaintiffs' response would be due on May 4, 2023.

J.        The MOU was signed on March 13, 2023 by Co-Lead Counsel on behalf of Plaintiffs and on March 14, 2023 by Bakkt's Counsel on behalf of Bakkt and Individual Defendants' Counsel on behalf of the Individual Defendants, subject to certain terms and conditions, including the execution of a formal, final stipulation of settlement and related papers. The agreement to settle was further conditioned on Court approval of the Settlement.

K.        In recognition of the inherent risks and costs of continued litigation and the benefits of resolving this litigation, the Parties to this Stipulation desire to settle and resolve any and all actual or potential Released Claims by or between the Releasees.

L.        This Stipulation (together with the exhibits hereto and the Supplemental Agreement) has been duly executed by the undersigned signatories on behalf of their respective clients, and reflects the final and binding agreement between and among the Parties.

M.        Based upon their investigation, prosecution and mediation of the case, Plaintiffs and Plaintiffs' Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable, and adequate to Plaintiffs and other members of the Settlement Class, and in their best interests.  Based on Plaintiffs' direct oversight of the prosecution of this matter and with the advice of Plaintiffs' Counsel, Plaintiffs have agreed to settle and release the Released Plaintiffs' Claims (as defined below in ¶ 1(*ll*)) pursuant to the terms and provisions of this Stipulation, after considering, among other things: (i) the substantial financial benefit that members of the Settlement Class will receive under the proposed Settlement; (ii) the significant risks and costs of continued litigation and trial; and (iii) the desirability of permitting the Settlement to be consummated as provided by the terms of this Stipulation.

4

N.      This Stipulation constitutes a compromise of all matters that are in dispute between the Parties.  The Parties are entering into this Stipulation solely to eliminate the uncertainty, burden, and expense of further protracted litigation.  All Defendants deny, and continue to deny, any and all allegations of fault, liability, wrongdoing, or damages whatsoever, including, without limitation, any allegation that they have committed any act or omission giving rise to any liability under the Exchange Act, or Rule 10b-5 promulgated thereunder, or the Securities Act, or misrepresented Bakkt's and/or VIH's financial condition or accounting practices.  Specifically, Defendants expressly have denied, and continue to deny, that Plaintiffs have asserted any valid claims against them, including, without limitation, any liability arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Action.  Defendants also have denied, and continue to deny, among other allegations, the allegations that Plaintiffs or the Settlement Class have suffered any damages, or that Plaintiffs or the Settlement Class were harmed by the conduct alleged in the Action or that they could have alleged as part of the Action.  Defendants maintain that they have meritorious defenses to all claims alleged in the Action.

O.      As set forth below, neither the Settlement nor any of the terms of this Stipulation shall be construed or deemed to be evidence of or an admission, concession, or finding on the part of, or in regard to, any Defendants with respect to any claim or allegation of any fault, liability, wrongdoing, or damages whatsoever, or any infirmity in the defenses that Defendants have, or could have, asserted.  Defendants have determined that it is desirable and beneficial to them that the Action be settled in the manner and upon the terms and conditions set forth in this Stipulation, solely to eliminate the uncertainty, burden, and expense of further protracted litigation.  Similarly, this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of Plaintiffs of any infirmity in any of the claims asserted in the Action, or

an admission or concession that any of Defendants' defenses to liability had any merit. Each of the Parties recognizes and acknowledges, however, that the Action has been initiated, filed, and prosecuted by Plaintiffs in good faith and defended by Defendants in good faith, and that the Action is being voluntarily settled with the advice of counsel.

NOW THEREFORE, without any admission or concession on the part of Plaintiffs of any lack of merit in the Action, and without any admission or concession on the part of Defendants, or any of the Defendant Released Parties (defined below), of any liability or wrongdoing or lack of merit in the defenses asserted to the claims alleged in this Action, it is hereby STIPULATED AND AGREED, by and among Plaintiffs (individually and on behalf of all members of the Settlement Class) and Defendants, by and through their respective undersigned attorneys and subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure and the PSLRA, that, in consideration of the benefits flowing to the Parties from the Settlement, all Released Plaintiffs' Claims as against all Defendants and Defendants' Releasees and all Released Defendants' Claims as against Plaintiffs' Releasees shall be fully, finally and forever compromised, settled, released, resolved, relinquished, waived, discharged and dismissed with prejudice, in accordance with and subject to the terms and conditions set forth below.

## **DEFINITIONS**

1.      As used in this Stipulation and any exhibits attached hereto and made a part hereof, the following capitalized terms shall have the following meanings:

(a)      "Action" means the securities action in the matter styled *Poirier v. Bakkt Holdings, Inc., et al.*, Case No. 1:22-cv-02283-EK-PK, pending in the United States District Court for the Eastern District of New York.

6

(b)     "Alternative Judgment" means a form of final judgment that may be entered by the Court herein but in a form other than the form of Judgment provided for in this Stipulation, and where none of the Parties hereto elects to terminate this Settlement by reason of such variance.

(c)     "Authorized Claimant" means a Settlement Class Member who or which submits to the Claims Administrator a Claim Form that is approved for payment from the Net Settlement Fund.

(d)     "Bakkt's Counsel" means the law firm Quinn Emanuel Urquhart & Sullivan, LLP.

(e)     "Bakkt Securities" means the publicly traded common stock of VIH and/or Bakkt and warrants issued by VIH and/or Bakkt to purchase shares of common stock of VIH and/or Bakkt, respectively, including warrants and shares of common stock registered by the Company's Registration Statement on Form S-1 filed with the U.S. Securities Exchange Commission on March 31, 2021 and declared effective (as amended) as of September 17, 2021 (the "Registration Statement").

(f)     "Claim" means a paper claim submitted on a Proof of Claim Form or an electronic claim that is submitted to the Claims Administrator.

(g)     "Claim Form" or "Proof of Claim Form" means the form, substantially in the form attached hereto as Exhibit 2 to Exhibit A, that a Claimant must complete and submit to the Claims Administrator in order to be eligible to share in a distribution of the Net Settlement Fund.

(h)     "Claimant" means a person or entity who or which submits a Claim Form to the Claims Administrator seeking to be eligible to share in the Net Settlement Fund.

(i)     "Claims Administrator" means A.B. Data, Ltd., the firm retained by Co-Lead Counsel, subject to approval of the Court, to provide all notices approved by the Court to potential Settlement Class Members and to administer the Settlement.

(j)     "Class Period" means the period of time from March 31, 2021 through November 19, 2021, both dates inclusive.

(k)     "Co-Lead Counsel" means the law firms Pomerantz LLP and Levi & Korsinsky LLP.

(l)     "Court" means the United States District Court for the Eastern District of New York.

(m)     "Defendants" means Bakkt (and VIH), Martin, Stamatoglou, Watson, Schmitz, and Summers.

(n)     "Defendants' Counsel" means the law firms Quinn Emanuel Urquhart & Sullivan, LLP and Skadden, Arps, Slate, Meagher and Flom LLP.

(o)     "Defendants' Releasees" means each of the Defendants and any and all other defendants named in any of the complaints filed in the Action, and any and all of their respective related parties in any forum, including, without limitation, any and all of their respective current or former parents, subsidiaries, affiliates, predecessors, successors, divisions, investment funds, joint ventures, and general or limited partnerships, VPC Impact Acquisition Holdings Sponsor, LLC, Victory Park Capital Advisors, LLC, any fund, account, co-investment arrangement or other investment vehicle managed, advised, administered, arranged, sponsored or serviced by Victory Park Capital Advisors, LLC or any of its affiliates, and each of the foregoing's respective current or former officers, directors, trustees, partners, members, managers, equity holders, investment managers, contractors, auditors, principals, agents, managing agents, employees, representatives,

associates, attorneys, accountants, investment bankers, underwriters, insurers in their capacities as such, as well as each of the Individual Defendants' Immediate Family, heirs, executors, personal or legal representatives, estates, beneficiaries, predecessors, successors and assigns.

(p)     "Effective Date" with respect to the Settlement means the first date by which all of the events and conditions specified in ¶ 38 of this Stipulation have been met and have occurred, or have been waived.

(q)     "Escrow Account" means an account established by the Escrow Agent wherein the Settlement Amount shall be deposited and held in escrow under the control of Co-Lead Counsel.

(r)     "Escrow Agent" means Citibank N.A. and its respective successor(s).

(s)     "Final," with respect to the Judgment or, if applicable, the Alternative Judgment, or any other judgment or court order means:  (i) if no appeal is filed, the expiration date of the time provided for filing or noticing of any appeal under the Federal Rules of Appellate Procedure, *i.e.*, thirty (30) calendar days after entry of the Judgment, Alternative Judgment or order; or (ii) if there is an appeal from the Judgment, Alternative Judgment or other court order, and either (a) the date of final dismissal of all such appeals, or the final dismissal of any proceeding on certiorari or otherwise, or (b) the date the Judgment, Alternative Judgment or order is finally affirmed on an appeal, the expiration of the time to file a petition for a writ of certiorari or other form of review, or the denial of a writ of certiorari or other form of review, and, if certiorari or other form of review is granted, the date of final affirmance following review pursuant to that grant.  However, any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to: (i) attorneys' fees, costs or expenses; or (ii) the plan of allocation

for the Settlement proceeds (as submitted or subsequently modified), shall not in any way delay or preclude the Judgment or, if applicable, the Alternative Judgment, from becoming Final.

(t)    "Immediate Family(ies)" means children, stepchildren, parents, stepparents, spouses, siblings, stepsiblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, sisters-in-law and any persons (other than a tenant or employee) sharing the household.  As used in this definition, "spouse" shall mean a husband, a wife, or a partner in a state-recognized domestic relationship, civil union, or marriage.

(u)    "Individual Defendants" means Defendants Martin, Stamatoglou, Watson, Schmitz, and Summers.

(v)    "Individual Defendants' Counsel" means the law firm Skadden, Arps, Slate, Meagher and Flom LLP.

(w)    "Investment Vehicle" means any investment company or pooled investment fund, including but not limited to, mutual fund families, exchange traded funds, fund of funds and hedge funds, in which Defendants, or any of them, have, has or may have a direct or indirect interest, or as to which its affiliates may act as an investment advisor, but in which any Defendant alone or together with its, his or her respective affiliates is not a majority owner or does not hold a majority beneficial interest.

(x)    "Judgment" means the final judgment and order, substantially in the form attached hereto as Exhibit B, to be entered by the Court approving the Settlement and dismissing the Action with prejudice.

(y)    "Litigation Expenses" means the reasonable costs and expenses incurred by Plaintiffs' Counsel in connection with commencing, prosecuting and settling the Action (which may include the reasonable costs and expenses of Plaintiffs directly related to their representation

10

of the Settlement Class pursuant to the PSLRA), for which Co-Lead Counsel intends to apply to the Court for payment from the Settlement Fund.

(z)    "Net Settlement Fund" means the Settlement Fund less: (i) any Taxes and Tax Expenses; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any award to Plaintiffs made by the Court pursuant to the PSLRA for reasonable costs and expenses (including lost wages).

(aa)    "Notice" means the Notice of (i) Proposed Settlement; (ii) Motion for an Award of Attorneys' Fees and Litigation Expenses; and (iii) Settlement Fairness Hearing, substantially in the form attached hereto as Exhibit 1 to Exhibit A, which is to be made available upon request to potential Settlement Class Members and on the website for the Settlement.

(bb)    "Notice and Administration Costs" means the costs, fees and expenses that are reasonably and actually incurred by the Claims Administrator and/or Plaintiffs' Counsel in connection with: (i) providing notice to the Settlement Class; and (ii) administering the Settlement, including, but not limited to, the Claims process, as well as the reasonably and actually incurred costs, fees and expenses incurred in connection with the Escrow Account.

(cc)    "Parties" means Defendants and Plaintiffs, on behalf of themselves and the Settlement Class.

(dd)    "Plaintiffs" means Plaintiffs Rachna Mehrotra, Tse Winston Wing Kuen, and James Liner.

(ee)    "Plaintiffs' Counsel" means any counsel who have represented Plaintiffs and/or the Settlement Class in the Action, including Co-Lead Counsel and Hao Law Firm.

(ff)    "Plaintiffs' Releasees" means Plaintiffs, the Settlement Class, and any and all of their related parties, in their capacities as such, including, without limitation, any and all of

11

their past or present parents, subsidiaries, affiliates, predecessors, or successors, as well as any and all of their current or former officers, directors, employees, associates, members of their immediate families, agents or other persons acting on their behalf, underwriters, attorneys (including Plaintiffs' Counsel), advisors, financial advisors, publicists, independent certified public accountants, auditors, accountants, assigns, creditors, administrators, heirs, estates, or legal representatives and Plaintiffs' Counsel and their respective successors, assigns, representatives, officers, directors, attorneys and agents.

(gg)    "Plan of Allocation" means the proposed plan set forth in the Notice to be utilized for determining the allocation of the Net Settlement Fund, as submitted or subsequently modified.

(hh)    "Postcard Notice" means the notice, substantially in the form attached hereto as Exhibit 4 to Exhibit A, to be published as set forth in the Preliminary Approval Order.

(ii)    "Preliminary Approval Order" means the order, substantially in the form attached hereto as Exhibit A, to be entered by the Court preliminarily approving the Settlement, certifying the Settlement Class for settlement purposes, and directing that notice of the Settlement be provided to the Settlement Class.

(jj)    "PSLRA" means the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4 *et seq.*, as amended.

(kk)    "Released Claims" means all Released Defendants' Claims and all Released Plaintiffs' Claims.

(ll)    "Released Defendants' Claims" means any and all claims, rights and causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages and liabilities, including both known claims and Unknown Claims, whether

contingent or non-contingent, or suspected or unsuspected, including any claims arising under federal or state statutory or common law or any other law, rule or regulation, whether foreign or domestic, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against all Defendants. "Released Defendants' Claims" does not include (i) any claims relating to the enforcement of the Settlement or (ii) any claims against any person or entity who submits a request for exclusion from the Settlement Class that is accepted by the Court ("Excluded Defendants' Claims").

(mm) "Released Plaintiffs' Claims" means any and all claims, including both known and Unknown Claims, debts, disputes, duties, demands, rights, actions or causes of action, liabilities, damages, losses, obligations, debts, sums of money due, judgments, suits, contracts, agreements, promises, amounts, matters, issues, and charges of any kind whatsoever (including, but not limited to, any claims for interest, attorneys' fees, or expert fees, consulting fees, and any other costs, expenses, amounts, or liabilities whatsoever), whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, matured or unmatured, foreseen or unforeseen, whether individual or class in nature, whether arising under federal or state statutory or common law or any other law, rule, or regulation, whether foreign or domestic in law, in contract, or in equity, and regardless of legal theory, and including claims for indemnification, contribution, or otherwise denominated, that have been asserted, could have been asserted, or could be asserted in the future, that (i) arise out of, or relate in any way to, or are based upon, the allegations, transactions, acts, facts, events, matters, occurrences, representations or omissions involved, set forth, alleged or referred to in the Amended Complaint or the prior complaint and (ii) in any way are based upon or related to, directly or indirectly, the purchase, acquisition, or sale or other acquisition or disposition, or holding of Bakkt Securities during the Class Period.  Released Plaintiffs' Claims

13

do not cover, include, or release any of the following claims: (i) enforcement of this Stipulation; (ii) claims asserted in any derivative or ERISA action based on similar allegations; or (iii) claims of any person or entity which submits a request for exclusion that is accepted by the Court ("Excluded Plaintiffs' Claims").

(nn)    "Releasee(s)" means each and any of Defendants' Releasees and each and any of Plaintiffs' Releasees.

(oo)    "Releases" means the releases set forth in ¶¶ 4-8 of this Stipulation.

(pp)    "Settlement" means the settlement on the terms and conditions set forth in this Stipulation.

(qq)    "Settlement Amount" means $3,000,000 in cash to be paid pursuant to ¶ 10 of this Stipulation.

(rr)    "Settlement Class" means all persons and entities who purchased or otherwise acquired publicly traded Bakkt Securities (i) during the period from March 31, 2021 through November 19, 2021, both dates inclusive, or (ii) pursuant and/or traceable to the Registration Statement, and were allegedly damaged thereby. Excluded from the Settlement Class are (i) Defendants; (ii) current and former officers and directors of Bakkt; (iii) members of the Immediate Family of each of the Individual Defendants; (iv) all subsidiaries and affiliates of Bakkt and the directors and officers of Bakkt and their respective subsidiaries or affiliates; (v) all persons, firms, trusts, corporations, officers, directors, and any other individual or entity in which any Defendant has a controlling interest, *provided, however*, that any "Investment Vehicle" shall not be excluded from the Settlement Class; (vi) the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of all such excluded parties; and (vii) any persons or entities who properly exclude themselves by filing a valid and timely request for exclusion.

(ss)    "Settlement Class Member" means each person and entity who or which is a member of the Settlement Class.

(tt)    "Settlement Fairness Hearing" means the hearing set by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

(uu)    "Settlement Fund" means the Settlement Amount plus any and all interest earned thereon.

(vv)    "Supplemental Agreement" means the confidential Supplemental Agreement as defined in ¶ 40 below.

(ww)    "Summary Notice" means the Summary Notice of (i) Proposed Settlement; (ii) Motion for an Award of Attorneys' Fees and Litigation Expenses; and (iii) Settlement Fairness Hearing, substantially in the form attached hereto as Exhibit 3 to Exhibit A, to be published as set forth in the Preliminary Approval Order.

(xx)    "Taxes" means all federal, state, local and/or foreign taxes of any kind (together with any and all interest, penalties, additions to tax, and additional amounts imposed with respect thereto) arising with respect to any income earned by the Settlement Fund, including any taxes or tax detriments that may be imposed upon the Releasees or their counsel with respect to any income earned by the Settlement Fund for any period after the deposit of the Settlement Amount in the Escrow Account during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes.

(yy)    "Tax Expenses" means the expenses and costs incurred by Co-Lead Counsel in connection with determining the amount of, and paying, any Taxes owed by the Settlement Fund (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) tax returns for the Settlement

15

(zz)    "Unknown Claims" means (i) any Released Plaintiffs' Claims which any Plaintiff or any other Settlement Class Member, and their respective heirs, executors, administrators, attorneys, agents, predecessors, successors and assigns in their capacities as such, does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and (ii) any Released Defendants' Claims which any Defendant, and their respective heirs, executors, administrators, attorneys, agents, predecessors, successors and assigns in their capacities as such, does not know or suspect to exist in his, her, or its favor at the time of the release of such claims.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Plaintiffs and Defendants shall expressly waive, and each of the Settlement Class Members shall be deemed to have waived, and by operation of the Judgment or the Alternative Judgment, if applicable, shall have, to the fullest extent permitted by law, expressly waived and relinquished, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Parties and Settlement Class Members acknowledge, and shall be deemed by operation of law to have acknowledged, that they may hereafter discover facts, legal theories, or authorities in addition to or different from those which he or she or it or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims, but, upon the Effective Date, Plaintiffs and Defendants shall expressly, fully, finally, and forever, settle and release, and each of the other Settlement Class Members shall be deemed to have settled and released, and upon the Effective Date by operation of the Judgment or the Alternative Judgment, if applicable, shall have,

settled and released, fully, finally, and forever, any and all Released Claims without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. Plaintiffs and Defendants acknowledge, and each of the other Settlement Class Members shall be deemed by operation of the Judgment or the Alternative Judgment, if applicable, to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the Settlement of which this release is a part.

### STIPULATION OF CLASS CERTIFICATION

2.      Solely for the purposes of this Settlement, the Parties stipulate to the certification of a Settlement Class (as defined in ¶ 1(rr)), pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure. The certification of the Settlement Class shall be binding only with respect to the Settlement of the Action and only if the Judgment, or, if applicable, Alternative Judgment, contemplated by this Stipulation becomes Final and the Effective Date occurs. Defendants' stipulation to the certification of the Settlement Class is not and shall not be construed as evidence or an admission that any non-Settlement Class is or would have been consistent with Rule 23 of the Federal Rules of Civil Procedure and is without prejudice to their right to contest class certification if the Settlement: (a) is not approved by the Court; (b) is terminated; or (c) fails to become effective for any reason.

### PRELIMINARY APPROVAL OF SETTLEMENT

3.      Promptly upon execution of this Stipulation, Plaintiffs will move for preliminary approval of the Settlement, certification of the Settlement Class for settlement purposes only, and the scheduling of a hearing for consideration of, *inter alia*, final approval of the Settlement and Plaintiffs' Counsel's application for an award of reasonable attorneys' fees and Litigation Expenses. Plaintiffs' motion for preliminary approval shall be unopposed by Defendants.

Concurrently with the motion for preliminary approval, Plaintiffs shall apply to the Court for, and Defendants shall agree to, entry of the Preliminary Approval Order, substantially in the form attached hereto as Exhibit A. Plaintiffs will provide Defendants with drafts of the preliminary approval motion papers they intend to file no later than three (3) calendar days in advance of the date of filing.

### **RELEASE OF CLAIMS**

4.      The obligations incurred pursuant to this Stipulation are in consideration of the full and final disposition of the Action as against all Defendants and the Releases provided for herein; and shall fully, finally and forever compromise, settle, release, resolve, relinquish, waive, discharge and dismiss with prejudice, the Action and any and all Released Plaintiffs' Claims against each and all of the Defendants' Releasees upon the occurrence of the Effective Date.

5.      Pursuant to the Judgment, or the Alternative Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, Plaintiffs' Releasees and each of the other Settlement Class Members (whether or not such person submitted a Claim Form), on behalf of themselves, and their respective heirs, executors, administrators, trustees, legal representatives, attorneys, agents, predecessors, successors and assigns in their capacities as such, and on behalf of any other person or entity legally entitled to bring Released Plaintiffs' Claims on behalf of any Settlement Class Member, shall be deemed to have, and by operation of law and of the Judgment or Alternative Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed with prejudice each and every one of the Released Plaintiffs' Claims (including, without limitation, any Unknown Claims) against any and all of  Defendants' Releasees, and shall forever be barred and enjoined, to the

18

fullest extent permitted by law, from commencing, instituting, maintaining, prosecuting or continuing to prosecute any or all of the Released Plaintiffs' Claims against any of Defendants' Releasees, in this Action or in any other proceeding. This Release shall not apply to any Excluded Plaintiffs' Claims.

6. Plaintiffs covenant, on their own behalf and on behalf of the Settlement Class, not to sue any Defendants' Releasee based on any of the Released Plaintiffs' Claims or to assist any person in commencing or maintaining any suit relating to any Released Plaintiffs' Claim. This covenant does not include claims to enforce the Settlement.

7. Pursuant to the Judgment, or the Alternative Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, Defendants' Releasees, on behalf of themselves, and their respective heirs, executors, administrators, trustees, legal representatives, attorneys, agents, predecessors, successors and assigns in their capacities as such, and on behalf of any other person or entity legally entitled to bring Released Defendants' Claims on behalf of Defendants, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Defendants' Claim (including, without limitation, any Unknown Claims) against Plaintiffs' Releasees, and shall forever be barred and enjoined from commencing, instituting, maintaining, prosecuting or continuing to prosecute any or all of the Released Defendants' Claims against any of Plaintiffs' Releasees, in this Action or in any other proceeding. This Release shall not apply to any Excluded Defendants' Claims.

8. The terms of 15 U.S.C. § 78u-4(f)(7) shall apply to this Settlement, including that each Defendant shall be discharged from all claims for contribution brought by other persons, and the Judgment shall so provide. The Judgment shall include a bar order constituting the final

discharge of all obligations to any member of the Settlement Class of each of the Defendants arising out of the Action and shall bar all future claims for contribution arising out of the Action by any person against any Defendant.

9.    Notwithstanding ¶¶ 4-8 above, nothing in the Judgment, or the Alternative Judgment, if applicable, shall bar any action by any of the Parties to enforce or effectuate the terms of this Stipulation or the Judgment, or Alternative Judgment, if applicable.

## THE SETTLEMENT CONSIDERATION

10.    In consideration of the full and complete settlement of the claims asserted in the Action against all Defendants and Defendants' Releasees and the Releases specified in ¶¶ 4-8 above, all of which the Parties agree are good and valuable consideration, Bakkt shall pay or cause to be paid the Settlement Amount into the Escrow Account within thirty (30) calendar days of the later of (1) preliminary approval of the Settlement by the Court; and (2) the Escrow Agent having provided to Bakkt's Counsel all information necessary to accomplish payment of the Settlement Amount via check or wire transfer, including (a) a tax identification number for the Settlement Fund; (b) a completed wire transfer, ACH transfer, or similar anti-fraud payment request form signed by an authorized representative of the Escrow Agent; and (c) all required wire and check funding instructions and information including payee name, telephone and e-mail contact information and a physical address for the Escrow Agent.

11.    Defendants' sole monetary obligation under the Settlement, including in connection with the provision and administration of notice and the administration of the Settlement and any costs associated therewith (except for the provision of transfer records as detailed in ¶ 26 hereof and notice pursuant to CAFA as detailed in ¶ 47 hereof) and any attorneys' fees or costs awarded by the Court, is the Settlement Amount to be paid or caused to be paid solely by Bakkt, and

Defendants shall not be liable for any other amount or amounts.  Defendants and Defendants'
Counsel shall have no responsibility for, interest in, or liability whatsoever with respect to: (i) any
act, omission, or determination by Plaintiffs' Counsel or the Claims Administrator, or any of their
respective designees or agents, in connection with the administration of Settlement or otherwise;
(ii) the management, investment, or distribution of the Settlement Fund; (iii) the Plan of
Allocation; (iv) the determination, administration, calculation, or payment of any claims asserted
against the Settlement Fund; (v) any loss suffered by, or fluctuation in value of, the Settlement
Fund; or (vi) the payment or withholding of any Taxes, expenses, and/or costs incurred in
connection with the taxation of the Settlement Fund, distributions, or other payments from the
Escrow Account, or the filing of any federal, state, or local returns.

12.    Other than the sole obligation of Bakkt to cause the payment of the Settlement
Amount pursuant to ¶ 10 to be made, Defendants shall have no obligation to make any other
payments into the Escrow Account or to any Settlement Class Member pursuant to this Stipulation.
There will be no responsibility or liability on the part of any Defendant other than Bakkt to pay or
cause to be paid any portion of the Settlement Amount.

**USE OF SETTLEMENT FUND**

13.    The Settlement Fund shall be used to pay: (a) any Taxes and Tax Expenses; (b) any
Notice and Administration Costs; (c) any Litigation Expenses awarded by the Court; (d) any
attorneys' fees awarded by the Court; (e) any other award to Plaintiffs made by the Court pursuant
to the PSLRA for reasonable costs and expenses (including lost wages).  The balance remaining
in the Settlement Fund, that is, the Net Settlement Fund, shall be distributed to Authorized
Claimants as provided in ¶¶ 25-36 below.

14.     The Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and that Co-Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)) for the Settlement Fund.  Co-Lead Counsel shall also be responsible for causing payment to be made from the Settlement Fund of any Taxes or Tax Expenses owed with respect to the Settlement Fund.  Upon written request, Bakkt will provide to Co-Lead Counsel the statement described in Treasury Regulation § 1.468B-3(e).  Co-Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation back election," as described in Treasury Regulation § 1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith.  Such election shall be made in compliance with the procedures and requirements contained in such regulations.  It shall be the responsibility of Co-Lead Counsel to timely and properly prepare and deliver, or cause to be prepared and delivered, the necessary documentation for signature by all necessary parties, and thereafter take all such actions as may be necessary or appropriate.  Unless otherwise specified herein expressly, all obligations with respect to the Qualified Settlement Fund are obligations of Co-Lead Counsel, not Defendants or Defendants' Counsel.

15.     For the purposes of Section 468B of the Internal Revenue Code of 1986, as amended, and Treas. Reg. § 1.468B promulgated thereunder, the "administrator" shall be Co-Lead

Counsel or their successors, who shall timely and properly file, or cause to be filed, all federal, state, or local tax returns and information returns (together, "Tax Returns") necessary or advisable with respect to the earnings on the funds deposited in the Escrow Account (including without limitation the returns described in Treas. Reg. § 1.468B-2(k)).  Such Tax Returns (as well as the election described above) shall be consistent with this paragraph and in all events shall reflect that all Taxes (including any estimated taxes, earnings, or penalties) on the income earned on the funds deposited in the Escrow Account shall be paid out of such funds.

16.    All Taxes and Tax Expenses shall be paid out of the Settlement Fund, and in all events Defendants' Releasees (including Defendants' Counsel) shall have no liability or responsibility whatsoever for the payment of Taxes or Tax Expenses, for the filing of any Tax Return or other document with the Internal Revenue Service or any other state or local taxing authority, or for the acts or omissions of Co-Lead Counsel or its agents with respect to the payment of Taxes.  In the event any Taxes are owed by any Defendant on any earnings on the funds on deposit in the Escrow Account, such amounts shall also be paid out of the Settlement Fund.

17.    Taxes and Tax Expenses with respect to the Settlement Fund and the Escrow Account shall be treated as, and considered to be, a cost of administration of the Settlement.  Taxes and Tax Expenses shall be timely paid at the direction of Co-Lead Counsel by the Escrow Agent without further order of the Court, and Co-Lead Counsel shall be authorized (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. § 1.468B-2(l)(2)).  The Parties hereto agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions

of ¶¶ 14-17 of this Stipulation.

18.    Except as provided herein or pursuant to orders of the Court, the Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date.  All funds held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed, or returned, pursuant to the terms of this Stipulation and/or further order of the Court.  The Escrow Agent, at the direction of Co-Lead Counsel, shall invest any funds in the Escrow Account exclusively in instruments or accounts backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, including a United States Treasury Fund or a bank account that is either (a) fully insured by the Federal Deposit Insurance Corporation ("FDIC") or (b) secured by instruments backed by the full faith and credit of the United States Government. The Escrow Agent shall, at the direction of Co-Lead Counsel, reinvest the proceeds of these instruments or accounts as they mature in similar instruments or accounts at their then-current market rates.  Defendants and Defendants' Counsel shall have no responsibility for, interest in, or liability whatsoever with respect to investment decisions executed by the Escrow Agent. All risks related to the investment of the Settlement Fund shall be borne solely by the Settlement Fund.

19.    The Escrow Agent shall not disburse the Settlement Fund except as directed by Co-Lead Counsel and as provided in this Stipulation.

20.    The Settlement is not a claims-made settlement.   Upon the occurrence of the Effective Date, no Defendant, Defendants' Releasee, or any other person or entity who or which paid or cause to be paid any portion of the Settlement Amount shall have any right to the return of the Settlement Fund or any portion thereof for any reason whatsoever, including, without limitation, the number of Claim Forms submitted, the collective amount of Recognized Claims of

Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund.

21.    Before the Effective Date, without further approval from Defendants or further order of the Court, Co-Lead Counsel may expend up to $250,000 to pay Notice and Administration Costs actually incurred.  Additional sums for this purpose before the Effective Date may be paid from the Settlement Fund upon approval of Defendants or further order of the Court.  After the Effective Date, without approval of Defendants or further order of the Court, Notice and Administration Costs may be paid as incurred.  Such costs and expenses shall include, without limitation, the actual costs of printing and mailing the Postcard Notice, publishing the Notice, Claim Form, Summary Notice, reimbursements to nominee owners for forwarding the Notice and Claim Form to their beneficial owners, the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice, administering the Settlement (including processing submitted Claims), and the fees, if any, of the Escrow Agent.  In the event that the Settlement is terminated pursuant to the terms of this Stipulation (including the Supplemental Agreement), all Notice and Administration Costs paid or incurred, including any related fees, shall not be returned or repaid to Defendants, any of the other Defendants' Releasees or any other person or entity who or which paid or caused to be paid any portion of the Settlement Amount.

## ATTORNEYS' FEES AND LITIGATION EXPENSES

22.    Co-Lead Counsel will apply to the Court for an award of reasonable attorneys' fees of Plaintiffs' Counsel to be paid from (and out of) the Settlement Fund.  Co-Lead Counsel also will apply to the Court for payment of Litigation Expenses, which may include an award to Plaintiffs for their reasonable costs and expenses (including lost wages) pursuant to the PSLRA,

to be paid from (and out of) the Settlement Fund.  Co-Lead Counsel's application for an award of attorneys' fees and/or Litigation Expenses is not the subject of any agreement between Defendants and Plaintiffs other than what is set forth in this Stipulation.  Defendants shall take no position on Co-Lead Counsel's fee and expense request.

23.     Any attorneys' fees and Litigation Expenses that are awarded by the Court, including any interest thereon, shall be paid promptly to Plaintiffs' Counsel upon entry of both the Judgment approving the Settlement, or Alternative Judgment if applicable, and the order providing for such award(s), notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to Plaintiffs' Counsel's obligation to make appropriate refunds or repayments to the Settlement Fund or (if the Settlement is vacated or modified) to Bakkt, plus accrued interest at the same net rate as is earned by the Settlement Fund, if the Settlement is terminated pursuant to the terms of this Stipulation or if, as a result of any appeal and/or further proceedings on remand, or successful collateral attack, the award of attorneys' fees, Litigation Expenses, or reasonable costs or expenses to Plaintiffs is reduced or reversed and such order reducing or reversing the award has become Final, or the Judgment, or Alternative Judgment, approving the Settlement is vacated or modified.  Plaintiffs' Counsel shall make the appropriate refund or repayment in full no later than thirty (30) calendar days after: (a) receiving from Bakkt's Counsel notice of the termination of the Settlement; or (b) any order reducing or reversing the award of attorneys' fees, Litigation Expenses, or reasonable costs or expenses to Plaintiffs has become Final.  The procedure for, the allowance or disallowance of, and the amount of any attorneys' fees and/or Litigation Expenses are not necessary terms of this Stipulation, are not conditions of the Settlement embodied herein.  Neither Plaintiffs nor Plaintiffs' Counsel may cancel or terminate the Settlement based on this Court's or any appellate

26

court's ruling with respect to attorneys' fees and/or Litigation Expenses, and any appeal from any order awarding attorneys' fees and/or Litigation Expenses or any reversal or modification of any such order shall not affect or delay the finality of the Judgment or Alternative Judgment.

24.     Defendants and Defendants' Releasees shall have no responsibility for or liability whatsoever with respect to the allocation or award of attorneys' fees or Litigation Expenses.  The attorneys' fees and Litigation Expenses that are awarded to Plaintiffs' Counsel shall be payable solely from the Settlement Fund.  With the sole exception of Bakkt's obligation to pay or cause the Settlement Amount to be paid into the Escrow Account pursuant to ¶ 10 above, Defendants' Releasees shall have no responsibility for, and no liability whatsoever with respect to, any payment of attorneys' fees and/or Litigation Expenses to Plaintiffs' Counsel pursuant to this Stipulation, or for any other attorneys' fees and/or Litigation Expenses incurred by or on behalf of any other Settlement Class Member in connection with this Action or the Settlement.

## NOTICE AND SETTLEMENT ADMINISTRATION

25.     As part of the Preliminary Approval Order, Plaintiffs shall seek appointment of a Claims Administrator.  The Claims Administrator shall administer the Settlement, including, but not limited to, providing notice of the Settlement to the Settlement Class, the process of receiving, reviewing and approving or denying Claims, under Co-Lead Counsel's supervision and subject to the jurisdiction of the Court.  Other than Bakkt's obligation to provide Co-Lead Counsel or the Claims Administrator with Bakkt's common stock records as provided in ¶ 26 below, none of Defendants, nor any of the other Defendants' Releasees, shall have any involvement in or any responsibility, authority or liability whatsoever for the selection of the Claims Administrator, the Plan of Allocation, the administration of the Settlement, the Claims process, or disbursement of the Net Settlement Fund, and shall have no liability whatsoever to any person or entity, including,

but not limited to, Plaintiffs, any other Settlement Class Members, the Claims Administrator or Plaintiffs' Counsel in connection with the foregoing. Defendants' Counsel shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms.

26.    In accordance with the terms of the Preliminary Approval Order to be entered by the Court, Co-Lead Counsel shall cause the Claims Administrator to provide notice of Settlement to the members of the Settlement Class, as may be identified through reasonable effort, through the publication of the Notice and the Summary Notice, and by mailing the Postcard Notice. For the purposes of identifying and providing notice to the Settlement Class, within fifteen (15) business days after entry of the Preliminary Approval Order, Bakkt shall obtain and provide to Co-Lead Counsel or the Claims Administrator, at no cost to the Settlement Fund, Co-Lead Counsel or the Claims Administrator, a list, in electronic form, of record holders of Bakkt Securities during the Class Period obtained from Bakkt's transfer agent (consisting of names and addresses, as well as e-mail addresses if available), to the extent that such information is reasonably available.

27.    The Claims Administrator shall receive Claims and determine first, whether the Claim is a valid Claim, in whole or in part, and second, each Authorized Claimant's *pro rata* share of the Net Settlement Fund as calculated pursuant to the proposed Plan of Allocation set forth in the Notice attached hereto as Exhibit 1 to Exhibit A (or such other plan of allocation as the Court approves).

28.    The Plan of Allocation proposed in the Notice is not a necessary term of the Settlement or of this Stipulation, and it is not a condition of the Settlement or of this Stipulation that any particular plan of allocation be approved by the Court. Plaintiffs and Plaintiffs' Counsel may not cancel or terminate the Settlement (or this Stipulation) based on this Court's or any appellate court's ruling with respect to the Plan of Allocation or any other plan of allocation

approved in this Action.  Defendants and the other Defendants' Releasees shall not object in any way to Plaintiffs' Plan of Allocation or any other plan of allocation in this Action.  No Defendant, nor any other Defendants' Releasees, shall have any involvement with or liability, obligation or responsibility whatsoever for the application of the Court-approved plan of allocation.

29.     Any Settlement Class Member who does not submit a valid Claim Form will not be entitled to receive any distribution from the Net Settlement Fund, but will otherwise be bound by all of the terms of this Stipulation and Settlement, including the terms of the Judgment or, the Alternative Judgment, if applicable, to be entered in the Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against any of Defendants or Defendants' Releasees with respect to the Released Plaintiffs' Claims in the event that the Effective Date occurs with respect to the Settlement.

30.     Co-Lead Counsel shall be responsible for supervising the administration of the Settlement and the disbursement of the Net Settlement Fund subject to Court approval.  No Defendant, or any other Defendants' Releasees, shall be permitted to review, contest or object to any Claim, or any decision of the Claims Administrator or Co-Lead Counsel with respect to accepting or rejecting any Claim, nor shall any Defendant or Defendants' Releasee have any responsibility for, interest in, or liability whatsoever for the administration of the Settlement or disbursement of the Net Settlement Fund.  Co-Lead Counsel shall have the right, but not the obligation, to waive what it deems to be formal or technical defects in any Claims submitted in the interests of achieving substantial justice.

31.     For purposes of determining the extent, if any, to which a Claimant shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

(a)     Each Claimant shall be required to submit a Claim in paper form, substantially in the form attached hereto as Exhibit 2 to Exhibit A, or in electronic form, in accordance with the instructions for the submission of such Claims, and supported by such documents as are designated therein, including proof of the Claimant's claimed loss, or such other documents or proof as the Claims Administrator or Co-Lead Counsel, in their discretion, may deem acceptable;

(b)     All Claims must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Notice, or as otherwise allowed by the Court or Co-Lead Counsel in its discretion.  Any Settlement Class Member who fails to submit a Claim by such date shall be forever barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless by Order of the Court or the discretion of Co-Lead Counsel such Settlement Class Member's Claim Form is accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternative Judgment, if applicable, and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim or other proceeding of any kind against any of Defendants or Defendants' Releasees with respect to any Released Plaintiffs' Claim. A Claim Form shall be deemed to be submitted when postmarked, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon.  In all other cases, the Claim Form shall be deemed to have been submitted on the date when actually received by the Claims Administrator;

(c)     Each Claim shall be submitted to and reviewed by the Claims Administrator who shall determine in accordance with this Stipulation and the plan of allocation the extent, if

any, to which each Claim shall be allowed, subject to review by the Court pursuant to subparagraph (e) below as necessary;

(d)     Claims that do not meet the submission requirements may be rejected.  Prior to rejecting a Claim in whole or in part, the Claims Administrator shall communicate with the Claimant in writing, to give the Claimant the chance to remedy any curable deficiencies in the Claim Form submitted.  The Claims Administrator shall notify, in a timely fashion and in writing, all Claimants whose Claim the Claims Administrator proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Claim is to be rejected has the right to review by the Court if the Claimant so desires and complies with the requirements of subparagraph (e) below; and

(e)     If any Claimant whose Claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) calendar days after the date of mailing of the notice required in subparagraph (d) above, or a lesser period of time if the Claim was untimely, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court.  If a dispute concerning a Claim cannot be otherwise resolved, Co-Lead Counsel shall thereafter present the request for review to the Court.

32.     Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure; provided, however, that such investigation and discovery shall be limited to that Claimant's status as a Settlement Class Member and the validity and amount of the Claimant's Claim.  No discovery shall be allowed on the merits of this Action or of the Settlement in connection with the processing of Claims.

33.     After the Effective Date has occurred, and upon resolution of any and all disputes referenced in ¶ 31(e), Co-Lead Counsel shall direct the Claims Administrator to distribute the Net Settlement Fund to Authorized Claimants from the Escrow Account. The Net Settlement Fund shall be distributed to Authorized Claimants substantially in accordance with the Plan of Allocation described in the Notice and approved by the Court. If there is any balance remaining in the Net Settlement Fund after six (6) months from the date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks, or otherwise), the Claims Administrator shall, if economically feasible, reallocate such balance among Authorized Claimants in an equitable and economic fashion. These redistributions will be repeated until the balance remaining in the Net Settlement Fund is no longer economically feasible, in Co-Lead Counsel's discretion, to distribute to Authorized Claimants. Thereafter, any balance that still remains in the Net Settlement Fund shall be donated to a 501(c)(3) non-profit organization unaffiliated with the Parties or their counsel, and approved by the Court.

34.     Payment pursuant to the Plan of Allocation shall be final and conclusive against all Claimants. All Settlement Class Members whose Claims are not approved by the Court for payment shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternative Judgment to be entered in this Action and the Releases provided for therein, and will be permanently barred and enjoined from bringing any action against any and all Defendants' Releasees concerning any and all of the Released Plaintiffs' Claims.

35.     No person or entity shall have any claim against Plaintiffs, Plaintiffs' Counsel, the Claims Administrator or any other agent designated by Plaintiffs' Counsel, or Defendants, Defendants' Releasees and/or their respective counsel, arising from distributions made

substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or any order of the Court. Plaintiffs and Defendants, and their respective counsel, Plaintiffs' damages consultant/expert, and all other Releasees shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the plan of allocation, or the determination, administration, calculation, or payment of any Claim or nonperformance of the Claims Administrator, the payment or withholding of Taxes (including interest and penalties) of Tax Expenses owed by the Settlement Fund, or any losses incurred in connection therewith.

36.    All proceedings with respect to the administration, processing and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court. All Settlement Class Members, other Claimants, and the Parties to this Settlement expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

## TERMS OF THE JUDGMENT

37.    If the Settlement contemplated by this Stipulation is approved by the Court, Plaintiffs' Counsel and Defendants' Counsel shall request that the Court enter a Judgment, substantially in the form attached hereto as Exhibit B, approving the Settlement and dismissing the Action with prejudice.

## CONDITIONS OF SETTLEMENT AND EFFECT OF
## DISAPPROVAL, CANCELLATION OR TERMINATION

38.    The Effective Date of the Settlement shall be deemed to occur on the occurrence or waiver of all of the following events:

(a)    the Court has entered the Preliminary Approval Order, substantially in the form set forth in Exhibit A attached hereto, as required by ¶ 3 above;

(b)    the Settlement Amount has been deposited into the Escrow Account in accordance with the provisions of ¶ 10 above;

(c)    Bakkt has not exercised its option to terminate the Settlement pursuant to the provisions of this Stipulation (including the Supplemental Agreement);

(d)    Plaintiffs have not exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation; and

(e)    the Court has approved the Settlement as described herein, following notice to the Settlement Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure, and entered the Judgment and the Judgment has become Final, or the Court has entered an Alternative Judgment with the consent of all Parties, and the Alternative Judgment has become Final.

39.    If the Settlement Amount is not paid into the Escrow Account in accordance with ¶ 10 of this Stipulation, then Plaintiffs in their sole discretion, and not Defendants, shall have the right to (a) terminate the Settlement and Stipulation by providing written notice to Defendants at any time prior to the Court's entry of Final Judgment; or (b) enforce the terms of the Settlement and this Stipulation and seek a judgment effecting the terms herein, after providing written notice to Defendants.  Notwithstanding the foregoing, Defendants shall have a period of two (2) business days after Plaintiffs provide written notice of their intent to terminate the Settlement and Stipulation or enforce the terms of the Settlement and this Stipulation in which to cure the alleged non-compliance with ¶ 10 of this Stipulation.  If Defendants cure such alleged non-compliance within that forty-eight (48) hour period, then Plaintiffs shall not have the right to terminate the Settlement and Stipulation or enforce the terms of the Settlement and Stipulation on this ground.

40.    Simultaneously herewith, Plaintiffs and Defendants are executing a "Supplemental Agreement" setting forth certain conditions under which this Settlement may be withdrawn or terminated at Bakkt's sole discretion if Settlement Class Members who meet certain criteria exclude themselves from the Settlement Class. The Supplemental Agreement shall not be filed with the Court, except that the Supplemental Agreement and/or its contents may be brought to the attention of the Court, *in camera*, if so requested by the Court or as otherwise ordered by the Court. The Parties will keep the terms of the Supplemental Agreement confidential, except if compelled by judicial process to disclose them. Should the Court require that the Supplemental Agreement be filed with the Court, Plaintiffs and Defendants shall jointly request that it be filed under seal.

41.    Upon the occurrence of all of the events referenced in ¶ 38 above, any and all remaining interest or right of Defendants or any other Defendants' Releasees in or to the Settlement Fund, if any, shall be absolutely and forever extinguished, and the Releases herein shall be effective.

42.    If (i) Bakkt exercises its right to terminate the Settlement as provided in this Stipulation or the Supplemental Agreement; (ii) Plaintiffs exercise their rights to terminate the Settlement as provided in this Stipulation; (iii) the Court disapproves the Settlement; or (iv) the Effective Date as to the Settlement otherwise fails to occur, then:

(a)    the Settlement and the relevant portions of this Stipulation shall be canceled and terminated;

(b)    Plaintiffs and Defendants shall revert to their respective positions in the Action as of the date immediately prior to the execution of the MOU on March 13, 2023;

(c)    the terms and provisions of this Stipulation, with the exception of this ¶ 42 and ¶¶ 21, 23, 44 and 66, shall have no further force and effect with respect to the Parties and shall

not be used in the Action or in any other proceeding for any purpose, and any Judgment, or Alternative Judgment, if applicable, or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*; and

(d)     Within five (5) business days after joint written notification of termination is sent by Bakkt's Counsel and Co-Lead Counsel to the Escrow Agent, the Settlement Fund (including accrued interest thereon and any funds received by Co-Lead Counsel consistent with ¶ 23 above), less any Notice and Administration Costs actually incurred, paid or payable and less any Taxes and Tax Expenses paid, due or owing shall be returned by the Escrow Agent to Bakkt (or such other persons or entities as Bakkt may direct).  In the event that the funds received by Plaintiffs' Counsel consistent with ¶ 23 above have not been refunded to the Settlement Fund within the five (5) business days specified in this paragraph, those funds shall be refunded by the Escrow Agent to Bakkt (or such other persons or entities as Bakkt may direct) immediately upon their deposit into the Escrow Account consistent with ¶ 23 above.

43.     It is further stipulated and agreed that Plaintiffs and Bakkt shall each have the right to terminate the Settlement and this Stipulation, by providing written notice of their election to do so ("Termination Notice") to the other Parties to this Stipulation within thirty (30) calendar days of: (i) the Court's final refusal to enter the Preliminary Approval Order in any material respect; (ii) the Court's final refusal to approve the Settlement or any material part thereof; (iii) the Court's final refusal to enter the Judgment in any material respect as to the Settlement; (iv) the date upon which the Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Second Circuit or the United States Supreme Court; or (v) the date upon which an Alternative Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Second Circuit or the United States Supreme Court, and the provisions of ¶ 42

above shall apply.  However, any decision or proceeding, whether in the Court or any appellate court, with respect to an application for attorneys' fees or payment of Litigation Expenses or with respect to any plan of allocation shall not be considered material to the Settlement, shall not affect the finality of any Judgment or Alternative Judgment, if applicable, and shall not be grounds for termination of the Settlement.

## NO ADMISSION OF WRONGDOING

44.    Each of the Defendants denies any wrongdoing, and this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of the Defendants, or any other of the Defendants' Releasees, with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that the Defendants have, or could have, asserted.  Defendants expressly deny that Plaintiffs have asserted any valid claims as to any of them, and expressly deny any and all allegations of fault, liability, wrongdoing or damages whatsoever.  Neither the MOU, this Stipulation (whether or not the Settlement is consummated), including the exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the MOU and the execution of this Stipulation, nor any proceedings taken pursuant to or in connection with the MOU or this Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)    shall be offered against any of Defendants or Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of Defendants or Defendants' Releasees with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other

37

litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of Defendants or Defendants' Releasees or in any way referred to for any other reason as against any of Defendants or Defendants' Releasees, in any arbitration proceeding or other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(b)      shall be offered against Plaintiffs or any of Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by Plaintiffs or any of Plaintiffs' Releasees that any of their claims are without merit, that any of Defendants or Defendants' Releasees had meritorious defenses, or that damages recoverable under the Amended Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against Plaintiffs or any of Plaintiffs' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; or

(c)      shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; *provided, however*, that if this Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

## RETURN OR DESTRUCTION OF PROTECTED MATERIAL

45.      Within ninety (90) calendar days of the Effective Date, all Protected Material (as defined in the Stipulated Protective Order in this Action) shall be returned or destroyed in accordance with the provisions of the Stipulated Protective Order.

## MISCELLANEOUS PROVISIONS

46.    All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.  Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit attached hereto, the terms of the Stipulation shall prevail.

47.    Defendants shall determine the form of notice to be provided for the purpose of satisfying the requirements of the Class Action Fairness Act ("CAFA Notice") and the identity of those who will receive the CAFA Notice.  Defendants shall be responsible for mailing the CAFA Notices and for all costs and expenses related thereto and those shall go out no later than ten (10) days after the filing of this Stipulation with the Court.

48.    Bakkt warrants and represents as to itself that it is not "insolvent" within the meaning of 11 U.S.C. § 101(32), as of the time this Stipulation is executed and as of the time any payments by it are actually transferred or made as provided for in this Stipulation.

49.    In the event of the entry of a Final order of a court of competent jurisdiction determining the transfer of money to the Settlement Fund or any portion thereof by or on behalf of Bakkt to be a preference, voidable transfer, fraudulent transfer or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited into the Settlement Fund by others, then, at the election of Plaintiffs, the Parties shall jointly move the Court to vacate and set aside the Releases given and the Judgment or Alternative Judgment, if applicable, entered in favor of Defendants and the other Defendants' Releasees pursuant to this Stipulation, in which event the Releases and Judgment, or Alternative Judgment, if applicable, shall be null and void; the Parties shall be restored to their respective positions in the litigation as provided in ¶ 42(b) above; Plaintiffs' Counsel shall promptly return any attorneys' fees and

39

Litigation Expenses received pursuant to ¶ 23 above, plus accrued interest at the same net rate as is earned by the Settlement Fund; and any cash amounts in the Settlement Fund (less any Taxes and Tax Expenses paid, due or owing with respect to the Settlement Fund and less any Notice and Administration Costs actually incurred, paid or payable) shall be returned as provided in ¶ 42 above.

50.     The Parties intend this Stipulation and the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by Plaintiffs and any Settlement Class Members against Defendants and Defendants' Releasees with respect to the Released Plaintiffs' Claims.  Accordingly, Plaintiffs and their counsel and Defendants and their counsel agree not to assert in any forum that this Action was brought by Plaintiffs or defended by Defendants in bad faith or without a reasonable basis.  No party shall assert any claims of any violation of Rule 11 of the Federal Rules of Civil Procedure, or of 28 U.S.C. § 1927, or otherwise make any accusation of wrongful or actionable conduct by any other Party, relating to the institution, prosecution, defense, or settlement of this Action.  The Parties agree that the amounts paid and the other terms of the Settlement were negotiated at arm's-length and in good faith by the Parties, including through a mediation process supervised and conducted by Mr. Robert A. Meyer, and reflect a Settlement that was reached voluntarily after extensive negotiations and consultation with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses.  The Judgment shall contain a finding, as required by the PSLRA, that during the course of the litigation, Plaintiffs, Defendants and their respective counsel complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

51.     In all events, Plaintiffs and their counsel and Defendants and their counsel shall not make any accusations of wrongful or actionable conduct by either Party concerning the

prosecution, defense, and resolution of the Action, and shall not otherwise suggest that the Settlement constitutes an admission of any claim or defense alleged.

52.    The Parties agree there will be no public announcements regarding the settlement until the earlier of (i) the filing of Plaintiffs' motion for preliminary approval on the Court's public docket; or (ii) the announcement or disclosure of this Settlement by Bakkt.  Following such filing, announcement, or disclosure, the Parties agree that any public comments from the Parties regarding this resolution, other than Bakkt's disclosures and any other disclosures required by law, will not substantially deviate from words to the effect that the Parties have reached a mutually acceptable resolution by way of a mediated settlement and both sides are satisfied with this resolution.  For the avoidance of doubt, nothing in this paragraph shall prevent the Parties from making the Court filings necessary to effectuate the Settlement.

53.    The terms of the Settlement, as reflected in this Stipulation, may not be modified or amended, nor may any of its provisions be waived except by a writing signed on behalf of both Plaintiffs and Defendants (or their successors-in-interest).

54.    The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

55.    Pending approval of the Court of this Stipulation and its exhibits, all proceedings in this Action shall be stayed and all members of the Settlement Class shall be barred and enjoined from prosecuting any of the Released Plaintiffs' Claims against any of Defendants' Releasees.

56.    The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and Litigation Expenses to Plaintiffs' Counsel and enforcing the terms of this Stipulation, including the Plan of Allocation (or

such other plan of allocation as may be approved by the Court) and the distribution of the Net Settlement Fund to Settlement Class Members.

57.     The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

58.     This Stipulation, its exhibits and the Supplemental Agreement constitute the entire agreement among Plaintiffs and Defendants concerning the Settlement and this Stipulation and its exhibits.  All Parties acknowledge that no other agreements, representations, warranties, or inducements have been made by any Party hereto concerning this Stipulation or its exhibits other than those contained and memorialized in such documents.

59.     This Stipulation may be executed in one or more counterparts, including by signature transmitted via facsimile, or by a .pdf/.tif image of the signature transmitted via email. All executed counterparts and each of them shall be deemed to be one and the same instrument.

60.     This Stipulation shall be binding upon and inure to the benefit of the successors and assigns of the Parties, including any and all Releasees and any corporation, partnership, limited liability company or other entity into or with which any party hereto may merge, consolidate or reorganize.

61.     The construction, interpretation, operation, effect and validity of this Stipulation and all documents necessary to effectuate it shall be governed by the internal laws of the State of New York without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

62.     Any action arising under or to enforce this Stipulation or any portion thereof, shall be commenced and maintained only in the Court.

63.    This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations between the Parties and all Parties have contributed substantially and materially to the preparation of this Stipulation.

64.    All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related Settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

65.    Plaintiffs' Counsel and Defendants' Counsel agree to cooperate fully with one another in seeking Court approval of the Preliminary Approval Order and the Settlement, as embodied in this Stipulation, and to use best efforts to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

66.    If any Party is required to give notice to another party under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt of hand delivery or email transmission, with confirmation of receipt.  Notice shall be provided as follows:

|  |  |
|---|---|
| If to Plaintiffs or<br>Co-Lead Counsel: | Pomerantz LLP<br>Attn:   Jeremy A. Lieberman<br>600 Third Avenue, 20th Floor<br>New York, New York 10016<br>Telephone: (212) 661-1100<br>Email: jalieberman@pomlaw.com |
|  | Levi & Korsinsky, LLP<br>Attn: Adam M. Apton<br>55 Broadway, 4th Floor<br>New York, New York 10006<br>Telephone: (212) 363-7500<br>Email: aapton@zlk.com |

43

| | |
|---|---|
| If to Bakkt or<br>Bakkt's Counsel: | Quinn Emanuel Urquhart & Sullivan, LLP<br>Attn:   Jesse Bernstein<br>51 Madison Avenue, 22nd Floor<br>New York, New York 10010<br>Telephone: (212) 849-7000<br>Email: jessebernstein@quinnemanuel.com |
| If to the Individual Defendants<br>or the Individual Defendants'<br>Counsel: | Skadden, Arps, Slate, Meagher & Flom LLP<br>Attn:   Susan L. Saltzstein<br>One Manhattan West<br>New York, New York 10001<br>Telephone: (212) 735-3000<br>Email: susan.saltzstein@skadden.com |

67.     Except as otherwise provided herein, each Party shall bear its own fees and costs.

68.     Whether or not the Stipulation is approved by the Court and whether or not the Stipulation is consummated, or the Effective Date occurs, the Parties and their counsel shall use their best efforts to keep all negotiations, discussions, acts performed, agreements, drafts, documents signed and proceedings in connection with the Stipulation confidential other than as needed to effectuate this Settlement; provided, however, that this ¶ 68 shall not prevent Bakkt from making disclosures to insurers, auditors, attorneys, officers, directors, or associates, or to others as may be required by law.

69.     All agreements made and orders entered during the course of this Action relating to the confidentiality of information shall survive this Settlement.

70.     No opinion or advice concerning the tax consequences of the proposed Settlement to individual Settlement Class Members is being given or will be given by the Parties or their counsel; nor is any representation or warranty in this regard made by virtue of this Stipulation. Each Settlement Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Settlement Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Settlement Class Member.

44

[*Signature page follows*]

**IN WITNESS WHEREOF**, the Parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys, as of April 12, 2023.

**POMERANTZ LLP**

_____

Jeremy A. Lieberman
Jonathan D. Park
600 Third Avenue
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
jalieberman@pomlaw.com
jpark@pomlaw.com

*Counsel for Co-Lead Plaintiffs Tse Winston Wing Kuen and James Liner, and Co-Lead Counsel for the Class*

**HAO LAW FIRM**
**BEIJING HAO JUNBO LAW FIRM**
Junbo Hao
Room 3-401 No. 2 Building
No. 1 Shaungliubei Street
100024 Beijing
People's Republic of China
Telephone: +86 137-1805-2888
jhao@haolaw.cn

*Additional Counsel for Co-Lead Plaintiff Tse Winston Wing Kuen*

**LEVI & KORSINSKY LLP**

Adam M. Apton
Devyn R. Glass
55 Broadway, 4th Floor
New York, New York 10006
Telephone: (212) 363-7500
Fax: (212) 363-7171
aapton@zlk.com
dglass@zlk.com

*Counsel for Co-Lead Plaintiff Rachna Mehrotra,*
*and Co-Lead Counsel for the Class*

*Signature Page to Stipulation and Agreement of Settlement*

QUINN EMANUEL URQUHART &
SULLIVAN LLP

*Jesse Bernstein*

Jesse Bernstein
Michael B. Carlinsky
Jacob J. Waldman
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Fax: (212) 849-7100
jessebernstein@quinnemanuel.com
michaelcarlinsky@quinnemanuel.com
jacobwaldman@quinnemanuel.com

*Attorneys for Bakkt Holdings, Inc.*

*Signature Page to Stipulation and Agreement of Settlement*

SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP

_____

Susan L. Saltzstein
Julie Elizabeth Cohen
One Manhattan West
New York, NY 10001
Telephone: (212) 551-1737
Fax: (202) 551-0237
susan.saltzstein@skadden.com
julie.cohen@skadden.com

*Attorneys for Defendants John Martin, Olibia
Stamatoglou, Gordon Watson, Kai Schmitz, and
Kurt Summers*

*Signature Page to Stipulation and Agreement of Settlement*

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SUZANNE POIRIER, Individually and On Behalf of All Others Similarly Situated, | Case No. 1:22-cv-02283-EK-PK |
| Plaintiff, | |
| v. | |
| BAKKT HOLDINGS, INC. f/k/a VPC IMPACT ACQUISITION HOLDINGS, JOHN MARTIN, OLIBIA STAMATOGLOU, GORDON WATSON, KAI SCHMITZ, and KURT SUMMERS, | |
| Defendants. | |

**[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND**
**PROVIDING FOR NOTICE**

**EXHIBIT A**

WHEREAS, Co-Lead Plaintiffs Rachna Mehrotra, Tse Winston Wing Kuen, and James Liner ("Plaintiffs"), individually and on behalf of the Settlement Class, and Defendants Bakkt Holdings, Inc. ("Bakkt") (f/k/a VPC Impact Acquisition Holdings ("VIH")), and John Martin ("Martin"), Olibia Stamatoglou ("Stamatoglou"), Gordon Watson ("Watson"), Kai Schmitz ("Schmitz"), and Kurt Summers ("Summers") (the "Individual Defendants" and, collectively with Bakkt, "Defendants"), have entered into the Stipulation and Agreement of Settlement dated April 12, 2023 (the "Stipulation"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure, and which, together with the exhibits annexed thereto and a separate Confidential Supplemental Agreement executed between the Plaintiffs and the Defendants (the "Supplemental Agreement"), sets forth the terms and conditions for a proposed settlement and dismissal with prejudice of the securities class action pending before this Court entitled *Poirier v. Bakkt Holdings, Inc., et al.*, No. 1:22-cv-02283-EK-PK (the "Action"), and the Court having read and considered the Stipulation and the exhibits thereto and submissions made relating thereto, and finding that substantial and sufficient grounds exist for entering this Order; and the Parties having consented to the entry of this Order; and

WHEREAS, unless otherwise defined, all terms used herein have the same meanings as set forth in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED, this ___ day of _____, 2023, that:

1.     On a preliminary basis, the Court finds, pursuant to Federal Rule of Civil Procedure 23(e)(1), that it will likely be able to approve the proposed Settlement as fair, reasonable, and adequate under Federal Rule of Civil Procedure 23(e)(2).  The Settlement: (a) resulted from arm's-length negotiations overseen by an experienced mediator; and (b) is sufficient to warrant (i) notice thereof as set forth below; and (ii) a full hearing on the Settlement.  Accordingly, the Court hereby

- 2 -

**EXHIBIT A**

preliminarily approves the Stipulation and the Settlement set forth therein, subject to further consideration at the Settlement Fairness Hearing described below.

2.      A hearing (the "Settlement Fairness Hearing") shall be held before this Court on _____, 2023, at _:__ _.m., at the United States District Court, Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York 11201, or remotely per details that will be made publicly available on the Settlement website (www.BakktSecuritiesSettlement.com) in advance of the Settlement Fairness Hearing, for the following purposes:

(a)      to determine finally whether the Settlement is fair, reasonable, and adequate, and should be approved by the Court;

(b)      to determine finally whether Judgment as provided under the Stipulation should be entered, dismissing the Amended Complaint on the merits and with prejudice, and to determine whether the release of the Released Claims, as set forth in the Stipulation, should be ordered;

(c)      to determine finally whether the proposed Plan of Allocation for the distribution of the Net Settlement Fund is fair and reasonable and should be approved by the Court;

(d)      to consider the application of Co-Lead Counsel on behalf of all Plaintiffs' Counsel for an award of attorneys' fees and expenses, and any application for an award to the Plaintiffs;

(e)      to consider Settlement Class Members' objections, if any, to the Settlement, Plan of Allocation, or application for attorneys' fees and expenses; and

(f)      to rule upon such other matters as the Court may deem appropriate.

- 3 -

**EXHIBIT A**

     3.    The Court may adjourn the Settlement Fairness Hearing without further individual notice to the members of the Settlement Class, and reserves the right to approve the Settlement with such modifications as may be agreed upon or consented to by the Parties and without further notice to the Settlement Class where to do so would not impair Settlement Class Members' rights in a manner inconsistent with Rule 23 and due process of law.  The Court may decide to hold the Settlement Fairness Hearing telephonically or by other virtual means without further individual notice.  The Court further reserves the right to enter its Judgment approving the Settlement and dismissing the Amended Complaint, on the merits and with prejudice, regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and expenses or made awards to the Plaintiffs.

     4.    Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court certifies, solely for purposes of effectuating the proposed Settlement, a Settlement Class consisting of all persons and entities who purchased or otherwise acquired publicly traded common stock of VIH and/or Bakkt and warrants issued by VIH and/or Bakkt to purchase shares of common stock of VIH and/or Bakkt, respectively, including warrants and shares of common stock registered by the Company's Registration Statement on Form S-1 filed with the U.S. Securities Exchange Commission on March 31, 2021 and declared effective (as amended) as of September 17, 2021 (the "Registration Statement") ("Bakkt Securities"), (i) during the period of time from March 31, 2021 through November 19, 2021, both dates inclusive, or (ii) pursuant and/or traceable to the Registration Statement, and were allegedly damaged thereby.  Excluded from the Settlement Class are: (i) Defendants; (ii) current and former officers and directors of Bakkt; (iii) members of the Immediate Family of each of the Individual Defendants; (iv) all subsidiaries and affiliates of Bakkt and the directors and officers of Bakkt and their respective subsidiaries or affiliates; (v) all persons,

firms, trusts, corporations, officers, directors, and any other individual or entity in which any

Defendant has a controlling interest, provided, however, that any "Investment Vehicle" shall not

be excluded from the Settlement Class; (vi) the legal representatives, agents, affiliates, heirs,

successors-in-interest or assigns of all such excluded parties; and (vii) any persons or entities who

properly exclude themselves by filing a valid and timely request for exclusion.

5.      Solely for purposes of the proposed Settlement of this Action, the Court finds that

each element required for certification of the Settlement Class pursuant to Rule 23 of the Federal

Rules of Civil Procedure has been met: (a) the members of the Settlement Class are so numerous

that their joinder in the Action would be impracticable; (b) there are questions of law and fact

common to the Settlement Class which predominate over any individual questions; (c) the claims

of Plaintiffs in the Action are typical of the claims of the Settlement Class; (d) Plaintiffs and Co-

Lead Counsel have and will fairly and adequately represent and protect the interests of the

Settlement Class; and (e) a class action is superior to other available methods for the fair and

efficient adjudication of the Action.

6.      The Court hereby finds and concludes that pursuant to Rule 23 of the Federal Rules

of Civil Procedure, and for the purposes of the Settlement only, Co-Lead Plaintiffs Rachna

Mehrotra, Tse Winston Wing Kuen, and James Liner are adequate class representatives and

certifies them as the Class Representatives for the Settlement Class.

7.      The Court also appoints Co-Lead Counsel Pomerantz LLP and Levi & Korsinsky

LLP as Class Counsel for the Settlement Class, pursuant to Rule 23(g) of the Federal Rules of

Civil Procedure and for the purposes of the Settlement only.  Class Counsel has the authority to

enter into the Settlement on behalf of the Settlement Class and has the authority to act on behalf

of the Settlement Class with respect to all acts or consents required by or that may be given

pursuant to the Stipulation or such other acts that are reasonably necessary to consummate the Settlement.

8.      The Court approves, as to form and content, the Notice of (i) Proposed Settlement of Class Action, (ii) Motion for an Award of Attorneys' Fees and Litigation Expenses, and (iii) Settlement Fairness Hearing (the "Notice"), the Proof of Claim and Release form (the "Claim Form"), the Summary Notice, and the Postcard Notice annexed hereto as Exhibits A-1, A-2, and A-3, A-4, respectively, and finds that the mailing and distribution of the Postcard Notice and publishing of the Notice, Summary Notice, and Claim Form substantially in the manner and form set forth in ¶¶9-12 of this Order, meet the requirements of Rule 23 and due process, and provides the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons or entities entitled thereto.

9.      The firm of A.B. Data, Ltd. ("Claims Administrator") is hereby appointed to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below.

10.     Bakkt shall provide, or cause to be provided, to Co-Lead Counsel, or the Claims Administrator, within fifteen (15) business days after the Court enters this Order, at no cost to the Settlement Fund, a list, in electronic form, of record holders of Bakkt Securities during the Class Period obtained from Bakkt's present or former transfer agent (consisting of names and addresses, as well as e-mail addresses if available), to the extent that such information is reasonably available. The Parties acknowledge that any information provided, or caused to be provided, by Bakkt pursuant to this paragraph shall be treated as confidential and will be used by Co-Lead Counsel and the Claims Administrator solely to disseminate notice, to apprise Settlement Class Members of the Settlement, and/or to implement the Settlement.

**EXHIBIT A**

11.     Co-Lead Counsel, through the Claims Administrator, shall commence mailing the Postcard Notice, substantially in the forms annexed hereto, within twenty (20) calendar days after the Court signs this Order (the "Notice Date") by first-class mail to all Settlement Class Members who can be identified with reasonable effort, and cause the Notice and Claim Form to be posted on the Settlement website at www.BakktSecuritiesSettlement.com.

12.     Not later than ten (10) calendar days after the Notice Date, the Claims Administrator shall cause the Summary Notice to be published once in *Investor's Business Daily* and once over a national newswire service.

13.     At least seven (7) calendar days prior to the Settlement Fairness Hearing, Co-Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

14.     Co-Lead Counsel, through the Claims Administrator, shall make all reasonable efforts to give notice to nominee owners such as brokers firms and other persons or entities who purchased Bakkt Securities during the Class Period for the benefit of another person of entity. Brokers and other nominees who purchased or otherwise acquired Bakkt Securities for beneficial owners who are Settlement Class Members shall (a) request, within ten (10) calendar days of receipt of the Notice, additional copies of the Notice and the Claim Form ("Notice Packet") from the Claims Administrator for such beneficial owners; or (b) send a list of the names, addresses, and email addresses (to the extent available) of such beneficial owners to the Claims Administrator within ten (10) calendar days after receipt of the Notice.  If a nominee elects to send the Notice to beneficial owners, such nominee is directed to mail the Notice within ten (10) calendar days of receipt of the additional copies of the Notice from the Claims Administrator, and upon such mailing, the nominee shall send a statement to the Claims Administrator confirming that the

- 7 -

mailing was made as directed, and the nominee shall retain the list of names and addresses for use in connection with any possible future notice to the Settlement Class. Co-Lead Counsel shall, if requested, reimburse banks, brokerage houses, or other nominees solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners who are Settlement Class Members out of the Settlement Fund, which expenses would not have been incurred except for the sending of such notice, subject to further order of this Court with respect to any dispute concerning such compensation.

15.     In order to be entitled to receive a distribution from the Net Settlement Fund after the Effective Date, each Claimant shall take the following action and be subject to the following conditions:

(a)     A properly completed and executed Claim Form must be submitted to the Claims Administrator, at the post office box or electronic mailbox indicated in the Notice and Claim Form, postmarked no later than ninety (90) calendar days from the Notice Date. Such deadline may be further extended by Order of the Court or in the discretion of Co-Lead Counsel. Each Claim Form shall be deemed to have been submitted when legibly postmarked (if properly addressed and mailed by first-class mail). Any Claim Form submitted in any other manner shall be deemed to have been submitted when it was actually received by the Claims Administrator at the address designated in the Notice.

(b)     The Claim Form submitted by each Claimant must satisfy the following conditions: (i) it must be properly filled out, signed, and submitted in a timely manner in accordance with the provisions of the preceding

subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator, or Co-Lead Counsel; (iii) if the person executing the Claim Form is acting in a representative capacity, a certification of his or her current authority to act on behalf of the Claimant must be provided with the Claim Form; and (iv) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c)     Once the Claims Administrator has considered a timely submitted Claim Form, it shall determine whether such Claim is valid, deficient, or rejected. For each Claim determined to be either deficient or rejected, the Claims Administrator shall send a deficiency letter or rejection letter as appropriate, describing the basis on which the Claim was so determined.  Persons or entities that timely submit a Claim Form that is deficient or otherwise rejected shall be afforded a reasonable time (at least twenty (20) calendar days for timely Claim Forms and a lesser reasonable period for untimely Claim Forms, to the extent allowed) to cure such deficiency if it shall appear that such deficiency may be cured.

(d)     For the filing of and all determinations concerning their Claim Form, each Settlement Class Member shall submit to the jurisdiction of the Court.

16.     Any Settlement Class Member who does not timely submit a valid Claim Form shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, but will in all other respects be subject to and bound by the provisions of the Stipulation and the Judgment, if entered.  Notwithstanding the foregoing, Co-Lead Counsel shall have the discretion (but not an obligation) to accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby, but will bear no liability for failing to accept such late claims.

17.     Any member of the Settlement Class may enter an appearance in the Action, at their own expense, individually or through counsel of their own choice.  If they do not enter an appearance, they will be represented by Co-Lead Counsel.

18.     All Settlement Class Members shall be bound by all determinations and judgments in this Action, whether favorable or unfavorable, unless such persons or entities request to be excluded, or "opt out," from the Settlement Class.  A Settlement Class Member wishing to be excluded from the Settlement Class must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), by first-class mail, or otherwise hand-deliver it, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Fairness Hearing to the address listed in the Notice.  A Request for Exclusion must be signed and must legibly state: (a) the name, address, and telephone number of the person or entity requesting exclusion; (b) the number of shares of Bakkt Securities that the person or entity requesting exclusion (i) owned as of the opening of trading on March 31, 2021 and as of the close of trading on February 17, 2022 and (ii) purchased, acquired, and/or sold from March 31, 2021 through February 17, 2022, inclusive, as well as the dates and prices for each such purchase, acquisition and sale; and (c) that the person or entity wishes to be excluded from the Settlement Class in *Poirier v. Bakkt Holdings, Inc., et al.*,

**EXHIBIT A**

Case No. 1:22-cv-02283-EK-PK.  All Settlement Class Members who submit valid and timely

Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the

Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound

by the Stipulation or any Judgment.  Unless otherwise ordered by the Court, any Settlement Class

Member who does not submit a valid and timely written Request for Exclusion as provided by this

paragraph shall be bound by the Stipulation.

19.     The Claims Administrator shall cause to be provided to Defendants' Counsel copies

of all Requests for Exclusion as expeditiously as possible, but in no event later than five (5)

calendar days of receipt thereof and in any event at least fourteen (14) calendar days before the

Settlement Fairness Hearing.

20.     No later than seven (7) calendar days before the Settlement Fairness Hearing, Co-

Lead Counsel shall file a list of all persons or entities that have submitted timely Requests for

Exclusion with its determinations as to whether any Request for Exclusion was not submitted

timely.

21.     Any Settlement Class Member who or which does not request exclusion from the

Settlement Class may file a written objection to the Settlement, the Plan of Allocation, and/or Co-

Lead Counsel's request for an award of attorneys' fees and expenses, including an award to the

Plaintiffs under 15 U.S.C. §78u-4(a)(4), only if such comments or objections and any supporting

papers are submitted to the Court either by mailing them to the Clerk of the Court, United States

District Court, Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York 11201,

or by filing them in person at any location of the United States District Court for the Eastern

District of New York.  Such comments or objections must be received or filed, not simply

postmarked, at least twenty-one (21) calendar days prior to the Settlement Fairness Hearing.

Attendance at the Settlement Fairness Hearing is not necessary but any person or entity wishing to be heard orally in opposition to the Settlement, the Plan of Allocation, or the application for attorneys' fees and expenses or awards to the Plaintiffs is required to indicate in their written objection whether they intend to appear at the Settlement Fairness Hearing.

22.    Any Settlement Class Member who or which does not request exclusion from the Settlement Class may file a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses and appear and show cause, if he, she, or it has any cause, why the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses should not be approved; provided, however, that no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation, and/or the motion for attorneys' fees and Litigation Expenses unless that person or entity has filed a written objection with the Court and served copies of such objection on Lead Counsel and Defendants' Counsel at the addresses set forth below such that they are received no later than twenty-one (21) calendar days prior to the Settlement Hearing.

23.    Any objections, filings, and other submissions by the objector must: (a) identify the case name and docket number, (*Poirier v. Bakkt Holdings, Inc., et al.*, Case No. 1:22-cv-02283-EK-PK); (b) state the name, address, and telephone number of the person or entity objecting, and if represented by counsel, the name, address, and telephone number of such counsel, and must be signed by the objector; (c) state with specificity the grounds for the objection, including any legal and evidentiary support the objector wishes to bring to the Court's attention and whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class; and (d) include documentation establishing the objector's membership in the

- 12 -

Settlement Class, including the number of Bakkt Securities that the objector (i) owned as of the opening of trading on March 31, 2021 and close of trading on February 17, 2022, and (ii) purchased, acquired, and/or sold from March 31, 2021 through February 17, 2022, as well as the dates and prices for each such purchase, acquisition and sale.  The objection must identify all other class action settlements the objector or his, her, or its counsel has previously objected to; copies of any papers, briefs, or other documents upon which the objection is based; and the objector's signature, even if represented by counsel.  Any member of the Settlement Class who does not make his, her or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the Settlement as set forth in the Stipulation, to the Plan of Allocation, or to the award of attorneys' fees and expenses to Co-Lead Counsel, or awards to the Plaintiffs, unless otherwise ordered by the Court.  Settlement Class Members do not need to appear at the Settlement Fairness Hearing or take any other action to indicate their approval.

24.    All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

25.    All opening briefs and supporting documents in support of the Settlement, the Plan of Allocation, and any application by Co-Lead Counsel for attorneys' fees and expenses and awards to the Plaintiffs shall be filed and served no later than thirty-five (35) calendar days before the Settlement Fairness Hearing.  Replies to any objections shall be filed and served at least seven (7) calendar days prior to the Settlement Fairness Hearing.

26.    Defendants' Releasees shall have no responsibility for the Plan of Allocation or any application for attorneys' fees or expenses submitted by Co-Lead Counsel.  Any order or

**EXHIBIT A**

proceeding relating to the Plan of Allocation or any application for attorneys' fees or expenses, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment approving the Stipulation and the settlement of the Action.

27.     At or after the Settlement Fairness Hearing, the Court shall determine whether the Plan of Allocation proposed by Co-Lead Counsel, and any application for attorneys' fees or payment of expenses shall be approved.

28.     All reasonable expenses incurred in identifying and notifying Settlement Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation.

29.     Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by the Defendants of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind.

30.     If the Stipulation and the Settlement set forth therein is terminated, or is otherwise not approved or consummated for any reason whatsoever, the Stipulation and Settlement and all proceedings had in connection therewith shall be without prejudice to the rights of the Parties *status quo ante*.

31.     Pending final determination of whether the proposed Settlement should be approved, neither the Plaintiffs, nor any Settlement Class Member, directly or indirectly, representatively, or in any other capacity, shall commence or prosecute against any of the Defendants' Releasees any action or proceeding in any court or tribunal asserting any of the Released Plaintiffs' Claims.

**EXHIBIT A**

32.    The Court's orders entered during this Action relating to the confidentiality of information shall survive this Settlement.

IT IS SO ORDERED.

DATED: _____    _____
                                                    THE HONORABLE ERIC KOMITEE
                                                    UNITED STATES DISTRICT JUDGE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SUZANNE POIRIER, Individually and On Behalf of All Others Similarly Situated, | Case No. 1:22-cv-02283-EK-PK |
| Plaintiff, | |
| v. | |
| BAKKT HOLDINGS, INC. f/k/a VPC IMPACT ACQUISITION HOLDINGS, JOHN MARTIN, OLIBIA STAMATOGLOU, GORDON WATSON, KAI SCHMITZ, and KURT SUMMERS, | NOTICE OF (I) PROPOSED SETTLEMENT; (II) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND LITIGATION EXPENSES; AND (III) SETTLEMENT FAIRNESS HEARING |
| Defendants. | EXHIBIT A-1 |

*A Federal Court authorized this Notice.  This is not a solicitation from a lawyer.*

**NOTICE OF PENDENCY OF CLASS ACTION:  Please be advised that your rights may be affected by the above-captioned class action lawsuit pending in this Court (the "Action") if you purchased or otherwise acquired the publicly traded common stock of Bakkt Holdings, Inc. ("Bakkt") f/k/a VPC Impact Acquisition Holdings ("VIH") or warrants issued by VIH and/or Bakkt to purchase shares of common stock of VIH and/or Bakkt, respectively, including shares or warrants registered by the Registration Statement on Form S-1 filed by VIH with the U.S. Securities Exchange Commission on March 31, 2021 and declared effective (as amended) as of September 17, 2021  ("Bakkt Securities") during the period of time from March 31, 2021 through November 19, 2021, both dates inclusive (the "Class Period").**

**NOTICE OF SETTLEMENT:  Please also be advised that the Co-Lead Plaintiffs Rachna Mehrotra, Tse Winston Wing Kuen, and James Liner (collectively, "Plaintiffs"), on behalf of the Settlement Class (as defined in ¶1 below), have reached a proposed settlement of the Action for a total of $3 million in cash that will resolve all claims in the Action (the "Settlement").**

**This Notice explains important rights you may have, including your possible receipt of cash from the Settlement.[1]  If you are a Settlement Class Member, your legal rights will be affected whether or not you act.  Please read this Notice carefully!**

       1.    **Description of the Action and the Settlement Class**:  This Notice relates to a proposed Settlement of a class action lawsuit pending against Defendants Bakkt, and John Martin ("Martin"), Olibia Stamatoglou ("Stamatoglou"), Gordon Watson ("Watson"), Kai Schmitz ("Schmitz"), and Kurt Summers ("Summers") (the "Individual Defendants" and, collectively with Bakkt, "Defendants").  Defendants are collectively, with Plaintiffs, the "Parties."  The proposed Settlement, if approved by the Court, will apply to the following Settlement Class (the "Settlement Class"): all persons and entities who purchased or otherwise acquired publicly traded Bakkt Securities during the period from March 31, 2021 through November 19, 2021, both dates inclusive, and were allegedly damaged thereby.  Excluded from the Settlement Class are: (i) Defendants; (ii) current and former officers and directors of Bakkt; (iii) members of the Immediate Family of each of the Individual Defendants; (iv) all subsidiaries and affiliates of Bakkt and the directors and officers of Bakkt and their respective subsidiaries or affiliates; (v) all persons, firms, trusts, corporations, officers, directors, and any other individual or entity in which any Defendant has a controlling interest, *provided, however*, that any "Investment Vehicle" shall not be excluded from the Settlement Class; (vi) the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of all such excluded parties; and (vii) any persons or entities who properly exclude themselves by filing a valid and timely request for exclusion.  Anyone with questions as to whether or not they are excluded from the Settlement Class may call the Claims Administrator toll-free at (877) 390-3468.

       2.    **Statement of Settlement Class's Recovery**:  Subject to Court approval, and as described more fully below, Plaintiffs, on behalf of the Settlement Class, have agreed to settle all

---

[1]    All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings provided in the Stipulation and Agreement of Settlement dated April 12, 2023 (the "Stipulation"), which is available on the Settlement website, www.BakktSecuritiesSettlement.com.

Released Plaintiffs' Claims (as defined in ¶60 below) against Defendants and other Defendants' Releasees (as defined in ¶58 below) in exchange for a settlement payment of $3 million in cash (the "Settlement Amount") to be deposited into an escrow account. The Net Settlement Fund (the Settlement Fund less Taxes and Tax Expenses, Notice and Administration Costs, and attorneys' fees and litigation expenses and awards to the Plaintiffs) will be distributed in accordance with a plan of allocation (the "Plan of Allocation") to be approved by the Court, which will determine how the Net Settlement Fund shall be distributed to members of the Settlement Class. The Plan of Allocation is a basis for determining the relative positions of Settlement Class Members for purposes of allocating the Net Settlement Fund. The proposed Plan of Allocation is included in this Notice and may be modified by the Court without further notice.

3.    **Statement of Average Recovery Per Share**: The "Settlement Fund" consists of the $3 million Settlement Amount plus any and all interest earned thereon. Assuming all potential Settlement Class Members elect to participate, the estimated average recovery is $0.065 per damaged share (including exercise of all damaged warrants) before the deduction of fees and expenses. Settlement Class Members may recover more or less than this amount depending on, among other factors, the aggregate value of the Recognized Claims represented by valid and acceptable Claim Forms, as explained in the Plan of Allocation below; when their shares were purchased or otherwise acquired and the price at the time of purchase or acquisition; whether the shares were sold and, if so, when they were sold and for how much. In addition, the actual recovery of Settlement Class Members may be further reduced by the payment of fees and costs from the Settlement Fund, as approved by the Court.

4.    **Statement of the Parties' Position on Damages**: Defendants deny all claims of fault, liability, wrongdoing, or damages whatsoever, deny that they engaged in any wrongdoing, deny that they are liable to Plaintiffs and/or the Settlement Class, and deny that Plaintiffs or other members of the Settlement Class suffered any damages, or that Plaintiffs or the Settlement Class were harmed by the conduct alleged in the Action or that they could have alleged as part of the Action. Moreover, the Parties do not agree on the amount of recoverable damages if Plaintiffs were to prevail on each of the claims. The issues on which the Parties disagree include, but are not limited to: (1) whether the statements made or facts allegedly omitted were material, false, or misleading; (2) whether the statements were made with intent to deceive, manipulate, or defraud investors; (3) whether Defendants are otherwise liable under the securities laws for those statements or omissions or any alleged scheme to defraud; and (4) whether all or part of the damages allegedly suffered by members of the Settlement Class were caused by economic conditions or factors other than the allegedly false or misleading statements or omissions.

5.    **Statement of Attorneys' Fees and Expenses Sought**: Co-Lead Counsel will apply to the Court, on behalf of all Plaintiffs' Counsel, for an award of attorneys' fees from the Settlement Fund of no more than one-third of the Settlement Amount, plus interest earned at the same rate and for the same period as earned by the Settlement Fund. In addition, Co-Lead Counsel also will apply to the Court for payment from the Settlement Fund for Plaintiffs' Counsel's litigation expenses (reasonable expenses or costs of Plaintiffs' Counsel in connection with commencing and prosecuting the Action), in a total amount not to exceed $80,000, plus interest earned at the same rate and for the same period as earned by the Settlement Fund. If the Court approves Co-Lead Counsel's fee and expense application, the estimated average cost per damaged share is $0.02. In addition, Co-Lead Counsel may apply for awards to Plaintiffs in connection with their representation of the Settlement Class in an amount not to exceed $15,000, combined.

6.        **<u>Identification of Attorneys' Representatives</u>**:  Plaintiffs and the Settlement Class are being represented by Pomerantz LLP and Levi & Korsinsky, LLP (together, "Co-Lead Counsel"), and by Hao Law Firm. Any questions regarding the Settlement should be directed to (i) Jeremy Lieberman, Esq. at Pomerantz LLP, 600 Third Avenue, 20th Floor, New York, NY 10016, (212) 661-1100, jalieberman@pomlaw.com, and (ii) Adam M. Apton, Esq. at Levi & Korsinsky LLP, 55 Broadway, 4th Floor, New York, NY 10006, (212) 363-7500, aapton@zlk.com.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT | |
|---|---|
| DO NOTHING | Get no payment.  Remain a Settlement Class Member.  Give up your rights. |
| REMAIN A MEMBER OF THE SETTLEMENT CLASS AND SUBMIT A CLAIM FORM **POSTMARKED NO LATER THAN [_____], 2023** | This is the only way to be potentially eligible to receive a payment.  If you wish to obtain a payment as a member of the Settlement Class, you will need to submit a claim form (the "Claim Form"), which is included with this Notice, postmarked no later than _____ __, 2023. |
| EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS (OPT OUT) BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS ***RECEIVED*** **NO LATER THAN [_____], 2023** | Receive no payment pursuant to this Settlement. This is the only option that allows you to ever potentially be part of any other lawsuit against any of the Defendants or the other Defendants' Releasees concerning the Released Plaintiffs' Claims. Should you elect to exclude yourself from the Settlement Class, you should understand that Defendants and the other Defendants' Releasees will have the right to assert any and all defenses they may have to any claims that you may seek to assert, including, without limitation, the defense that any such claims are untimely under applicable statutes of limitations and statutes of repose. |
| OBJECT TO THE SETTLEMENT SO THAT IT IS ***RECEIVED*** **NO LATER THAN [_____], 2023** | Write to the Court about your view of the Settlement, the Plan of Allocation, or the request for attorneys' fees and litigation expenses, or why you don't think the Settlement, the Plan of Allocation, and/or the request for attorneys' fees and litigation expenses is fair to the Settlement Class.<br><br>If you do not exclude yourself from the Settlement Class, you may object.  You must still submit a Claim Form in order to be potentially eligible to receive any money from the Settlement Fund. |

| GO TO THE HEARING ON [_____], 2023, AT __:__ _.m., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN [_____], 2023 | Ask to speak in Court about the fairness of the Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and litigation expenses. |
|---|---|

| WHAT THIS NOTICE CONTAINS | |
|---|---|
| Why Did I Get This Notice? | Page __ |
| What Is This Case About?  What Has Happened So Far? | Page __ |
| How Do I Know If I Am Affected By The Settlement? | Page __ |
| What Are Plaintiffs' Reasons For The Settlement? | Page __ |
| What Might Happen If There Were No Settlement? | Page __ |
| How Much Will My Payment Be? | Page __ |
| What Rights Am I Giving Up By Agreeing To The Settlement? | Page __ |
| What Payment Are The Attorneys For The Settlement Class Seeking?  How Will The Lawyers Be Paid? | Page __ |
| How Do I Participate In The Settlement?  What Do I Need To Do? | Page __ |
| What If I Do Not Want To Be A Part Of The Settlement?  How Do I Exclude Myself? | Page __ |
| When And Where Will The Court Decide Whether To Approve The Settlement?  Do I Have To Come To The Hearing?  May I Speak At The Hearing If I Don't Like The Settlement? | Page __ |
| What If I Bought Shares On Someone Else's Behalf? | Page __ |
| Can I See The Court File?  Whom Should I Contact If I Have Questions? | Page __ |

| **WHY DID I GET THIS NOTICE?** |
| --- |

7.      The purpose of this Notice is to inform you about: (a) this Action, (b) the terms of the proposed Settlement, and (c) your rights in connection with a hearing to be held before the United States District Court, Eastern District of New York (the "Court"), on _____, 2023, at____ _.m., to consider the fairness, reasonableness, and adequacy of the Settlement and related matters.  This Notice also describes the steps to be taken by those who wish to be excluded from the Settlement Class and, for those who remain Settlement Class Members, the steps necessary to seek to be potentially eligible to share in the distribution of the Net Settlement Fund in the event the Settlement is approved by the Court.  (For more information on excluding yourself from the Settlement Class, please read "What If I Do Not Want To Be A Part Of The Settlement?  How Do I Exclude Myself?" located below.)

8.      A class action is a type of lawsuit in which the claims of a number of individuals are resolved together, thus providing the class members with both consistency and efficiency.  In a class action lawsuit, the Court selects one or more people, known as class representatives, to sue on behalf of all people with similar claims, commonly known as the class or the class members.

9.      The Court in charge of this case is the United States District Court for the Eastern District of New York, and the case is known as *Poirier v. Bakkt Holdings, Inc., et al.*, Case No. 1:22-cv-02283-EK-PK.  The judge presiding over this case is the Honorable Eric Komitee, United States District Judge.  The people who are suing are called the Plaintiffs, and those who are being sued are called Defendants.  In this case, the Defendants are Bakkt (and VIH), Martin, Stamatoglou, Watson, Schmitz, and Summers.

10.      This Notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.  It also is being sent to inform you of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the proposed Settlement, the proposed Plan of Allocation, and the application by Co-Lead Counsel for attorneys' fees and litigation expenses (the "Settlement Fairness Hearing").

11.      The Settlement Fairness Hearing will be held on _____, 2023, at _____ _.m., before the Honorable Eric Komitee, at the United States District Court, Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York 11201, or remotely per details that will be made publicly available on the Settlement website (www.BakktSecuritiesSettlement.com) in advance of the Settlement Fairness Hearing, for the following purposes:

     (a)      to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate and should be approved by the Court;

     (b)      to determine whether the Judgment as provided for under the Stipulation and Agreement of Settlement dated April 12, 2023 (the "Stipulation") should be entered;

- 6 -

(c)     to determine whether the proposed Plan of Allocation for the net proceeds of the Settlement is fair and reasonable and should be approved by the Court;

(d)     to determine whether the application by Co-Lead Counsel for an award of attorneys' fees and litigation expenses should be approved; and

(e)     to rule upon such other matters as the Court may deem appropriate.

12.     This Notice does not express any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement.  If the Court approves the Settlement, payments to Authorized Claimants will be made after any appeals are resolved, and after the completion of all claims processing.  This process takes time. Please be patient.

---

### WHAT IS THIS CASE ABOUT?  WHAT HAS HAPPENED SO FAR?

---

13.     This Action arises under Sections 11 and 15 of the Securities Act of 1933 (the "Securities Act") against Defendants Bakkt, Martin, Stamatoglou, Watson, Schmitz, and Summers and under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") against Defendants Bakkt, Martin, Stamatoglou, Watson, Schmitz, and Summers, and alleges that during the Class Period, Defendants made materially false and misleading statements about Bakkt's accounting for its redeemable stock, among other things, that allegedly inflated the price of Bakkt Securities.  Plaintiffs also allege that the Registration Statement on Form S-1 filed with the U.S. Securities Exchange Commission on March 31, 2021 and declared effective (as amended) as of September 17, 2021 (the "Registration Statement"), was inaccurate and misleading, contained untrue statements of material facts, omitted to state other facts necessary to make the statements made not misleading, and omitted to state material facts required to be stated therein.

14.     Plaintiffs allege that Defendants' misrepresentations or omissions artificially inflated the price of the publicly traded common stock of VIH and/or Bakkt and warrants issued by VIH and/or Bakkt to purchase shares of common stock of VIH and/or Bakkt, respectively (together, "Bakkt Securities") and that, when the true facts were revealed, the artificial inflation was removed from the price of Bakkt Securities, causing the price to drop and damage to members of the Settlement Class.

15.     On April 21, 222, Suzanne Poirier filed a putative class action complaint styled as *Poirier v. Bakkt Holdings, Inc.*, No. 1:22-cv-02283, alleging violations of federal securities laws against Bakkt, Martin, Stamatoglou, Watson, Schmitz, and Summers, in the United States District Court for the Eastern District of New York.  ECF No. 1.  On August 3, 2022, the Court entered an order appointing Plaintiffs as Co-Lead Plaintiffs and approving Plaintiffs' selection of Pomerantz LLP ("Pomerantz") and Levi & Korsinsky, LLP ("Levi & Korsinsky") as Co-Lead Counsel.  ECF No. 41.

16.     On October 18, 2022, Plaintiffs filed the Amended Complaint (the "Amended Complaint").  The Amended Complaint asserted claims under Sections 11 and 15 of the Securities Act of 1933 (the "Securities Act") against Bakkt, Martin, Stamatoglou, Watson,

Schmitz, and Summers. The Amended Complaint also asserted claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 thereunder against VIH, Bakkt, Martin, Stamatoglou, Watson, Schmitz, and Summers. ECF No. 45.

17.    Following the filing of the Amended Complaint, the Parties discussed the possibility of mediation. On November 22, 2022, in order for the Parties to schedule mediation, the Parties jointly requested that the Court adjourn Defendants' deadline to file a pre-motion letter requesting permission to file a motion to dismiss the Amended Complaint. ECF No. 46. The Court granted this request on December 2, 2022. ECF No. 47. The Parties then scheduled a mediation for February 28, 2023. On December 20, 2022, in order for the Parties to conduct that mediation, the Parties jointly requested that the Court again adjourn Defendants' deadline to file a pre-motion letter requesting permission to file a motion to dismiss the Amended Complaint. ECF No. 49. The Court granted this request on December 21, 2022.

18.    Plaintiffs and Defendants engaged in a mediation with Robert A. Meyer, a nationally known mediator of securities class actions. In advance of the mediation, which took place on February 28, 2023, Plaintiffs and Defendants submitted detailed mediation statements. The Parties negotiated in good faith and, near the conclusion of the mediation, Mr. Meyer proposed a mediator's proposal that the Parties agree to resolve the Action for a settlement amount of $3,000,000 in cash. The Parties did not reach an agreement during the mediation to resolve the Action. On March 2, 2023, the Parties advised the Court that they had not agreed to resolve the Action and that they were continuing to discuss the possibility of settlement. ECF No. 50.

19.    Following the mediation, Settlement discussions continued, and the mediator worked closely with the Parties. On Tuesday, March 7, 2023, the Parties reached an agreement to resolve the Action for a settlement amount of $3,000,000 in cash, as previously proposed by Mr. Meyer. The Parties then began negotiating the terms of a Memorandum of Understanding (the "MOU"). On March 9, 2023, the Parties advised the Court that they had reached an agreement to resolve the Action, that the Parties expected to finalize a Stipulation of Settlement by April 10, 2023, that Plaintiffs expected to file a motion for preliminary approval of the settlement that same day. ECF No. 51. The Parties requested that the Court indefinitely adjourn the deadlines for Defendants to file a pre-motion letter seeking leave to file a motion to dismiss the Amended Complaint, and for Plaintiffs' to respond to Defendants' pre-motion letter. *Id.* The Court temporarily adjourned the pre-motion letter deadlines, ordering that, unless the Parties finalized a stipulation of settlement and Plaintiffs filed a motion for preliminary approval of settlement by April 10, 2021, Defendants' pre-motion letter would be on April 20, 2023, and Plaintiffs' response would be due on May 4, 2023. On April 12, 2023, the Parties finalized and executed the Stipulation of Settlement, agreeing to settle the Action for $3,000,000.

## HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?

20.    If you are a member of the Settlement Class, you will be affected by the Settlement unless you timely request to be excluded. The Settlement Class consists of all persons and entities who purchased or otherwise acquired Bakkt Securities[2] during the Class

---

[2] During the Class Period, VIH common stock and warrants traded on the Nasdaq Capital Market exchange under the ticker symbols "VIH" and "VIHAW" until October 18, 2021, after which

Period, and were allegedly damaged thereby.  Excluded from the Settlement Class are: (i) Defendants; (ii) current and former officers and directors of Bakkt; (iii) members of the Immediate Family of each of the Individual Defendants; (iv) all subsidiaries and affiliates of Bakkt and the directors and officers of Bakkt and their respective subsidiaries or affiliates; (v) all persons, firms, trusts, corporations, officers, directors, and any other individual or entity in which any Defendant has a controlling interest, provided, however, that any "Investment Vehicle" shall not be excluded from the Class; (vi) the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of all such excluded parties; and (vii) any persons or entities who properly exclude themselves by filing a valid and timely request for exclusion. Anyone with questions as to whether or not they are excluded from the Settlement Class may call the Claims Administrator toll-free at (877) 390-3468.  (See "What If I Do Not Want To Be A Part Of The Settlement?  How Do I Exclude Myself?," below.)

> RECEIPT OF THIS NOTICE DOES NOT NECESSARILY MEAN THAT YOU ARE A SETTLEMENT CLASS MEMBER OR THAT YOU ARE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT.  IF YOU WISH TO BE POTENTIALLY ELIGIBLE TO RECEIVE A DISTRIBUTION OF THE SETTLEMENT PROCEEDS, YOU MUST COMPLETE, SIGN AND SUBMIT THE ENCLOSED CLAIM FORM POSTMARKED NO LATER THAN [_____], 2023.

## WHAT ARE PLAINTIFFS' REASONS FOR THE SETTLEMENT?

21.    Plaintiffs and Co-Lead Counsel believe that the claims asserted against Defendants have merit.  Plaintiffs and Co-Lead Counsel recognize, however, the expense and length of continued proceedings necessary to pursue the claims against Defendants through trial and appeals, as well as the difficulties in establishing liability and damages.  Plaintiffs and Co-Lead Counsel have considered the amount of the Settlement, as well as the uncertain outcome and risk in complex lawsuits like this one.  Such risks include, among others, the risk that Plaintiffs would be unsuccessful in proving that Defendants' alleged misstatements were materially false and misleading, made with scienter (that is, the requisite state of mind), or caused compensable damages to the Settlement Class.

22.    In light of the amount of the Settlement and the certainty of recovery to the Settlement Class, Plaintiffs and Co-Lead Counsel believe that the proposed Settlement is fair, reasonable and adequate, and in the best interests of the Settlement Class.  Plaintiffs and Co-Lead Counsel believe that the Settlement provides a substantial benefit now, namely $3 million in cash (less the various deductions described in this Notice), as compared to the risk that the claims would produce a smaller recovery, or no recovery, after summary judgment, trial and appeals, possibly years in the future, as well as the risks associated with Bakkt's financial position.

23.    Defendants have denied and continue to deny each and all of the claims alleged by Plaintiffs in the Action.  Defendants expressly have denied and continue to deny all

---

Bakkt common stock and warrants traded on the New York Stock Exchange under the ticker symbols "BKKT" and "BKKT WS".

allegations of fault, liability, wrongdoing, or damages against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Action. Defendants also have denied and continue to deny, among other things, the allegations that Plaintiffs or the Settlement Class have suffered any damage, and that Plaintiffs or the Settlement Class were harmed by the conduct alleged in the Action.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

24.    If there were no Settlement and Plaintiffs failed to establish any essential legal or factual element of the alleged claims, neither Plaintiffs nor the Settlement Class would recover anything from Defendants. Additionally, if Defendants were successful in proving any of their defenses, the Settlement Class likely would recover substantially less than the amount provided in the Settlement, or nothing at all.

## HOW MUCH WILL MY PAYMENT BE?

25.    Bakkt has agreed to cause to be paid three million dollars ($3,000,000.00) in cash into escrow for the benefit of the Settlement Class. At this time, it is not possible to make any determination as to how much individual Settlement Class Members may receive from the Settlement. Plaintiffs have proposed a plan for allocating the Net Settlement Fund to those Settlement Class Members who timely submit valid Claim Forms. The Plan of Allocation proposed by Plaintiffs is set forth below.

26.    All members of the Settlement Class who fail to timely submit an acceptable Claim Form by the deadline set by the Court, or such other deadline as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to the Settlement, but will in all other respects be subject to and bound by the terms of the Settlement, including Settlement Class Members' release of all Released Plaintiffs' Claims.

27.    The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the claim of any member of the Settlement Class.

28.    The Plan of Allocation set forth below is the proposed plan submitted by Plaintiffs and Co-Lead Counsel for the Court's approval. The Court may approve this plan as proposed or it may modify it without further notice to the Settlement Class.

29.    Each Claimant shall be deemed to have submitted to the jurisdiction of the United States District Court for the Eastern District of New York with respect to his, her, or its Claim Form.

30.    Persons and entities that exclude themselves from the Settlement Class will not be eligible to receive a distribution from the Net Settlement Fund and shall not submit Claim Forms.

| PLAN OF ALLOCATION |
| --- |

31.     The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Authorized Claimants based on their respective alleged economic losses as a result of the alleged misstatements and omissions, as opposed to losses caused by market- or industry-wide factors, or company-specific factors unrelated to the alleged fraud. The Claims Administrator shall determine each Authorized Claimant's share of the Net Settlement Fund based upon the recognized loss formula ("Recognized Loss") described below.

32.     A Recognized Loss will be calculated for each share of Common Stock and each Warrant purchased or otherwise acquired during the Settlement Class Period.[3] The calculation of Recognized Loss will depend upon several factors, including when the Common Stock and Warrants were purchased or otherwise acquired during the Settlement Class Period, and in what amounts, and whether such securities were sold (or exercised in the case of the Warrants), and if sold (or exercised), when they were sold (or exercised), and for what amounts.[4, 5] The Recognized Loss is not intended to estimate the amount a Settlement Class Member might have been able to recover after a trial, nor to estimate the amount that will be paid to Authorized Claimants pursuant to the Settlement. The Recognized Loss is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants. The Claims Administrator will use its best efforts to administer and distribute the Net Settlement Fund to the extent that it is equitably and economically feasible.

33.     The Plan of Allocation was created with the assistance of a consulting damages expert and reflects the assumption that the prices of the Common Stock and Warrants were artificially inflated throughout the Settlement Class Period. The estimated alleged artificial inflation in the prices of Common Stock and Warrants during the Settlement Class Period is reflected in Table 1 below. The computation of the estimated alleged artificial inflation in the prices of Common Stock and Warrants during the Settlement Class Period is based on certain misrepresentations alleged by Plaintiffs and the price change in the Common Stock and Warrants, net of market- and industry-wide factors, in reaction to the public announcements that allegedly corrected the misrepresentations alleged by Plaintiffs.

34.     Federal securities laws allow investors to recover losses caused by disclosures which corrected the defendants' previous misleading statements or omissions. Thus, in order to

---

[3] Prior to the Business Combination, VIH's Class A ordinary shares and warrants were listed on the Nasdaq under the ticker symbol VIH, and VIHAW, respectively. Following the Business Combination, the Company's Class A common stock and warrants were listed on the New York Stock Exchange under the ticker symbol BKKT and BKKT WS, respectively. Herein, VIH Class A ordinary shares (VIH) and Bakkt Class A shares (BKKT) are collectively referred to as "Common Stock." VIH warrants (VIHAW) and Bakkt warrants (BKKT WS) are collectively referred to as "Warrants."

[4] Common Stock acquired in the PIPE Investment shall be treated as a purchase of Common Stock on the closing date of the Business Combination (i.e., October 15, 2021), at a purchase price of $10 per share.

[5] Bakkt Class A common stock and warrants acquired as a result of VIH Units being separated into their component parts at the close of the Business Combination shall be treated as a purchase of Common Stock and Warrants on October 15, 2021, at a purchase price of $10 per share of Common Stock and $1.66 per Warrant.

have been damaged by the alleged violations of the federal securities laws, Common Stock and Warrants purchased or otherwise acquired during the Settlement Class Period must have been held during a period of time in which the price of the security declined due to the disclosure of information which corrected an allegedly misleading statement or omission. Plaintiffs and Lead Counsel have determined that such price declines occurred on May 18, 2021, October 14, 2021, and November 22, 2021 (the "Corrective Disclosure Dates"). Accordingly, if a share of Common Stock or a Warrant was sold (or a Warrant was exercised), prior to May 18, 2021 (i.e., the earliest Corrective Disclosure Date), the Recognized Loss for that security is $0.00, and any loss suffered is not compensable under the federal securities laws. Likewise, if a share of Common Stock or a Warrant was both purchased and sold (or exercised in the case of the Warrant) between two consecutive Corrective Disclosure Dates, the Recognized Loss for that security is $0.00.

| Table 1* Artificial Inflation in the Common Stock and Warrants | | | |
|---|---|---|---|
| **From** | **To** | **Common Stock** | **Warrants** |
| March 31, 2021 | May 17, 2021 | $1.98 | $1.90 |
| May 18, 2021 | October 13, 2021 | $1.85 | $1.86 |
| October 14, 2021 | November 21, 2021 | $1.36 | $1.53 |
| November 22, 2021 | Thereafter | $0.00 | $0.00 |

* For each day during the Settlement Class Period, price inflation in the Common Stock and Warrants shall be limited to that day's closing price for the respective security.

35.    Common Stock and Warrants purchased or otherwise acquired pursuant or traceable to the Registration Statement are the only securities eligible for a claim under §11(e) of the Securities Act ("Section 11").[6] The Recognized Loss for Common Stock and Warrants with a claim under both Section 10(b) and Section 11 shall be the maximum of: (i) the Recognized Loss amount calculated under Section 10(b) as described below in "Calculation of Recognized Loss Under Section 10(b)"; or (ii) the Recognized Loss amount calculated under Section 11 as described below in "Calculation of Recognized Loss Under Section 11," for the respective security. Section 11 provides for an affirmative defense of negative causation which prevents recovery for losses that Defendants prove are not attributable to misrepresentations and/or omissions alleged by Plaintiffs in their Registration Statement. Given Plaintiffs' Counsel's assessment of the relative risks of the Section 11 and Section 10(b) claims in this lawsuit, the Recognized Loss calculation under Section 11 assumes that the Company-specific declines in the price of Common Stock and Warrants on the Corrective Disclosure Dates are the only compensable losses.

36.    The "90-day look back" provision of the Private Securities Litigation Reform Act of 1995 ("PSLRA") is incorporated into the calculation of the Recognized Loss for Common Stock and Warrants under Section 10(b). The limitations on the calculation of the

___

[6] Securities eligible for a Section 11 claim include Common Stock and Warrants registered in the Registration Statement, as well as purchases in the open market during the period October 15, 2021 through November 19, 2021, inclusive.

Recognized Loss imposed by the PSLRA are applied such that losses on Common Stock and Warrants purchased during the Settlement Class Period and held as of the close of the 90-day period subsequent to the Settlement Class Period (the "90-Day Lookback Period") cannot exceed the difference between the purchase price paid for the security and the average price of the security during the 90-Day Lookback Period. The Recognized Loss on Common Stock and Warrants purchased during the Class Period and sold during the 90-Day Lookback Period cannot exceed the difference between the purchase price paid for the security and the rolling average price of the security during the portion of the 90-Day Lookback Period elapsed as of the date of sale.

37.     In the calculations below, all purchase and sale prices shall exclude any fees, taxes and commissions. If a Recognized Loss amount is calculated to be a negative number, that Recognized Loss shall be set to zero. Any transactions in Common Stock and Warrants executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

## Calculation of Recognized Loss Under Section 10(b) – Common Stock

38.     If a share of Common Stock was: (i) sold prior to May 18, 2021; (ii) purchased during the period May 18, 2021 through October 13, 2021, inclusive, and sold prior to October 14, 2021; or (iii) purchased during the period October 14, 2021 through Friday, November 19, 2021, inclusive, and sold prior to Monday, November 22, 2021, then the Recognized Loss under Section 10(b) for that share is $0.

39.     For each share of Common Stock purchased or otherwise acquired during the Settlement Class Period (i.e., March 31, 2021 through November 19, 2021, inclusive), and held through at least one Corrective Disclosure Date, the Recognized Loss per share under Section 10(b) shall be calculated as follows:

i.      For each share sold on or prior to November 19, 2021, the Recognized Loss per share is equal to the price inflation on the date of purchase/acquisition as provided in Table 1 above *minus* the price inflation on the date of sale as provided in Table 1 above.

ii.     For each share sold during the period November 20, 2021 through February 17, 2022, inclusive (i.e., sold during the 90-Day Lookback Period), the Recognized Loss per share is *the lesser of*:

   a.   the price inflation on the date of purchase/acquisition as provided in Table 1 above; or

   b.   the purchase price *minus* the "90-Day Lookback Value" on the date of sale, which is provided in Table 2 below.

iii.    For each share still held as of the close of trading on February 17, 2022, the Recognized Loss per share is *the lesser of*:

   a.   the price inflation on the date of purchase/acquisition as provided in Table 1 above; or

b.  the purchase price *minus* the average closing price for the Common Stock during the 90-Day Lookback Period, which is $8.83.

| Table 2 | | | | | |
|---------|--|--|--|--|--|
| Common Stock 90-Day Lookback Values | | | | | |
| **Sale/ Disposition Date** | **90-Day Lookback Value** | **Sale/ Disposition Date** | **90-Day Lookback Value** | **Sale/ Disposition Date** | **90-Day Lookback Value** |
| 11/22/2021 | $17.02 | 12/22/2021 | $13.49 | 1/24/2022 | $10.21 |
| 11/23/2021 | $16.96 | 12/23/2021 | $13.34 | 1/25/2022 | $10.07 |
| 11/24/2021 | $17.07 | 12/27/2021 | $13.20 | 1/26/2022 | $9.93 |
| 11/26/2021 | $16.70 | 12/28/2021 | $13.04 | 1/27/2022 | $9.79 |
| 11/29/2021 | $16.43 | 12/29/2021 | $12.87 | 1/28/2022 | $9.66 |
| 11/30/2021 | $16.29 | 12/30/2021 | $12.72 | 1/31/2022 | $9.55 |
| 12/1/2021 | $15.96 | 12/31/2021 | $12.57 | 2/1/2022 | $9.45 |
| 12/2/2021 | $15.71 | 1/3/2022 | $12.42 | 2/2/2022 | $9.34 |
| 12/3/2021 | $15.41 | 1/4/2022 | $12.26 | 2/3/2022 | $9.24 |
| 12/6/2021 | $15.13 | 1/5/2022 | $12.06 | 2/4/2022 | $9.14 |
| 12/7/2021 | $14.96 | 1/6/2022 | $11.88 | 2/7/2022 | $9.08 |
| 12/8/2021 | $15.14 | 1/7/2022 | $11.71 | 2/8/2022 | $9.02 |
| 12/9/2021 | $15.10 | 1/10/2022 | $11.54 | 2/9/2022 | $8.99 |
| 12/10/2021 | $15.06 | 1/11/2022 | $11.39 | 2/10/2022 | $8.97 |
| 12/13/2021 | $14.90 | 1/12/2022 | $11.24 | 2/11/2022 | $8.94 |
| 12/14/2021 | $14.81 | 1/13/2022 | $11.09 | 2/14/2022 | $8.90 |
| 12/15/2021 | $14.75 | 1/14/2022 | $10.94 | 2/15/2022 | $8.89 |
| 12/16/2021 | $14.43 | 1/18/2022 | $10.80 | 2/16/2022 | $8.87 |
| 12/17/2021 | $14.17 | 1/19/2022 | $10.65 | 2/17/2022 | $8.83 |
| 12/20/2021 | $13.92 | 1/20/2022 | $10.51 | N/A | N/A |
| 12/21/2021 | $13.69 | 1/21/2022 | $10.36 | N/A | N/A |

**Calculation of Recognized Loss Under Section 10(b) – Warrants**

40.    If a Warrant was: (i) sold or exercised prior to May 18, 2021; (ii) purchased during the period May 18, 2021 through October 13, 2021, inclusive, and sold or exercise prior to October 14, 2021; or (iii) purchased during the period October 14, 2021 through Friday, November 19, 2021, inclusive, and sold or exercised prior to Monday, November 22, 2021, then the Recognized Loss under Section 10(b) for that Warrant is $0.

41.    For each Warrant purchased or otherwise acquired during the Settlement Class Period (i.e., March 31, 2021 through November 19, 2021, inclusive), and held through at least one Corrective Disclosure Date, the Recognized Loss per Warrant under Section 10(b) shall be calculated as follows:

i.    For each Warrant sold or exercised on or prior to November 19, 2021, the Recognized Loss per Warrant is equal to the price inflation on the date of

- 14 -

purchase/acquisition as provided in Table 1 above *minus* the price inflation on the date of sale/exercise as provided in Table 1 above.

ii.  For each Warrant sold or exercised during the period November 20, 2021 through February 17, 2022, inclusive (i.e., sold during the 90-Day Lookback Period), the Recognized Loss per Warrant is *the lesser of*:

a.  the price inflation on the date of purchase/acquisition as provided in Table 1 above; or

b.  the purchase price *minus* the "90-Day Lookback Value" on the date of sale/exercise, which is provided in Table 3 below.

iii.  For each Warrant still held as of the close of trading on February 17, 2022, the Recognized Loss per Warrant is *the lesser of*:

a.  the price inflation on the date of purchase/acquisition as provided in Table 1 above; or

b.  the purchase price *minus* the average closing price for the Warrant during the 90-Day Lookback Period, which is $2.87.

| Table 3 | | | | | |
|---------|---|---|---|---|---|
| Warrants 90-Day Lookback Values | | | | | |
| **Sale/ Disposition Date** | **90-Day Lookback Value** | **Sale/ Disposition Date** | **90-Day Lookback Value** | **Sale/ Disposition Date** | **90-Day Lookback Value** |
| 11/22/2021 | $6.15 | 12/22/2021 | $4.43 | 1/24/2022 | $3.29 |
| 11/23/2021 | $6.01 | 12/23/2021 | $4.37 | 1/25/2022 | $3.25 |
| 11/24/2021 | $6.00 | 12/27/2021 | $4.33 | 1/26/2022 | $3.21 |
| 11/26/2021 | $5.84 | 12/28/2021 | $4.26 | 1/27/2022 | $3.17 |
| 11/29/2021 | $5.69 | 12/29/2021 | $4.19 | 1/28/2022 | $3.13 |
| 11/30/2021 | $5.55 | 12/30/2021 | $4.13 | 1/31/2022 | $3.10 |
| 12/1/2021 | $5.32 | 12/31/2021 | $4.07 | 2/1/2022 | $3.07 |
| 12/2/2021 | $5.19 | 1/3/2022 | $4.02 | 2/2/2022 | $3.04 |
| 12/3/2021 | $5.05 | 1/4/2022 | $3.97 | 2/3/2022 | $3.01 |
| 12/6/2021 | $4.90 | 1/5/2022 | $3.92 | 2/4/2022 | $2.98 |
| 12/7/2021 | $4.80 | 1/6/2022 | $3.86 | 2/7/2022 | $2.96 |
| 12/8/2021 | $4.95 | 1/7/2022 | $3.81 | 2/8/2022 | $2.94 |
| 12/9/2021 | $5.03 | 1/10/2022 | $3.75 | 2/9/2022 | $2.93 |
| 12/10/2021 | $5.01 | 1/11/2022 | $3.70 | 2/10/2022 | $2.92 |
| 12/13/2021 | $4.95 | 1/12/2022 | $3.66 | 2/11/2022 | $2.91 |
| 12/14/2021 | $4.89 | 1/13/2022 | $3.61 | 2/14/2022 | $2.90 |
| 12/15/2021 | $4.85 | 1/14/2022 | $3.55 | 2/15/2022 | $2.90 |
| 12/16/2021 | $4.73 | 1/18/2022 | $3.50 | 2/16/2022 | $2.89 |
| 12/17/2021 | $4.64 | 1/19/2022 | $3.44 | 2/17/2022 | $2.87 |
| 12/20/2021 | $4.56 | 1/20/2022 | $3.39 | N/A | N/A |

| 12/21/2021 | $4.50 | 1/21/2022 | $3.34 | N/A | N/A |

### Calculation of Recognized Loss Under Section 11 – Common Stock

42.    For each share of Common Stock purchased or otherwise acquired pursuant or traceable to the Registration Statement, the Recognized Loss per share under the Section 11 shall be calculated as follows:

i.    For each share that was sold prior to November 22, 2021, the Recognized Loss per share is $0.

ii.    For each share that was sold during the period November 22, 2021 through April 20, 2022, inclusive, the Recognized Loss per share is *the lesser of*:

    a.    the purchase price (not to exceed $10) *minus* the sale price; or

    b.    $1.36.

iii.    For each share that was still held as of April 21, 2022,[7] the Recognized Loss per share is *the lesser of*:

    a.    the purchase price (not to exceed $10) *minus* $4.50; or

    b.    $1.36.

### Calculation of Recognized Loss Under Section 11 – Warrants

43.    For Warrants purchased or otherwise acquired pursuant or traceable to the Registration Statement, the Recognized Loss per Warrant under the Section 11 shall be calculated as follows:

i.    For each Warrant that was sold or exercised prior to November 22, 2021, the Recognized Loss per Warrant is $0.

ii.    For each Warrant that was sold during the period November 22, 2021 through April 20, 2022, inclusive, the Recognized Loss per Warrant is *the lesser of*:

    a.    the purchase price (not to exceed $1.66) *minus* the sale price; or

    b.    $1.53.

iii.    For each Warrant that was exercised during the period November 22, 2021 through April 20, 2022, inclusive, the Recognized Loss per Warrant is *the lesser of*:

    a.    the purchase price (not to exceed $1.66) *minus* the closing price of the Warrant on the date of exercise; or

---

[7] April 21, 2022 is the date of the first complaint filed in this action that asserts a claim under the Securities Act. The closing price of the Common Stock that day was $4.50.

        b.  $1.53.

iv.    For each Warrant that was still held as of April 21, 2022, the Recognized Loss per Warrant is the purchase price (not to exceed $1.66) *minus* $1.51.[8]

## INSTRUCTIONS APPLICABLE TO ALL CLAIMANTS

44.    The payment you receive will reflect your proportionate share of the Net Settlement Fund. Such payment will depend on the number of eligible shares of Common Stock and Warrants that participate in the Settlement, and when the Common Stock and Warrants were purchased and sold, or exercised in the case of Warrants. The number of claimants who send in claims varies widely from case to case.

45.    A purchase or sale of Common Stock or Warrants, or exercise of Warrants, shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.

46.    Acquisition by Gift, Inheritance, or Operation of Law: If a Settlement Class Member acquired Common Stock and/or Warrants during the Settlement Class Period by way of gift, inheritance or operation of law, such a claim will be computed by using the date and price of the original purchase and not the date and price of transfer. To the extent that Common Stock or Warrants were originally purchased prior to commencement of the Settlement Class Period, the Recognized Loss for that acquisition shall be deemed to be zero ($0.00).

47.    Notwithstanding any of the above, receipt of Common Stock or Warrants during the Settlement Class Period in exchange for securities of any other corporation or entity shall not be deemed a purchase or sale of Common Stock or Warrants.

48.    The first-in-first-out ("FIFO") basis will be applied to purchases and sales. Sales will be matched in chronological order, by trade date, first against Common Stock and Warrants held as of the close of trading on March 30, 2021 (the day before the Settlement Class Period begins) and then against the purchases of the respective security during the Settlement Class Period.

49.    The date of covering a "short sale" is deemed to be the date of purchase of Common Stock. The date of a "short sale" is deemed to be the date of sale of Common Stock. In accordance with the Plan of Allocation, however, the Recognized Loss on "short sales" is zero. In the event that a claimant has an opening short position in Common Stock, the earliest Settlement Class Period purchases shall be matched against such opening short position and not be entitled to a recovery until that short position is fully covered.

50.    Option contracts are not securities eligible to participate in the Settlement. With respect to Common Stock purchased through the exercise of an option, the purchase date of the Common Stock shall be the exercise date of the option, and the purchase price of the Common Stock shall be the closing price of the Common Stock on the date of exercise. Any Recognized Loss arising from purchases of Common Stock acquired during the Settlement Class Period

---

[8] The closing price of the Warrants on April 21, 2022 was $1.51.

through the exercise of an option on Common Stock shall be computed as provided for other purchases of Common Stock in the Plan of Allocation.

51.     With respect to Common Stock purchased through the exercise of a Warrant, the purchase date of the Common Stock shall be the exercise date of the option, and the purchase price of the Common Stock shall be the closing price of the Common Stock on the date of exercise. Any Recognized Loss arising from purchases of Common Stock acquired during the Settlement Class Period through the exercise of a Warrant shall be computed as provided for other purchases of Common Stock in the Plan of Allocation.

52.     Payment according to the Plan of Allocation will be deemed conclusive against all Authorized Claimants.  A Claimant's "Recognized Claim" under the Plan of Allocation shall be the sum of his, her or its Recognized Loss Amounts. The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis based on the relative size of their Recognized Claims. Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which shall be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund. No distribution will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

53.     Settlement Class Members who do not submit acceptable Proofs of Claim will not share in the Settlement proceeds. The Settlement Stipulation and the Order and Final Judgment dismissing this Action will nevertheless bind Settlement Class Members who do not submit a request for exclusion or submit an acceptable Proof of Claim.

54.     Please contact the Claims Administrator or Lead Counsel if you disagree with any determinations made by the Claims Administrator regarding your Proof of Claim. If you are unsatisfied with the determinations, you may ask the Court, which retains jurisdiction over all Settlement Class Members and the claims-administration process, to decide the issue by submitting a written request.

55.     Defendants, their respective counsel, and all other Released Parties will have no responsibility or liability whatsoever for the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation, or the payment of any claim. Plaintiffs and Lead Counsel likewise will have no liability for their reasonable efforts to execute, administer, and distribute the Settlement.

56.     Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement. If any funds remain in the Net Settlement Fund by reason of uncashed distribution checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Settlement Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distributions, any balance remaining in the Net Settlement Fund after at least six (6) months after the initial distribution of such funds will be used in the following fashion: (a) first, to pay any amounts mistakenly omitted from the initial disbursement; (b) second, to pay any additional settlement administration fees, costs, and expenses, including those of Lead Counsel as may be approved by the Court; and (c) finally, to make a second distribution to claimants who cashed their checks from the initial distribution and who would receive at least $10.00, after payment of the estimated costs, expenses, or fees to be incurred in administering the Net Settlement Fund

and in making this second distribution, if such second distribution is economically feasible. These redistributions shall be repeated, if economically feasible, until the balance remaining in the Net Settlement Fund is *de minimis* and such remaining balance will then be distributed to a non-sectarian, not-for-profit organization identified by Lead Counsel and approved by the Court.

## WHAT RIGHTS AM I GIVING UP BY AGREEING TO THE SETTLEMENT?

57. If the Settlement is approved, the Court will enter a judgment (the "Judgment"). Upon the Effective Date of the Settlement, the Judgment will dismiss with prejudice the claims against Defendants and will provide that Plaintiffs and all other Plaintiffs' Releasees (as defined in ¶59 below) and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, trustees, legal representatives, attorneys, agents, predecessors, successors and assigns in their capacities as such, and on behalf of any other person or entity legally entitled to bring Released Plaintiffs' Claims on behalf of any Settlement Class Member, shall be deemed to have, and by operation of law and of the Judgment or Alternative Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed with prejudice each and every one of the Released Plaintiffs' Claims (as defined in ¶60 below), including, without limitation, Unknown Claims (as defined in ¶62 below), against any and all Defendants' Releasees (as defined in ¶58 below) and shall forever be barred and enjoined, to the fullest extent permitted by law, from commencing, instituting, maintaining, prosecuting or continuing to prosecute any or all of the Released Plaintiffs' Claims against any of Defendants' Releasees, in this Action or in any other proceeding, whether or not they execute and deliver the Claim Form or share in the Settlement Fund. Claims to enforce the terms of the Settlement are not released.

58. "Defendants' Releasees" means each of the Defendants and any and all other defendants named in any of the complaints filed in the Action, and any and all of their respective related parties in any forum, including, without limitation, any and all of their respective current or former parents, subsidiaries, affiliates, predecessors, successors, divisions, investment funds, joint ventures, and general or limited partnerships, VPC Impact Acquisition Holdings Sponsor, LLC, Victory Park Capital Advisors, LLC, any fund, account, co-investment arrangement or other investment vehicle managed, advised, administered, arranged, sponsored or serviced by Victory Park Capital Advisors, LLC or any of its affiliates, and each of the foregoing's respective current or former officers, directors, trustees, partners, members, managers, equity holders, investment managers, contractors, auditors, principals, agents, managing agents, employees, representatives, associates, attorneys, accountants, investment bankers, underwriters, insurers in their capacities as such, as well as each of the Individual Defendants' Immediate Family, heirs, executors, personal or legal representatives, estates, beneficiaries, predecessors, successors and assigns.

59. "Plaintiffs' Releasees" means Plaintiffs, the Settlement Class, and any and all of their related parties, in their capacities as such, including, without limitation, any and all of their past or present parents, subsidiaries, affiliates, predecessors, or successors, as well as any and all of their current or former officers, directors, employees, associates, members of their immediate families, agents or other persons acting on their behalf, underwriters, attorneys (including Plaintiffs' Counsel), advisors, financial advisors, publicists, independent certified public accountants, auditors, accountants, assigns, creditors, administrators, heirs, estates, or

legal representatives and Plaintiffs' Counsel and their respective successors, assigns, representatives, officers, directors, attorneys and agents.  Plaintiffs' Releasees does not include any person or entity that timely and validly seeks exclusion from the Settlement Class.

60.     "Released Plaintiffs' Claims" means any and all claims, including both known and Unknown Claims, debts, disputes, duties, demands, rights, actions or causes of action, liabilities, damages, losses, obligations, debts, sums of money due, judgments, suits, contracts, agreements, promises, amounts, matters, issues, and charges of any kind whatsoever (including, but not limited to, any claims for interest, attorneys' fees, or expert fees, consulting fees, and any other costs, expenses, amounts, or liabilities whatsoever), whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, matured or unmatured, foreseen or unforeseen, whether individual or class in nature, whether arising under federal or state statutory or common law or any other law, rule, or regulation, whether foreign or domestic, in law, in contract, or in equity, and regardless of legal theory, and including claims for indemnification, contribution, or otherwise denominated, that have been asserted, could have been asserted, or could be asserted in the future, that (i) arise out of, or relate in any way to, or are based upon, the allegations, transactions, acts, facts, events, matters, occurrences, representations or omissions involved, set forth, alleged or referred to in the Amended Complaint or in the prior complaint and (ii) in any way are based upon or related to, directly or indirectly, the purchase, acquisition, or sale or other acquisition or disposition, or holding of Bakkt Securities during the Class Period.  "Released Plaintiffs' Claims" do not cover, include, or release any of the following claims:  (i) enforcement of this Stipulation are; (ii) claims asserted in any derivative or ERISA or ERISA action based on similar allegations; or (iii) claims of any person or entity who or which properly and timely submits a request for exclusion that is accepted by the Court.

61.     "Released Defendants' Claims" means any and all claims, rights and causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages and liabilities, including both known claims and Unknown Claims, whether contingent or non-contingent, or suspected or unsuspected, including any claims arising under federal or state statutory or common law or any other law, rule or regulation, whether foreign or domestic, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against all Defendants. "Released Defendants' Claims" does not include (i) any claims relating to the enforcement of the Settlement or (ii) any claims against any person or entity who submits a request for exclusion from the Settlement Class that is accepted by the Court.

62.     "Unknown Claims" means (i) any Released Plaintiffs' Claims which any Plaintiff or any other Settlement Class Member, and their respective heirs, executors, administrators, attorneys, agents, predecessors, successors and assigns in their capacities as such, does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and (ii) any Released Defendants' Claims which any Defendant, and their respective heirs, executors, administrators, attorneys, agents, predecessors, successors and assigns in their capacities as such, does not know or suspect to exist in his, her, or its favor at the time of the release of such claims.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Plaintiffs and Defendants shall expressly waive, and each of the Settlement Class Members shall be deemed to have waived, and by operation of the Judgment or the Alternative Judgment, if applicable, shall have, to the fullest extent permitted by law, expressly waived and relinquished, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of

common law or foreign law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

The Parties and Settlement Class Members acknowledge, and shall be deemed by operation of law to have acknowledged, that they may hereafter discover facts, legal theories, or authorities in addition to or different from those which he or she or it or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims, but, upon the Effective Date, Plaintiffs and Defendants shall expressly, fully, finally, and forever, settle and release, and each of the other Settlement Class Members shall be deemed to have settled and released, and upon the Effective Date by operation of the Judgment or the Alternative Judgment, if applicable, shall have, settled and released, fully, finally, and forever, any and all Released Claims without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. Plaintiffs and Defendants acknowledge, and each of the other Settlement Class Members shall be deemed by operation of the Judgment or the Alternative Judgment, if applicable, to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the Settlement of which this release is a part.

63. The Judgment also will provide that Defendants' Releasees, on behalf of themselves, and their respective heirs, executors, administrators, trustees, legal representatives, attorneys, agents, predecessors, successors and assigns in their capacities as such, and on behalf of any other person or entity legally entitled to bring Released Defendants' Claims on behalf of Defendants, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Defendants' Claim (including, without limitation, any Unknown Claims) against Plaintiffs' Releasees, and shall forever be barred and enjoined from commencing, instituting, maintaining, prosecuting or continuing to prosecute any or all of the Released Defendants' Claims against any of Plaintiffs' Releasees, in this Action or in any other proceeding, except for claims relating to the enforcement of the Settlement.

---

## WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING?  HOW WILL THE LAWYERS BE PAID?

64.    Plaintiffs' Counsel have not received any payment for their services in pursuing claims against Defendants on behalf of the Settlement Class, nor have Plaintiffs' Counsel been paid for their expenses.  Before final approval of the Settlement, Co-Lead Counsel intends to apply to the Court for an award of attorneys' fees on behalf of all Plaintiffs' Counsel (Pomerantz LLP and Levi & Korsinsky, LLP) from the Settlement Fund of no more than one-third of the Settlement Amount, plus interest.  At the same time, Co-Lead Counsel also intends to apply for payment from the Settlement Fund for Plaintiffs' Counsel's litigation expenses in a total amount not to exceed $80,000, plus accrued interest.  The Court will determine the amount of the award of fees and expenses.  Co-Lead Counsel may apply for awards to Plaintiffs, in an amount not to exceed $15,000, in connection with their representation of the Settlement Class.  Such sums as may be approved by the Court will be paid from the Settlement Fund.  Settlement Class Members are not personally liable for any such fees or expenses.

## HOW DO I PARTICIPATE IN THE SETTLEMENT? WHAT DO I NEED TO DO?

65.    If you fall within the definition of the Settlement Class as described above, and you are not excluded by the definition of the Settlement Class and you do not elect to exclude yourself from the Settlement Class, then you are a Settlement Class Member, and you will be bound by the proposed Settlement if the Court approves it, and by any judgment or determination of the Court affecting the Settlement Class.

66.    If you are a Settlement Class Member, you must submit a Claim Form and supporting documentation to establish your potential entitlement to share in the proceeds of the Settlement.  A Claim Form is included with this Notice, or you may go to the website maintained by the Claims Administrator for the Settlement to request that a Claim Form be mailed to you or to submit a claim electronically.  The website is www.BakktSecuritiesSettlement.com.  You may also request a Claim Form by calling toll-free (877) 390-3468.  Those who exclude themselves from the Settlement Class, and those who do not submit timely and valid Claim Forms with adequate supporting documentation, will not be entitled to share in the proceeds of the Settlement unless otherwise ordered by the Court.  Please retain all original records of your ownership of, or transactions in, Bakkt Securities, as they may be needed to document your claim.

67.    As a Settlement Class Member, for purposes of the Settlement, you are represented by Plaintiffs, and Co-Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense.  You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf with the Court so that the notice is received **on or before ____, 2023**.

68.    If you do not wish to remain a Settlement Class Member, you may exclude yourself from the Settlement Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Part Of The Settlement?  How Do I Exclude Myself?" below.  If you exclude yourself from the Settlement Class, you will not be eligible to receive any benefit from the Settlement and you should not submit a Claim Form but you will retain the right to be a part of any other lawsuit against any of the Defendants' Releasees (as defined in ¶58 above) with respect to any of the Released Plaintiffs' Claims (as defined in ¶60 above).

- 22 -

69.    If you wish to object to the Settlement or any of its terms, the proposed Plan of Allocation, or Co-Lead Counsel's application for attorneys' fees and litigation expenses, and if you do not exclude yourself from the Settlement Class, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?" below.  If you exclude yourself from the Settlement Class, you are not entitled to submit an objection.

---

## WHAT IF I DO NOT WANT TO BE A PART OF THE SETTLEMENT? HOW DO I EXCLUDE MYSELF?

---

70.    Each Settlement Class Member will be bound by all determinations and judgments in the Action concerning the Settlement, whether favorable or unfavorable, unless such person or entity mails, by first-class mail (or its equivalent outside the U.S.), or otherwise delivers a written request for exclusion from the Settlement Class, addressed to *Bakkt Securities Settlement*, ATTN: EXCLUSION REQUEST, c/o _____.   The exclusion request must be **received no later than _____, 2023**.  Each request for exclusion must clearly indicate the name, address and telephone number of the person or entity seeking exclusion, that the sender requests to be excluded from the Settlement Class in Poirier v. Bakkt Holdings, Inc., et al., Case No. 1:22-cv-02283-EK-PK, and must be signed by such person or entity.  Such persons or entities requesting exclusion are also directed to provide the following information: the number of shares of Bakkt Securities that the person or entity requesting exclusion (i) owned as of the opening of trading on March 31, 2021 and as of the close of trading on February 17, 2022and (ii) purchased, acquired and/or sold from March 31, 2021 through February 17, 2022, inclusive, as well as the dates and prices for each such purchase, acquisition and sale.  The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.  Should you elect to exclude yourself from the Settlement Class, you should understand that Defendants and the other Defendants' Releasees will have the right to assert any and all defenses they may have to any claims that you may seek to assert, including, without limitation, the defense that any such claims are untimely under applicable statutes of limitations and statutes of repose.

71.    If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have, or later file, a pending lawsuit, arbitration, or other proceeding relating to any Released Plaintiffs' Claim against any of the Defendants' Releasees.  Excluding yourself from the Settlement Class is the only option that allows you to be part of any other current or future lawsuit against Defendants or any of the other Defendants' Releasees concerning the Released Plaintiffs' Claims.  Please note, however, if you decide to exclude yourself from the Settlement Class, you may be time-barred from asserting the claims covered by the Action by a statute of limitations and/or statute of repose.

72.    If you ask to be excluded, do not submit a Claim Form because you cannot receive any payment from the Net Settlement Fund.  If a person or entity requests to be excluded from the Settlement Class, that person or entity will not receive any benefit provided for in the Stipulation.

73.    If the requests for exclusion from the Settlement exceed a certain amount, as set forth in a separate confidential supplemental agreement between Plaintiffs and Defendants (the

"Supplemental Agreement"), Bakkt shall have, in its sole discretion, the option to terminate the Settlement in accordance with the procedures set forth in the Supplemental Agreement.

<div style="border: 1px solid black; padding: 10px; text-align: center;">

**WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?**
**DO I HAVE TO COME TO THE HEARING?**
**MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

</div>

74.     **You can object to or be part of the Settlement without attending the Settlement Fairness Hearing.  If you do not wish to object in person to the proposed Settlement, the proposed Plan of Allocation, and/or the application for attorneys' fees and litigation expenses, you do not need to attend the Settlement Fairness Hearing.**

75.     The Settlement Fairness Hearing will be held on _____, 2023, at _____ _.m., before the Honorable Eric Komitee, at the United States District Court, Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York 11201, or remotely per details that will be made publicly available on the Settlement website (www.BakktSecuritiesSettlement.com) in advance of the Settlement Fairness Hearing.  The Court reserves the right to approve the Settlement or the Plan of Allocation, Co-Lead Counsel's motion for an award of attorneys' fees and expenses, and/or any other matter related to the Settlement at or after the Settlement Fairness Hearing without further notice to the members of the Settlement Class.

76.     Any Settlement Class Member who does not request exclusion may object to the Settlement, the Plan of Allocation, or Co-Lead Counsel's request for an award of attorneys' fees and litigation expenses.[9]  You can ask the Court to deny approval by filing an objection.  You cannot ask the Court to order a different settlement; the Court can only approve or reject the proposed Settlement.  If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue.  If that is what you want to happen, you must object.

77.     Any objection to the proposed Settlement must be in writing.  All written objections and supporting papers must be submitted to the Court either by mailing them to the Clerk of the Court, United States District Court, Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York 11201, or by filing them in person at any location of the United States District Court for the Eastern District of New York, and **received by the Court or filed on or before _____, 2023**.  Objections must also be served on Lead Counsel and Defendants' Counsel at the following addresses:

---

[9]     Plaintiffs' initial motion papers in support of these matters will be filed with the Court on or before _____, 2023.

Jeremy Lieberman, Esq.
POMERANTZ LLP
600 Third Avenue, 20th Floor
New York, NY 10016
(212) 661-1100
jalieberman@pomlaw.com

Adam M. Apton, Esq.
LEVI & KORSINSKY, LLP
55 Broadway, 4th Floor
New York, NY 10006
(212) 363-7500
aapton@zlk.com

Jesse Bernstein
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
jessebernstein@quinnemanuel.com

78.    Any objections, filings, and other submissions by the objector must: (a) identify the case name and docket number, (*Poirier v. Bakkt Holdings, Inc., et al.*, Case No. 1:22-cv-02283-EK-PK); (b) state the name, address, and telephone number of the person or entity objecting, and if represented by counsel, the name, address, and telephone number of such counsel, and must be signed by the objector; (c) state with specificity the grounds for the objection, including any legal and evidentiary support the objector wishes to bring to the Court's attention and whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class; and (d) include documentation establishing the objecting person or entity's membership in the Settlement Class, including the number of shares of Bakkt Securities that the objecting person or entity (1) owned as of the opening of trading on March 31, 2021 and close of trading on February 17, 2022, and (2) purchased, acquired and/or sold from March 31, 2021 through February 17, 2022, as well as the dates and prices for each such purchase, acquisition and sale.  In addition, the objector must identify all class action settlements to which the objector or his, her, or its counsel have previously objected; copies of any papers, briefs, or other documents upon which the objection is based; and the objector's signature, even if represented by counsel.  Documentation establishing membership in the Settlement Class must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement.  Objectors who desire to present evidence at the Settlement Fairness Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

79.    **You may not object to the Settlement or any aspect of it if you exclude yourself from the Settlement Class.**

- 25 -

80.    You may file a written objection without having to appear at the Settlement Fairness Hearing.  You may not appear at the Settlement Fairness Hearing to present your objection, however, unless you have first filed a written objection in accordance with the procedures described above, unless the Court orders otherwise.

81.    You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Fairness Hearing.  If you decide to hire an attorney, which will be at your own expense, he or she must file a notice of appearance with the Court so that the notice is *received* **on or before _____, 2023**.

82.    The Settlement Fairness Hearing may be adjourned by the Court without further written notice to the Settlement Class, other than a posting of the adjournment on the Settlement website, www.BakktSecuritiesSettlement.com.  If you plan to attend the Settlement Fairness Hearing, you should confirm the date and time with Co-Lead Counsel.

**Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, or Co-Lead Counsel's request for an award of attorneys' fees and litigation expenses. Settlement Class Members do not need to appear at the hearing or take any other action to indicate their approval.**

## WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?

83.    Nominees who purchased or acquired Bakkt Securities for beneficial owners who are Settlement Class Members are directed to: (a) request, within ten (10) calendar days of receipt of this Notice, additional copies of the Notice and the Claim Form ("Notice Packet") from the Claims Administrator for such beneficial owners; or (b) send a list of the names, addresses, and email addresses (to the extent available) of such beneficial owners to the Claims Administrator within ten (10) calendar days after receipt of this Notice.  If a nominee elects to send the Notice Packet to beneficial owners, such nominee is directed to mail the Notice Packet within ten (10) calendar days of receipt of the additional copies of the Notice Packet from the Claims Administrator, and upon such mailing, the nominee shall send a statement to the Claims Administrator confirming that the mailing was made as directed, and the nominee shall retain the list of names and addresses for use in connection with any possible future notice to the Settlement Class.  Upon full compliance with these instructions, including the timely mailing of the Notice to beneficial owners, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with these instructions in an amount not to exceed $0.15 plus postage at the current pre-sort rate used by the Claims Administrator per Notice Packet; or $0.05 per Notice Packet transmitted by email; or $0.15 per name, mailing address, and email address (to the extent available) provided to the Claims Administrator, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought and reflecting compliance with these instructions, including timely mailing of the Notice, if the nominee elected or elects to do so.  Such properly documented expenses incurred by nominees in compliance with the terms of these instructions will be paid from the Settlement Fund.  Copies of this Notice may also be obtained by calling toll-free (877)

390-3468, and may be downloaded from the Settlement website, www.BakktSecuritiesSettlement.com.

| CAN I SEE THE COURT FILE? |
| :---: |
| **WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?** |

84.     This Notice contains only a summary of the terms of the proposed Settlement. More detailed information about the matters involved in the Action is available at www.BakktSecuritiesSettlement.com, including, among other documents, copies of the Stipulation and Claim Form.  This Notice summarizes the proposed Settlement.  For the precise terms and conditions of the Settlement, please see the Stipulation available at www.BakktSecuritiesSettlement.com, or by contacting Co-Lead Counsel below.  You may also access the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://pacer.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court, Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York 11201, during regular office hours, Monday through Friday, excluding Court holidays.  All inquiries concerning this Notice or the Claim Form should be directed to:

*Bakkt Securities Settlement*
c/o _____
PO Box ____
_____, __ _____-____
(877) 390-3468

Claims Administrator

**-or-**

Jeremy Lieberman, Esq.
POMERANTZ LLP
600 Third Avenue, 20th Floor
New York, NY 10016
(212) 661-1100
jalieberman@pomlaw.com

Adam M. Apton, Esq.
LEVI & KORSINSKY, LLP
55 Broadway, 4th Floor
New York, NY 10006
(212) 363-7500
aapton@zlk.com

Co-Lead Counsel

**DO NOT CALL OR WRITE THE COURT, DEFENDANTS, DEFENDANTS'
COUNSEL, OR THE OFFICE OF THE CLERK OF COURT
REGARDING THIS NOTICE.**

Dated: _____, 2023

By Order of the Court
United States District Court
Eastern District of New York

**EXHIBIT A-2**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SUZANNE POIRIER, Individually and On Behalf of All Others Similarly Situated, | Case No. 1:22-cv-02283-EK-PK |
| Plaintiff, | |
| v. | |
| BAKKT HOLDINGS, INC. f/k/a VPC IMPACT ACQUISITION HOLDINGS, JOHN MARTIN, OLIBIA STAMATOGLOU, GORDON WATSON, KAI SCHMITZ, and KURT SUMMERS, | PROOF OF CLAIM AND RELEASE |
| Defendants. | EXHIBIT A-2 |

<div align="right">**EXHIBIT A-2**</div>

## PART I – INTRODUCTION

### A.    General Instructions

1.    To recover as a member of the Settlement Class based on your claims in the action entitled *Poirier v. Bakkt Holdings, Inc., et al.*, Case No. 1:22-cv-02283-EK-PK (the "Action"), you must complete, and on page __ (and page __, if applicable), sign this Proof of Claim and Release ("Claim Form").  If you fail to submit a properly addressed (as set forth in paragraph 3 below) Claim Form, postmarked or received by the date shown below, your claim may be rejected and you may be precluded from any recovery from the Net Settlement Fund created in connection with the proposed settlement of the Action (the "Settlement").[1]

2.    Submission of this Claim Form, however, does not assure that you will share in the proceeds of settlement in the Action.

3.    YOU MUST MAIL OR SUBMIT ONLINE YOUR COMPLETED AND SIGNED CLAIM FORM, ACCOMPANIED BY COPIES OF THE DOCUMENTS REQUESTED HEREIN, ON OR BEFORE _____, 2023, TO THE COURT-APPOINTED CLAIMS ADMINISTRATOR AT THE FOLLOWING ADDRESS:

<div align="center">

*Bakkt Securities Settlement*
c/o _____
_____
_____

Online submissions: www.BakktSecuritiesSettlement.com

</div>

If you are NOT a member of the Settlement Class, as defined below and in the Notice of (i) Proposed Settlement, (ii) Motion for an Award of Attorneys' Fees and Litigation Expenses, and (iii) Settlement Fairness Hearing (the "Notice"), DO NOT submit a Claim Form.

---

[1] This Proof of Claim and Release incorporates the definitions in the Stipulation and Agreement of Settlement (the "Stipulation"), which can be obtained at www.BakktSecuritiesSettlement.com.

<div align="right">**EXHIBIT A-2**</div>

4.      If you are a member of the Settlement Class and you do not timely and validly request exclusion from the Settlement Class, you are bound by the terms of any judgment entered in the Action, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A CLAIM FORM.

5.      It is important that you read the Notice that accompanies this Claim Form, including the Plan of Allocation of the Net Settlement Fund set forth in the Notice.  The Notice describes the proposed Settlement, how Settlement Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court.  The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form.  By signing and submitting this Claim Form, you will be certifying that you have read the Notice, including the terms of the releases described in the Notice and provided for in the Settlement.

**B.      Claimant Identification**

1.      You are a member of the Settlement Class if you purchased or otherwise acquired publicly traded common stock of Bakkt Holdings, Inc. ("Bakkt") f/k/a VPC Impact Acquisition Holdings ("VIH") or warrants issued by VIH and/or Bakkt to purchase shares of common stock of VIH and/or Bakkt, respectively, including shares or warrants registered by the Registration Statement on Form S-1 filed by VIH with the U.S. Securities Exchange Commission on March 31, 2021 and declared effective (as amended) as of September 17, 2021, during the period from time from March 31, 2021 through November 19, 2021, both dates inclusive.  Excluded from the Settlement Class are: (i) Defendants; (ii) current and former officers and directors of Bakkt; (iii) members of the Immediate Family of each of the Individual Defendants; (iv) all subsidiaries and affiliates of Bakkt and the directors and officers of Bakkt and their respective subsidiaries or affiliates; (v) all persons, firms, trusts, corporations, officers, directors, and any other individual

or entity in which any Defendant has a controlling interest, provided, however, that any "Investment Vehicle" shall not be excluded from the Settlement Class; and (vi) the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of all such excluded parties; and (vii) any persons or entities who properly exclude themselves by filing a valid and timely request for exclusion.

2.    If you purchased or otherwise acquired and held Bakkt Securities in your name, you are the beneficial purchaser or acquirer as well as the record purchaser or acquirer. If, however, you purchased or otherwise acquired Bakkt Securities that were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser or acquirer and the third party is the record purchaser or acquirer.

3.    Use Part II of this form entitled "Claimant Identification" to identify the beneficial owner(s) of Bakkt Securities. The complete name(s) of the beneficial owner(s) must be entered. If you held the eligible Bakkt Securities in your own name, you are the beneficial owner as well as the record owner. If, however, your shares of eligible Bakkt Securities were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner of these shares, but the third party is the record owner. THIS CLAIM MUST BE SUBMITTED AND SIGNED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR ACQUIRER(S), OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OR ACQUIRER(S), OF THE BAKKT SECURITIES UPON WHICH THIS CLAIM IS BASED.

4.    All joint purchasers must sign this Claim Form and be identified in Part II. The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

5.      **One Claim Form should be submitted for each separate legal entity.**  A separate Claim Form should be submitted for each separate legal entity (*e.g.*, a claim for joint owners should not include separate transactions of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made solely in the individual's name).  Conversely, a single Claim Form should be submitted on behalf of one legal entity including all transactions made by that entity, no matter how many separate accounts that entity has (*e.g.*, a corporation with multiple brokerage accounts should include all transactions made in all accounts on one Claim Form).

6.      Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons or entities represented by them, and they must:

> (a)      expressly state the capacity in which they are acting;
>
> (b)      identify the name, account number, Social Security number (or taxpayer identification number), address, and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the Bakkt Securities; and
>
> (c)      provide evidence of their authority to bind the person or entity on whose behalf they are acting.  Such evidence would include, for example, letters testamentary, letters of administration, or a copy of trust documents. (Authority to complete and sign a Claim Form cannot be established by a stockbroker demonstrating only that it has discretionary authority to trade securities in another person or entity's accounts.)

7.      By submitting a signed Claim Form, you will be swearing that you:

> (a)      own or owned the Bakkt Securities you have listed in the Claim Form; or
>
> (b)      are expressly authorized to act on behalf of the owner thereof.

**C.      Transactions in Bakkt Securities**

1.      Use Part III of this form entitled "Schedule of Transactions in Bakkt Securities" to supply all required details of your transaction(s) in Bakkt Securities.  If you need more space or

additional schedules, attach separate sheets giving all of the required information in substantially the same form.  Sign and print or type your name on each additional sheet.

2.      On the schedules, provide all of the requested information with respect to all of your purchases, acquisitions, and sales of Bakkt Securities that took place at any time from March 31, 2021 through February 17, 2022, both dates inclusive, including whether such transactions resulted in a profit or a loss.  Failure to report all such transactions may result in the rejection of your claim.  Also, list the number of Bakkt Securities held as of the opening of trading on March 31, 2021, and as of the close of trading February 17, 2022.

3.      List each of the transactions separately and in chronological order, by trade date, beginning with the earliest.  You must accurately provide the month, day, and year of each transaction you list.

4.      For short-sale transactions, the date of covering a "short sale" is deemed to be the date of purchase of Bakkt Securities, and the date of a "short sale" is deemed to be the date of sale of Bakkt Securities.

5.      You are required to submit genuine and sufficient documentation for all of your transactions in and holdings of Bakkt Securities set forth in the Claim Form.  Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement.  The Parties and the Claims Administrator do not independently have information about your investments in Bakkt Securities.  IF THESE DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OF THE DOCUMENTS OR EQUIVALENT DOCUMENTS FROM YOUR BROKER.  FAILURE TO SUPPLY THIS DOCUMENTATION COULD DELAY VERIFICATION OF YOUR CLAIM OR RESULT IN THE REJECTION OF YOUR CLAIM.   DO NOT SEND ORIGINAL

**EXHIBIT A-2**

DOCUMENTS.  **Please keep a copy of all documents that you send to the Claims Administrator.  Also, do not highlight any portion of the Claim Form or any supporting documents**.

6.     The requests in this Claim Form are designed to gather the minimum amount of information necessary to process the simplest claims.  The Claims Administrator may request additional information as required to efficiently and reliably process your claim.

7.     If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be made after any appeals are resolved, and after the completion of all claims processing.  The claims process will take substantial time to complete fully and fairly.  Please be patient.

8.     **PLEASE NOTE:** As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her or its *pro rata* share of the Net Settlement Fund.  If the prorated payment to any Authorized Claimant calculates to less than $10, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

9.     If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Notice, you may contact the Claims Administrator, _____, at the address on the first page of the Claim Form, by email at _____@_____.com, or by toll-free phone at (877) 390-3468, or you can visit the website, www.BakktSecuritiesSettlement.com, where copies of the Claim Form and Notice are available for downloading.

10.     NOTICE REGARDING ELECTRONIC FILES:  Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  (This is different than submitting a claim online using the Settlement website.)  All such claimants MUST also submit a manually signed paper Claim Form whether or not they also submit electronic copies.  To obtain the ***mandatory*** electronic filing

EXHIBIT A-2

requirements and file layout, please visit the Settlement website at www.BakktSecuritiesSettlement.com or you may email the Claims Administrator's electronic filing department at _____@_____.com. **Any file not in accordance with the required electronic filing format will be subject to rejection.** Only one claim should be submitted for each separate legal entity (*see* ¶B.4 above) and the ***complete*** name of the beneficial owner(s) of the Bakkt Securities must be entered where called for (*see* ¶B.2 above). No electronic files will be considered to have been properly submitted unless the Claims Administrator issues an email indicating receipt and acceptance of electronically submitted data. **Do not assume that your file has been received until you receive this email. If you do not receive such an email within 10 days of your submission, you should contact the Claims Administrator's electronic filing department at _____@_____.com to inquire about your file and confirm it was received.**

## IMPORTANT: PLEASE NOTE

**YOUR CLAIM IS NOT DEEMED SUBMITTED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD OR EMAIL. THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM WITHIN 60 DAYS. IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT WITHIN 60 DAYS, CALL THE CLAIMS ADMINISTRATOR TOLL FREE AT (877) 390-3468.**

**EXHIBIT A-2**

## **PART II – CLAIMANT IDENTIFICATION**

_____

Beneficial Owner's Name (First, Middle, Last)

_____

Joint Beneficial Owner's Name (if applicable) (First, Middle, Last)

_____

Name of Representative, if applicable (executor, administrator, trustee, c/o, etc.), if different
from Beneficial Owner

_____

Street Address

_____        _____

City                                                            State or Province

_____        _____

Zip Code or Postal Code                                   Country

_____     _____        Individual
                                                  _____
Social Security Number or                                          Corporation/Other
Taxpayer Identification Number

_____     _____

Area Code                      Telephone Number (work)

_____     _____

Area Code                      Telephone Number (home)

_____

Record Owner's Name (if different from beneficial owner listed above)

- 9 -

<div align="right">**EXHIBIT A-2**</div>

## PART III – SCHEDULE OF TRANSACTIONS IN BAKKT SECURITIES

Please be sure to include proper documentation with your Claim Form as described in detail in ¶C.4 of the Instructions.  Do not include information regarding securities other than Bakkt Securities.

A.    Number of shares of Bakkt common stock held at the opening of trading on March 31, 2021.  (Must be documented.)   If none, write "zero": _____

B.    Purchases or acquisitions of Bakkt common stock from March 31, 2021 through February 17, 2022, both dates inclusive.  (Must be documented.):

| Date of Purchase/ Acquisition (Trade Date) Mo. / Day / Year | Number of Shares Purchased or Acquired | Purchase / Acquisition Price Per Share | Total Purchase or Acquisition Price (excluding any taxes, commissions, and fees) |
|---|---|---|---|
| /    / | | $ | $ |
| /    / | | $ | $ |
| /    / | | $ | $ |
| /    / | | $ | $ |

IMPORTANT:  If any purchase listed covered a "short sale," please mark Yes:  ☐ Yes

C.    Purchases During 90-Day Lookback Period – State the total number of shares of Bakkt common stock purchased from November 19, 2021 through and including February 17, 2022.  (Must submit documentation.)[2]

D.    Sales of Bakkt common stock from March 31, 2021 through February 17, 2022, both dates inclusive. (Must be documented.):

| Trade Date Mo. / Day / Year | Number of Shares Sold | Sale Price Per Share | Total Sales Price (not deducting any taxes, commissions, and fees) |
|---|---|---|---|
| /    / | | $ | $ |
| /    / | | $ | $ |
| /    / | | $ | $ |
| /    / | | $ | $ |

---

[2] Information requested in this Claim Form with respect to your transactions on November 19, 2021 through and including the close of trading on February 17, 2022, is needed only in order for the Claims Administrator to confirm that you have reported all relevant transactions.  Purchases during this period, however, are not eligible for a recovery because these purchases are outside the Class Period and will not be used for purposes of calculating your Recognized Claim pursuant to the Plan of Allocation.

**EXHIBIT A-2**

    E.      Number of shares of Bakkt common stock held at the close of trading on February 17, 2022. (Must be documented.) If none, write "zero": _____.

    If you require additional space, attach extra schedules in the same format as above. Sign and print your name on each additional page.

**YOU MUST READ AND SIGN THE RELEASE ON PAGE __ (AND PAGE __, IF APPLICABLE).**
**FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**

## PART IV – SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

I (We) submit this Claim Form under the terms of the Stipulation and Agreement of Settlement dated April 12, 2023 ("Stipulation") described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the Eastern District of New York, with respect to my (our) claim as a Settlement Class Member (as defined in the Notice) and for purposes of enforcing the release set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Litigation. I (We) agree to furnish additional information to Lead Counsel and/or the Claims Administrator to support this claim if required to do so. I (We) have not submitted any other claim covering the same purchases, acquisitions, or sales of Bakkt Securities during the Class Period and know of no other person or entity having done so on my (our) behalf.

## PART V – RELEASE

1.      I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally and forever settle, release, relinquish and discharge all of the Released Plaintiffs' Claims (including Unknown Claims) against each and all of the Defendants' Releasees (including all Defendants), all as defined herein and in the Notice and Stipulation.

2.      This release shall be of no force or effect unless and until the Court approves the Stipulation and it becomes effective on the Effective Date.

3.      I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof and have not submitted any other claim covering the same purchases of Bakkt Securities and know of no other person or entity having done so on my (our) behalf.

**EXHIBIT A-2**

4.    I (We) hereby warrant and represent that I (we) have included all requested information about all of my (our) holdings of Bakkt Securities on the dates set forth above and my (our) purchases, acquisitions, and sales of Bakkt Securities during the time periods set forth above.

5.    The Social Security (or taxpayer identification) number(s) shown on this form is (are) correct.

6.    I (We) waive the right to trial by jury, to the extent it exists, and agree to the determination by the Court of the validity or amount of this claim, and waive any right of appeal or review with respect to such determination.

7.    I (We) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code.

(NOTE: If you have been notified by the Internal Revenue Service that you are subject to backup withholding, you must cross out Item 7 above.)

I (We) declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

Executed this _____ day of _____, 2023,
                                      (Month/Year)


in _____, _____
                 (City)                                      (State/Country)


                                              _____
                                              (Sign your name here)


                                              _____
                                              (Type or print your name here)


                                              _____

- 13 -

**EXHIBIT A-2**

(Capacity of person(s) signing, *e.g.*, Beneficial Purchaser or Acquirer, Executor or Administrator)

For Joint Beneficial Purchaser, if any:

_____
(Sign your name here)

_____
(Type or print your name here)

<div align="center">

ACCURATE CLAIMS PROCESSING TAKES A
SIGNIFICANT AMOUNT OF TIME.
THANK YOU FOR YOUR PATIENCE.

</div>

Reminder Checklist:

1.      Please sign the above release and acknowledgment.

2.      Remember to attach copies of supporting documentation.

3.      Do not send originals of stock certificates or other documentation as they will not be returned to you.

4.      Keep a copy of your Claim Form and all supporting documentation for your records.

5.      Your claim is not deemed submitted until you receive an acknowledgement postcard. The Claims Administrator will acknowledge receipt of your Claim Form within 60 days. **If you do not receive an acknowledgement postcard or email within 60 days, please call the Claims Administrator toll free at (877) 390-3468.**

6.      If you move, please send your new address to the address below.

7.      Do not use highlighter on the Claim Form or supporting documentation.

8.      If you have any questions or concerns regarding your claim, contact the Claims Administrator at *Bakkt Securities Settlement* c/o _____, by email at _____@_____.com, or by toll-free phone at (877) 390-3468, or you may visit www.BakktSecuritiesSettlement.com. DO NOT call the Court, Bakkt, the other Defendants, or their counsel with questions regarding your claim.

**EXHIBIT A-3**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

SUZANNE POIRIER, Individually and On
Behalf of All Others Similarly Situated,

                 Plaintiff,

      v.

BAKKT HOLDINGS, INC. f/k/a VPC IMPACT
ACQUISITION HOLDINGS, JOHN MARTIN,
OLIBIA STAMATOGLOU, GORDON
WATSON, KAI SCHMITZ, and KURT
SUMMERS,

                Defendants.

Case No. 1:22-cv-02283-EK-PK

SUMMARY NOTICE OF (I) PROPOSED
SETTLEMENT; (II) MOTION FOR AN
AWARD OF ATTORNEYS' FEES AND
LITIGATION EXPENSES; AND (III)
SETTLEMENT FAIRNESS HEARING

EXHIBIT A-3

**EXHIBIT A-3**

*IF YOU PURCHASED OR OTHERWISE ACQUIRED COMMON STOCK OF BAKKT HOLDINGS, INC. ("BAKKT") OR VPC IMPACT ACQUISITION HOLDINGS ("VIH"), OR WARRANTS TO PURCHASE BAKKT OR VIH COMMON STOCK (TOGETHER, "BAKKT SECURITIES") FROM MARCH 31, 2021 THROUGH NOVEMBER 19, 2021, BOTH DATES INCLUSIVE (THE "CLASS PERIOD"), YOU COULD RECEIVE A PAYMENT FROM A CLASS ACTION SETTLEMENT.  CERTAIN PERSONS ARE EXCLUDED FROM THE DEFINITION OF THE SETTLEMENT CLASS AS SET FORTH IN THE STIPULATION AND AGREEMENT OF SETTLEMENT.*

PLEASE READ THIS NOTICE CAREFULLY.  YOUR RIGHTS MAY BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and by Order of the United States District Court for the Eastern District of New York, that in the above-captioned litigation (the "Action"), a Settlement has been proposed for $3,000,000.00 in cash.  A hearing will be held on _____, 2023, at __:__ _.m., before the Honorable Eric Komitee, at the United States District Court, Eastern District of New York, 225 Cadman Plaza East, Brooklyn, NY 11201, or remotely per details that will be made publicly available on the Settlement website (www.BakktSecuritiesSettlement.com), for the purpose of determining whether: (1) the proposed Settlement should be approved by the Court as fair, reasonable and adequate; (2) the Judgment as provided under the Stipulation and Agreement of Settlement (the "Stipulation") should be entered dismissing the Action against all Defendants with prejudice; (3) a Settlement Class of all persons, other than Defendants and other excluded persons, who purchased or otherwise acquired Bakkt Securities during the Class Period (the "Settlement Class"), should be finally certified for purposes of the Settlement only; (4) the proposed Plan of Allocation for distribution of the Settlement proceeds is fair, reasonable and adequate and therefore should be approved; and (5) the application of Co-Lead Counsel for the payment of attorneys' fees and expenses from the Settlement Fund, including interest earned thereon, should be approved and, if so, in what amount; and (6) to award Plaintiffs out of the Settlement Fund pursuant to 15

**EXHIBIT A-3**

U.S.C. § 78u-4(a)(4) in connection with their representation of the Settlement Class and, if so, in what amount.

**IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS DESCRIBED ABOVE, YOUR RIGHTS MAY BE AFFECTED BY THE SETTLEMENT OF THE ACTION, AND YOU MAY BE ENTITLED TO SHARE IN THE SETTLEMENT FUND**.  If you have not received a detailed Notice of (i) Proposed Settlement, (ii) Motion for an Award of Attorneys' Fees and Litigation Expenses, and (iii) Settlement Fairness Hearing (the "Notice") and a copy of the Proof of Claim and Release ("Claim Form"), you may obtain a copy of these documents by contacting the Claims Administrator: *Bakkt Securities Settlement* c/o _____.  You may also obtain copies of the Stipulation, Notice, and Claim Form at www.BakktSecuritiesSettlement.com.

If you are a Settlement Class Member, to be eligible to share in the distribution of the Net Settlement Fund, you must submit a Claim Form by mail postmarked no later than _____, 2023, or submit it online by that date.  If you are a Settlement Class Member and do not submit a valid Claim Form, you will not be eligible to share in the distribution of the Net Settlement Fund, but you will still be bound by any judgment entered by the Court in this Action (including the releases provided for therein).

To exclude yourself from the Settlement Class, you must mail a written request for exclusion so that it is received by _____, 2023, in accordance with the instructions set forth in the Notice.  If you are a Settlement Class Member and do not exclude yourself from the Settlement Class, you will be bound by any judgment entered by the Court in this Action (including the releases provided for therein) whether or not you submit a Claim Form.  If you submit a written request for exclusion, you will have no right to recover money pursuant to the Settlement.

Any objection to the proposed Settlement, the Plan of Allocation of Settlement proceeds, or the fee and expense application must be filed with the Court no later than _____, 2023.

- 3 -

**EXHIBIT A-3**

**PLEASE DO NOT CONTACT THE COURT, THE CLERK'S OFFICE, DEFENDANTS, OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE.** If you have any questions about the Settlement, or your eligibility to participate in the Settlement, you may contact Co-Lead Counsel at the following address(es) or telephone numbers:

> Pomerantz LLP
> Jeremy Lieberman
> 600 Third Avenue, 20th Floor
> New York, NY 10016
> Tel: (212) 661-1100
> jalieberman@pomlaw.com
>
> Levi & Korsinsky LLP
> Adam M. Apton
> 55 Broadway, 4th Floor
> New York, New York 10006
> Telephone: (212) 363-7500
> aapton@zlk.com

DATED: _____        BY ORDER OF THE COURT
                               UNITED STATES DISTRICT COURT
                               EASTERN DISTRICT OF NEW YORK

EXHIBIT A-4

Poirier v. Bakkt Holdings, Inc., et al.
c/o _____
[Insert]
[Insert]
[Insert]

[Postage Prepaid]

### *COURT-ORDERED LEGAL NOTICE*

**Important Notice about a Securities Class Action Settlement.**

**You may be entitled to a CASH payment. This Notice may affect your legal rights. Please read it carefully.**

*Poirier v. Bakkt Holdings, Inc., et al.*, Case No. 1:22-cv-02283-EK-PK

Name
Address
City, State
Zip

---

*THIS CARD PROVIDES ONLY LIMITED INFORMATION ABOUT THE SETTLEMENT.*
*PLEASE VISIT WWW.BAKKTSECURITIESSETTLEMENT.COM FOR MORE INFORMATION.*

There has been a proposed settlement of claims against the Bakkt Holdings, Inc. ("Bakkt") f/k/a/ VPC Impact Acquisition Holdings ("VIH"), John Martin, Olibia Stamatoglou, Gordon Watson, Kai Schmitz, and Kurt Summers (collectively, the "Defendants"). The settlement would resolve a lawsuit in which Plaintiffs allege Defendants disseminated materially false and misleading information to the investing public about Bakkt between March 31, 2021 and November 19, 2021 (the "Class Period") in violation of the federal securities laws. Defendants deny any wrongdoing. You received this Postcard Notice because you or someone in your family may have purchased or otherwise acquired Bakkt common stock or warrants issued by VIH and/or Bakkt to purchase shares of common stock, including shares or warrants registered by the Registration Statement on Form S-1 filed by VIH with the U.S. Securities Exchange Commission on March 31, 2021 and declared effective (as amended) as of September 17, 2021,  during the Class Period.

Bakkt, on behalf of Defendants, has agreed to pay a settlement amount of $3,000,000. The settlement provides that the Settlement Fund, after deduction of any Court-approved attorneys' fees and expenses, notice and administration costs, and taxes, is to be divided among all Class Members who submit a valid Proof of Claim Form, in exchange for the settlement of this case and the Release of claims related to this case by Class Members. **For all details of the settlement, read the Stipulation and full Notice, available at www.BakktSecuritiesSettlement.com.**

Your share of the settlement proceeds will depend on the number of valid Proof of Claim forms submitted, and the number, size, and timing of your transactions in Bakkt common stock and/or warrants to purchase common stock. If every eligible Class Member submits a valid Proof of Claim form, the average recovery will be $0.065 per eligible share before expenses and other Court-ordered deductions (including exercise of all damaged warrants). Your award will be determined *pro rata* based on the number of claims submitted. This is further explained in the detailed Notice found on the settlement website.

**To qualify for payment, you must submit a valid and timely Proof of Claim form**. The Proof of Claim form can be found at www.BakktSecuritiesSettlement.com or will be mailed to you upon request to the Claims Administrator. **Proof of Claim forms must be submitted online or postmarked by _____**. If you do not want to be legally bound by the settlement, you must exclude yourself by _____, or you will not be able to sue Defendants relating to the legal claims in this case. If you exclude yourself, you cannot share in the settlement proceeds. If you want to object to the settlement, you may file an objection by _____. The detailed Notice explains how to submit a Proof of Claim form, request exclusion from the Class, or file an objection.

The Court will hold a hearing in this Action on _____, to consider whether to approve the proposed settlement and the request made by lawyers representing Plaintiffs and the Class for attorneys' fees up to one-third of the Settlement Fund, plus actual expenses up to $80,000 associated with conducting this litigation and negotiating the settlement. You may attend the hearing and ask to be heard by the Court, but you do not have to. For more information, call toll-free (877) 390-3468 or visit the website www.BakktSecuritiesSettlement.com and read the detailed Notice.

**EXHIBIT B**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| SUZANNE POIRIER, Individually and On Behalf of All Others Similarly Situated,<br><br>     Plaintiff,<br><br>  v.<br><br>BAKKT HOLDINGS, INC. f/k/a VPC IMPACT ACQUISITION HOLDINGS, JOHN MARTIN, OLIBIA STAMATOGLOU, GORDON WATSON, KAI SCHMITZ, and KURT SUMMERS,<br><br>     Defendants. | Case No. 1:22-cv-02283-EK-PK |

---

On the _____ day of _____, 2023, this matter came before the Court for hearing pursuant to the Order of this Court, dated _____, 2023, on the application of the Parties for approval of the Settlement set forth in the Stipulation and Agreement of Settlement dated April 12, 2023 (the "Stipulation"). Due and adequate notice having been given to the Settlement Class as required in the Order, the Court having considered all papers filed and proceedings held herein and otherwise being fully informed of the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.  This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise stated herein.

2.  This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all members of the Settlement Class.

**EXHIBIT B**

3.      Pursuant to Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement set forth in the Stipulation and finds that in light of the benefits to the Settlement Class, the complexity and expense of further litigation, the risks of establishing liability and damages, and the costs of continued litigation, said Settlement is, in all respects, fair, reasonable, and adequate, having considered and found that:

(a)      Plaintiffs and Co-Lead Counsel have adequately represented the Settlement Class;

(b)      the proposal was negotiated at arm's-length between experienced counsel;

(c)      the relief provided for the Settlement Class is adequate, having taken into account (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the Settlement Class, including the method of processing Settlement Class Member claims; (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and

(d)      the proposed Plan of Allocation treats Settlement Class Members equitably relative to each other.

4.      Accordingly, the Settlement is hereby approved in all respects and the Court authorizes and directs implementation and performance of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof.  Except as to any individual claim of those persons or entities who have validly and timely requested exclusion from the Settlement Class (identified in Exhibit 1 hereto), the Action and all claims contained therein are dismissed with prejudice as to the Plaintiffs and the other Settlement Class Members, and as against each and all

**EXHIBIT B**

of the Defendants' Releasees.  The Parties are to bear their own costs except as otherwise provided in the Stipulation.

5.      No person or entity shall have any claim against Plaintiffs, the Settlement Class, Plaintiffs' Counsel, Defendants' Releasees, Defendants' Counsel, or the Claims Administrator based on distributions made substantially in accordance with the Settlement, the Stipulation, and the Plan of Allocation, or otherwise as further ordered by the Court.

6.      Upon the Effective Date, Plaintiffs' Releasees and each of the other Settlement Class Members (whether or not such person submitted a Claim Form), on behalf of themselves, and their respective heirs, executors, administrators, trustees, legal representatives, attorneys, agents, predecessors, successors and assigns in their capacities as such, and on behalf of any other person or entity legally entitled to bring Released Plaintiffs' Claims on behalf of any Settlement Class Member, shall be deemed to have, and by operation of law and of the Judgment or Alternative Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed with prejudice each and every one of the Released Plaintiffs' Claims (including, without limitation, any Unknown Claims) against any and all of  Defendants' Releasees, and shall forever be barred and enjoined, to the fullest extent permitted by law, from commencing, instituting, maintaining, prosecuting or continuing to prosecute any or all of the Released Plaintiffs' Claims against any of Defendants' Releasees, in this Action or in any other proceeding.  This Release shall not apply to any Excluded Plaintiffs' Claims.

7.      Upon the Effective Date, Defendants' Releasees, on behalf of themselves, and their respective heirs, executors, administrators, trustees, legal representatives, attorneys, agents, predecessors, successors and assigns in their capacities as such, and on behalf of any other person

or entity legally entitled to bring Released Defendants' Claims on behalf of Defendants, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Defendants' Claim (including, without limitation, any Unknown Claims) against Plaintiffs' Releasees, and shall forever be barred and enjoined from commencing, instituting, maintaining, prosecuting or continuing to prosecute any or all of the Released Defendants' Claims against any of Plaintiffs' Releasees, in this Action or in any other proceeding.  This Release shall not apply to any Excluded Defendants' Claims.

8.     The Court hereby affirms its determinations in the Preliminary Approval Order and finally certifies, for the purposes of the Settlement only, the Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class consisting of all persons or entities who purchased or otherwise acquired Bakkt Securities between March 31, 2021 through November 19, 2021, both dates inclusive, and were allegedly damaged thereby. Excluded from the Settlement Class are: (i) Defendants; (ii) current and former officers and directors of Bakkt; (iii) members of the Immediate Family of each of the Individual Defendants; (iv) all subsidiaries and affiliates of Bakkt and the directors and officers of Bakkt and their respective subsidiaries or affiliates; (v) all persons, firms, trusts, corporations, officers, directors, and any other individual or entity in which any Defendant has a controlling interest, provided, however, that any "Investment Vehicle" shall not be excluded from the Settlement Class; and (vi) the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of all such excluded parties. Also excluded from the Settlement Class are the persons and entities listed on Exhibit 1 hereto, who are excluded from the Settlement Class pursuant to request.

**EXHIBIT B**

9.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby affirms its determinations in the Preliminary Approval Order certifying Plaintiffs as Class Representatives for the Settlement Class and appointing Co-Lead Counsel Pomerantz LLP and Levi & Korsinsky LLP as Class Counsel for the Settlement Class.  Plaintiffs and Co-Lead Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

10.     The distribution of the Postcard Notice and publication of the Notice, Summary Notice, and Claim Form as provided for in the Preliminary Approval Order constituted the best notice practicable under the circumstances, including individual notice to Settlement Class Members who could be identified through reasonable effort.  The notice provided was the best notice practicable under the circumstances of these proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all persons or entities entitled to such notice, and said notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process and any other applicable law, including the Private Securities Litigation Reform Act of 1995.  No Settlement Class Member is relieved from the terms of the Settlement, including the Releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice.  A full opportunity has been offered to the Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon.  The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged and that the statutory waiting period

**EXHIBIT B**

has elapsed.  Thus, it is hereby determined that all members of the Settlement Class are bound by this Judgment, except those persons or entities listed on Exhibit 1 to this Judgment.

11.    Any Plan of Allocation submitted by Co-Lead Counsel or any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.  Any order or proceeding relating to the Plan of Allocation or any order entered regarding any attorneys' fee and expense application, or any appeal from any order relating thereto or reversal or modification thereof, shall not affect or delay the finality of the Final Judgment in this Litigation.

12.    Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Plaintiffs' Claim or of any wrongdoing, fault, or liability of or damages caused by the Defendants' Releasees; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault, liability, or omission of or damages caused by any of the Defendants' Releasees; or (c) is or may be deemed to be or may be used as an admission or evidence that any claims asserted in the Action were not valid or that the amount recoverable was not greater than the Settlement Amount in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.  A Defendants' Releasee may file the Stipulation and/or this Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13.    Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of the Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees and expenses in the Action; and (d) all parties hereto for the purpose of construing, enforcing and administering the Settlement.

14.    The Court finds that during the course of the Action, Plaintiffs, Plaintiffs' Counsel, Defendants, and Defendants' Counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

15.    In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants or their insurers, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated; and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

16.    The Parties shall bear their own costs and expenses except as otherwise provided in the Stipulation or in this Judgment.

17.    Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

18.    The Court directs immediate entry of this Judgment by the Clerk of the Court.

19.    The Court's orders entered during this Action relating to the confidentiality of information shall survive this Settlement.

**EXHIBIT B**

IT IS SO ORDERED.

DATED: _____    _____

THE HONORABLE ERIC KOMITEE
UNITED STATES DISTRICT JUDGE