**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| SUZANNE POIRIER, Individually and On Behalf of All Others Similarly Situated,<br><br>              Plaintiff,<br><br>   v.<br><br>BAKKT HOLDINGS, INC. f/k/a VPC IMPACT ACQUISITION HOLDINGS, JOHN MARTIN, OLIBIA STAMATOGLOU, GORDON WATSON, KAI SCHMITZ, and KURT SUMMERS,<br><br>              Defendants. | Case No. 1:22-cv-02283-EK-PK<br><br><u>CLASS ACTION</u><br><br>**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR AN AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF LITIGATION EXPENSES, AND AWARDS TO PLAINTIFFS** |

## TABLE OF CONTENTS

I.   INTRODUCTION ............................................................................................................ 1

II.  ARGUMENT.................................................................................................................. 3

      A.   The Common Fund Doctrine Entitles Class Counsel to Attorneys' Fees and
           Reimbursement of Expenses from the Settlement Fund...................................... 3

      B.   The Court Should Award Class Counsel a Reasonable Percentage of the
           Settlement Fund .................................................................................................. 4

      C.   The Requested Attorneys' Fees Are Reasonable................................................. 5

            1.   The Requested Attorneys' Fees are Reasonable Under the Percentage-of-
                 the-Fund Method....................................................................................... 5

            2.   A Lodestar Cross-Check Strongly Supports the Reasonableness of the
                 Requested Attorneys' Fees ........................................................................ 6

      D.   The *Goldberger* Factors Confirm the Requested Fee is Fair and Reasonable..... 8

            1.   The Time and Effort Expended Support the Requested Fee....................... 8

            2.   General and Specific Litigation Risks Support the Requested Fee ............ 9

            3.   The Complexity of the Action Supports the Fee ..................................... 12

            4.   The Quality of Representation Supports the Requested Fee .................... 12

            5.   The Amount of Attorneys' Fees in Relation to the Settlement................. 15

            6.   Public Policy Considerations Support the Requested Fee ....................... 16

      E.   This Court Should Approve Reimbursement of Class Counsel's Expenses as
           Reasonable and Necessary to the Benefit Obtained ......................................... 17

      F.   The Court Should Approve Compensatory Awards to Plaintiffs ...................... 18

III. CONCLUSION ............................................................................................................ 19

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Alaska Elec. Pension Fund v. Bank of Am. Corp.*,
   No. 14-CV-7126 (JMF), 2018 WL 6250657 (S.D.N.Y. Nov. 29, 2018)................................ 15

*Bateman Eichler, Hill Richards, Inc. v. Berner*,
   472 U.S. 299 (1985).................................................................................................... 3

*Becher v. Long Island Lighting Co.*,
   64 F. Supp. 2d 174 (E.D.N.Y. 1999) ............................................................................. 15

*Blum v. Stenson*,
   465 U.S. 886 (1984).................................................................................................... 4

*Boeing Co. v. Van Gemert*,
   444 U.S. 472 (1980).................................................................................................... 3

*Chatelain v. Prudential-Bache Sec., Inc.*,
   805 F. Supp. 209 (S.D.N.Y. 1992)................................................................................ 11

*Christine Asia Co. v. Yun Ma*,
   No. 115MD02631CMSDA, 2019 WL 5257534 (S.D.N.Y. Oct. 16, 2019) ................. 12, 18, 19

*City of Detroit v. Grinnell Corp.*,
   495 F.2d 448 (2d Cir. 1974)......................................................................................... 9

*City of Providence v. Aeropostale, Inc.*,
   No. 11 Civ. 7132(CM)(GWG), 2014 WL 1883494 (S.D.N.Y. May 9, 2014)............... 6, 12, 16

*Collins v. Olin Corp.*,
   No. 303-CV-945CFD, 2010 WL 1677764 (D. Conn. Apr. 21, 2010) ..................................... 16

*Fresno Cty. Employees' Ret. Ass'n v. Isaacson/Weaver Fam. Tr.*,
   925 F.3d 63 (2d Cir. 2019)........................................................................................... 3

*Gay v. Tri-Wire Eng'g Sols., Inc.*,
   No. 12-CV-2231 KAM JO, 2014 WL 28640 (E.D.N.Y. Jan. 2, 2014) .................................... 15

*Glickenhaus & Co. v. Household Int'l, Inc.*,
   787 F.3d 408 (7th Cir. 2015) ........................................................................................ 11

*Goldberger v. Integrated Res., Inc.*,
   209 F.3d 43 (2d Cir. 2000)................................................................................... passim

*Guevoura Fund Ltd. v. Sillerman*,
   No. 1:15-CV-07192-CM, 2019 WL 6889901 (S.D.N.Y. Dec. 18, 2019) .............................. 14

*Hicks v. Stanley*,
   No. 01 CIV. 10071 (RJH), 2005 WL 2757792 (S.D.N.Y. Oct. 24, 2005) ........................ 16, 18

*In re Adelphia Commc'ns Corp. Sec. & Derivative Litig.*,
   No. 03 CIV.5755, 2006 WL 3378705 (S.D.N.Y. Nov. 16, 2006) ......................................... 14

*In re AOL Time Warner, Inc.*,
No. 02 CIV. 5575 (SWK), 2006 WL 903236 (S.D.N.Y. Apr. 6, 2006) .................................... 12

*In re Bank of Am. Corp. Sec., Derivative, & Emp. Ret. Income Sec. Act (ERISA) Litig.*,
772 F.3d 125 (2d Cir. 2014).................................................................................................. 18

*In re BankAtlantic Bancorp, Inc.*,
No. 07–61542–CIV, 2011 WL 1585605 (S.D. Fla. Apr. 25, 2011) ........................................ 11

*In re Cendant Corp. Litig.*,
264 F.3d 201 (3d Cir. 2001)................................................................................................... 11

*In re China Sunergy Sec. Litig.*,
No. 07 CIV. 7895 DAB, 2011 WL 1899715 (S.D.N.Y. May 13, 2011) .................................. 17

*In re Comverse Tech.,Inc. Sec. Litig.*,
No. 06-CV-1825 (NGG), 2010 WL 2653354 ............................................................... 7, 10, 15

*In re Deutsche Bank AG Sec. Litig.*,
No. 1:09-cv-01714-GHW-RWL, 2020 WL 3162980 (S.D.N.Y. June 11, 2020) ................. 6, 18

*In re Facebook, Inc. IPO Sec. & Derivative Litig.*,
No. MDL 12-2389 2015 WL 6971424 (S.D.N.Y. Nov. 9, 2015)........................................... 6, 9

*In re Flag Telecom Holdings, Ltd. Sec. Litig.*,
No. 02-CV-3400 CM PED, 2010 WL 4537550 (S.D.N.Y. Nov. 8, 2010) ............. 10, 16, 17, 18

*In re Giant Interactive Grp., Inc. Sec. Litig.*,
279 F.R.D. 151 (S.D.N.Y. 2011) ........................................................................................... 10

*In re Glob. Crossing Sec. & ERISA Litig.*,
225 F.R.D. 436 (S.D.N.Y. 2004) .......................................................................... 10, 11, 12, 18

*In re Hi-Crush Partners L.P. Sec. Litig.*,
No. 12–Civ–8557 (CM), 2014 WL 7323417 (S.D.N.Y. Dec. 19, 2014)................................... 7

*In re IMAX Sec. Litig.*,
283 F.R.D. 178 (S.D.N.Y. 2012) ..................................................................................... 10, 11

*In re Indep. Energy Holdings PLC Sec. Litig.*,
302 F. Supp. 2d 180 (S.D.N.Y. 2003)................................................................................... 17

*In re Interpublic Sec. Litig.*,
No. 02 CIV.6527(DLC), 2004 WL 2397190 (S.D.N.Y. Oct. 26, 2004).................................... 4

*In re Marsh & McLennan Cos., Inc. Sec. Litig.*,
No. 04 Civ. 8144(CM), 2009 WL 5178546 (S.D.N.Y. Dec. 23, 2009).................. 11, 14, 18, 19

*In re Med. X-Ray Film Antitrust Litig.*,
No. CV-93-5904, 1998 WL 661515 (E.D.N.Y. Aug. 7, 1998)................................................ 16

*In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*,
991 F. Supp. 2d 437 (E.D.N.Y. 2014) ............................................................................... 4, 15

*In re Qudian Inc. Sec. Litig.*,
No. 1:17-CV-09741-JMF, 2021 WL 2328437 (S.D.N.Y. June 8, 2021)................................. 18

iii

*In re Rite Aid Corp. Sec. Litig.*,
  396 F.3d 294 (3d Cir. 2005) ............................................................................. 5

*In re Signet Jewelers Ltd. Sec. Litig.*,
  No. 1:16-CV-06728-CM-SDA, 2020 WL 4196468 (S.D.N.Y. July 21, 2020) ....................... 19

*In re Sumitomo Copper Litig.*,
  189 F.R.D. 274 (S.D.N.Y. 1999) ........................................................................ 10

*In re Top Tankers, Inc. Sec. Litig.*,
  No. 06 CIV. 13761 (CM), 2008 WL 2944620 (S.D.N.Y. July 31, 2008) .............................. 3

*In re Veeco Instruments Inc. Sec. Litig.*,
  No. 05 MDL 01695CM, 2007 WL 4115808 (S.D.N.Y. Nov. 7, 2007) ................................ 14

*Johnson v. Brennan*,
  No. 10 Civ. 4712(CM), 2011 WL 4357376 (S.D.N.Y. Sept. 16, 2011) ........................... 5, 7

*Khait v. Whirlpool Corp.*,
  No. 06-6381 (ALC), 2010 WL 2025106 (E.D.N.Y. Jan. 20, 2010) ................................. 15

*Lea v. Tal Education Grp.*,
  No. 18-CV-5480 (KHP), 2021 WL 5578665 (S.D.N.Y. Nov. 30, 2021) ............................. 6

*LeBlanc-Sternberg v. Fletcher*,
  143 F.3d 748 (2d Cir. 1998) .............................................................................. 7

*Lowe v. NBT Bank, N.A.*,
  No. 319CV1400MADML, 2022 WL 4621433 (N.D.N.Y. Sept. 30, 2022) ............................ 7

*Maley v. Del Glob. Techs. Corp.,*
  *186 F. Supp. 2d 358 (S.D.N.Y. 2002), 186 F. Supp. 2d* ............................................. 16

*McDaniel v. Cnty. of Schenectady*,
  595 F.3d 411 (2d Cir. 2010) .............................................................................. 4

*Missouri v. Jenkins by Agyei*,
  491 U.S. 274 (1989) ....................................................................................... 7

*Mohney v. Shelly's Prime Steak, Stone Crab & Oyster Bar*,
  No. 06 CIV.4270 (PAC), 2009 WL 5851465 (S.D.N.Y. Mar. 31, 2009) ............................ 15

*Robles v. Luis Furniture #1 Inc.*,
  No. 20-CV-6951 (RA), 2021 WL 4974677 (S.D.N.Y. Oct. 26, 2021) ............................... 7

*Rodriguez v. CPI Aerostructures, Inc.*,
  No. 20CV982ENVCLP, 2023 WL 2184496 (E.D.N.Y. Feb. 16, 2023) ............................... 5

*Rodriquez v. It's Just Lunch Int'l*,
  No. 07-CV-09227 (SN), 2020 WL 1030983 (S.D.N.Y. Mar. 2, 2020) .............................. 17

*Run Guo Zhang v. Lin Kumo Japanese Restaurant Inc.*,
  No. 13 Civ. 6667(PAE), 2015 WL 5122530 (S.D.N.Y. Aug. 31, 2015) .............................. 7

*Shapiro v. JPMorgan Chase & Co.*,
  No. 11-CV-7961 (CM), 2014 WL 1224666 (S.D.N.Y. Mar. 24, 2014) ............................ 8, 9

iv

*Silverberg v. People's Bank*,
   23 F. App'x 46 (2d Cir. 2001) ........................................................................... 15

*Stefaniak v. HSBC Bank USA, N.A.*,
   No. 1:05-CV-720 S, 2008 WL 7630102 (W.D.N.Y. June 28, 2008) ...................................... 15

*Teachers' Ret. Sys. of Louisiana v. A.C.L.N., Ltd.*,
   No. 01-CV-11814(MP), 2004 WL 1087261 (S.D.N.Y. May 14, 2004).................................. 10

*Tellabs, Inc. v. Makor Issues & Rts., Ltd.*,
   551 U.S. 308 (2007)........................................................................................ 16

*Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*,
   396 F.3d 96 (2d Cir. 2005)............................................................................... 4, 5

*Woburn Ret. Sys. v. Salix Pharms., Ltd.*,
   No. 14-CV-8925 (KMW), 2017 WL 3579892 (S.D.N.Y. Aug. 18, 2017)............................... 13

*Zhi Li Zhong v. Rockledge Bus Tour Inc.*,
   No. 18-CV-454 (RA), 2018 WL 3733951 (S.D.N.Y. Aug. 6, 2018)........................................ 7

## Statutes

15 U.S.C. §78u-4(a)(4) ................................................................................... 2, 18

15 U.S.C. §78u-4(a)(6) ......................................................................................... 4

## Rules

Fed. R. Civ. P. 23(h) ............................................................................................ 1

Fed. R. Civ. P. 54(d) ............................................................................................ 1

Pursuant to Rules 23(h) and 54(d) of the Federal Rules of Civil Procedure, Lead Plaintiffs Rachna Mehrotra, Tse Winston Wing Kuen, and James Liner (collectively, "Plaintiffs"), individually and on behalf of the Class, respectfully submit this memorandum in support of their motion seeking (i) an award of attorneys' fees to Class Counsel in the amount of one-third of the Settlement Amount, or $1,000,000, plus interest; (ii) reimbursement of necessary and reasonable litigation expenses incurred by Class Counsel in the amount of $80,000; and (iii) compensatory awards totaling $15,000, comprised of $5,000 to each Plaintiff, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA").[1]

## I.    INTRODUCTION

The proposed Settlement, providing for a cash payment of $3,000,000 in exchange for the resolution of Plaintiffs' claims, represents a fair, adequate, and reasonable outcome for the Class given the risks and expenses of continued litigation, including the risk of a smaller recovery years from now, or no recovery at all. Upon final approval of the Settlement and administration of the claims procedures, Class members will promptly receive cash payments, avoiding further delay, uncertainty, and risk.

Since the inception of the Action in 2022, Plaintiffs' attorneys at Levi & Korsinsky LLP, and Pomerantz LLP (together, "Class Counsel"), have received no compensation or reimbursement of out-of-pocket expenses, litigating this case on a contingency basis as they represented Plaintiffs and the Class. Class Counsel therefore request that the Court award attorneys' fees from the common Settlement Fund, in an amount equal to one-third of the Settlement Amount, plus interest, for Class Counsel's efforts in obtaining this favorable result for the Class. In representing Plaintiffs

---

[1] Unless otherwise indicated, all capitalized terms herein shall have the same meanings as set forth in the Stipulation and Agreement of Settlement dated April 12, 2023 (Dkt. No. 53) ("Stipulation").

and the Class, Class Counsel confronted the material risk of non-payment of attorneys' fees and expenses they advanced. Class Counsel conducted a thorough investigation into Defendants' alleged misconduct and researched extensively the accounting rules and practices that Defendants allegedly violated. This investigation and research proved crucial in formulating the theory of liability presented in the operative complaint that ultimately proved successful in securing the Settlement at bar.

An award of one-third of the Settlement Amount in attorneys' fees properly reflects the risks Class Counsel assumed and the significant recovery they achieved on behalf of Plaintiffs and the Class. To date, not one Class Member has objected to the attorneys' fee request or the request for reimbursement of expenses. The application of the Second Circuit's *Goldberger* factors also supports the requested attorneys' fee award. *See Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 50 (2d Cir. 2000). The requested fee is reasonable and within the range of attorneys' fees awarded in similar cases. In fact, here, awarding one third of the Settlement Fund as attorneys' fees results in a modest lodestar multiplier, meaning Class Counsel will receive compensation for the value of their time.

Class Counsel also seek reimbursement of $80,000 in out-of-pocket litigation expenses they incurred in prosecuting this Action. These expenses were reasonable and necessary to prosecute and resolve Plaintiffs' claims successfully, and are the type of litigation expenses that courts regularly reimburse in similar cases.

Finally, during the course of the Action, Plaintiffs have expended a substantial number of hours of effort leading the Action on behalf of the Class. Pursuant to the PSLRA, 15 U.S.C. §78u-4(a)(4), to compensate them for their time, Plaintiffs request awards of $15,000 in total ($5,000 for each of Lead Plaintiff and the two Named Plaintiffs). This request is reasonable and in line

with awards granted in similar cases.

## II.    ARGUMENT

### A.    The Common Fund Doctrine Entitles Class Counsel to Attorneys' Fees and Reimbursement of Expenses from the Settlement Fund

"[A] litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole." *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980); *see also Goldberger*, 209 F.3d at 47 (attorneys who create a "common fund" are entitled to "a reasonable fee—set by the court—to be taken from the fund"); *see also Fresno Cty. Employees' Ret. Ass'n v. Isaacson/Weaver Fam. Tr.*, 925 F.3d 63, 68 (2d Cir. 2019), *cert. denied,* 140 S. Ct. 385 (2019).[2] This achieves equity, preventing "unjust enrichment of those benefitting from a lawsuit without contributing to its cost." *Goldberger*, 209 F.3d at 47. Moreover, awarding attorneys' fees from a common fund that counsel's efforts help create "encourage[s] skilled counsel to represent those who seek redress for damages inflicted on entire classes of persons, and to discourage future misconduct of a similar nature." *Id.*

The Supreme Court has repeatedly underscored that private securities actions, such as this one, provide "a most effective weapon in the enforcement of the securities laws and are a necessary supplement to [SEC] action." *Bateman Eichler, Hill Richards, Inc. v. Berner*, 472 U.S. 299, 310 (1985). Thus, it "is well established that where an attorney creates a common fund from which members of a class are compensated for a common injury, the attorneys who created the fund are entitled to a reasonable fee – set by the court – to be taken from the fund." *See In re Top Tankers, Inc. Sec. Litig.*, No. 06 CIV. 13761 (CM), 2008 WL 2944620, at *12 (S.D.N.Y. July 31, 2008). Moreover, the "[d]etermination of 'reasonableness' is within the discretion of the district court."

---

[2] Unless otherwise noted, citations and quotations are omitted, and emphasis is added.

3

*In re Interpublic Sec. Litig.*, No. 02 CIV.6527(DLC), 2004 WL 2397190, at \*10 (S.D.N.Y. Oct. 26, 2004).  Here, Class Counsel's request for one-third of the cash and securities in the Settlement Fund is eminently reasonable in light of the work provided and the result achieved.

**B.      The Court Should Award Class Counsel a Reasonable Percentage of the Settlement Fund**

The preferred method for awarding fees from a common fund is the percentage of the fund method. *See Blum v. Stenson*, 465 U.S. 886, 900 n.16 (1984) ("[U]nder the 'common fund doctrine,' … a reasonable fee is based on a percentage of the fund bestowed on the class"). The Second Circuit, however, leaves to lower courts whether to award attorneys' fees "under either the 'lodestar' method or the 'percentage of the fund' method." *McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010) (quoting *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 121 (2d Cir. 2005)). District courts in this Circuit typically award attorneys' fees in class action common fund cases based on the percentage method.

This Court should apply the percentage of the fund method. It is appropriate in this case, and the preference of most district courts, because it "better aligns the incentives of plaintiffs' counsel with those of the class members because it bases the attorneys' fees on the results they achieve for their clients, rather than on the number of motions they file, documents they review, or hours they work…." *See also In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, 991 F. Supp. 2d 437, 440 (E.D.N.Y. 2014). In contrast, the lodestar method "create[s] an unanticipated disincentive to early settlements, tempt[s] lawyers to run up their hours, and compel[s] district courts to engage in a gimlet-eyed review of line-item fee audits.'" *Wal-Mart*, 396 F.3d at 121. The percentage method also comports with the PSLRA. 15 U.S.C. §78u-4(a)(6) ("[t]otal attorneys' fees and expenses awarded by the court to counsel for the plaintiff class shall not exceed a reasonable percentage of the amount of any damages and prejudgment interest

4

actually paid to the class"); *see also Rodriguez v. CPI Aerostructures, Inc.*, No. 20CV982ENVCLP, 2023 WL 2184496, at *13 (E.D.N.Y. Feb. 16, 2023) (percentage method "directly aligns interests of class and counsel"). Plaintiffs submit that the percentage method is most apt even though using the percentage method would actually compensate Class Counsel less than the lodestar method, given the fractional (or "negative") lodestar multiplier resulting from Class Counsel's request for one-third of the Settlement Amount.

The Court may also evaluate the reasonableness of the percentage of the fund it awards as attorneys' fees by reference to Class Counsel's lodestar. Courts often consider counsel's lodestar as a "cross-check" on the reasonableness of the percentage. *Wal-Mart*, 396 F.3d at 123. For this cross-check, "the hours documented by counsel need not be exhaustively scrutinized by the district court." *Goldberger*, 209 F.3d at 50 ("[T]he reasonableness of the claimed lodestar can be tested by the court's familiarity with the case."). As a cross-check, this Court "may rely on summaries submitted by the attorneys and need not review actual billing records." *In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 306–07 (3d Cir. 2005); *see also Johnson v. Brennan*, No. 10 Civ. 4712(CM), 2011 WL 4357376, at *14–15 (S.D.N.Y. Sept. 16, 2011) (courts need not scrutinize time and rate records when using lodestar as a cross-check). Here, the attorneys' fees Class Counsel request are reasonable when considered under either method of calculation.

**C.      The Requested Attorneys' Fees Are Reasonable**

**1.  The Requested Attorneys' Fees are Reasonable Under the Percentage-of-the-Fund Method**

Class Counsel's prosecution led to this fair, reasonable, and adequate Settlement. Class Counsel successfully moved for appointment of the Lead Plaintiffs, investigated potential claims, filed an amended complaint based on an exhaustive investigation into Defendants' conduct and complex accounting rules and regulations, and participated in a full mediation session. Declaration

5

of Jeremy A. Lieberman and Adam M. Apton in Support of Plaintiffs' Unopposed Motion for Preliminary Approval of Settlement and Approval of Notice to the Settlement Class (Dkt. No. 54-2) (the "Joint Decl.") at ¶¶10-38.

A fee of one-third of the common fund for Class Counsel's efforts is consistent with the percentages district courts in the Second Circuit have awarded in similar or larger common fund cases. *See, e.g.*, *City of Providence v. Aeropostale, Inc.*, No. 11 Civ. 7132(CM)(GWG), 2014 WL 1883494, at *12 (S.D.N.Y. May 9, 2014), *aff'd sub nom. Arbuthnot v. Pierson*, 607 F. App'x 73 (2d Cir. 2015) (awarding 33% of $15 million); *In re Facebook, Inc. IPO Sec. & Derivative Litig.*, No. MDL 12-2389, 2015 WL 6971424, at *12 (S.D.N.Y. Nov. 9, 2015) (awarding one-third of attorneys' fees of $26,500,000 settlement); *In re Deutsche Bank AG Sec. Litig.*, No. 1:09-cv-01714-GHW-RWL, 2020 WL 3162980, at *1 (S.D.N.Y. June 11, 2020) (awarding attorneys' fees of one-third of $18.5 million settlement); *Lea v. Tal Education Grp.*, No. 18-CV-5480 (KHP), 2021 WL 5578665, at *12 (S.D.N.Y. Nov. 30, 2021) (awarding one-third of $7.5 million settlement and collecting cases, stating that "one-third … is a percent that has been approved as reasonable in this Circuit"). Applying the percentage-of-the-fund method, this Court should award one-third of the Settlement Amount as attorneys' fees to Class Counsel, which is reasonable under the circumstances.

## 2. A Lodestar Cross-Check Strongly Supports the Reasonableness of the Requested Attorneys' Fees

Cross-checking the requested fee award against Class Counsel's lodestar also supports the reasonableness of the fee request. *See Goldberger*, 209 F.3d at 50. Class Counsel calculated its lodestar by multiplying the number of hours each attorney or paralegal expended on the litigation

by their current reasonable and customary hourly rate, totaling the amounts for all timekeepers.[3]

Additionally, "[u]nder the lodestar method, a positive multiplier is typically applied to the lodestar in recognition of the risk of the litigation, the complexity of the issues, the contingent nature of the engagement, the skill of the attorneys, and other factors." *Lowe v. NBT Bank, N.A.*, No. 319CV1400MADML, 2022 WL 4621433, at *12 (N.D.N.Y. Sept. 30, 2022), *In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 (NGG), 2010 WL 2653354, at *5 (E.D.N.Y. June 24, 2010) ("Where … counsel has litigated a complex case under a contingency fee arrangement, they are entitled to a fee in excess of the lodestar").

Class Counsel devoted a total of approximately 655 hours to the prosecution of this Action, resulting in a lodestar of approximately $480,000. *See* Declaration of Adam M. Apton, ¶6; Declaration of Jeremy A. Lieberman, ¶6. The one-third fee request represents a modest multiplier on Class Counsel's lodestar of approximately 2.05x. In these situations, "[w]hen the lodestar calculation is greater than the attorneys' fee award, the Court 'ordinarily' will approve the fee, at least so long as the percentage of the award is reasonable." *See, e.g., Zhi Li Zhong v. Rockledge Bus Tour Inc.*, No. 18-CV-454 (RA), 2018 WL 3733951, at *4 (S.D.N.Y. Aug. 6, 2018) (Abrams, J.) (quoting *Run Guo Zhang v. Lin Kumo Japanese Restaurant Inc.*, No. 13 Civ. 6667(PAE), 2015 WL 5122530, at *4 (S.D.N.Y. Aug. 31, 2015)). "Courts in this district routinely approve lodestar multipliers above 1.5." *Robles v. Luis Furniture #1 Inc.*, No. 20-CV-6951 (RA), 2021 WL 4974677, at *2 (S.D.N.Y. Oct. 26, 2021) (Abrams, J.) (citing *Johnson*, 2011 WL 4357376, at *20

---

[3] "[T]he use of current rates to calculate the lodestar figure has been endorsed repeatedly by the Supreme Court, the Second Circuit and district courts within the Second Circuit as a means of accounting for the delay in payment inherent in class actions and for inflation." *In re Hi-Crush Partners L.P. Sec. Litig.*, No. 12–Civ–8557 (CM), 2014 WL 7323417, at *15 (S.D.N.Y. Dec. 19, 2014); *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 283–84 (1989); *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 764 (2d Cir. 1998) ("[C]urrent rates, rather than historical rates, should be applied in order to compensate for the delay in payment.").

("Courts regularly award lodestar multipliers from two to six times lodestar.") and *Shapiro v. JPMorgan Chase & Co.*, No. 11-CV-7961 (CM), 2014 WL 1224666, at *24 (S.D.N.Y. Mar. 24, 2014) ("Lodestar multipliers of nearly 5 have been deemed 'common' by courts in this District.")).

The fee award Class Counsel request is well within the range of what courts in this Circuit regularly award in class actions such as this one, under a percentage-of-the-fund or lodestar multiplier method. The lodestar cross-check supports awarding Class Counsel attorneys' fees of one-third of the common fund. This Court should approve the requested amount of attorneys' fees.

**D.      The *Goldberger* Factors Confirm the Requested Fee is Fair and Reasonable**

The Second Circuit has set forth the following criteria that courts should consider when reviewing a request for attorneys' fees in a common fund case: (1) the time and labor expended by counsel; (2) the magnitude and complexities of the litigation; (3) the risk of the litigation; (4) the quality of representation; (5) the requested fee in relation to the settlement; and (6) public policy considerations. *Goldberger*, 209 F.3d at 50. Consideration of these factors, together with the analyses above, demonstrates that the requested fee is reasonable.

**1.   The Time and Effort Expended Support the Requested Fee**

The time and effort Class Counsel expended in prosecuting this Action and achieving the Settlement supports the attorneys' fees they request. Among other things, Class Counsel (a) conducted an extensive factual investigation, which included the review of publicly available documents about Bakkt Holdings and the individual defendants; (b) researched, kept abreast of news released regarding the allegations, drafted and filed an amended complaint; (c) moved for Lead Plaintiff appointment; (d) consulted with private investigators relating to the allegations in this action; (e) participated in a full mediation session; (f) negotiated the Settlement; (g) crafted a plan of allocation in consultation with damages experts; (h) moved for preliminary approval of the Settlement; (i) oversaw provision of notice to the Class; and (j) drafted the motion for final

approval of the Settlement. Joint Decl. at ¶¶30-44.

Moreover, the legal work Class Counsel provided for the Class's benefit will not end with the Court's approval of the proposed Settlement. Class Counsel will devote additional hours and resources to respond to Class Members' inquiries, address any concerns the Court may have at the Settlement Hearing, and conclude the claims process by filing a motion to distribute the Net Settlement Fund to Class Members. Class Counsel will not seek additional compensation for this work. *See In re Facebook, Inc. IPO Sec. & Deriv. Litig.*, No. MDL 12–2389, 2015 WL 6971424, at *10 (S.D.N.Y. Nov. 9, 2015) (awarding 33% as attorneys' fees, considering time and effort expended thus far and remaining work to oversee claims process and distribution), *aff'd,* 674 F. App'x 37 (2d Cir. 2016).

The time and effort Class Counsel devoted to the Action was critical to securing the $3,000,000 Settlement, supporting the reasonableness of the fee request.

### 2. General and Specific Litigation Risks Support the Requested Fee

"[T]he risk of success [is] 'perhaps the foremost' factor to be considered in determining" a reasonable award of attorneys' fees. *Goldberger*, 209 F.3d at 54; *see also Shapiro*, 2014 WL 1224666, at *21 ("The Second Circuit long ago recognized that courts should consider the risks associated with lawyers undertaking a case on a contingent fee basis."). "No one expects a lawyer whose compensation is contingent upon his success to charge, when successful, as little as he would charge a client who in advance had agreed to pay for his services, regardless of success. Nor, particularly in complicated cases producing large recoveries, is it just to make a fee depend solely on the reasonable amount of time expended." *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 470 (2d Cir. 1974). In applying this factor, "'[l]itigation risk must be measured as of when

the case is filed,' rather than with the hindsight benefit of subsequent events." *In re Glob. Crossing Sec. & ERISA Litig.*, 225 F.R.D. 436, 467 (S.D.N.Y. 2004) (quoting *Goldberger*, 209 F.3d at 55).

Courts have recognized that "class actions confront even more substantial risks than other forms of litigation," *Comverse*, 2010 WL 2653354, at *5, and that "in evaluating the settlement of a securities class action, federal courts, including this court, have long noted that such litigation is notably difficult and notoriously uncertain." *In re IMAX Sec. Litig.*, 283 F.R.D. 178, 189 (S.D.N.Y. 2012) (quoting *In re Sumitomo Copper Litig.*, 189 F.R.D. 274, 281 (S.D.N.Y. 1999).[4] This case was no exception. From the outset of the Action, Class Counsel understood that they were embarking on a complex, expensive, and potentially lengthy litigation with no guarantee of ever receiving compensation for the substantial investment of time and money the case would require. In undertaking that responsibility, "plaintiffs' counsel were obligated to assure that sufficient attorney and para-professional resources were dedicated to the prosecution of the Action; counsel also faced the responsibility of advancing litigation and overhead expenses on this case … ." *In re Giant Interactive Grp., Inc. Sec. Litig.*, 279 F.R.D. 151, 164 (S.D.N.Y. 2011). Indeed, "[u]nlike counsel for Defendants, who are paid substantial hourly rates and reimbursed for their expenses on a regular basis, [Lead Counsel] have not been compensated for any time or expenses since this case began …" *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, No. 02-CV-3400 CM PED, 2010 WL 4537550, at *27 (S.D.N.Y. Nov. 8, 2010). Class Counsel's commitments of time and expenses were significant and would have gone unrewarded and unreimbursed had Class Counsel failed to obtain a recovery.

---

[4] *See also Teachers' Ret. Sys. of Louisiana v. A.C.L.N., Ltd.*, No. 01-CV-11814(MP), 2004 WL 1087261, at *3 (S.D.N.Y. May 14, 2004) ("Little about litigation is risk-free, and class actions confront even more substantial risks than other forms of litigation.").

While Class Counsel believe that Plaintiffs' claims are meritorious and remain confident in their ability to prevail at trial, there remain substantial risks in the litigation. Without the Settlement, Plaintiffs' ability to succeed at trial and to obtain and collect a substantial judgment is far from certain. *See IMAX*, 283 F.R.D. at 189 (securities class actions are "notably difficult and notoriously uncertain"). With respect to damages specifically, proving damages presents a significant risk in securities class actions. "Calculation of damages is a 'complicated and uncertain process, typically involving conflicting expert opinion ....'" *Global Crossing*, 225 F.R.D. at 459; *see also Chatelain v. Prudential-Bache Sec., Inc.*, 805 F. Supp. 209, 214 (S.D.N.Y. 1992) (in securities class actions, the "complexities of calculating damages increase geometrically"). "There is the undeniable risk that a 'jury could be swayed by experts for the Defendants, who [c]ould minimize the amount of Plaintiffs' losses.'" *In re Marsh & McLennan Cos., Inc. Sec. Litig.*, No. 04 Civ. 8144(CM), 2009 WL 5178546, at *6 (S.D.N.Y. Dec. 23, 2009); *see also In re Cendant Corp. Litig.*, 264 F.3d 201, 239 (3d Cir. 2001) ("[E]stablishing damages at trial would lead to a 'battle of experts' with each side presenting its figures to the jury and with no guarantee whom the jury would believe."). Proving per share damages in this case was therefore far from certain, as the jury might accept Defendants' attempts to discredit Plaintiffs' experts or even Defendants' arguments that part of the stock price decline caused by alternative factors not related to Defendants' misrepresentations and omissions. Even if Plaintiffs overcame these risks and a jury awarded the full measure of damages, they would still face the risk of an adverse decision on post-trial motions, or reversal on appeal.[5]

---

[5] *See, e.g.*, *Glickenhaus & Co. v. Household Int'l, Inc.*, 787 F.3d 408 (7th Cir. 2015) (reversing jury verdict of $2.46 billion on loss causation and damages grounds, remanding for a new trial on these issues); *In re BankAtlantic Bancorp, Inc.*, No. 07–61542–CIV, 2011 WL 1585605, at *20-22 (S.D. Fla. Apr. 25, 2011) (granting motion for judgment as a matter of law following jury verdict in plaintiffs' favor), *aff'd sub nom. Hubbard v. BankAtlantic Bancorp, Inc.*, 688 F.3d 713

11

### 3. The Complexity of the Action Supports the Fee

Courts recognize that securities class actions are "notorious[ly] complex[]." *In re AOL Time Warner, Inc.*, No. 02 CIV. 5575 (SWK), 2006 WL 903236, at *8 (S.D.N.Y. Apr. 6, 2006), a factor that further supports an award of attorneys' fees.

This case was no exception. As noted above, this case raised difficult questions concerning liability and damages. In particular, the case required extensive research into complex accounting regulations and standards along with industry practices concerning SPACs. Joint Decl. at ¶¶38, 61-62. After over two years of litigation, Plaintiffs would still have to prevail at trial, and then navigate post-verdict motions and appeals, on Defendants' arguments concerning falsity, scienter, loss causation, and the proper measure of damages. As such, the complexity of the litigation supports the requested fee. *See Aeropostale*, 2014 WL 1883494, at *16 ("[T]he complex and multifaceted subject matter involved in a securities class action such as this supports the fee request.").

### 4. The Quality of Representation Supports the Requested Fee

"The quality of Securities Lead Counsel's representation is evidenced by the recovery obtained for the Securities Class...." *Christine Asia Co. v. Yun Ma*, No. 115MD02631CMSDA, 2019 WL 5257534, at *19 (S.D.N.Y. Oct. 16, 2019) (quoting *Global Crossing*, 225 F.R.D. at 467). Here, the Settlement provides the Class with a guaranteed cash payment of $3,000,000. This is a fair, reasonable, and adequate result. Plaintiffs' damages expert estimates that if Plaintiffs had fully prevailed on their claims after a jury trial, if the Court and jury accepted Plaintiffs' per share damages calculation, and if beneficial owners of all shares that Plaintiffs' expert estimates were damaged made claims—*i.e.*, Plaintiffs' best-case scenario—the

_____

(11th Cir. 2012).

12

total maximum damages potentially available to the Class would be approximately $80,000,000 million. Under this scenario, the Settlement represents a recovery of 3.75% of the maximum estimated damages. Defendants' experts would have asserted at trial that the per share damages Plaintiffs and members of the Class suffered, if any, were materially lower than the amount Plaintiffs estimate. Joint Decl. at ¶¶69-73. Assuming Plaintiffs' classwide damages are $80 million, the recovery under the proposed Settlement equals 3.75% of the total recoverable damages. In light of the material risks that Plaintiffs and the Class might recover less, or nothing, without the Settlement (*see id*. at ¶¶58-73), this Settlement is well within the range of reasonableness. The result achieved here is favorable considering the significant hurdles that, on behalf of Plaintiffs and the Class, Class Counsel has already overcome in this Action. *See Woburn Ret. Sys. v. Salix Pharms., Ltd.*, No. 14-CV-8925 (KMW), 2017 WL 3579892, at *4 (S.D.N.Y. Aug. 18, 2017) (requested fee award warranted where counsel prevailed against a motion to dismiss and prosecuted case through a contested discovery process against a well-represented opponent).

The quality of Class Counsel's efforts and commitment to providing Plaintiffs and the Class with the best possible representation, together with their substantial experience in securities class actions, provided the leverage necessary to negotiate the Settlement. As reflected in its Firm Resume, Levi & Korsinsky, LLP is highly experienced in the field of securities class action litigation. The firm has obtained significant settlements in federal courts around the country and currently serves as lead counsel in numerous matters. Levi & Korsinsky LLP's past successes and representations include *In re U.S. Steel Consolidated Cases*, Case No. 17-559-CB (W.D. Pa.) ($40 million cash recovery); *In re Tesla Inc. Securities Litigation*, Case No. 18-cv-4865-EMC (N.D. Cal.) (litigated securities fraud claims through jury verdict); and *In re Nutanix, Inc. Securities*

*Litigation*, Case No. 3:19-cv-01651-WHO (N.D. Cal.) (represented options subclass in connection with $71 million settlement). Similarly, Pomerantz LLP is exceptionally experienced and has recovered billions of dollars for its clients in some of the largest and most complex securities class actions, including the largest securities class action settlement in a decade and the fifth-largest securities class action settlement achieved in the United States—a $2.95 billion settlement in a securities class action against Petroleo Brasileiro S.A. and other defendants (*In re Petrobras Sec. Litig.*, No. 14-cv-9662 (S.D.N.Y)). Thus, Class Counsel's experience and reputation contributed to this successful resolution.

Courts have also recognized that the quality of the opposition faced by plaintiffs' counsel should be taken into consideration in assessing the quality of the counsel's performance. *See, e.g.*, *In re Veeco Instruments Inc. Sec. Litig.*, No. 05 MDL 01695CM, 2007 WL 4115808, at *7 (S.D.N.Y. Nov. 7, 2007) (fee award supported by the fact that defendants were represented by "one of the country's largest law firms"); *In re Adelphia Commc'ns Corp. Sec. & Derivative Litig.*, No. 03 CIV.5755, 2006 WL 3378705, at *3 (S.D.N.Y. Nov. 16, 2006) ("The fact that the settlements were obtained from defendants represented by 'formidable opposing counsel from some of the best defense firms in the country' also evidences the high quality of lead counsels' work."), *aff'd*, 272 F. App'x 9 (2d Cir. 2008). Here, Defendants were represented by accomplished attorneys from Quinn Emanuel Urquhart & Sullivan, LLP, highly skilled securities practitioners who vigorously represented the interests of their clients.

The positive reaction by Class Members confirms the quality of Class Counsel's representation. To date, no objections have been received. Declaration of Adam D. Walter ("Walter Decl."), ¶¶14-15. That such a positive reaction followed the mailing and/or emailing of more than 76,000 Notices constitutes powerful support for the requested awards. *See Guevoura*

14

*Fund Ltd. v. Sillerman*, No. 1:15-CV-07192-CM, 2019 WL 6889901, at *22 (S.D.N.Y. Dec. 18, 2019) ("To date, no object to the fee request has been received. The lack of objections, in this day and age, is not only remarkable, but militates in favor of approval of the Fees as requested.")

### 5.    The Amount of Attorneys' Fees in Relation to the Settlement

"When determining whether a fee request is reasonable in relation to a settlement amount, the court compares the fee application to fees awarded in similar securities class-action settlements of comparable value." *Comverse,* 2010 WL 2653354, at *3; *see also Alaska Elec. Pension Fund v. Bank of Am. Corp.*, No. 14-CV-7126 (JMF), 2018 WL 6250657, at *2 (S.D.N.Y. Nov. 29, 2018). Here, Class Counsel's fee request of one-third of the Settlement Fund is fair, reasonable and consistent with the range of percentages that courts in this Circuit have awarded in similar securities class action and other class action settlements of this size. *Supra* at Section II(C)(1); *see also Khait v. Whirlpool Corp.*, No. 06-6381 (ALC), 2010 WL 2025106, at *8 (E.D.N.Y. Jan. 20, 2010) (awarding attorneys' fees equal to 33% of $3 million settlement); *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, 991 F. Supp. 2d 437, 445 (E.D.N.Y. 2014) (awarding 33.3% fee for the first $10 million of settlement, and noting it is "very common" to see 33% contingency fees in settlements less than $10 million); *Gay v. Tri-Wire Eng'g Sols., Inc.*, No. 12-CV-2231 KAM JO, 2014 WL 28640, at *12 (E.D.N.Y. Jan. 2, 2014) (awarding 35.3% of $183,123.60 settlement fund where the total fees equaled a reasonable lodestar amount); *Mohney v. Shelly's Prime Steak, Stone Crab & Oyster Bar*, No. 06 CIV.4270 (PAC), 2009 WL 5851465, at *1, 5 (S.D.N.Y. Mar. 31, 2009) (awarding 33% of $3,625,000 settlement).[6]    Here, Class

---

[6] *See also Silverberg v. People's Bank*, 23 F. App'x 46, 48 (2d Cir. 2001) (affirming award of attorneys' fees and expenses of nearly one-third of settlement fund); *Becher v. Long Island Lighting Co.*, 64 F. Supp. 2d 174, 182 (E.D.N.Y. 1999) (awarding one-third fee of $7.8 million, which was "well within the range accepted by courts in this circuit"); *Stefaniak v. HSBC Bank USA, N.A.*, No. 1:05-CV-720 S, 2008 WL 7630102, at *3 (W.D.N.Y. June 28, 2008) (awarding

Counsel's request is in line with awards in similar securities class action settlements, and should be granted.

### 6. Public Policy Considerations Support the Requested Fee

"In considering an award of attorney's fees, the public policy of vigorously enforcing the federal securities laws must be considered." *Maley v. Del Glob. Techs. Corp.*, 186 F. Supp. 2d 358, 373 (S.D.N.Y. 2002). This is because private actions such as this one serve to further the objective of the federal securities laws to protect investors. "[The Supreme] Court has long recognized that meritorious private actions to enforce federal antifraud securities laws are an essential supplement to criminal prosecutions and civil enforcement actions brought, respectively, by the Department of Justice and the Securities and Exchange Commission." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 313 (2007). If the "important public policy [of enforcing the securities laws] is to be carried out, the courts should award fees which will adequately compensate Lead Counsel for the value of their efforts, taking into account the enormous risks they undertook." *Flag Telecom*, 2010 WL 4537550, at *29.

As a practical matter, "[l]awsuits such as this one can only be maintained if competent counsel can be retained to prosecute them. This will occur if courts award reasonable and adequate compensation for such services where successful results are achieved." *Aeropostale*, 2014 WL 1883494, at *18; *see also Hicks v. Stanley*, No. 01 CIV. 10071 (RJH), 2005 WL 2757792, at *9 (S.D.N.Y. Oct. 24, 2005) (private securities actions promote securities laws' objectives, but "could

---

33% of fund, finding it "typical in class action settlements in the Second Circuit"); *Collins v. Olin Corp.*, No. 303-CV-945CFD, 2010 WL 1677764, at *6–7 (D. Conn. Apr. 21, 2010) (awarding one-third of settlement fund); *In re Med. X-Ray Film Antitrust Litig.*, No. CV-93-5904, 1998 WL 661515, at *7 (E.D.N.Y. Aug. 7, 1998) (awarding 33 1/3% of a settlement fund as "well within the range accepted by courts in this circuit").

not be sustained if plaintiffs' counsel were not to receive remuneration from the settlement fund for their efforts on behalf of the class.").

The integrity of the markets depends on companies and their executives complying with the federal securities laws. Courts must ensure that competent counsel with the knowledge and experience to litigate these disputes in an orderly and efficient manner is available to the markets. Public policy thus supports the award of the attorneys' fees requested here. *See In re China Sunergy Sec. Litig.*, No. 07 CIV. 7895 DAB, 2011 WL 1899715, at *6 (S.D.N.Y. May 13, 2011) ("public policy supports granting attorneys' fees 'that are sufficient to encourage plaintiffs' counsel to bring securities class actions that supplement the efforts of the SEC'").

**E.     This Court Should Approve Reimbursement of Class Counsel's Expenses as Reasonable and Necessary to the Benefit Obtained**

Class Counsel also requests reimbursement of $80,000 in expenses incurred while prosecuting the Action. *Flag Telecom*, 2010 WL 4537550, at *30 ("It is well accepted that counsel who create a common fund are entitled to the reimbursement of expenses that they advanced to a class"); *In re Indep. Energy Holdings PLC Sec. Litig.*, 302 F. Supp. 2d 180, 183 n.3 (S.D.N.Y. 2003) ("Attorneys may be compensated for reasonable out-of-pocket expenses incurred and customarily charged to their clients, as long as they were 'incidental and necessary to the representation' of those clients.").

Class Counsel incurred total litigation expenses of $87,054.45 in this Action. *See* Declaration of Adam M. Apton, ¶6; Declaration of Jeremy A. Lieberman, ¶6. The amount requested is within the $80,000 maximum amount disclosed in the Notice. *E.g.*, Walter Decl., Ex. A (Postcard Notice) and Ex. B (Notice). No Class Member has objected to the requested reimbursement. *See Rodriquez v. It's Just Lunch Int'l*, No. 07-CV-09227 (SN), 2020 WL 1030983, at *11 (S.D.N.Y. Mar. 2, 2020) (awarding the requested 31.5% in attorneys' fees and expenses

17

over two objections, noting that "the relatively low number of objections weighs in favor of approving the attorneys' requested fees as reasonable").

Most of the expenses Class Counsel advanced were for professional services rendered by Plaintiffs' investigators and experts. The remaining expenses are attributable to mediation fees. *Id*. These expenses were essential to Plaintiffs' success in achieving the proposed Settlement, are reasonable in amount, and are customary and necessary expenses for a complex securities action. As such, the Court should approve their reimbursement. *See Flag Telecom*, 2010 WL 4537550, at *30; *Global Crossing*, 225 F.R.D. at 468 ("The expenses incurred – which include investigative and expert witnesses, filing fees, service of process, travel, legal research and document production and review – are the type for which 'the paying, arms' length market' reimburses attorneys. For this reason, they are properly chargeable to the Settlement fund.").

### F.      The Court Should Approve Compensatory Awards to Plaintiffs

Plaintiffs also request awards of $5,000 each ($15,000 in total) to Lead Plaintiffs for their time spent prosecuting the Action. The PSLRA specifically provides that an "award of reasonable costs and expenses (including lost wages) directly relating to the representation of the class" may be made to "any representative party serving on behalf of a class." 15 U.S.C. § 78u-4(a)(4).

Courts in this Circuit "routinely award such costs and expenses to reimburse the named plaintiffs for expenses incurred through their involvement with the action and lost wages…." *Christine Asia*, 2019 WL 5257534, at *20 (approving request for award to lead plaintiffs) (quoting *Hicks*, 2005 WL 2757792, at *10; *In re Bank of Am. Corp. Sec., Derivative, & Emp. Ret. Income Sec. Act (ERISA) Litig.*, 772 F.3d 125, 132–33 (2d Cir. 2014) (affirming the award of PSLRA expenses and costs to lead plaintiffs totaling $453,000). *See also Marsh & McLennan*, 2009 WL 5178546, at *21 (approving $215,000 total award to two lead plaintiffs); *Deutsche Bank.*, 2020 WL 3162980, at *2 (awarding $10,000 to each class representative); *In re Qudian Inc. Sec. Litig.*,

No. 1:17-CV-09741-JMF, 2021 WL 2328437, at *2 (S.D.N.Y. June 8, 2021) (awarding lead plaintiff $25,000, and class representative $12,500, for "reasonable costs and expenses directly related to [their] representation of the Class"); *In re Signet Jewelers Ltd. Sec. Litig.*, No. 1:16-CV-06728-CM-SDA, 2020 WL 4196468, at *24 (S.D.N.Y. July 21, 2020) (collecting cases and awarding $25,410 to lead plaintiff).

As laid out in greater detail in his Declaration, Plaintiffs devoted approximately 100 hours to the Action. *See* Declaration of Sanjay Mehrotra, ¶6; Declaration of Tse Winston Wing Kuen, ¶6; Declaration of James Liner, ¶6. They took active roles in the litigation by, among other things, communicating with Class Counsel regarding the progress of the case, completing their certifications in connection with their motions to be appointed Lead Plaintiff, reviewing and discussing with Class Counsel all of the significant pleadings filed in the Action, and consulting with Class Counsel in approving the Settlement. These are "precisely the types of activities that support awarding reimbursement of expenses to class representatives." *Marsh & McLennan*, 2009 WL 5178546, at *21, *see also Christine Asia*, 2019 WL 5257534, at *20 (approving award to lead plaintiffs where plaintiffs reviewed pleadings and briefs, assisted with discovery responses, and evaluated and approved settlement).

Plaintiffs and Class Counsel submit that the relatively modest request of an award of $15,000 to compensate Plaintiffs in this Action for their time and service to the Class is reasonable and should be granted.

## III.    CONCLUSION

For the foregoing reasons, Plaintiffs and Class Counsel respectfully request that the Court: (a) award Class Counsel attorneys' fees in the total amount of one-third of the Settlement Amount, plus interest; (b) reimburse Class Counsel for expenses and costs in the amount of $80,000; and

(c) reimburse Plaintiffs for their time spent on the Action in the amounts of $5,000 each, or $15,000 in total.

DATED: January 23, 2024        Respectfully submitted,

**LEVI & KORSINSKY, LLP**

  s/ Adam M. Apton
Adam M. Apton
Devyn R. Glass
33 Whitehall Street, 17th Floor
New York, New York 10004
Telephone: (212) 363-7500
Fax: (212) 363-7171
aapton@zlk.com
dglass@zlk.com

**POMERANTZ LLP**
Jeremy A. Lieberman
Jonathan D. Park
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
jalieberman@pomlaw.com
jpark@pomlaw.com

*Co-Lead Counsel for Plaintiffs and the Class*

**HAO LAW FIRM**
Junbo Hao
Room 3-401 No. 2 Building
No. 1 Shaungliubei Street
100024 Beijing
People's Republic of China
Telephone: +86 137-1805-2888
jhao@haolaw.cn

*Additional Counsel for Plaintiff Tse Winston Wing Kuen*

20