**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SUZANNE POIRIER, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>BAKKT HOLDINGS, INC. f/k/a VPC IMPACT ACQUISITION HOLDINGS, JOHN MARTIN, OLIBIA STAMATOGLOU, GORDON WATSON, KAI SCHMITZ, and KURT SUMMERS,<br><br>Defendants. | Case No. 1:22-cv-02283-EK-PK |

**DECLARATION OF ADAM D. WALTER REGARDING:**
**(A) MAILING OF NOTICE;**
**(B) PUBLICATION OF SUMMARY NOTICE; AND**
**(C) REPORT ON REQUESTS FOR EXCLUSION RECEIVED TO DATE**

I, Adam D. Walter, declare as follows:

1.      I am a Director at A.B. Data, Ltd.'s Class Action Administration Company ("A.B. Data"), whose Corporate Office is located in Milwaukee, Wisconsin.  Pursuant to the Court's Decision and Order entered on September 21, 2023 (ECF No. 60), A.B. Data was appointed to act as the Claims Administrator in connection with the Settlement of the above-captioned action (the "Action"). [1]  I submit this Declaration to provide the Court and the Parties to the Action information regarding the mailing of the Postcard Notice; Notice of (I) Proposed

---

[1] Unless otherwise defined herein, all capitalized terms have the meanings set forth in the Stipulation and Agreement of Settlement dated April 17, 2023 (ECF No. 53, the "Stipulation").

Settlement; (II) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses; and (III) Settlement Hearing ("Notice") and Poof of Claim and Release Form (the "Claim Form" and, collectively with the Notice, the "Notice Packet"), and publication of the Summary Notice of (I) Proposed Settlement; (II) Motion For an Award of Attorneys' Fees and Reimbursement of Litigation Expenses; and (III) Settlement Fairness Hearing (the "Summary Notice"), as well as updates concerning other aspects of the settlement administration process. The following statements are based on my personal knowledge and, if called as a witness, I could and would testify competently thereto.

**MAILING OF THE POSTCARD NOTICE AND NOTICE PACKET**

2.    Pursuant to the Decision and Order, A.B. Data mailed the Postcard Notice to potential Class Members. A copy of the Postcard Notice is attached hereto as Exhibit A.

3.    On October 10, 2023, A.B. Data received from Defendants' Counsel a list containing the names and addresses of record holders ("Record Holder List") who purchased or otherwise acquired Bakkt Securities during the Class Period.

4.    Additionally, as in most securities class actions of this nature, the vast majority of potential Settlement Class Members are expected to be beneficial purchasers whose securities are held in "street name" – *i.e.*, the securities are purchased by brokerage firms, banks, institutions, and other third-party nominees in the name of the respective nominees, on behalf of the beneficial purchasers. A.B. Data maintains a proprietary database with the names and addresses of the largest and most common banks, brokers, and other nominees (the "Broker Mailing Database").

5.    On October 11, 2023, A.B. Data caused the Postcard Notice to be sent by First-Class Mail to the combined 5,000 mailing records contained in the Record Holder List and the Broker Mailing Database. The Postcard Notice referred recipients to the case-specific website

2

created by A.B. Data, www.BakktSecuritiesSettlement.com (the "Settlement Website") for additional information on the Settlement, and specifically directed them to review the more detailed Notice that could be reviewed on, and downloaded from, the Settlement Website. A copy of the Notice and Claim Form is attached hereto as Exhibit B.

6.      The Notice provides, among other things, that Nominees who purchased or acquired Bakkt Securities for beneficial owners who are Settlement Class Members are directed to: (a) request, within ten (10) calendar days of receipt of the Notice, additional copies of the Notice Packet from the Claims Administrator for such beneficial owners; or (b) send a list of the names, addresses, and email addresses (to the extent available) of such beneficial owners to the Claims Administrator within ten (10) calendar days after receipt of the Notice. If a nominee elects to send the Notice Packet to beneficial owners, such nominee is directed to mail the Notice Packet within ten (10) calendar days of receipt of the additional copies of the Notice Packet from the Claims Administrator, and upon such mailing, the nominee shall send a statement to the Claims Administrator confirming that the mailing was made as directed, and the nominee shall retain the list of names and addresses for use in connection with any possible future notice to the Settlement Class. Upon full compliance with these instructions, including the timely mailing of the Notice to beneficial owners to *Bakkt Securities Settlement*, c/o A.B. Data, Ltd., P.O. Box 173027, Milwaukee, WI 53217. *See* Ex. B at ¶84.

7.      As of January 19, 2024, in addition to the 5,000 Postcard Notices mailed (*see* paragraph 5), A.B. Data received an additional 32,986 names and addresses of potential Class Members from individuals or brokerage firms, banks, institutions, and other nominees so that A.B. Data could mail the Notice Packet to the potential Class Members. A.B. Data also received requests from brokers and other nominee holders for 38,400 Notice Packets to be forwarded by

3

the nominees to their customers.  All such requests have been, and will continue to be, honored in a timely manner.

8.    As of January 19, 2024, a total of 76,386 Notice Packets have been mailed to potential Class Members and their nominees.  Of these, 728 were returned to A.B. Data by the U.S. Postal Service ("USPS") as undeliverable. A.B. Data re-mailed 485 Notice Packets to persons whose original mailings were returned by the U.S. Postal Service ("USPS") and for whom updated addresses were either provided to A.B. Data by the USPS or ascertained through a third-party information provider.

## PUBLICATION OF THE SUMMARY NOTICE

9.    In accordance with the Decision and Order, A.B. Data caused the Summary Notice to be published in *Investor's Business Daily* and released via *PR Newswire* on October 16, 2023. Copies of proof of publication of the Summary Notice in *Investor's Business Daily* and over *PR Newswire* are attached hereto as Exhibits C and D, respectively.

## TELEPHONE HELPLINE

10.    On October 11, 2023, A.B. Data established a case-specific, toll-free telephone helpline, 877-390-3468, with an interactive voice response system and live operators, to: (a) accommodate potential Class Members with questions about the Action and the Settlement; and/or (b) request a Notice and Claim Form.  The automated attendant answers the calls and presents callers with a series of choices to respond to basic questions.  Callers requiring further help have the option to be transferred to a live operator during business hours.  A.B. Data continues to maintain the telephone helpline and will update the interactive voice response system as necessary throughout the administration of the Settlement.

**SETTLEMENT WEBSITE**

11.     In accordance with the Decision and Order, A.B. Data designed, implemented, and currently maintains the Settlement Website.  The Settlement Website became operational beginning on October 11, 2023, and is accessible 24 hours a day, 7 days a week.  Among other things, the Settlement Website includes general information regarding the Settlement, including the exclusion, objection, and claim-filing deadlines, as well as the date and time of the Settlement Hearing.  In addition, A.B. Data posted copies of the Stipulation, Decision and Order, Notice, Claim Form, and other relevant Court documents related to the Action, which are also available for download.

12.     Moreover, the Settlement Website allows potential Class Members to file claims online, and provides instructions and a claims filing template for institutional investors.

13.     The Settlement Website will continue to be updated with relevant case information and Court Documents.

**REPORT ON REQUESTS FOR EXCLUSION AND OBJECTIONS**

14.     The Notice informed potential Class Members that requests for exclusion are to be sent to the Claims Administrator, such that they are received no later than February 6, 2024.  The Notice also sets forth the information that must be included in each request for exclusion.  As of January 19, 2024, A.B. Data has received 2 requests for exclusion.  A.B. Data will submit a supplemental declaration after the February 6, 2024, deadline addressing any requests for exclusion received.

15.     According to the Notice, Class Members wishing to object to the Settlement or any of its terms, the proposed Plan of Allocation of the Net Settlement Fund, and/or Lead Counsel's application for an award of Attorneys' Fees and Litigation Expenses, were required to submit their

objection in writing to the Court and mail copies to Lead Counsel and Defendants' Counsel such that the papers were received on or before January 6, 2024.  Despite these instructions, Settlement Class Members sometimes send objections to the Claims Administrator.  As of the date of this Declaration, A.B. Data has not received any objections and is not aware of any objections being filed with the Court.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on January 22, 2024.

_____
Adam D. Walter

# EXHIBIT A

*COURT-ORDERED LEGAL NOTICE*

**Important Notice about a Securities Class Action Settlement.**

**You may be entitled to a CASH payment. This Notice may affect your legal rights. Please read it carefully.**

*Poirier v. Bakkt Holdings, Inc., et al.,*
Case No. 1:22-cv-02283-EK-PK

Scan QR Code for detailed notice regarding this Class Action.



Poirier v. Bakkt Holdings, Inc., et al.
c/o A.B. Data, Ltd.
P.O. Box 173027
Milwaukee, WI 53217

There has been a proposed settlement of claims against the Bakkt Holdings, Inc. ("Bakkt") f/k/a/ VPC Impact Acquisition Holdings ("VIH"), John Martin, Olibia Stamatoglou, Gordon Watson, Kai Schmitz, and Kurt Summers (collectively, the "Defendants"). The settlement would resolve a lawsuit in which Plaintiffs allege Defendants disseminated materially false and misleading information to the investing public about Bakkt between March 31, 2021 and November 19, 2021 (the "Class Period") in violation of the federal securities laws. Defendants deny any wrongdoing. You received this Postcard Notice because you or someone in your family may have purchased or otherwise acquired Bakkt common stock or warrants issued by VIH and/or Bakkt to purchase shares of common stock, including shares or warrants registered by the Registration Statement on Form S-1 filed by VIH with the U.S. Securities Exchange Commission on March 31, 2021 and declared effective (as amended) as of September 17, 2021, during the Class Period. Bakkt, on behalf of Defendants, has agreed to pay a settlement amount of $3,000,000. The settlement provides that the Settlement Fund, after deduction of any Court-approved attorneys' fees and expenses, notice and administration costs, and taxes, is to be divided among all Class Members who submit a valid Proof of Claim Form, in exchange for the settlement of this case and the Release of claims related to this case by Class Members. **For all details of the settlement, read the Stipulation and full Notice, available at www.BakktSecuritiesSettlement.com.**

Your share of the settlement proceeds will depend on the number of valid Proof of Claim forms submitted, and the number, size, and timing of your transactions in Bakkt common stock and/or warrants to purchase common stock. If every eligible Class Member submits a valid Proof of Claim form, the average recovery will be $0.065 per eligible share before expenses and other Court-ordered deductions (including exercise of all damaged warrants). Your award will be determined *pro rata* based on the number of claims submitted. This is further explained in the detailed Notice found on the settlement website.

**To qualify for payment, you must submit a valid and timely Proof of Claim form**. The Proof of Claim form can be found at www.BakktSecuritiesSettlement.com or will be mailed to you upon request to the Claims Administrator. **Proof of Claim forms must be submitted online or postmarked by January 9, 2024**. If you do not want to be legally bound by the settlement, you must exclude yourself by February 6, 2024, or you will not be able to sue Defendants relating to the legal claims in this case. If you exclude yourself, you cannot share in the settlement proceeds. If you want to object to the settlement, you may file an objection by February 6, 2024. The detailed Notice explains how to submit a Proof of Claim form, request exclusion from the Class, or file an objection. The Court will hold a hearing in this Action on February 27, 2024, to consider whether to approve the proposed settlement and the request made by the lawyers representing Plaintiffs and the Class for attorneys' fees up to one-third of the Settlement Fund, plus actual expenses up to $80,000 associated with conducting this litigation and negotiating the settlement. You may attend the hearing and ask to be heard by the Court, but you do not have to. For more information, call toll-free (877) 390-3468 or visit the website www.BakktSecuritiesSettlement.com and read the detailed Notice.

# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SUZANNE POIRIER, Individually and On Behalf of All Others Similarly Situated,<br><br>            Plaintiff,<br><br>      v.<br><br>BAKKT HOLDINGS, INC. f/k/a VPC IMPACT ACQUISITION HOLDINGS, JOHN MARTIN, OLIBIA STAMATOGLOU, GORDON WATSON, KAI SCHMITZ, and KURT SUMMERS,<br><br>            Defendants. | Case No. 1:22-cv-02283-EK-PK<br><br><br>NOTICE OF (I) PROPOSED SETTLEMENT; (II) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND LITIGATION EXPENSES; AND (III) SETTLEMENT FAIRNESS HEARING |

*A Federal Court authorized this Notice.  This is not a solicitation from a lawyer.*

**NOTICE OF PENDENCY OF CLASS ACTION:  Please be advised that your rights may be affected by the above-captioned class action lawsuit pending in this Court (the "Action") if you purchased or otherwise acquired the publicly traded common stock of Bakkt Holdings, Inc. ("Bakkt") f/k/a VPC Impact Acquisition Holdings ("VIH") or warrants issued by VIH and/or Bakkt to purchase shares of common stock of VIH and/or Bakkt, respectively, including shares or warrants registered by the Registration Statement on Form S-1 filed by VIH with the U.S. Securities Exchange Commission on March 31, 2021 and declared effective (as amended) as of September 17, 2021  ("Bakkt Securities") during the period of time from March 31, 2021 through November 19, 2021, both dates inclusive (the "Class Period").**

**NOTICE OF SETTLEMENT:  Please also be advised that the Co-Lead Plaintiffs Rachna Mehrotra, Tse Winston Wing Kuen, and James Liner (collectively, "Plaintiffs"), on behalf of the Settlement Class (as defined in ¶1 below), have reached a proposed settlement of the Action for a total of $3 million in cash that will resolve all claims in the Action (the "Settlement").**

**This Notice explains important rights you may have, including your possible receipt of cash from the Settlement.[1]  If you are a Settlement Class Member, your legal rights will be affected whether or not you act.  Please read this Notice carefully!**

1. **Description of the Action and the Settlement Class**:  This Notice relates to a proposed Settlement of a class action lawsuit pending against Defendants Bakkt, and John Martin ("Martin"), Olibia Stamatoglou ("Stamatoglou"), Gordon Watson ("Watson"), Kai Schmitz ("Schmitz"), and Kurt Summers ("Summers") (the "Individual Defendants" and, collectively with Bakkt, "Defendants"). Defendants are collectively, with Plaintiffs, the "Parties."  The proposed Settlement, if approved by the Court, will apply to the following Settlement Class (the "Settlement Class"): all persons and entities who purchased or otherwise acquired publicly traded Bakkt Securities during the period from March 31, 2021 through November 19, 2021, both dates inclusive, and were allegedly damaged thereby. Excluded from the Settlement Class are: (i) Defendants; (ii) current and former officers and directors of Bakkt; (iii) members of the Immediate Family of each of the Individual Defendants; (iv) all subsidiaries and affiliates of Bakkt and the directors and officers of Bakkt and their respective subsidiaries or affiliates; (v) all persons, firms, trusts, corporations, officers, directors, and any other individual or entity in which any Defendant has a controlling interest, *provided, however*, that any "Investment Vehicle" shall not be excluded from the Settlement Class; (vi) the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of all such excluded parties; and (vii) any persons or entities who properly exclude themselves by filing a valid and timely request for exclusion.  Anyone with questions as to whether or not they are excluded from the Settlement Class may call the Claims Administrator toll-free at (877) 390-3468.

2. **Statement of Settlement Class's Recovery**:  Subject to Court approval, and as described more fully below, Plaintiffs, on behalf of the Settlement Class, have agreed to settle all Released Plaintiffs' Claims (as defined in ¶60 below) against Defendants and other Defendants' Releasees (as defined in ¶58 below) in exchange for a settlement payment of $3 million in cash (the "Settlement Amount") to be deposited into an escrow account.  The Net Settlement Fund (the Settlement Fund less Taxes and Tax Expenses, Notice and Administration Costs, and attorneys' fees and litigation expenses and awards to the Plaintiffs) will be distributed in accordance with a plan of allocation (the "Plan of Allocation") to be approved by the Court, which will determine how the Net Settlement Fund shall be distributed to members of the Settlement Class.  The Plan of Allocation is a basis for determining the relative positions of Settlement

---

[1]  All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings provided in the Stipulation and Agreement of Settlement dated April 12, 2023 (the "Stipulation"), which is available on the Settlement website, www.BakktSecuritiesSettlement.com.

Class Members for purposes of allocating the Net Settlement Fund. The proposed Plan of Allocation is included in this Notice and may be modified by the Court without further notice.

3.  **Statement of Average Recovery Per Share**: The "Settlement Fund" consists of the $3 million Settlement Amount plus any and all interest earned thereon. Assuming all potential Settlement Class Members elect to participate, the estimated average recovery is $0.065 per damaged share (including exercise of all damaged warrants) before the deduction of fees and expenses. Settlement Class Members may recover more or less than this amount depending on, among other factors, the aggregate value of the Recognized Claims represented by valid and acceptable Claim Forms, as explained in the Plan of Allocation below; when their shares were purchased or otherwise acquired and the price at the time of purchase or acquisition; whether the shares were sold and, if so, when they were sold and for how much. In addition, the actual recovery of Settlement Class Members may be further reduced by the payment of fees and costs from the Settlement Fund, as approved by the Court.

4.  **Statement of the Parties' Position on Damages**: Defendants deny all claims of fault, liability, wrongdoing, or damages whatsoever, deny that they engaged in any wrongdoing, deny that they are liable to Plaintiffs and/or the Settlement Class, and deny that Plaintiffs or other members of the Settlement Class suffered any damages, or that Plaintiffs or the Settlement Class were harmed by the conduct alleged in the Action or that they could have alleged as part of the Action. Moreover, the Parties do not agree on the amount of recoverable damages if Plaintiffs were to prevail on each of the claims. The issues on which the Parties disagree include, but are not limited to: (1) whether the statements made or facts allegedly omitted were material, false, or misleading; (2) whether the statements were made with intent to deceive, manipulate, or defraud investors; (3) whether Defendants are otherwise liable under the securities laws for those statements or omissions or any alleged scheme to defraud; and (4) whether all or part of the damages allegedly suffered by members of the Settlement Class were caused by economic conditions or factors other than the allegedly false or misleading statements or omissions.

5.  **Statement of Attorneys' Fees and Expenses Sought**: Co-Lead Counsel will apply to the Court, on behalf of all Plaintiffs' Counsel, for an award of attorneys' fees from the Settlement Fund of no more than one-third of the Settlement Amount, plus interest earned at the same rate and for the same period as earned by the Settlement Fund. In addition, Co-Lead Counsel also will apply to the Court for payment from the Settlement Fund for Plaintiffs' Counsel's litigation expenses (reasonable expenses or costs of Plaintiffs' Counsel in connection with commencing and prosecuting the Action), in a total amount not to exceed $80,000, plus interest earned at the same rate and for the same period as earned by the Settlement Fund. If the Court approves Co-Lead Counsel's fee and expense application, the estimated average cost per damaged share is $0.02. In addition, Co-Lead Counsel may apply for awards to Plaintiffs in connection with their representation of the Settlement Class in an amount not to exceed $15,000, combined.

6.  **Identification of Attorneys' Representatives**: Plaintiffs and the Settlement Class are being represented by Pomerantz LLP and Levi & Korsinsky, LLP (together, "Co-Lead Counsel"), and by Hao Law Firm. Any questions regarding the Settlement should be directed to (i) Jeremy Lieberman, Esq. at Pomerantz LLP, 600 Third Avenue, 20th Floor, New York, NY 10016, (212) 661-1100, jalieberman@pomlaw.com, and (ii) Adam M. Apton, Esq. at Levi & Korsinsky LLP, 55 Broadway, 4th Floor, New York, NY 10006, (212) 363-7500, aapton@zlk.com.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT | |
|---|---|
| DO NOTHING | Get no payment. Remain a Settlement Class Member. Give up your rights. |
| REMAIN A MEMBER OF THE SETTLEMENT CLASS AND SUBMIT A CLAIM FORM **POSTMARKED NO LATER THAN JANUARY 9, 2024** | This is the only way to be potentially eligible to receive a payment. If you wish to obtain a payment as a member of the Settlement Class, you will need to submit a claim form (the "Claim Form"), which is included with this Notice, postmarked no later than January 9, 2024. |
| EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS (OPT OUT) BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN FEBRUARY 6, 2024 | Receive no payment pursuant to this Settlement. This is the only option that allows you to ever potentially be part of any other lawsuit against any of the Defendants or the other Defendants' Releasees concerning the Released Plaintiffs' Claims. Should you elect to exclude yourself from the Settlement Class, you should understand that Defendants and the other Defendants' Releasees will have the right to assert any and all defenses they may have to any claims that you may seek to assert, including, without limitation, the defense that any such claims are untimely under applicable statutes of limitations and statutes of repose. |

| | |
|---|---|
| OBJECT TO THE SETTLEMENT SO THAT IT IS *RECEIVED* NO LATER THAN FEBRUARY 6, 2024 | Write to the Court about your view of the Settlement, the Plan of Allocation, or the request for attorneys' fees and litigation expenses, or why you don't think the Settlement, the Plan of Allocation, and/or the request for attorneys' fees and litigation expenses is fair to the Settlement Class. If you do not exclude yourself from the Settlement Class, you may object. You must still submit a Claim Form in order to be potentially eligible to receive any money from the Settlement Fund. |
| GO TO THE HEARING ON FEBRUARY 27, 2024, AT 11:00 A.M. EST, AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN FEBRUARY 6, 2024 | Ask to speak in Court about the fairness of the Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and litigation expenses. |

## WHAT THIS NOTICE CONTAINS

| | |
|---|---|
| Why Did I Get This Notice? | Page 3 |
| What Is This Case About?  What Has Happened So Far? | Page 4 |
| How Do I Know If I Am Affected By The Settlement? | Page 5 |
| What Are Plaintiffs' Reasons For The Settlement? | Page 5 |
| What Might Happen If There Were No Settlement? | Page 5 |
| How Much Will My Payment Be? | Page 6 |
| What Rights Am I Giving Up By Agreeing To The Settlement? | Page 6 |
| What Payment Are The Attorneys For The Settlement Class Seeking? How Will The Lawyers Be Paid? | Page 13 |
| How Do I Participate In The Settlement? What Do I Need To Do? | Page 13 |
| What If I Do Not Want To Be A Part Of The Settlement? How Do I Exclude Myself? | Page 13 |
| When And Where Will The Court Decide Whether To Approve The Settlement? Do I Have To Come To The Hearing? May I Speak At The Hearing If I Don't Like The Settlement? | Page 14 |
| What If I Bought Shares On Someone Else's Behalf? | Page 15 |
| Can I See The Court File?  Whom Should I Contact If I Have Questions? | Page 15 |

## WHY DID I GET THIS NOTICE?

7.    The purpose of this Notice is to inform you about: (a) this Action, (b) the terms of the proposed Settlement, and (c) your rights in connection with a hearing to be held before the United States District Court, Eastern District of New York (the "Court"), on February 27, 2024, at 11:00 a.m., to consider the fairness, reasonableness, and adequacy of the Settlement and related matters.  This Notice also describes the steps to be taken by those who wish to be excluded from the Settlement Class and, for those who remain Settlement Class Members, the steps necessary to seek to be potentially eligible to share in the distribution of the Net Settlement Fund in the event the Settlement is approved by the Court.  (For more information on excluding yourself from the Settlement Class, please read "What If I Do Not Want To Be A Part Of The Settlement?  How Do I Exclude Myself?" located below.)

8.    A class action is a type of lawsuit in which the claims of a number of individuals are resolved together, thus providing the class members with both consistency and efficiency.  In a class action lawsuit, the Court selects one or more people, known as class representatives, to sue on behalf of all people with similar claims, commonly known as the class or the class members.

9.    The Court in charge of this case is the United States District Court for the Eastern District of New York, and the case is known as *Poirier v. Bakkt Holdings, Inc., et al.*, Case No. 1:22-cv-02283-EK-PK.  The judge presiding over this case is the Honorable Eric Komitee, United States District Judge.  The people who are suing are called the Plaintiffs, and those who are being sued are called Defendants.  In this case, the Defendants are Bakkt (and VIH), Martin, Stamatoglou, Watson, Schmitz, and Summers.

10.   This Notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.  It also is being sent to inform you of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the proposed Settlement, the proposed Plan of Allocation, and the application by Co-Lead Counsel for attorneys' fees and litigation expenses (the "Settlement Fairness Hearing").

11.   The Settlement Fairness Hearing will be held February 27, 2024, at 11:00 a.m., before the Honorable Eric Komitee, at the United States District Court, Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York 11201, or remotely per

details that will be made publicly available on the Settlement website (www.BakktSecuritiesSettlement.com) in advance of the Settlement Fairness Hearing, for the following purposes:

    (a)  to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate and should be approved by the Court;

    (b)  to determine whether the Judgment as provided for under the Stipulation and Agreement of Settlement dated April 12, 2023 (the "Stipulation") should be entered;

    (c)  to determine whether the proposed Plan of Allocation for the net proceeds of the Settlement is fair and reasonable and should be approved by the Court;

    (d)  to determine whether the application by Co-Lead Counsel for an award of attorneys' fees and litigation expenses should be approved; and

    (e)  to rule upon such other matters as the Court may deem appropriate.

12. This Notice does not express any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement. If the Court approves the Settlement, payments to Authorized Claimants will be made after any appeals are resolved, and after the completion of all claims processing. This process takes time. Please be patient.

| **WHAT IS THIS CASE ABOUT?  WHAT HAS HAPPENED SO FAR?** |
| --- |

13. This Action arises under Sections 11 and 15 of the Securities Act of 1933 (the "Securities Act") against Defendants Bakkt, Martin, Stamatoglou, Watson, Schmitz, and Summers and under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") against Defendants Bakkt, Martin, Stamatoglou, Watson, Schmitz, and Summers, and alleges that during the Class Period, Defendants made materially false and misleading statements about Bakkt's accounting for its redeemable stock, among other things, that allegedly inflated the price of Bakkt Securities. Plaintiffs also allege that the Registration Statement on Form S-1 filed with the U.S. Securities Exchange Commission on March 31, 2021 and declared effective (as amended) as of September 17, 2021 (the "Registration Statement"), was inaccurate and misleading, contained untrue statements of material facts, omitted to state other facts necessary to make the statements made not misleading, and omitted to state material facts required to be stated therein.

14. Plaintiffs allege that Defendants' misrepresentations or omissions artificially inflated the price of the publicly traded common stock of VIH and/or Bakkt and warrants issued by VIH and/or Bakkt to purchase shares of common stock of VIH and/or Bakkt, respectively (together, "Bakkt Securities") and that, when the true facts were revealed, the artificial inflation was removed from the price of Bakkt Securities, causing the price to drop and damage to members of the Settlement Class.

15. On April 21, 222, Suzanne Poirier filed a putative class action complaint styled as *Poirier v. Bakkt Holdings, Inc.*, No. 1:22-cv-02283, alleging violations of federal securities laws against Bakkt, Martin, Stamatoglou, Watson, Schmitz, and Summers, in the United States District Court for the Eastern District of New York. ECF No. 1. On August 3, 2022, the Court entered an order appointing Plaintiffs as Co-Lead Plaintiffs and approving Plaintiffs' selection of Pomerantz LLP ("Pomerantz") and Levi & Korsinsky, LLP ("Levi & Korsinsky") as Co-Lead Counsel. ECF No. 41.

16. On October 18, 2022, Plaintiffs filed the Amended Complaint (the "Amended Complaint"). The Amended Complaint asserted claims under Sections 11 and 15 of the Securities Act of 1933 (the "Securities Act") against Bakkt, Martin, Stamatoglou, Watson, Schmitz, and Summers. The Amended Complaint also asserted claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 thereunder against VIH, Bakkt, Martin, Stamatoglou, Watson, Schmitz, and Summers. ECF No. 45.

17. Following the filing of the Amended Complaint, the Parties discussed the possibility of mediation. On November 22, 2022, in order for the Parties to schedule mediation, the Parties jointly requested that the Court adjourn Defendants' deadline to file a pre-motion letter requesting permission to file a motion to dismiss the Amended Complaint. ECF No. 46. The Court granted this request on December 2, 2022. ECF No. 47. The Parties then scheduled a mediation for February 28, 2023. On December 20, 2022, in order for the Parties to conduct that mediation, the Parties jointly requested that the Court again adjourn Defendants' deadline to file a pre-motion letter requesting permission to file a motion to dismiss the Amended Complaint. ECF No. 49. The Court granted this request on December 21, 2022.

18. Plaintiffs and Defendants engaged in a mediation with Robert A. Meyer, a nationally known mediator of securities class actions. In advance of the mediation, which took place on February 28, 2023, Plaintiffs and Defendants submitted detailed mediation statements. The Parties negotiated in good faith and, near the conclusion of the mediation, Mr. Meyer proposed a mediator's proposal that the Parties agree to resolve the Action for a settlement amount of $3,000,000 in cash. The Parties did not reach an agreement during the mediation to resolve the Action. On March 2, 2023, the Parties advised the Court that they had not agreed to resolve the Action and that they were continuing to discuss the possibility of settlement. ECF No. 50.

19. Following the mediation, Settlement discussions continued, and the mediator worked closely with the Parties. On Tuesday, March 7, 2023, the Parties reached an agreement to resolve the Action for a settlement amount of $3,000,000 in cash, as previously proposed by Mr. Meyer. The Parties then began negotiating the terms of a Memorandum of Understanding (the "MOU"). On March 9, 2023, the Parties advised the Court that they had reached an agreement to resolve the Action, that the Parties expected to finalize a

Stipulation of Settlement by April 10, 2023, that Plaintiffs expected to file a motion for preliminary approval of the settlement that same day. ECF No. 51. The Parties requested that the Court indefinitely adjourn the deadlines for Defendants to file a pre-motion letter seeking leave to file a motion to dismiss the Amended Complaint, and for Plaintiffs' to respond to Defendants' pre-motion letter. *Id.* The Court temporarily adjourned the pre-motion letter deadlines, ordering that, unless the Parties finalized a stipulation of settlement and Plaintiffs filed a motion for preliminary approval of settlement by April 10, 2021, Defendants' pre-motion letter would be on April 20, 2023, and Plaintiffs' response would be due on May 4, 2023. On April 12, 2023, the Parties finalized and executed the Stipulation of Settlement, agreeing to settle the Action for $3,000,000.

## HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?

20.    If you are a member of the Settlement Class, you will be affected by the Settlement unless you timely request to be excluded. The Settlement Class consists of all persons and entities who purchased or otherwise acquired Bakkt Securities[2] during the Class Period, and were allegedly damaged thereby. Excluded from the Settlement Class are: (i) Defendants; (ii) current and former officers and directors of Bakkt; (iii) members of the Immediate Family of each of the Individual Defendants; (iv) all subsidiaries and affiliates of Bakkt and the directors and officers of Bakkt and their respective subsidiaries or affiliates; (v) all persons, firms, trusts, corporations, officers, directors, and any other individual or entity in which any Defendant has a controlling interest, provided, however, that any "Investment Vehicle" shall not be excluded from the Class; (vi) the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of all such excluded parties; and (vii) any persons or entities who properly exclude themselves by filing a valid and timely request for exclusion. Anyone with questions as to whether or not they are excluded from the Settlement Class may call the Claims Administrator toll-free at (877) 390-3468. (See "What If I Do Not Want To Be A Part Of The Settlement? How Do I Exclude Myself?," below.)

> RECEIPT OF THIS NOTICE DOES NOT NECESSARILY MEAN THAT YOU ARE A SETTLEMENT CLASS MEMBER OR THAT YOU ARE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT. IF YOU WISH TO BE POTENTIALLY ELIGIBLE TO RECEIVE A DISTRIBUTION OF THE SETTLEMENT PROCEEDS, YOU MUST COMPLETE, SIGN AND SUBMIT THE ENCLOSED CLAIM FORM POSTMARKED NO LATER THAN JANUARY 9, 2024.

## WHAT ARE PLAINTIFFS' REASONS FOR THE SETTLEMENT?

21.    Plaintiffs and Co-Lead Counsel believe that the claims asserted against Defendants have merit. Plaintiffs and Co-Lead Counsel recognize, however, the expense and length of continued proceedings necessary to pursue the claims against Defendants through trial and appeals, as well as the difficulties in establishing liability and damages. Plaintiffs and Co-Lead Counsel have considered the amount of the Settlement, as well as the uncertain outcome and risk in complex lawsuits like this one. Such risks include, among others, the risk that Plaintiffs would be unsuccessful in proving that Defendants' alleged misstatements were materially false and misleading, made with scienter (that is, the requisite state of mind), or caused compensable damages to the Settlement Class.

22.    In light of the amount of the Settlement and the certainty of recovery to the Settlement Class, Plaintiffs and Co-Lead Counsel believe that the proposed Settlement is fair, reasonable and adequate, and in the best interests of the Settlement Class. Plaintiffs and Co-Lead Counsel believe that the Settlement provides a substantial benefit now, namely $3 million in cash (less the various deductions described in this Notice), as compared to the risk that the claims would produce a smaller recovery, or no recovery, after summary judgment, trial and appeals, possibly years in the future, as well as the risks associated with Bakkt's financial position.

23.    Defendants have denied and continue to deny each and all of the claims alleged by Plaintiffs in the Action. Defendants expressly have denied and continue to deny all allegations of fault, liability, wrongdoing, or damages against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Action. Defendants also have denied and continue to deny, among other things, the allegations that Plaintiffs or the Settlement Class have suffered any damage, and that Plaintiffs or the Settlement Class were harmed by the conduct alleged in the Action.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

24. If there were no Settlement and Plaintiffs failed to establish any essential legal or factual element of the alleged claims, neither Plaintiffs nor the Settlement Class would recover anything from Defendants. Additionally, if Defendants were successful in proving any of their defenses, the Settlement Class likely would recover substantially less than the amount provided in the Settlement, or nothing at all.

---

[2]  During the Class Period, VIH common stock and warrants traded on the Nasdaq Capital Market exchange under the ticker symbols "VIH" and "VIHAW" until October 18, 2021, after which Bakkt common stock and warrants traded on the New York Stock Exchange under the ticker symbols "BKKT" and "BKKT WS".

| **HOW MUCH WILL MY PAYMENT BE?** |
|---|

25.   Bakkt has agreed to cause to be paid three million dollars ($3,000,000.00) in cash into escrow for the benefit of the Settlement Class.  At this time, it is not possible to make any determination as to how much individual Settlement Class Members may receive from the Settlement.  Plaintiffs have proposed a plan for allocating the Net Settlement Fund to those Settlement Class Members who timely submit valid Claim Forms.  The Plan of Allocation proposed by Plaintiffs is set forth below.

26.   All members of the Settlement Class who fail to timely submit an acceptable Claim Form by the deadline set by the Court, or such other deadline as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to the Settlement, but will in all other respects be subject to and bound by the terms of the Settlement, including Settlement Class Members' release of all Released Plaintiffs' Claims.

27.   The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the claim of any member of the Settlement Class.

28.   The Plan of Allocation set forth below is the proposed plan submitted by Plaintiffs and Co-Lead Counsel for the Court's approval.  The Court may approve this plan as proposed or it may modify it without further notice to the Settlement Class.

29.   Each Claimant shall be deemed to have submitted to the jurisdiction of the United States District Court for the Eastern District of New York with respect to his, her, or its Claim Form.

30.   Persons and entities that exclude themselves from the Settlement Class will not be eligible to receive a distribution from the Net Settlement Fund and shall not submit Claim Forms.

| **PLAN OF ALLOCATION** |
|---|

31.   The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Authorized Claimants based on their respective alleged economic losses as a result of the alleged misstatements and omissions, as opposed to losses caused by market- or industry-wide factors, or company-specific factors unrelated to the alleged fraud. The Claims Administrator shall determine each Authorized Claimant's share of the Net Settlement Fund based upon the recognized loss formula ("Recognized Loss") described below.

32.   A Recognized Loss will be calculated for each share of Common Stock and each Warrant purchased or otherwise acquired during the Settlement Class Period.[3] The calculation of Recognized Loss will depend upon several factors, including when the Common Stock and Warrants were purchased or otherwise acquired during the Settlement Class Period, and in what amounts, and whether such securities were sold (or exercised in the case of the Warrants), and if sold (or exercised), when they were sold (or exercised), and for what amounts.[4, 5] The Recognized Loss is not intended to estimate the amount a Settlement Class Member might have been able to recover after a trial, nor to estimate the amount that will be paid to Authorized Claimants pursuant to the Settlement. The Recognized Loss is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants. The Claims Administrator will use its best efforts to administer and distribute the Net Settlement Fund to the extent that it is equitably and economically feasible.

33.   The Plan of Allocation was created with the assistance of a consulting damages expert and reflects the assumption that the prices of the Common Stock and Warrants were artificially inflated throughout the Settlement Class Period. The estimated alleged artificial inflation in the prices of Common Stock and Warrants during the Settlement Class Period is reflected in Table 1 below. The computation of the estimated alleged artificial inflation in the prices of Common Stock and Warrants during the Settlement Class Period is based on certain misrepresentations alleged by Plaintiffs and the price change in the Common Stock and Warrants, net of market- and industry-wide factors, in reaction to the public announcements that allegedly corrected the misrepresentations alleged by Plaintiffs.

34.   Federal securities laws allow investors to recover losses caused by disclosures which corrected the defendants' previous misleading statements or omissions. Thus, in order to have been damaged by the alleged violations of the federal securities laws,

---

[3]   Prior to the Business Combination, VIH's Class A ordinary shares and warrants were listed on the Nasdaq under the ticker symbol VIH, and VIHAW, respectively. Following the Business Combination, the Company's Class A common stock and warrants were listed on the New York Stock Exchange under the ticker symbol BKKT and BKKT WS, respectively. Herein, VIH Class A ordinary shares (VIH) and Bakkt Class A shares (BKKT) are collectively referred to as "Common Stock." VIH warrants (VIHAW) and Bakkt warrants (BKKT WS) are collectively referred to as "Warrants."

[4]   Common Stock acquired in the PIPE Investment shall be treated as a purchase of Common Stock on the closing date of the Business Combination (i.e., October 15, 2021), at a purchase price of $10 per share.

[5]   Bakkt Class A common stock and warrants acquired as a result of VIH Units being separated into their component parts at the close of the Business Combination shall be treated as a purchase of Common Stock and Warrants on October 15, 2021, at a purchase price of $10 per share of Common Stock and $1.66 per Warrant.

Common Stock and Warrants purchased or otherwise acquired during the Settlement Class Period must have been held during a period of time in which the price of the security declined due to the disclosure of information which corrected an allegedly misleading statement or omission. Plaintiffs and Lead Counsel have determined that such price declines occurred on May 18, 2021, October 14, 2021, and November 22, 2021 (the "Corrective Disclosure Dates"). Accordingly, if a share of Common Stock or a Warrant was sold (or a Warrant was exercised), prior to May 18, 2021 (i.e., the earliest Corrective Disclosure Date), the Recognized Loss for that security is $0.00, and any loss suffered is not compensable under the federal securities laws. Likewise, if a share of Common Stock or a Warrant was both purchased and sold (or exercised in the case of the Warrant) between two consecutive Corrective Disclosure Dates, the Recognized Loss for that security is $0.00.

| Table 1*<br>Artificial Inflation in the Common Stock and Warrants | | | |
| --- | --- | --- | --- |
| **From** | **To** | **Common Stock** | **Warrants** |
| March 31, 2021 | May 17, 2021 | $1.98 | $1.90 |
| May 18, 2021 | October 13, 2021 | $1.85 | $1.86 |
| October 14, 2021 | November 21, 2021 | $1.36 | $1.53 |
| November 22, 2021 | Thereafter | $0.00 | $0.00 |

* For each day during the Settlement Class Period, price inflation in the Common Stock and Warrants shall be limited to that day's closing price for the respective security.

35. Common Stock and Warrants purchased or otherwise acquired pursuant or traceable to the Registration Statement are the only securities eligible for a claim under §11(e) of the Securities Act ("Section 11").[6] The Recognized Loss for Common Stock and Warrants with a claim under both Section 10(b) and Section 11 shall be the maximum of: (i) the Recognized Loss amount calculated under Section 10(b) as described below in "Calculation of Recognized Loss Under Section 10(b)"; or (ii) the Recognized Loss amount calculated under Section 11 as described below in "Calculation of Recognized Loss Under Section 11," for the respective security. Section 11 provides for an affirmative defense of negative causation which prevents recovery for losses that Defendants prove are not attributable to misrepresentations and/or omissions alleged by Plaintiffs in the Registration Statement. Given Plaintiffs' Counsel's assessment of the relative risks of the Section 11 and Section 10(b) claims in this lawsuit, the Recognized Loss calculation under Section 11 assumes that the Company-specific declines in the price of Common Stock and Warrants on the Corrective Disclosure Dates are the only compensable losses.

36. The "90-day look back" provision of the Private Securities Litigation Reform Act of 1995 ("PSLRA") is incorporated into the calculation of the Recognized Loss for Common Stock and Warrants under Section 10(b). The limitations on the calculation of the Recognized Loss imposed by the PSLRA are applied such that losses on Common Stock and Warrants purchased during the Settlement Class Period and held as of the close of the 90-day period subsequent to the Settlement Class Period (the "90-Day Lookback Period") cannot exceed the difference between the purchase price paid for the security and the average price of the security during the 90-Day Lookback Period. The Recognized Loss on Common Stock and Warrants purchased during the Class Period and sold during the 90-Day Lookback Period cannot exceed the difference between the purchase price paid for the security and the rolling average price of the security during the portion of the 90-Day Lookback Period elapsed as of the date of sale.

37. In the calculations below, all purchase and sale prices shall exclude any fees, taxes and commissions. If a Recognized Loss amount is calculated to be a negative number, that Recognized Loss shall be set to zero. Any transactions in Common Stock and Warrants executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

### Calculation of Recognized Loss Under Section 10(b) – Common Stock

38. If a share of Common Stock was: (i) sold prior to May 18, 2021; (ii) purchased during the period May 18, 2021 through October 13, 2021, inclusive, and sold prior to October 14, 2021; or (iii) purchased during the period October 14, 2021 through Friday, November 19, 2021, inclusive, and sold prior to Monday, November 22, 2021, then the Recognized Loss under Section 10(b) for that share is $0.

39. For each share of Common Stock purchased or otherwise acquired during the Settlement Class Period (i.e., March 31, 2021 through November 19, 2021, inclusive), and held through at least one Corrective Disclosure Date, the Recognized Loss per share under Section 10(b) shall be calculated as follows:

---

[6] Securities eligible for a Section 11 claim include Common Stock and Warrants registered in the Registration Statement, as well as purchases in the open market during the period October 15, 2021 through November 19, 2021, inclusive.

i. For each share sold on or prior to November 19, 2021, the Recognized Loss per share is equal to the price inflation on the date of purchase/acquisition as provided in Table 1 above *minus* the price inflation on the date of sale as provided in Table 1 above.

ii. For each share sold during the period November 20, 2021 through February 17, 2022, inclusive (i.e., sold during the 90-Day Lookback Period), the Recognized Loss per share is *the lesser of*:

    a. the price inflation on the date of purchase/acquisition as provided in Table 1 above; or

    b. the purchase price *minus* the "90-Day Lookback Value" on the date of sale, which is provided in Table 2 below.

iii. For each share still held as of the close of trading on February 17, 2022, the Recognized Loss per share is *the lesser of*:

    a. the price inflation on the date of purchase/acquisition as provided in Table 1 above; or

    b. the purchase price *minus* the average closing price for the Common Stock during the 90-Day Lookback Period, which is $8.83.

| Table 2 Common Stock 90-Day Lookback Values | | | | | |
|---|---|---|---|---|---|
| Sale/ Disposition Date | 90-Day Lookback Value | Sale/ Disposition Date | 90-Day Lookback Value | Sale/ Disposition Date | 90-Day Lookback Value |
| 11/22/2021 | $17.02 | 12/22/2021 | $13.49 | 1/24/2022 | $10.21 |
| 11/23/2021 | $16.96 | 12/23/2021 | $13.34 | 1/25/2022 | $10.07 |
| 11/24/2021 | $17.07 | 12/27/2021 | $13.20 | 1/26/2022 | $9.93 |
| 11/26/2021 | $16.70 | 12/28/2021 | $13.04 | 1/27/2022 | $9.79 |
| 11/29/2021 | $16.43 | 12/29/2021 | $12.87 | 1/28/2022 | $9.66 |
| 11/30/2021 | $16.29 | 12/30/2021 | $12.72 | 1/31/2022 | $9.55 |
| 12/1/2021 | $15.96 | 12/31/2021 | $12.57 | 2/1/2022 | $9.45 |
| 12/2/2021 | $15.71 | 1/3/2022 | $12.42 | 2/2/2022 | $9.34 |
| 12/3/2021 | $15.41 | 1/4/2022 | $12.26 | 2/3/2022 | $9.24 |
| 12/6/2021 | $15.13 | 1/5/2022 | $12.06 | 2/4/2022 | $9.14 |
| 12/7/2021 | $14.96 | 1/6/2022 | $11.88 | 2/7/2022 | $9.08 |
| 12/8/2021 | $15.14 | 1/7/2022 | $11.71 | 2/8/2022 | $9.02 |
| 12/9/2021 | $15.10 | 1/10/2022 | $11.54 | 2/9/2022 | $8.99 |
| 12/10/2021 | $15.06 | 1/11/2022 | $11.39 | 2/10/2022 | $8.97 |
| 12/13/2021 | $14.90 | 1/12/2022 | $11.24 | 2/11/2022 | $8.94 |
| 12/14/2021 | $14.81 | 1/13/2022 | $11.09 | 2/14/2022 | $8.90 |
| 12/15/2021 | $14.75 | 1/14/2022 | $10.94 | 2/15/2022 | $8.89 |
| 12/16/2021 | $14.43 | 1/18/2022 | $10.80 | 2/16/2022 | $8.87 |
| 12/17/2021 | $14.17 | 1/19/2022 | $10.65 | 2/17/2022 | $8.83 |
| 12/20/2021 | $13.92 | 1/20/2022 | $10.51 | N/A | N/A |
| 12/21/2021 | $13.69 | 1/21/2022 | $10.36 | N/A | N/A |

**Calculation of Recognized Loss Under Section 10(b) – Warrants**

40. If a Warrant was: (i) sold or exercised prior to May 18, 2021; (ii) purchased during the period May 18, 2021 through October 13, 2021, inclusive, and sold or exercise prior to October 14, 2021; or (iii) purchased during the period October 14, 2021 through Friday, November 19, 2021, inclusive, and sold or exercised prior to Monday, November 22, 2021, then the Recognized Loss under Section 10(b) for that Warrant is $0.

41. For each Warrant purchased or otherwise acquired during the Settlement Class Period (i.e., March 31, 2021 through November 19, 2021, inclusive), and held through at least one Corrective Disclosure Date, the Recognized Loss per Warrant under Section 10(b) shall be calculated as follows:

42. For each Warrant sold or exercised on or prior to November 19, 2021, the Recognized Loss per Warrant is equal to the price inflation on the date of purchase/acquisition as provided in Table 1 above *minus* the price inflation on the date of sale/exercise as provided in Table 1 above.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SUZANNE POIRIER, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> BAKKT HOLDINGS, INC. f/k/a VPC IMPACT ACQUISITION HOLDINGS, JOHN MARTIN, OLIBIA STAMATOGLOU, GORDON WATSON, KAI SCHMITZ, and KURT SUMMERS, <br><br> Defendants. | Case No. 1:22-cv-02283-EK-PK <br><br><br><br> PROOF OF CLAIM AND RELEASE |

**PART I – INTRODUCTION**

**A.  General Instructions**

1.    To recover as a member of the Settlement Class based on your claims in the action entitled *Poirier v. Bakkt Holdings, Inc., et al.*, Case No. 1:22-cv-02283-EK-PK (the "Action"), you must complete, and on page 4 (and page 8, if applicable), sign this Proof of Claim and Release ("Claim Form").  If you fail to submit a properly addressed (as set forth in paragraph 3 below) Claim Form, postmarked or received by the date shown below, your claim may be rejected and you may be precluded from any recovery from the Net Settlement Fund created in connection with the proposed settlement of the Action (the "Settlement").[1]

2.    Submission of this Claim Form, however, does not assure that you will share in the proceeds of settlement in the Action.

3.    YOU MUST MAIL OR SUBMIT ONLINE YOUR COMPLETED AND SIGNED CLAIM FORM, ACCOMPANIED BY COPIES OF THE DOCUMENTS REQUESTED HEREIN, ON OR BEFORE JANUARY 9, 2024, TO THE COURT-APPOINTED CLAIMS ADMINISTRATOR AT THE FOLLOWING ADDRESS:

*Bakkt Securities Settlement*
c/o A.B. Data, Ltd.
P.O. Box 173027
Milwaukee, WI 53217

Online submissions: www.BakktSecuritiesSettlement.com

If you are NOT a member of the Settlement Class, as defined below and in the Notice of (i) Proposed Settlement, (ii) Motion for an Award of Attorneys' Fees and Litigation Expenses, and (iii) Settlement Fairness Hearing (the "Notice"), DO NOT submit a Claim Form.

4.    If you are a member of the Settlement Class and you do not timely and validly request exclusion from the Settlement Class, you are bound by the terms of any judgment entered in the Action, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A CLAIM FORM.

5.    It is important that you read the Notice that accompanies this Claim Form, including the Plan of Allocation of the Net Settlement Fund set forth in the Notice. The Notice describes the proposed Settlement, how Settlement Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court.  The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form.  By signing and submitting this Claim Form, you will be certifying that you have read the Notice, including the terms of the releases described in the Notice and provided for in the Settlement.

---

[1] This Proof of Claim and Release incorporates the definitions in the Stipulation and Agreement of Settlement (the "Stipulation"), which can be obtained at www.BakktSecuritiesSettlement.com.

**B.    Claimant Identification**

1.    You are a member of the Settlement Class if you purchased or otherwise acquired publicly traded common stock of Bakkt Holdings, Inc. ("Bakkt") f/k/a VPC Impact Acquisition Holdings ("VIH") or warrants issued by VIH and/or Bakkt to purchase shares of common stock of VIH and/or Bakkt, respectively, including shares or warrants registered by the Registration Statement on Form S-1 filed by VIH with the U.S. Securities Exchange Commission on March 31, 2021 and declared effective (as amended) as of September 17, 2021, during the period from time from March 31, 2021 through November 19, 2021, both dates inclusive.  Excluded from the Settlement Class are: (i) Defendants; (ii) current and former officers and directors of Bakkt; (iii) members of the Immediate Family of each of the Individual Defendants; (iv) all subsidiaries and affiliates of Bakkt and the directors and officers of Bakkt and their respective subsidiaries or affiliates; (v) all persons, firms, trusts, corporations, officers, directors, and any other individual or entity in which any Defendant has a controlling interest, provided, however, that any "Investment Vehicle" shall not be excluded from the Settlement Class; and (vi) the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of all such excluded parties; and (vii) any persons or entities who properly exclude themselves by filing a valid and timely request for exclusion.

2.     If you purchased or otherwise acquired and held Bakkt Securities in your name, you are the beneficial purchaser or acquirer as well as the record purchaser or acquirer.  If, however, you purchased or otherwise acquired Bakkt Securities that were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser or acquirer and the third party is the record purchaser or acquirer.

3.    Use Part II of this form entitled "Claimant Identification" to identify the beneficial owner(s) of Bakkt Securities.  The complete name(s) of the beneficial owner(s) must be entered.  If you held the eligible Bakkt Securities in your own name, you are the beneficial owner as well as the record owner.  If, however, your shares of eligible Bakkt Securities were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner of these shares, but the third party is the record owner.  THIS CLAIM MUST BE SUBMITTED AND SIGNED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR ACQUIRER(S), OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OR ACQUIRER(S), OF THE BAKKT SECURITIES UPON WHICH THIS CLAIM IS BASED.

4.    All joint purchasers must sign this Claim Form and be identified in Part II.  The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim.  Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

5.    **One Claim Form should be submitted for each separate legal entity.**  A separate Claim Form should be submitted for each separate legal entity (*e.g.*, a claim for joint owners should not include separate transactions of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made solely in the individual's name).  Conversely, a single Claim Form should be submitted on behalf of one legal entity including all transactions made by that entity, no matter how many separate accounts that entity has (*e.g.*, a corporation with multiple brokerage accounts should include all transactions made in all accounts on one Claim Form).

6.    Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons or entities represented by them, and they must:

    (a)    expressly state the capacity in which they are acting;

    (b)    identify the name, account number, Social Security number (or taxpayer identification number), address, and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the Bakkt Securities; and

    (c)    provide evidence of their authority to bind the person or entity on whose behalf they are acting.  Such evidence would include, for example, letters testamentary, letters of administration, or a copy of trust documents.  (Authority to complete and sign a Claim Form cannot be established by a stockbroker demonstrating only that it has discretionary authority to trade securities in another person or entity's accounts.)

7.    By submitting a signed Claim Form, you will be swearing that you:

    (a)    own or owned the Bakkt Securities you have listed in the Claim Form; or

    (b)    are expressly authorized to act on behalf of the owner thereof.

**C.    Transactions in Bakkt Securities**

1.    Use Part III of this form entitled "Schedule of Transactions in Bakkt Securities" to supply all required details of your transaction(s) in Bakkt Securities.  If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form.  Sign and print or type your name on each additional sheet.

2.    On the schedules, provide all of the requested information with respect to all of your purchases, acquisitions, and sales of Bakkt Securities that took place at any time from March 31, 2021 through February 17, 2022, both dates inclusive, including whether such transactions resulted in a profit or a loss.  Failure to report all such transactions may result in the rejection of your claim.  Also, list the number of Bakkt Securities held as of the opening of trading on March 31, 2021, and as of the close of trading February 17, 2022.

3.    List each of the transactions separately and in chronological order, by trade date, beginning with the earliest.  You must accurately provide the month, day, and year of each transaction you list.

4.    For short-sale transactions, the date of covering a "short sale" is deemed to be the date of purchase of Bakkt Securities, and the date of a "short sale" is deemed to be the date of sale of Bakkt Securities.

5.    You are required to submit genuine and sufficient documentation for all of your transactions in and holdings of Bakkt Securities set forth in the Claim Form.  Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement.  The Parties and the Claims Administrator do not independently have information about your investments in Bakkt Securities.  IF THESE DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OF THE DOCUMENTS OR EQUIVALENT DOCUMENTS FROM YOUR BROKER. FAILURE TO SUPPLY THIS DOCUMENTATION COULD DELAY VERIFICATION OF YOUR CLAIM OR RESULT IN THE REJECTION OF YOUR CLAIM. DO NOT SEND ORIGINAL DOCUMENTS.  **Please keep a copy of all documents that you send to the Claims Administrator. Also, do not highlight any portion of the Claim Form or any supporting documents**.

6.    The requests in this Claim Form are designed to gather the minimum amount of information necessary to process the simplest claims.  The Claims Administrator may request additional information as required to efficiently and reliably process your claim.

7.    If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be made after any appeals are resolved, and after the completion of all claims processing.  The claims process will take substantial time to complete fully and fairly.  Please be patient.

8.    **PLEASE NOTE:**  As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her or its *pro rata* share of the Net Settlement Fund.  If the prorated payment to any Authorized Claimant calculates to less than $10, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

9.    If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Notice, you may contact the Claims Administrator, Bakkt Securities Settlement c/o A.B. Data, Ltd., at the address on the first page of the Claim Form, by email at info@BakktSecuritiesSettlement.com, or by toll-free phone at (877) 390-3468, or you can visit the website, www.BakktSecuritiesSettlement.com, where copies of the Claim Form and Notice are available for downloading.

10.   NOTICE REGARDING ELECTRONIC FILES:  Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  (This is different than submitting a claim online using the Settlement website.)  All such claimants MUST also submit a manually signed paper Claim Form whether or not they also submit electronic copies.  To obtain the *mandatory* electronic filing requirements and file layout, please visit the Settlement website at www.BakktSecuritiesSettlement.com or you may email the Claims Administrator's electronic filing department at efiling@abdata.com. **Any file not in accordance with the required electronic filing format will be subject to rejection.**  Only one claim should be submitted for each separate legal entity (*see* ¶B.4 above) and the *complete* name of the beneficial owner(s) of the Bakkt Securities must be entered where called for (*see* ¶B.2 above).  No electronic files will be considered to have been properly submitted unless the Claims Administrator issues an email indicating receipt and acceptance of electronically submitted data.  **Do not assume that your file has been received until you receive this email.  If you do not receive such an email within 10 days of your submission, you should contact the Claims Administrator's electronic filing department at efiling@abdata.com to inquire about your file and confirm it was received.**

**IMPORTANT:  PLEASE NOTE**

**YOUR CLAIM IS NOT DEEMED SUBMITTED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD OR EMAIL.  THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM WITHIN 60 DAYS.   IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT WITHIN 60 DAYS, CALL THE CLAIMS ADMINISTRATOR TOLL FREE AT (877) 390-3468.**

**PART II – CLAIMANT IDENTIFICATION**

Beneficial Owner's Name (First, Middle, Last)

Joint Beneficial Owner's Name (if applicable) (First, Middle, Last)

Name of Representative, if applicable (executor, administrator, trustee, c/o, etc.), if different from Beneficial Owner

Street Address

Address 2 (apartment, unit, or box number)

City                                                State or Province

Zip Code or Postal Code                             Country

Social Security Number or Taxpayer Identification Number

Telephone Number (home/cell)                        Telephone Number (work)

Email Address

Record Owner's Name (if different from beneficial owner listed above)

Claimant Account Type (check appropriate box):

❑ Individual (includes joint owner accounts)        ❑ Pension Plan
❑ Corporation                                       ❑ Estate
❑ IRA/401k                                          ❑ Trust
❑ Other (please specify): _____

### PART III – SCHEDULE OF TRANSACTIONS IN BAKKT SECURITIES

**COMMON STOCK:**

Please be sure to include proper documentation with your Claim Form as described in detail in ¶C.3 of the Instructions.  Do not include information regarding securities other than Bakkt Securities.

A. Number of shares of Bakkt common stock held at the opening of trading on March 31, 2021.  (Must be documented.) If none, write "zero": _____

B. Purchases or acquisitions of Bakkt common stock from March 31, 2021 through February 17, 2022, both dates inclusive. (Must be documented.):

| Date of Purchase/ Acquisition (Trade Date) Mo. / Day / Year | Number of Shares Purchased or Acquired | Purchase / Acquisition Price Per Share | Total Purchase or Acquisition Price (excluding any taxes, commissions, and fees) |
|---|---|---|---|
| /  / | | $ | $ |
| /  / | | $ | $ |
| /  / | | $ | $ |
| /  / | | $ | $ |
| /  / | | $ | $ |

IMPORTANT:  If any purchase listed covered a "short sale," please mark Yes:  ☐ Yes

C. Purchases for Section 11 Recognized Loss Calculations – State the total number of shares of Bakkt common stock purchased from February 18, 2022 through and including April 20, 2022. [2] _____.

D. Sales of Bakkt common stock from March 31, 2021 through April 20, 2022, both dates inclusive. (Must be documented.):

| Date of Sale (Trade Date) Mo. / Day / Year | Number of Shares Sold | Sale Price Per Share | Total Sales Price (not deducting any taxes, commissions, and fees) |
|---|---|---|---|
| /  / | | $ | $ |
| /  / | | $ | $ |
| /  / | | $ | $ |
| /  / | | $ | $ |
| /  / | | $ | $ |

E. Number of shares of Bakkt common stock held at the close of trading on April 20, 2022.  (Must be documented.) If none, write "zero": _____.

If you require additional space, attach extra schedules in the same format as above.  Sign and print your name on each additional page.

---

[2] Information requested in this Claim Form with respect to your transactions on November 22, 2021 through and including the close of trading on April 20, 2022, is needed only in order for the Claims Administrator to confirm that you have reported all relevant transactions. Purchases during this period, however, are not eligible for a recovery because these purchases are outside the Class Period and will not be used for purposes of calculating your Recognized Claim pursuant to the Plan of Allocation.

**WARRANTS:**

Please be sure to include proper documentation with your Claim Form as described in detail in ¶C.3 of the Instructions. Do not include information regarding securities other than Bakkt Securities.

A. State the total number of Bakkt Warrants held at the opening of the U.S. financial markets on March 31, 2021, (Must be documented.) If none, write "zero": _____

B. Separately list each and every purchase of Bakkt Warrants during the period from March 31, 2021 through February 17, 2022, both dates inclusive, and provide the following (Must be documented.):

| Date of Purchase/ Acquisition (Trade Date) Mo. / Day / Year | Ticker Symbol (VIWAH or BKKT.WS) | Number of Warrants Purchased | Price Per Warrant (excluding commissions, taxes, and other fees) | Total Purchase Price (excluding commissions, taxes, and other fees | Exercised? (Y/N) | Exercise Date (MM/DD/YY) |
|---|---|---|---|---|---|---|
| /    / | | | $ | $ | | /    / |
| /    / | | | $ | $ | | /    / |
| /    / | | | $ | $ | | /    / |
| /    / | | | $ | $ | | /    / |
| /    / | | | $ | $ | | /    / |

C. Purchases for Section 11 Recognized Loss Calculations – State the total number of Bakkt Warrants purchased from February 18, 2022 through and including April 20, 2022 [3]._____.

D. Separately list each and every sale of Bakkt Warrants during the period from March 31, 2021 through April 20, 2022, both dates inclusive, and provide the following information. (Must be documented.):

| Date of Sale (Trade Date) Mo. / Day / Year | Ticker Symbol (VIWAH or BKKT.WS) | Number of Warrants Sold | Price Per Warrant (excluding commissions, taxes, and other fees | Total Sale Price (excluding commissions, taxes, and other fees) |
|---|---|---|---|---|
| /    / | | | $ | $ |
| /    / | | | $ | $ |
| /    / | | | $ | $ |
| /    / | | | $ | $ |
| /    / | | | $ | $ |

E. State the total number of Bakkt Warrants held at the close of the U.S. financial markets on April 20, 2022, (Must be documented.) If none, write "zero": _____.

If you require additional space, attach extra schedules in the same format as above. Sign and print your name on each additional page.

---

[3] Information requested in this Claim Form with respect to your transactions on November 22, 2021 through and including the close of trading on April 20, 2022, is needed only in order for the Claims Administrator to confirm that you have reported all relevant transactions. Purchases during this period, however, are not eligible for a recovery because these purchases are outside the Class Period and will not be used for purposes of calculating your Recognized Claim pursuant to the Plan of Allocation.

**YOU MUST READ AND SIGN THE RELEASE BELOW.**
**FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**

## PART IV – SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

I (We) submit this Claim Form under the terms of the Stipulation and Agreement of Settlement dated April 12, 2023 ("Stipulation") described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the Eastern District of New York, with respect to my (our) claim as a Settlement Class Member (as defined in the Notice) and for purposes of enforcing the release set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Litigation. I (We) agree to furnish additional information to Lead Counsel and/or the Claims Administrator to support this claim if required to do so. I (We) have not submitted any other claim covering the same purchases, acquisitions, or sales of Bakkt Securities during the Class Period and know of no other person or entity having done so on my (our) behalf.

## PART V – RELEASE

1. I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally and forever settle, release, relinquish and discharge all of the Released Plaintiffs' Claims (including Unknown Claims) against each and all of the Defendants' Releasees (including all Defendants), all as defined herein and in the Notice and Stipulation.

2. This release shall be of no force or effect unless and until the Court approves the Stipulation and it becomes effective on the Effective Date.

3. I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof and have not submitted any other claim covering the same purchases of Bakkt Securities and know of no other person or entity having done so on my (our) behalf.

4. I (We) hereby warrant and represent that I (we) have included all requested information about all of my (our) holdings of Bakkt Securities on the dates set forth above and my (our) purchases, acquisitions, and sales of Bakkt Securities during the time periods set forth above.

5. The Social Security (or taxpayer identification) number(s) shown on this form is (are) correct.

6. I (We) waive the right to trial by jury, to the extent it exists, and agree to the determination by the Court of the validity or amount of this claim, and waive any right of appeal or review with respect to such determination.

7. I (We) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code.

   (NOTE: If you have been notified by the Internal Revenue Service that you are subject to backup withholding, you must cross out Item 7 above.)

8. I (We) declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

Executed this \_\_\_\_ day of _____, 2023,
                         (Month/Year)

in _____, _____
           (City)                                    (State/Country)

_____
(Sign your name here)

_____
(Type or print your name here)

_____
(Capacity of person(s) signing, *e.g.*, Beneficial Purchaser or Acquirer, Executor or Administrator)

For Joint Beneficial Purchaser, if any:

_____
(Sign your name here)

_____
(Type or print your name here)

ACCURATE CLAIMS PROCESSING TAKES A
SIGNIFICANT AMOUNT OF TIME.
THANK YOU FOR YOUR PATIENCE.

Reminder Checklist:

1.  Please sign the above release and acknowledgment.

2.  Remember to attach copies of supporting documentation.

3.  Do not send originals of stock certificates or other documentation as they will not be returned to you.

4.  Keep a copy of your Claim Form and all supporting documentation for your records.

5.  Your claim is not deemed submitted until you receive an acknowledgement postcard. The Claims Administrator will acknowledge receipt of your Claim Form within 60 days. **If you do not receive an acknowledgement postcard or email within 60 days, please call the Claims Administrator toll free at (877) 390-3468.**

6.  If you move, please send your new address to the address below.

7.  Do not use highlighter on the Claim Form or supporting documentation.

8.  If you have any questions or concerns regarding your claim, contact the Claims Administrator at *Bakkt Securities* Settlement c/o A.B. Data, by email at info@BakktSecuritiesSettlement.com, or by toll-free phone at (877) 390-3468, or you may visit www.BakktSecuritiesSettlement.com. DO NOT call the Court, Bakkt, the other Defendants, or their counsel with questions regarding your claim.

i.  For each Warrant sold or exercised during the period November 20, 2021 through February 17, 2022, inclusive (i.e., sold during the 90-Day Lookback Period), the Recognized Loss per Warrant is *the lesser of*:

a.  the price inflation on the date of purchase/acquisition as provided in Table 1 above; or

b.  the purchase price *minus* the "90-Day Lookback Value" on the date of sale/exercise, which is provided in Table 3 below.

ii.  For each Warrant still held as of the close of trading on February 17, 2022, the Recognized Loss per Warrant is *the lesser of*:

a.  the price inflation on the date of purchase/acquisition as provided in Table 1 above; or

b.  the purchase price *minus* the average closing price for the Warrant during the 90-Day Lookback Period, which is $2.87.

| | | | | Table 3 | |
| | | Warrants 90-Day Lookback Values | | | |

| Sale/ Disposition Date | 90-Day Lookback Value | Sale/ Disposition Date | 90-Day Lookback Value | Sale/ Disposition Date | 90-Day Lookback Value |
|---|---|---|---|---|---|
| 11/22/2021 | $6.15 | 12/22/2021 | $4.43 | 1/24/2022 | $3.29 |
| 11/23/2021 | $6.01 | 12/23/2021 | $4.37 | 1/25/2022 | $3.25 |
| 11/24/2021 | $6.00 | 12/27/2021 | $4.33 | 1/26/2022 | $3.21 |
| 11/26/2021 | $5.84 | 12/28/2021 | $4.26 | 1/27/2022 | $3.17 |
| 11/29/2021 | $5.69 | 12/29/2021 | $4.19 | 1/28/2022 | $3.13 |
| 11/30/2021 | $5.55 | 12/30/2021 | $4.13 | 1/31/2022 | $3.10 |
| 12/1/2021 | $5.32 | 12/31/2021 | $4.07 | 2/1/2022 | $3.07 |
| 12/2/2021 | $5.19 | 1/3/2022 | $4.02 | 2/2/2022 | $3.04 |
| 12/3/2021 | $5.05 | 1/4/2022 | $3.97 | 2/3/2022 | $3.01 |
| 12/6/2021 | $4.90 | 1/5/2022 | $3.92 | 2/4/2022 | $2.98 |
| 12/7/2021 | $4.80 | 1/6/2022 | $3.86 | 2/7/2022 | $2.96 |
| 12/8/2021 | $4.95 | 1/7/2022 | $3.81 | 2/8/2022 | $2.94 |
| 12/9/2021 | $5.03 | 1/10/2022 | $3.75 | 2/9/2022 | $2.93 |
| 12/10/2021 | $5.01 | 1/11/2022 | $3.70 | 2/10/2022 | $2.92 |
| 12/13/2021 | $4.95 | 1/12/2022 | $3.66 | 2/11/2022 | $2.91 |
| 12/14/2021 | $4.89 | 1/13/2022 | $3.61 | 2/14/2022 | $2.90 |
| 12/15/2021 | $4.85 | 1/14/2022 | $3.55 | 2/15/2022 | $2.90 |
| 12/16/2021 | $4.73 | 1/18/2022 | $3.50 | 2/16/2022 | $2.89 |
| 12/17/2021 | $4.64 | 1/19/2022 | $3.44 | 2/17/2022 | $2.87 |
| 12/20/2021 | $4.56 | 1/20/2022 | $3.39 | N/A | N/A |
| 12/21/2021 | $4.50 | 1/21/2022 | $3.34 | N/A | N/A |

### Calculation of Recognized Loss Under Section 11 – Common Stock

43.  For each share of Common Stock purchased or otherwise acquired pursuant or traceable to the Registration Statement, the Recognized Loss per share under the Section 11 shall be calculated as follows:

i.  For each share that was sold prior to November 22, 2021, the Recognized Loss per share is $0.

ii.  For each share that was sold during the period November 22, 2021 through April 20, 2022, inclusive, the Recognized Loss per share is *the lesser of*:

a.  the purchase price (not to exceed $10) *minus* the sale price; or

b.  $1.36.

iii.    For each share that was still held as of April 21, 2022,[7] the Recognized Loss per share is *the lesser of*:

    a.    the purchase price (not to exceed $10) *minus* $4.50; or

    b.    $1.36.

### Calculation of Recognized Loss Under Section 11 – Warrants

44.    For Warrants purchased or otherwise acquired pursuant or traceable to the Registration Statement, the Recognized Loss per Warrant under the Section 11 shall be calculated as follows:

i.    For each Warrant that was sold or exercised prior to November 22, 2021, the Recognized Loss per Warrant is $0.

ii.    For each Warrant that was sold during the period November 22, 2021 through April 20, 2022, inclusive, the Recognized Loss per Warrant is *the lesser of*:

    a.    the purchase price (not to exceed $1.66) *minus* the sale price; or

    b.    $1.53.

iii.    For each Warrant that was exercised during the period November 22, 2021 through April 20, 2022, inclusive, the Recognized Loss per Warrant is *the lesser of*:

    a.    the purchase price (not to exceed $1.66) *minus* the closing price of the Warrant on the date of exercise; or

    b.    $1.53.

iv.    For each Warrant that was still held as of April 21, 2022, the Recognized Loss per Warrant is the purchase price (not to exceed $1.66) *minus* $1.51.[8]

### INSTRUCTIONS APPLICABLE TO ALL CLAIMANTS

45.    The payment you receive will reflect your proportionate share of the Net Settlement Fund. Such payment will depend on the number of eligible shares of Common Stock and Warrants that participate in the Settlement, and when the Common Stock and Warrants were purchased and sold, or exercised in the case of Warrants. The number of claimants who send in claims varies widely from case to case.

46.    A purchase or sale of Common Stock or Warrants, or exercise of Warrants, shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.

47.    Acquisition by Gift, Inheritance, or Operation of Law: If a Settlement Class Member acquired Common Stock and/or Warrants during the Settlement Class Period by way of gift, inheritance or operation of law, such a claim will be computed by using the date and price of the original purchase and not the date and price of transfer. To the extent that Common Stock or Warrants were originally purchased prior to commencement of the Settlement Class Period, the Recognized Loss for that acquisition shall be deemed to be zero ($0.00).

48.    Notwithstanding any of the above, receipt of Common Stock or Warrants during the Settlement Class Period in exchange for securities of any other corporation or entity shall not be deemed a purchase or sale of Common Stock or Warrants.

49.    The first-in-first-out ("FIFO") basis will be applied to purchases and sales. Sales will be matched in chronological order, by trade date, first against Common Stock and Warrants held as of the close of trading on March 30, 2021 (the day before the Settlement Class Period begins) and then against the purchases of the respective security during the Settlement Class Period.

50.    The date of covering a "short sale" is deemed to be the date of purchase of Common Stock. The date of a "short sale" is deemed to be the date of sale of Common Stock. In accordance with the Plan of Allocation, however, the Recognized Loss on "short sales" is zero. In the event that a claimant has an opening short position in Common Stock, the earliest Settlement Class Period purchases shall be matched against such opening short position and not be entitled to a recovery until that short position is fully covered.

51.    Option contracts are not securities eligible to participate in the Settlement. With respect to Common Stock purchased through the exercise of an option, the purchase date of the Common Stock shall be the exercise date of the option, and the purchase price of the Common Stock shall be the closing price of the Common Stock on the date of exercise. Any Recognized Loss arising from purchases of Common Stock acquired during the Settlement Class Period through the exercise of an option on Common Stock shall be computed as provided for other purchases of Common Stock in the Plan of Allocation.

52.    With respect to Common Stock purchased through the exercise of a Warrant, the purchase date of the Common Stock shall be the exercise date of the option, and the purchase price of the Common Stock shall be the closing price of the Common Stock on the

---

[7]    April 21, 2022 is the date of the first complaint filed in this action that asserts a claim under the Securities Act. The closing price of the Common Stock that day was $4.50.

[8]    The closing price of the Warrants on April 21, 2022 was $1.51.

date of exercise. Any Recognized Loss arising from purchases of Common Stock acquired during the Settlement Class Period through the exercise of a Warrant shall be computed as provided for other purchases of Common Stock in the Plan of Allocation.

53.  Payment according to the Plan of Allocation will be deemed conclusive against all Authorized Claimants.  A Claimant's "Recognized Claim" under the Plan of Allocation shall be the sum of his, her or its Recognized Loss Amounts. The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis based on the relative size of their Recognized Claims. Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which shall be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund. No distribution will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

54.  Settlement Class Members who do not submit acceptable Proofs of Claim will not share in the Settlement proceeds. The Settlement Stipulation and the Order and Final Judgment dismissing this Action will nevertheless bind Settlement Class Members who do not submit a request for exclusion or submit an acceptable Proof of Claim.

55.  Please contact the Claims Administrator or Lead Counsel if you disagree with any determinations made by the Claims Administrator regarding your Proof of Claim. If you are unsatisfied with the determinations, you may ask the Court, which retains jurisdiction over all Settlement Class Members and the claims-administration process, to decide the issue by submitting a written request.

56.  Defendants, their respective counsel, and all other Released Parties will have no responsibility or liability whatsoever for the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation, or the payment of any claim. Plaintiffs and Lead Counsel likewise will have no liability for their reasonable efforts to execute, administer, and distribute the Settlement.

57.  Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement. If any funds remain in the Net Settlement Fund by reason of uncashed distribution checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Settlement Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distributions, any balance remaining in the Net Settlement Fund after at least six (6) months after the initial distribution of such funds will be used in the following fashion: (a) first, to pay any amounts mistakenly omitted from the initial disbursement; (b) second, to pay any additional settlement administration fees, costs, and expenses, including those of Lead Counsel as may be approved by the Court; and (c) finally, to make a second distribution to claimants who cashed their checks from the initial distribution and who would receive at least $10.00, after payment of the estimated costs, expenses, or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible. These redistributions shall be repeated, if economically feasible, until the balance remaining in the Net Settlement Fund is *de minimis* and such remaining balance will then be distributed to a non-sectarian, not-for-profit organization identified by Lead Counsel and approved by the Court.

## WHAT RIGHTS AM I GIVING UP BY AGREEING TO THE SETTLEMENT?

58.  If the Settlement is approved, the Court will enter a judgment (the "Judgment").  Upon the Effective Date of the Settlement, the Judgment will dismiss with prejudice the claims against Defendants and will provide that Plaintiffs and all other Plaintiffs' Releasees (as defined in ¶59 below) and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, trustees, legal representatives, attorneys, agents, predecessors, successors and assigns in their capacities as such, and on behalf of any other person or entity legally entitled to bring Released Plaintiffs' Claims on behalf of any Settlement Class Member, shall be deemed to have, and by operation of law and of the Judgment or Alternative Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed with prejudice each and every one of the Released Plaintiffs' Claims (as defined in ¶60 below), including, without limitation, Unknown Claims (as defined in ¶62 below), against any and all Defendants' Releasees (as defined in ¶58 below) and shall forever be barred and enjoined, to the fullest extent permitted by law, from commencing, instituting, maintaining, prosecuting or continuing to prosecute any or all of the Released Plaintiffs' Claims against any of Defendants' Releasees, in this Action or in any other proceeding, whether or not they execute and deliver the Claim Form or share in the Settlement Fund.  Claims to enforce the terms of the Settlement are not released.

59.  "Defendants' Releasees" means each of the Defendants and any and all other defendants named in any of the complaints filed in the Action, and any and all of their respective related parties in any forum, including, without limitation, any and all of their respective current or former parents, subsidiaries, affiliates, predecessors, successors, divisions, investment funds, joint ventures, and general or limited partnerships, VPC Impact Acquisition Holdings Sponsor, LLC, Victory Park Capital Advisors, LLC, any fund, account, co-investment arrangement or other investment vehicle managed, advised, administered, arranged, sponsored or serviced by Victory Park Capital Advisors, LLC or any of its affiliates, and each of the foregoing's respective current or former officers, directors, trustees, partners, members, managers, equity holders, investment managers, contractors, auditors, principals, agents, managing agents, employees, representatives, associates, attorneys, accountants, investment bankers, underwriters, insurers in their capacities as such, as well as each of the Individual Defendants' Immediate Family, heirs, executors, personal or legal representatives, estates, beneficiaries, predecessors, successors and assigns.

60.  "Plaintiffs' Releasees" means Plaintiffs, the Settlement Class, and any and all of their related parties, in their capacities as such, including, without limitation, any and all of their past or present parents, subsidiaries, affiliates, predecessors, or successors, as

well as any and all of their current or former officers, directors, employees, associates, members of their immediate families, agents or other persons acting on their behalf, underwriters, attorneys (including Plaintiffs' Counsel), advisors, financial advisors, publicists, independent certified public accountants, auditors, accountants, assigns, creditors, administrators, heirs, estates, or legal representatives and Plaintiffs' Counsel and their respective successors, assigns, representatives, officers, directors, attorneys and agents.  Plaintiffs' Releasees does not include any person or entity that timely and validly seeks exclusion from the Settlement Class.

61.    "Released Plaintiffs' Claims" means any and all claims, including both known and Unknown Claims, debts, disputes, duties, demands, rights, actions or causes of action, liabilities, damages, losses, obligations, debts, sums of money due, judgments, suits, contracts, agreements, promises, amounts, matters, issues, and charges of any kind whatsoever (including, but not limited to, any claims for interest, attorneys' fees, or expert fees, consulting fees, and any other costs, expenses, amounts, or liabilities whatsoever), whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, matured or unmatured, foreseen or unforeseen, whether individual or class in nature, whether arising under federal or state statutory or common law or any other law, rule, or regulation, whether foreign or domestic, in law, in contract, or in equity, and regardless of legal theory, and including claims for indemnification, contribution, or otherwise denominated, that have been asserted, could have been asserted, or could be asserted in the future, that (i) arise out of, or relate in any way to, or are based upon, the allegations, transactions, acts, facts, events, matters, occurrences, representations or omissions involved, set forth, alleged or referred to in the Amended Complaint or in the prior complaint and (ii) in any way are based upon or related to, directly or indirectly, the purchase, acquisition, or sale or other acquisition or disposition, or holding of Bakkt Securities during the Class Period.  "Released Plaintiffs' Claims" do not cover, include, or release any of the following claims:  (i) enforcement of this Stipulation are; (ii) claims asserted in any derivative or ERISA or ERISA action based on similar allegations; or (iii) claims of any person or entity who or which properly and timely submits a request for exclusion that is accepted by the Court.

62.    "Released Defendants' Claims" means any and all claims, rights and causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages and liabilities, including both known claims and Unknown Claims, whether contingent or non-contingent, or suspected or unsuspected, including any claims arising under federal or state statutory or common law or any other law, rule or regulation, whether foreign or domestic, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against all Defendants. "Released Defendants' Claims" does not include (i) any claims relating to the enforcement of the Settlement or (ii) any claims against any person or entity who submits a request for exclusion from the Settlement Class that is accepted by the Court.

63.    "Unknown Claims" means (i) any Released Plaintiffs' Claims which any Plaintiff or any other Settlement Class Member, and their respective heirs, executors, administrators, attorneys, agents, predecessors, successors and assigns in their capacities as such, does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and (ii) any Released Defendants' Claims which any Defendant, and their respective heirs, executors, administrators, attorneys, agents, predecessors, successors and assigns in their capacities as such, does not know or suspect to exist in his, her, or its favor at the time of the release of such claims.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Plaintiffs and Defendants shall expressly waive, and each of the Settlement Class Members shall be deemed to have waived, and by operation of the Judgment or the Alternative Judgment, if applicable, shall have, to the fullest extent permitted by law, expressly waived and relinquished, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

The Parties and Settlement Class Members acknowledge, and shall be deemed by operation of law to have acknowledged, that they may hereafter discover facts, legal theories, or authorities in addition to or different from those which he or she or it or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims, but, upon the Effective Date, Plaintiffs and Defendants shall expressly, fully, finally, and forever, settle and release, and each of the other Settlement Class Members shall be deemed to have settled and released, and upon the Effective Date by operation of the Judgment or the Alternative Judgment, if applicable, shall have, settled and released, fully, finally, and forever, any and all Released Claims without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities.  Plaintiffs and Defendants acknowledge, and each of the other Settlement Class Members shall be deemed by operation of the Judgment or the Alternative Judgment, if applicable, to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the Settlement of which this release is a part.

64.    The Judgment also will provide that Defendants' Releasees, on behalf of themselves, and their respective heirs, executors, administrators, trustees, legal representatives, attorneys, agents, predecessors, successors and assigns in their capacities as such, and on behalf of any other person or entity legally entitled to bring Released Defendants' Claims on behalf of Defendants, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Defendants' Claim (including, without limitation, any Unknown Claims) against Plaintiffs' Releasees, and shall forever be barred and enjoined from commencing, instituting, maintaining, prosecuting or

continuing to prosecute any or all of the Released Defendants' Claims against any of Plaintiffs' Releasees, in this Action or in any other proceeding, except for claims relating to the enforcement of the Settlement.

## WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING? HOW WILL THE LAWYERS BE PAID?

65.   Plaintiffs' Counsel have not received any payment for their services in pursuing claims against Defendants on behalf of the Settlement Class, nor have Plaintiffs' Counsel been paid for their expenses.  Before final approval of the Settlement, Co-Lead Counsel intends to apply to the Court for an award of attorneys' fees on behalf of all Plaintiffs' Counsel (Pomerantz LLP and Levi & Korsinsky, LLP) from the Settlement Fund of no more than one-third of the Settlement Amount, plus interest.  At the same time, Co-Lead Counsel also intends to apply for payment from the Settlement Fund for Plaintiffs' Counsel's litigation expenses in a total amount not to exceed $80,000, plus accrued interest.  The Court will determine the amount of the award of fees and expenses.  Co-Lead Counsel may apply for awards to Plaintiffs, in an amount not to exceed $15,000, in connection with their representation of the Settlement Class.  Such sums as may be approved by the Court will be paid from the Settlement Fund.  Settlement Class Members are not personally liable for any such fees or expenses.

## HOW DO I PARTICIPATE IN THE SETTLEMENT? WHAT DO I NEED TO DO?

66.   If you fall within the definition of the Settlement Class as described above, and you are not excluded by the definition of the Settlement Class and you do not elect to exclude yourself from the Settlement Class, then you are a Settlement Class Member, and you will be bound by the proposed Settlement if the Court approves it, and by any judgment or determination of the Court affecting the Settlement Class.

67.   If you are a Settlement Class Member, you must submit a Claim Form and supporting documentation to establish your potential entitlement to share in the proceeds of the Settlement.  A Claim Form is included with this Notice, or you may go to the website maintained by the Claims Administrator for the Settlement to request that a Claim Form be mailed to you or to submit a claim electronically.  The website is www.BakktSecuritiesSettlement.com.  You may also request a Claim Form by calling toll-free (877) 390-3468.  Those who exclude themselves from the Settlement Class, and those who do not submit timely and valid Claim Forms with adequate supporting documentation, will not be entitled to share in the proceeds of the Settlement unless otherwise ordered by the Court.  Please retain all original records of your ownership of, or transactions in, Bakkt Securities, as they may be needed to document your claim.

68.   As a Settlement Class Member, for purposes of the Settlement, you are represented by Plaintiffs, and Co-Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense.  You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf with the Court so that the notice is received **on or before February 6, 2024**.

69.   If you do not wish to remain a Settlement Class Member, you may exclude yourself from the Settlement Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Part Of The Settlement?  How Do I Exclude Myself?" below.  If you exclude yourself from the Settlement Class, you will not be eligible to receive any benefit from the Settlement and you should not submit a Claim Form but you will retain the right to be a part of any other lawsuit against any of the Defendants' Releasees (as defined in ¶58 above) with respect to any of the Released Plaintiffs' Claims (as defined in ¶60 above).

70.   If you wish to object to the Settlement or any of its terms, the proposed Plan of Allocation, or Co-Lead Counsel's application for attorneys' fees and litigation expenses, and if you do not exclude yourself from the Settlement Class, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?" below.  If you exclude yourself from the Settlement Class, you are not entitled to submit an objection.

## WHAT IF I DO NOT WANT TO BE A PART OF THE SETTLEMENT? HOW DO I EXCLUDE MYSELF?

71.   Each Settlement Class Member will be bound by all determinations and judgments in the Action concerning the Settlement, whether favorable or unfavorable, unless such person or entity mails, by first-class mail (or its equivalent outside the U.S.), or otherwise delivers a written request for exclusion from the Settlement Class, addressed to *Bakkt Securities Settlement*, ATTN: EXCLUSION REQUEST, c/o A.B. Data, Ltd. P.O Box 173001, Milwaukee, WI 53217.  The exclusion request must be ***received* no later than February 6, 2024**.  Each request for exclusion must clearly indicate the name, address and telephone number of the person or entity seeking exclusion, that the sender requests to be excluded from the Settlement Class in Poirier v. Bakkt Holdings, Inc., et al., Case No. 1:22-cv-02283-EK-PK, and must be signed by such person or entity.  Such persons or entities requesting exclusion are also directed to provide the following information: the number of shares of Bakkt Securities that the person or entity requesting exclusion (i) owned as of the opening of trading on March 31, 2021 and as of the close of trading on February 17, 2022 and (ii) purchased, acquired and/or sold from March 31, 2021 through February 17, 2022, inclusive, as well as the dates and prices for each such purchase, acquisition and sale.  The request for exclusion shall not be effective unless it provides the required information

and is made within the time stated above, or the exclusion is otherwise accepted by the Court. Should you elect to exclude yourself from the Settlement Class, you should understand that Defendants and the other Defendants' Releasees will have the right to assert any and all defenses they may have to any claims that you may seek to assert, including, without limitation, the defense that any such claims are untimely under applicable statutes of limitations and statutes of repose.

72. If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have, or later file, a pending lawsuit, arbitration, or other proceeding relating to any Released Plaintiffs' Claim against any of the Defendants' Releasees. Excluding yourself from the Settlement Class is the only option that allows you to be part of any other current or future lawsuit against Defendants or any of the other Defendants' Releasees concerning the Released Plaintiffs' Claims. Please note, however, if you decide to exclude yourself from the Settlement Class, you may be time-barred from asserting the claims covered by the Action by a statute of limitations and/or statute of repose.

73. If you ask to be excluded, do not submit a Claim Form because you cannot receive any payment from the Net Settlement Fund. If a person or entity requests to be excluded from the Settlement Class, that person or entity will not receive any benefit provided for in the Stipulation.

74. If the requests for exclusion from the Settlement exceed a certain amount, as set forth in a separate confidential supplemental agreement between Plaintiffs and Defendants (the "Supplemental Agreement"), Bakkt shall have, in its sole discretion, the option to terminate the Settlement in accordance with the procedures set forth in the Supplemental Agreement.

---

**WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?**
**DO I HAVE TO COME TO THE HEARING?**
**MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

---

75. **You can object to or be part of the Settlement without attending the Settlement Fairness Hearing. If you do not wish to object in person to the proposed Settlement, the proposed Plan of Allocation, and/or the application for attorneys' fees and litigation expenses, you do not need to attend the Settlement Fairness Hearing.**

76. The Settlement Fairness Hearing will be held on February 27, 2024, at 11:00 a.m., before the Honorable Eric Komitee, at the United States District Court, Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York 11201, or remotely per details that will be made publicly available on the Settlement website (www.BakktSecuritiesSettlement.com) in advance of the Settlement Fairness Hearing. The Court reserves the right to approve the Settlement or the Plan of Allocation, Co-Lead Counsel's motion for an award of attorneys' fees and expenses, and/or any other matter related to the Settlement at or after the Settlement Fairness Hearing without further notice to the members of the Settlement Class.

77. Any Settlement Class Member who does not request exclusion may object to the Settlement, the Plan of Allocation, or Co-Lead Counsel's request for an award of attorneys' fees and litigation expenses.[9] You can ask the Court to deny approval by filing an objection. You cannot ask the Court to order a different settlement; the Court can only approve or reject the proposed Settlement. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue. If that is what you want to happen, you must object.

78. Any objection to the proposed Settlement must be in writing. All written objections and supporting papers must be submitted to the Court either by mailing them to the Clerk of the Court, United States District Court, Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York 11201, or by filing them in person at any location of the United States District Court for the Eastern District of New York, and **received by the Court or filed on or before February 6, 2024**. Objections must also be served on Lead Counsel and Defendants' Counsel at the following addresses:

| | | |
|---|---|---|
| Jeremy Lieberman, Esq.<br>POMERANTZ LLP<br>600 Third Avenue, 20th Floor<br>New York, NY 10016<br>(212) 661-1100<br>jalieberman@pomlaw.com | Adam M. Apton, Esq.<br>LEVI & KORSINSKY, LLP<br>33 Whitehall Street, 17th Floor<br>New York, NY 10004<br>(212) 363-7500<br>aapton@zlk.com | Jesse Bernstein<br>QUINN EMANUEL URQUHART &<br>SULLIVAN, LLP<br>51 Madison Avenue, 22nd Floor<br>New York, NY 10010<br>(212) 849-7000<br>jessebernstein@quinnemanuel.com |

79. Any objections, filings, and other submissions by the objector must: (a) identify the case name and docket number, (*Poirier v. Bakkt Holdings, Inc., et al.*, Case No. 1:22-cv-02283-EK-PK); (b) state the name, address, and telephone number of the person or entity objecting, and if represented by counsel, the name, address, and telephone number of such counsel, and must be signed by the objector; (c) state with specificity the grounds for the objection, including any legal and evidentiary support the objector wishes to bring to the Court's attention and whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class; and (d) include documentation establishing the objecting person or entity's membership in the

---

[9] Plaintiffs' initial motion papers in support of these matters will be filed with the Court on or before January 23, 2024.

Settlement Class, including the number of shares of Bakkt Securities that the objecting person or entity (1) owned as of the opening of trading on March 31, 2021 and close of trading on February 17, 2022, and (2) purchased, acquired and/or sold from March 31, 2021 through February 17, 2022, as well as the dates and prices for each such purchase, acquisition and sale. In addition, the objector must identify all class action settlements to which the objector or his, her, or its counsel have previously objected; copies of any papers, briefs, or other documents upon which the objection is based; and the objector's signature, even if represented by counsel. Documentation establishing membership in the Settlement Class must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement. Objectors who desire to present evidence at the Settlement Fairness Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

80. **You may not** object **to** the **Settlement or any aspect of it if you exclude yourself from the Settlement Class.**

81. You may file a written objection without having to appear at the Settlement Fairness Hearing. You may not appear at the Settlement Fairness Hearing to present your objection, however, unless you have first filed a written objection in accordance with the procedures described above, unless the Court orders otherwise.

82. You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Fairness Hearing. If you decide to hire an attorney, which will be at your own expense, he or she must file a notice of appearance with the Court so that the notice is *received* **on or before February 6, 2024**.

83. The Settlement Fairness Hearing may be adjourned by the Court without further written notice to the Settlement Class, other than a posting of the adjournment on the Settlement website, www.BakktSecuritiesSettlement.com. If you plan to attend the Settlement Fairness Hearing, you should confirm the date and time with Co-Lead Counsel.

> **Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, or Co-Lead Counsel's request for an award of attorneys' fees and litigation expenses. Settlement Class Members do not need to appear at the hearing or take any other action to indicate their approval.**

## WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?

84. Nominees who purchased or acquired Bakkt Securities for beneficial owners who are Settlement Class Members are directed to: (a) request, within ten (10) calendar days of receipt of this Notice, additional copies of the Notice and the Claim Form ("Notice Packet") from the Claims Administrator for such beneficial owners; or (b) send a list of the names, addresses, and email addresses (to the extent available) of such beneficial owners to the Claims Administrator within ten (10) calendar days after receipt of this Notice. If a nominee elects to send the Notice Packet to beneficial owners, such nominee is directed to mail the Notice Packet within ten (10) calendar days of receipt of the additional copies of the Notice Packet from the Claims Administrator, and upon such mailing, the nominee shall send a statement to the Claims Administrator confirming that the mailing was made as directed, and the nominee shall retain the list of names and addresses for use in connection with any possible future notice to the Settlement Class. Upon full compliance with these instructions, including the timely mailing of the Notice to beneficial owners, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with these instructions in an amount not to exceed $0.15 plus postage at the current pre-sort rate used by the Claims Administrator per Notice Packet; or $0.05 per Notice Packet transmitted by email; or $0.15 per name, mailing address, and email address (to the extent available) provided to the Claims Administrator, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought and reflecting compliance with these instructions, including timely mailing of the Notice, if the nominee elected or elects to do so. Such properly documented expenses incurred by nominees in compliance with the terms of these instructions will be paid from the Settlement Fund. Copies of this Notice may also be obtained by calling toll-free (877) 390-3468, and may be downloaded from the Settlement website, www.BakktSecuritiesSettlement.com.

## CAN I SEE THE COURT FILE?
## WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

85. This Notice contains only a summary of the terms of the proposed Settlement. More detailed information about the matters involved in the Action is available at www.BakktSecuritiesSettlement.com, including, among other documents, copies of the Stipulation and Claim Form. This Notice summarizes the proposed Settlement. For the precise terms and conditions of the Settlement, please see the Stipulation available at www.BakktSecuritiesSettlement.com, or by contacting Co-Lead Counsel below. You may also access the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://pacer.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court, Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York 11201, during regular office hours, Monday through Friday, excluding Court holidays. All inquiries concerning this Notice or the Claim Form should be directed to:

Bakkt Securities Settlement
c/o A.B. Data, Ltd.
PO Box 73027
Milwaukee, WI 53217

**COURT APPROVED NOTICE REGARDING**
*Bakkt Securities Settlement*

*Bakkt Securities Settlement*
c/o A.B. Data, Ltd.
PO Box 73027
Milwaukee, WI 53217
(877) 390-3468
Claims Administrator

**-or-**

Jeremy Lieberman, Esq.
POMERANTZ LLP
600 Third Avenue, 20th Floor
New York, NY 10016
(212) 661-1100
jalieberman@pomlaw.com

Adam M. Apton, Esq.
LEVI & KORSINSKY, LLP
33 Whitehall Street, 17th Floor
New York, NY 10004
(212) 363-7500
aapton@zlk.com
Co-Lead Counsel

**DO NOT CALL OR WRITE THE COURT, DEFENDANTS, DEFENDANTS' COUNSEL, OR THE OFFICE OF THE CLERK OF COURT REGARDING THIS NOTICE.**

Dated: September 21, 2023

By Order of the Court
United States District Court
Eastern District of New York

# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

SUZANNE POIRIER, Individually and On Behalf of
All Others Similarly Situated,

          Plaintiff,

    v.

BAKKT HOLDINGS, INC. f/k/a VPC IMPACT ACQUISITION
HOLDINGS, JOHN MARTIN, OLIBIA STAMATOGLOU,
GORDON WATSON, KAI SCHMITZ, and KURT SUMMERS,

          Defendants.

Case No. 1:22-cv-02283-EK-PK

SUMMARY NOTICE OF (I) PROPOSED
SETTLEMENT; (II) MOTION FOR AN
AWARD OF ATTORNEYS' FEES AND
LITIGATION EXPENSES; AND (III)
SETTLEMENT FAIRNESS HEARING

*IF YOU PURCHASED OR OTHERWISE ACQUIRED COMMON STOCK OF BAKKT HOLDINGS, INC. ("BAKKT") OR VPC IMPACT ACQUISITION HOLDINGS ("VIH"), OR WARRANTS TO PURCHASE BAKKT OR VIH COMMON STOCK (TOGETHER, "BAKKT SECURITIES") FROM MARCH 31, 2021 THROUGH NOVEMBER 19, 2021, BOTH DATES INCLUSIVE (THE "CLASS PERIOD"), YOU COULD RECEIVE A PAYMENT FROM A CLASS ACTION SETTLEMENT. CERTAIN PERSONS ARE EXCLUDED FROM THE DEFINITION OF THE SETTLEMENT CLASS AS SET FORTH IN THE STIPULATION AND AGREEMENT OF SETTLEMENT.*

PLEASE READ THIS NOTICE CAREFULLY. YOUR RIGHTS MAY BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and by Order of the United States District Court for the Eastern District of New York, that in the above-captioned litigation (the "Action"), a Settlement has been proposed for $3,000,000.00 in cash. A hearing will be held on February 27, 2024, at 11:00 a.m., before the Honorable Eric Komitee, at the United States District Court, Eastern District of New York, 225 Cadman Plaza East, Brooklyn, NY 11201, or remotely per details that will be made publicly available on the Settlement website (www.BakktSecuritiesSettlement.com), for the purpose of determining whether: (1) the proposed Settlement should be approved by the Court as fair, reasonable and adequate; (2) the Judgment as provided under the Stipulation and Agreement of Settlement (the "Stipulation") should be entered dismissing the Action against all Defendants with prejudice; (3) a Settlement Class of all persons, other than Defendants and other excluded persons, who purchased or otherwise acquired Bakkt Securities during the Class Period (the "Settlement Class"), should be finally certified for purposes of the Settlement only; (4) the proposed Plan of Allocation for distribution of the Settlement proceeds is fair, reasonable and adequate and therefore should be approved; and (5) the application of Co-Lead Counsel for the payment of attorneys' fees and expenses from the Settlement Fund, including interest earned thereon, should be approved and, if so, in what amount; and (6) to award Plaintiffs out of the Settlement Fund pursuant to 15 U.S.C. § 78u-4(a)(4) in connection with their representation of the Settlement Class and, if so, in what amount.

**IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS DESCRIBED ABOVE, YOUR RIGHTS MAY BE AFFECTED BY THE SETTLEMENT OF THE ACTION, AND YOU MAY BE ENTITLED TO SHARE IN THE SETTLEMENT FUND**. If you have not received a detailed Notice of (i) Proposed Settlement, (ii) Motion for an Award of Attorneys' Fees and Litigation Expenses, and (iii) Settlement Fairness Hearing (the "Notice") and a copy of the Proof of Claim and Release ("Claim Form"), you may obtain a copy of these documents by contacting the Claims Administrator: *Bakkt Securities Settlement* c/o A.B. Data, Ltd., P.O. Box 173027, Milwaukee, WI, 53217, 1-877-390-3468, info@BakktSecuritiesSettlement.com. You may also obtain copies of the Stipulation, Notice, and Claim Form at www.BakktSecuritiesSettlement.com.

If you are a Settlement Class Member, to be eligible to share in the distribution of the Net Settlement Fund, you must submit a Claim Form by mail postmarked no later than January 9, 2024, or submit it online by that date. If you are a Settlement Class Member and do not submit a valid Claim Form, you will not be eligible to share in the distribution of the Net Settlement Fund, but you will still be bound by any judgment entered by the Court in this Action (including the releases provided for therein).

To exclude yourself from the Settlement Class, you must mail a written request for exclusion so that it is received by February 6, 2024, in accordance with the instructions set forth in the Notice. If you are a Settlement Class Member and do not exclude yourself from the Settlement Class, you will be bound by any judgment entered by the Court in this Action (including the releases provided for therein) whether or not you submit a Claim Form. If you submit a written request for exclusion, you will have no right to recover money pursuant to the Settlement.

Any objection to the proposed Settlement, the Plan of Allocation of Settlement proceeds, or the fee and expense application must be filed with the Court no later than February 6, 2024.

**PLEASE DO NOT CONTACT THE COURT, THE CLERK'S OFFICE, DEFENDANTS, OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE**. If you have any questions about the Settlement, or your eligibility to participate in the Settlement, you may contact Co-Lead Counsel at the following address(es) or telephone numbers:

Pomerantz LLP
Jeremy Lieberman
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: (212) 661-1100
jalieberman@pomlaw.com

Levi & Korsinsky LLP
Adam M. Apton
33 Whitehall Street, 17th Floor
New York, NY 10004
Telephone: (212) 363-7500
aapton@zlk.com

DATED: September 21, 2023

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

# EXHIBIT D

# Pomerantz LLP and Levi & Korsinsky LLP Announce Notice of Proposed Settlement If You Purchased or Otherwise Acquired Common Stock Of Bakkt Holdings, Inc. ("Bakkt") or VPC Impact Acquisition Holdings ("VIH"), or Warrants To Purchase Bakkt or VIH Common Stock (Together, "Bakkt Securities") From March 31, 2021 Through November 19, 2021, Inclusive

NEWS PROVIDED BY
**Pomerantz LLP and Levi Korsinsky LLP →**
16 Oct, 2023, 10:00 ET

NEW YORK, Oct. 16, 2023 /PRNewswire/ --

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SUZANNE POIRIER, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>BAKKT HOLDINGS, INC. f/k/a VPC IMPACT ACQUISITION HOLDINGS, JOHN MARTIN, OLIBIA STAMATOGLOU, GORDON WATSON, KAI SCHMITZ, and KURT SUMMERS,<br><br>Defendants. | Case No. 1:22-cv-02283-EK-PK<br><br><br>SUMMARY NOTICE OF (I) PROPOSED SETTLEMENT; (II) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND LITIGATION EXPENSES; AND (III) SETTLEMENT FAIRNESS HEARING |

*IF YOU PURCHASED OR OTHERWISE ACQUIRED COMMON STOCK OF BAKKT HOLDINGS, INC. ("BAKKT") OR VPC IMPACT ACQUISITION HOLDINGS ("VIH"), OR WARRANTS TO PURCHASE BAKKT OR VIH COMMON STOCK (TOGETHER, "BAKKT SECURITIES") FROM MARCH 31, 2021 THROUGH NOVEMBER 19, 2021, BOTH DATES INCLUSIVE (THE "CLASS PERIOD"), YOU COULD RECEIVE A PAYMENT FROM A CLASS ACTION SETTLEMENT. CERTAIN PERSONS ARE EXCLUDED FROM THE DEFINITION OF THE SETTLEMENT CLASS AS SET FORTH IN THE STIPULATION AND AGREEMENT OF SETTLEMENT.*

PLEASE READ THIS NOTICE CAREFULLY.  YOUR RIGHTS MAY BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and by Order of the United States District Court for the Eastern District of New York, that in the above-captioned litigation (the "Action"), a Settlement has been proposed for $3,000,000.00 in cash.  A hearing will be held on February 27, 2024, at 11:00 a.m., before the Honorable Eric Komitee, at the United States District Court, Eastern District of New York, 225 Cadman Plaza East, Brooklyn, NY 11201, or remotely per details that will be made publicly available on the Settlement website (www.BakktSecuritiesSettlement.com), for the purpose of determining whether: (1) the proposed Settlement should be approved by the Court as fair, reasonable and adequate; (2) the Judgment as provided under the Stipulation and Agreement of Settlement (the "Stipulation") should be entered dismissing the Action against all Defendants with prejudice; (3) a Settlement Class of all persons, other than Defendants and other excluded persons, who purchased or otherwise acquired Bakkt Securities during the Class Period (the "Settlement Class"), should be finally certified for

purposes of the Settlement only; (4) the proposed Plan of Allocation for distribution of the Settlement proceeds is fair, reasonable and adequate and therefore should be approved; and (5) the application of Co-Lead Counsel for the payment of attorneys' fees and expenses from the Settlement Fund, including interest earned thereon, should be approved and, if so, in what amount; and (6) to award Plaintiffs out of the Settlement Fund pursuant to 15 U.S.C. § 78u-4(a)(4) in connection with their representation of the Settlement Class and, if so, in what amount.

**IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS DESCRIBED ABOVE, YOUR RIGHTS MAY BE AFFECTED BY THE SETTLEMENT OF THE ACTION, AND YOU MAY BE ENTITLED TO SHARE IN THE SETTLEMENT FUND**.  If you have not received a detailed Notice of (i) Proposed Settlement, (ii) Motion for an Award of Attorneys' Fees and Litigation Expenses, and (iii) Settlement Fairness Hearing (the "Notice") and a copy of the Proof of Claim and Release ("Claim Form"), you may obtain a copy of these documents by contacting the Claims Administrator: *Bakkt Securities Settlement* c/o A.B. Data, Ltd., P.O. Box 173027, Milwaukee, WI, 53217, 1-877-390-3468, info@BakktSecuritiesSettlement.com. You may also obtain copies of the Stipulation, Notice, and Claim Form at www.BakktSecuritiesSettlement.com.

If you are a Settlement Class Member, to be eligible to share in the distribution of the Net Settlement Fund, you must submit a Claim Form by mail postmarked no later than January 9, 2024, or submit it online by that date.  If you are a Settlement Class Member and do not submit a valid Claim Form, you will not be eligible to share in the distribution of the Net Settlement Fund, but you will still be bound by any judgment entered by the Court in this Action (including the releases provided for therein).

To exclude yourself from the Settlement Class, you must mail a written request for exclusion so that it is received by February 6, 2024, in accordance with the instructions set forth in the Notice.  If you are a Settlement Class Member and do not exclude yourself from the Settlement Class, you will be bound by any judgment entered by the Court in this Action (including the releases provided for therein) whether or not you submit a Claim Form.  If you submit a written request for exclusion, you will have no right to recover money pursuant to the Settlement.

Any objection to the proposed Settlement, the Plan of Allocation of Settlement proceeds, or the fee and expense application must be filed with the Court no later than February 6, 2024.

**PLEASE DO NOT CONTACT THE COURT, THE CLERK'S OFFICE, DEFENDANTS, OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE.** If you have any questions about the Settlement, or your eligibility to participate in the Settlement, you may contact Co-Lead Counsel at the following address(es) or telephone numbers:

Pomerantz LLP

Jeremy Lieberman

600 Third Avenue, 20th Floor

New York, NY 10016

Telephone: (212) 661-1100

jalieberman@pomlaw.com

Levi & Korsinsky LLP

Adam M. Apton

33 Whitehall Street, 17th Floor

New York, NY 10004

Telephone: (212) 363-7500

aapton@zlk.com

DATED: September 21, 2023    BY ORDER OF THE COURT

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

SOURCE Pomerantz LLP and Levi Korsinsky LLP



# PRN Top Stories Newsletters

Sign up to get PRN's top stories and curated news delivered to your inbox weekly!

Enter Your Email

Select Country

**Submit**

By signing up you agree to receive content from us.
Our newsletters contain tracking pixels to help us deliver unique content based on each subscriber's engagement and interests. For more information on how we will use your data to ensure we send you relevant content please visit our PRN Consumer Newsletter Privacy Notice. You can withdraw your consent at any time in the footer of every email you'll receive.