**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

SUZANNE POIRIER, Individually and On
Behalf of All Others Similarly Situated,

                Plaintiff,

    v.

BAKKT HOLDINGS, INC. f/k/a VPC IMPACT
ACQUISITION HOLDINGS, JOHN MARTIN,
OLIBIA STAMATOGLOU, GORDON
WATSON, KAI SCHMITZ, and KURT
SUMMERS,

                Defendants.

---

Case No. 1:22-cv-02283-EK-PK

<u>CLASS ACTION</u>

**PLAINTIFFS' REPLY
MEMORANDUM OF LAW IN
FURTHER SUPPORT OF (I)
MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT
AND (II) MOTION FOR AN AWARD
OF ATTORNEYS' FEES,
REIMBURSEMENT OF
LITIGATION EXPENSES, AND
AWARDS TO PLAINTIFFS**

Plaintiffs Rachna Mehrotra, Tse Winston Wing Kuen, and James Liner (collectively, "Plaintiffs") respectfully submit this reply memorandum of law in support of the (1) Motion for Final Approval of Class Action Settlement (the "Final Approval Motion") (Dkt. No. 61) and (2) Motion for an Award of Attorneys' Fees, Reimbursement of Litigation Expenses, and Awards to Plaintiffs (the "Fee Motion") (Dkt. No. 62) (together, the "Motions").

## I.    **PRELIMINARY STATEMENT**

Plaintiffs respectfully request that the Court grant the pending Motions. The Settlement, if approved, will result in a cash payment of $3 million. This will provide the Settlement Class with a substantial, immediate, and guaranteed recovery that eliminates additional costs to the Parties and circumvents future risks of litigation. These risks include disputes over liability and damages concerning Plaintiffs' ability to prove scienter, loss causation, and damages. They also include a litany of other risks that plaintiffs normally face when litigating large complex class action litigation, such as their ability to secure and maintain a certified class as well as recover any award obtained at trial.

In accordance with the Court's Order Granting Preliminary Approval, Plaintiffs disseminated notice of the Settlement to nearly 80,000 potential Settlement Class Members. The deadline to object to the Settlement and/or request exclusion was February 6, 2024. No one has objected to the Settlement and, as of the date of this filing, counsel has received valid requests from exclusion from only three individuals. The attached Supplemental Declaration of Adam D. Walter (the "Supp. Walter Decl.") contains additional information concerning Plaintiffs' dissemination of notice for the Settlement, including the proof of mailing and publication required by the Court under the terms of the Preliminary Approval Order.

Between the benefits provided by the Settlement and the positive reaction received by the

1

Settlement Class, Plaintiffs firmly believe that the Settlement should be approved in final. Respectfully, Plaintiffs ask the Court to grant their pending Motions in their entirety.

**II.    THE CLAIMS ADMINISTRATOR PROVIDED NOTICE OF THE SETTLEMENT TO POTENTIAL CLASS MEMBERS**

The Claims Administrator, A.B. Data, Ltd. ("A.B. Data"), initially mailed the Notice Packet and/or Postcard Notice to 76,386 potential Settlement Class Members on or before January 23, 2024. Supp. Walter Decl. at ¶3. Since then, A.B. Data has caused an additional 1,275 Notice Packets and/or Postcard Notices to be mailed to potential Settlement Class Members, bringing the total number of Notice Packets and/or Postcard Notices sent to potential Settlement Class Members to 77,661 as of today's date. *Id*. at ¶¶4-5. In addition, A.B. Data has continued to maintain the telephone helpline and website for the Settlement. *Id*. at ¶¶6-7.

In response to Plaintiffs' notice of the Settlement, Settlement Class Members had until February 6, 2024 to file objections to the Settlement or request to be excluded from the Settlement. The Court's Order Granting Preliminary Approval set the February 6 deadline and provided specific instructions concerning how to validly object to and/or opt-out of the Settlement. *See* Preliminary Approval Order, Dkt. No. 60, p. 25. The February 6 deadline for objections and requests for exclusions has passed. To date, there have been no objections to the Settlement and Plaintiffs have received only four (4) valid requests for exclusion. Supp. Walter Decl. at ¶¶9, 11. Plaintiffs received three (3) additional requests for exclusion but these additional requests for exclusion did not contain the information required by the Court to constitute a valid request for exclusion, despite requests from A.B. Data to provide the information. *Id*. at ¶9.

"The reaction of the Class to the Settlement is a significant factor in assessing its fairness and adequacy, and the absence of objections may itself be taken as evidencing the fairness of a

settlement." *City of Providence v. Aeropostale, Inc.*, 2014 WL 1883494, at \*5 (S.D.N.Y. May 9, 2014); *see also In re Bear Stearns Companies, Inc. Sec., Derivative, & ERISA Litig.*, 909 F. Supp. 2d 259, 266 (S.D.N.Y. 2012). Here, after completing a robust notice program that included disseminating notice of the Settlement to nearly 80,000 potential Settlement Class Members, publishing Summary Notice on a widely-distributed, business-oriented newswire and once in print in the *Investor's Business Daily*, and hosting a comprehensive settlement website containing all Notice and Settlement-related materials, Plaintiffs have received no objections to the Settlement and only a small nubmer of requests for exclusion. *See* Supp. Walter Decl. at ¶¶9, 11.

This response from the Settlement Class is strong evidence of the fairness, reasonableness, and adequacy of the Settlement. *See*, *e.g.*, *Rodriquez v. It's Just Lunch Int'l*, 2020 WL 1030983, at \*4–5 (S.D.N.Y. Mar. 2, 2020); *In re MetLife Demutualization Litig.*, 689 F. Supp. 2d 297, 333 (E.D.N.Y. 2010) (collecting cases); *In re Glob. Crossing Sec. & ERISA Litig.*, 225 F.R.D. 436, 457 (S.D.N.Y. 2004). Further, that there were no objections to the proposed fee request, expense reimbursement request, or compensatory awards to Plaintiffs, strongly favors granting those requests. *See Rodriquez*, 2020 WL 1030983, at \*11 (awarding the requested 31.5% in attorneys' fees over two objections, noting that "the relatively low number of objections weighs in favor of approving the attorneys' requested fees as reasonable"). "The vast disparity between the number of potential class members who received notice of the Settlement and the number of objectors creates a strong presumption . . . in favor of the Settlement . . . ." *In re Cendant Corp. Litig.*, 264 F.3d 201, 235 (3d Cir. 2001).

## III.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court enter an order granting the requested relief in both Motions. A revised proposed order granting final approval with the names of the individuals and/or entities seeking exclusion is attached hereto.

Dated:  February 20, 2024                    Respectfully submitted,

**LEVI & KORSINSKY, LLP**

 s/ Adam M. Apton
Adam M. Apton
Devyn R. Glass
33 Whitehall Street, 17th Floor
New York, New York 10004
Telephone: (212) 363-7500
Fax: (212) 363-7171
aapton@zlk.com
dglass@zlk.com

**POMERANTZ LLP**
Jeremy A. Lieberman
Jonathan D. Park
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
jalieberman@pomlaw.com
jpark@pomlaw.com

*Co-Lead Counsel for Plaintiffs and the Class*

**HAO LAW FIRM**
Junbo Hao
Room 3-401 No. 2 Building
No. 1 Shaungliubei Street
100024 Beijing
People's Republic of China
Telephone: +86 137-1805-2888
jhao@haolaw.cn

*Additional Counsel for Plaintiff Tse Winston Wing Kuen*

4