UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x
RACHNA MEHROTRA, TSE WINSTON WING :
KUEN, and JAMES LINER, *on behalf of themselves* :
*and all other persons similarly situated*, :
: **DECISION AND ORDER**
Plaintiffs, :
: 22-CV-2283 (PK)
-against- :
:
BAKKT HOLDINGS, INC. f/k/a VPC IMPACT :
ACQUISITION HOLDINGS, JOHN MARTIN, :
OLIBIA STAMATOGLOU, GORDON :
WATSON, KAI SCHMITZ, and KURT :
SUMMERS, :
:
Defendants. :
---------------------------------------------------------------- x

**Peggy Kuo, United States Magistrate Judge:**

Suzanne Poirier ("Poirier") brought this action against Defendants Bakkt Holdings, Inc., f/k/a VPC Impact Acquisition Holdings, John Martin, Olibia Stamatoglou, Gordon Watson, Kai Schmitz, and Kurt Summers (collectively, "Defendants"), on behalf of herself and a putative class consisting of investors in Bakkt Holdings, Inc. ("Bakkt"), alleging violations of federal securities laws. (*See* Am. Compl., Dkt. 45.) Co-Lead Plaintiffs Tse Winston Win Kuen, James Liner, and Rachna Mehrotra (collectively, "Co-Lead Plaintiffs") have filed an unopposed Motion for Final Approval of Class Action Settlement (the "Final Approval Motion," Dkt. 61) and Motion for an Award of Attorneys' Fees, Reimbursement of Litigation Expenses, and Awards to Plaintiffs (the "Fees Motion," Dkt. 62, and together with the Final Approval Motion, the "Motions"). The parties have consented to my jurisdiction. (Dkt. 67.) For the reasons stated below, the Motions are granted.

**BACKGROUND AND PROCEDURAL HISTORY**

The Court assumes familiarity with the underlying facts in this action as set forth in the Court's Preliminary Approval Order. (*See* Dkt. 60.) The parties previously negotiated and executed a

1

proposed settlement agreement with a total payment amount of $3 million. (*See* "Settlement Agreement" ¶ 1(qq), Dkt. 53.) On September 21, 2023, the Court preliminarily approved the parties' proposed class settlement, finding that it would likely be able to approve the proposed settlement as fair, reasonable, and adequate, and preliminarily certified a class for settlement purposes only ("Settlement Class"). (Preliminary Approval Order at 14, 19.) The Court previously appointed Co-Lead Plaintiffs Rachna Mehrotra, Tse Winston Wing Kuen, and James Liner as class representatives, and Pomerantz LLP and Levi & Korsinsky LLP as class counsel ("Co-Lead Counsel"). (So-Ordered Stipulation and Order Appointing Co-Lead Plaintiffs and Co-Lead Counsel, Dkt. 41.) The Court also appointed A.B. Data, Ltd. to act as Claims Administrator for the class settlement and execute the proposed notice program, including distributing the Notice and Claim Form (*see* Ex. B to the Declaration of Adam D. Walter ("Walter Decl."), Dkt. 61-4) (together, the "Notice Packet") to Settlement Class members. (Preliminary Approval Order at 19–22.)

On January 23, 2024, Co-Lead Plaintiffs filed the Final Approval Motion, attaching the following supporting documentation: a memorandum of law in support of the Final Approval Motion ("Final Approval Mem.," Dkt. 61-1), attorney declarations from Co-Lead Counsel ("Apton Decl.," Dkt. 61-2; "Park Decl.," Dkt. 61-3), declarations from Co-Lead Plaintiffs (Dkts. 61-5, 61-6, 61-7), and a declaration by a representative of the Claims Administrator (Walter Decl., Dkt. 61-4). The declaration submitted by the Claims Administrator confirmed that the proposed notice program had been executed pursuant to the Preliminary Approval Order. (*Id.*) Concurrently with the filing of the Final Approval Motion, Co-Lead Plaintiffs filed the Fees Motion and memorandum of law in support of the requested fees. ("Fees Mem.," Dkt. 62-1.)

The Motions seek entry of a final judgment and order approving the proposed $3 million class-wide settlement, awarding attorneys' fees in the amount of $1 million and expenses in the amount of

2

$80,000, plus accrued interest, and awarding Co-Lead Plaintiffs $5,000 each, totaling $15,000, for their service as representatives of the Settlement Class.

The Final Approval Motion is unopposed, and Defendants do not object to the requests for attorneys' fees, costs, or service payments. The Court held a final settlement approval hearing on February 27, 2024. No Settlement Class member objected to the settlement at or before the hearing. Following the hearing, the parties filed joint status updates on March 5, 2024 ("March 5 Exclusion Update," Dkt. 66) and April 5, 2024 ("April 5 Joint Report," Dkt. 68). In all, a total of 77,661 Notice Packets were distributed, 5,752 claims and three valid exclusion requests were submitted, and no objections were made. ("Suppl. Walter Decl.," Dkt. 63-2; March 5 Exclusion Update; April 5 Joint Report.)

Having considered the Final Approval Motion, the supporting declarations, the arguments presented at the February 27, 2024 hearing, and the complete record in this matter, for good cause shown, the Court: (i) grants final approval of the settlement as memorialized in the Settlement Agreement; (ii) approves a service award to the Co-Lead Plaintiffs in the amount of $5,000 each; and (iii) approves an award of attorneys' fees and costs in the amounts of $1,000,000 and $80,000, respectively, plus accrued interest.

A final judgment and order is entered as follows:

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. Following the distribution of the Notice Packet to the potential Settlement Class, and now having had an opportunity to consider the Settlement Class's reaction to the proposed settlement, the Court grants final approval of the proposed class action settlement and the Settlement Agreement, and "so orders" all of its terms which are incorporated herein. This Order incorporates by reference the definitions in the Settlement Agreement, except as modified herein, and all exhibits, addendums, stipulations, and schedules thereto.

3

2. The Settlement Agreement provides that, in exchange for payment of a Settlement Amount of $3,000,000, the Settlement Class shall release all claims "(i) asserted in any of the complaints filed in the Action; or (ii) could have asserted in the Action or in any other action or in any other forum that arise out of the allegations in any of the complaints filed in the Action, including all claims relating to or arising from purchase or acquisition of Bakkt securities: (a) during the Class Period; and/or (b) pursuant and/or traceable to Bakkt's Registration Statement issued in connection with the [merger between VPC Impact Acquisition Holdings and Bakkt Holdings LLC.]" (Settlement Agreement ¶¶ 1(mm), (qq).) The Settlement Agreement also provides that the Settlement Amount, plus interest earned thereon (the "Settlement Fund"), will be used to pay taxes, notice and claims administration costs, attorneys' fees and litigation expenses, and any other award made by the Court pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"). (*Id.* ¶¶ 1(uu), 13.)

3. As previously addressed by the Court when it granted preliminary certification of the Settlement Class, the numerosity, commonality, typicality, and adequacy requirements of Federal Rule of Procedure 23(a), and the predominance and superiority requirements of Rule 23(b)(3), have been met, warranting class certification for purposes of effectuating settlement. (*See* Preliminary Approval Order at 19.)

4. The Court grants final certification to the following Settlement Class, for settlement purposes pursuant to Rule 23(e), comprised of: "all persons and entities who purchased or otherwise acquired publicly traded Bakkt Securities (i) during the period from March 31, 2021 through November 19, 2021, both dates inclusive, or (ii) pursuant and/or traceable to the Registration Statement, and were allegedly damaged thereby." (Settlement Agreement ¶ 1(rr).)

5. The Settlement Class excludes: "(i) Defendants; (ii) current and former officers and directors of Bakkt; (iii) members of the Immediate Family of each of the Individual Defendants; (iv) all

4

subsidiaries and affiliates of Bakkt and the directors and officers of Bakkt and their respective subsidiaries or affiliates; (v) all persons, firms, trusts, corporations, officers, directors, and any other individual or entity in which any Defendant has a controlling interest, provided, however, that any 'Investment Vehicle' shall not be excluded from the Settlement Class; (vi) the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of all such excluded parties; and (vii) any persons or entities who properly exclude themselves by filing a valid and timely request for exclusion." (*Id.*)

6. The Settlement Class also excludes Thomas Flanagan, Mary Helene Sabbagh, and Storm Coutard, whose requests for exclusion are granted. (*See* Ex. 1 to Proposed Final Approval Order, Dkt. 66-1.)

7. In preliminarily approving the Settlement Agreement, the Court previously considered the requirements of Fed. R. Civ. P. 23(e)(2), weighed the factors set forth in *City of Detroit v. Grinnell Corp.*, 495 F. 2d 448 (2d Cir. 1974), and found that it would likely be able to approve the proposed settlement as fair, reasonable, and adequate. (Preliminary Approval Order at 7.)

8. The Court now finds that Co-Lead Plaintiffs and Co-Lead Counsel have adequately represented the Settlement Class pursuant to Rule 23(e)(2)(A), the settlement was reached through arm's-length negotiations between experienced counsel pursuant to Rule 23(e)(2)(B), the relief is adequate for the Settlement Class pursuant to Rule 23(e)(2)(C), and the Settlement Class members are treated equitably relative to each other pursuant to Rule 23(e)(2)(D).

9. I also find that the remaining *Grinnell* factors—the stage of the proceedings and the amount of discovery completed, the ability of the Defendants to withstand a greater judgment, the range of the settlement fund in light of the best possible recovery, and the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation—weigh in favor of final approval.

10. The only factor the Court could not address in the Preliminary Approval Order was the reaction of the class to the settlement. (Preliminary Approval Order at 13.) With respect to that factor, the response to the settlement has been positive. In total, the Claims Administrator distributed 77,661 Notice Packets, of which 5,752 Claim Forms were submitted as of April 5, 2024, reflecting a participation rate of 7.5%. (Walter Supp. Decl. ¶ 5; April 5 Joint Report.) Although this participation rate is below a typical range of class action settlement participation rates, in the absence of countervailing concerns, this rate alone does not suggest that the settlement is inadequate. *See* 2 McLaughlin on Class Actions § 6:24 (20th ed.) (observing that claims-made settlements typically have a participation rate in the 10–15 percent range and, in the context of consumer class actions, a participation rate as low as 3 percent is not unusual and does not suggest the settlement is inadequate or unfair). The participation rate of 7.5% is consistent with that of other securities class action settlements ranging from $2.05 million and $10 million, based on data provided by the Claims Administrator. (*See* April 5 Joint Report at 2–3.) Furthermore, the eligible claims submitted to date represent approximately 10.4 million shares of stock and 2.7 million warrants, reflecting approximately 25% and 33% of the estimated total damaged shares of 41.5 million and damaged warrants of 8.1 million, respectively. (*Id.* at 3.)

11. No Settlement Class member objected to the settlement, and only three members requested to opt out from the Settlement Class. (Suppl. Walter Decl. ¶ 11; Exclusion Update; Ex. 1 to Proposed Final Approval Order.) Thus, the reaction of the class to the settlement also weighs in favor of final approval of the Settlement Agreement.

12. Accordingly, because the Rule 23(e)(2) and *Grinnell* factors all weigh in favor of approval, the Court approves the proposed settlement as fair, reasonable, and adequate.

13. The Court finds that sufficient notice of the proposed settlement was given, pursuant to Rule 23(e)(1), to bind all Settlement Class members. The Claims Administrator distributed the Notice

Packet pursuant to the notice program preliminarily approved by the Court, including by mail to nominees and beneficial purchases, publication of the Summary Notice in *Investor's Business Daily*, publication of the Notice Packet on the settlement website, www.BakktSecuritiesSettlement.com, and use of a toll-free phone number with pre-recorded information about the settlement. (Preliminary Approval Order at 5, 19–21; Walter Decl. ¶¶ 2–13.) The Court finds that the Notice and Claim Form were the best notice practicable to allow Settlement Class members a full and fair opportunity to consider the proposed settlement and develop a response. The Court notes that 1,275 of the 77,661 Notice Packets distributed, or 1.6%, were distributed after the claims submission deadline of January 9, 2024. However, many of these late distributions were either duplicative distributions to individuals who had already received notice of the settlement but wanted a hard copy Notice Packet, or likely duplicative distributions because they were sent to additional contacts received directly from Apex Clearing Corporation, which was used by brokers who likely already sent Notice Packets to potential class members. (*See* April 5 Joint Report at 3.) Therefore, many of the class members who received late Notice Packets would likely already have received timely notice of the settlement. The Court finds and concludes that the distribution of the Notice and Claim Form were the best reasonable method to reach all Settlement Class members who would be bound by the Settlement Agreement.

14. The Court previously appointed Pomerantz LLP and Levi & Korsinsky LLP as Co-Lead Counsel (So-Ordered Stipulation and Order Appointing Co-Lead Plaintiffs and Co-Lead Counsel), and now finds that Pomerantz LLP and Levi & Korsinsky LLP have satisfied the requirements of Rule 23(a)(4) and fairly and adequately protected the interests of the Settlement Class in this action.

15. Co-Lead Counsel have extensive experience in securities class action litigation and were, therefore, well equipped to have negotiated a fair settlement for the Settlement Class. (Fees Mem. at 12–15.) The Court hereby grants Co-Lead Plaintiffs' request for attorneys' fees and costs, and awards

Class Counsel $1,000,000 in attorneys' fees, reflecting approximately 33% of the Settlement Amount, plus $80,000 for litigation expenses, plus interest earned on that amount at the same rate and for the same period as that earned by the Settlement Fund. The Court finds that this award of a percentage of the Settlement Amount is reasonable. The requested award of attorneys' fees represents a multiplier of 2.07 based on the billing summaries submitted by Co-Lead Counsel. (*See* Dkts. 62-2, 62-3.) The fee award is justified by the work that Co-Lead Counsel did conducting the litigation, negotiating the settlement, achieving the ultimate recovery, and by the risk that Co-Lead Counsel undertook in bringing the claims.

16. These amounts of attorneys' fees and litigation expenses shall be paid from the Settlement Fund as specified in the Settlement Agreement.

17. The Court finds the service award of $15,000 to Co-Lead Plaintiffs, in the amount of $5,000 each to Tse Winston Win Kuen, James Liner, and Rachna Mehrotra, to be reasonable. This amount shall be paid from the Settlement Fund as specified in the Settlement Agreement.

18. The Court dismisses this action with prejudice. The Court retains jurisdiction over the case until all installments have been paid by Defendants as provided for in the Settlement Agreement.

SO ORDERED:

*Peggy Kuo*

PEGGY KUO
United States Magistrate Judge

Dated: April 16, 2024
      Brooklyn, New York