UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
SUZANNE POIRIER, *individually and on behalf of all other persons similarly situated*,

                      Plaintiffs,

         - against –

BAKKT HOLDINGS, INC. f/k/a VPC IMPACT ACQUISITION HOLDINGS, JOHN MARTIN, OLIBIA STAMATOGLOU, GORDON WATSON, KAI SCHMITZ, and KURT SUMMERS,

                      Defendants.
-------------------------------------------------------------- x

**ORDER FOR DISBURSEMENT OF FUNDS**

22-CV-2283 (PK)

**Peggy Kuo, United States Magistrate Judge:**

Suzanne Poirier ("Poirier") brought this action against Defendants Bakkt Holdings, Inc. f/k/a VPC Impact Acquisition Holdings, John Martin, Olibia Stamatoglou, Gordon Watson, Kai Schmitz, and Kurt Summers (collectively, "Defendants"), on behalf of herself and a putative class consisting of investors in Bakkt Holdings, Inc. ("Bakkt"), alleging violations of federal securities laws. (*See* Am. Compl., Dkt. 45.) Co-Lead Plaintiffs Tse Winston Win Kuen, James Liner, and Rachna Mehrotra (collectively, "Co-Lead Plaintiffs") have filed an unopposed Motion for Distribution of Class Action Settlement Funds (the "Motion"). (Dkt. 70.) The parties have consented to my jurisdiction. (Dkt. 67.) For the reasons stated below, the Motion is granted, and the funds are ordered distributed pursuant to the terms described herein.

**BACKGROUND AND PROCEDURAL HISTORY**

The Court assumes familiarity with the underlying facts in this action as set forth in the Court's Preliminary Approval Order. (*See* Dkt. 60.) The parties previously negotiated and executed a proposed settlement agreement with a total payment amount of $3 million. (*See* "Settlement Agreement" ¶ 1(qq), Dkt. 53.) On August 3, 2022, the Court appointed Co-Lead Plaintiffs Rachna

Mehrotra, Tse Winston Wing Kuen, and James Liner as class representatives, and Pomerantz LLP and Levi & Korsinsky LLP as class counsel ("Co-Lead Counsel").  (Order, Dkt. 41.)  On September 21, 2023, the Court preliminarily approved the parties' proposed class settlement, finding that it would likely be able to approve the proposed settlement as fair, reasonable, and adequate, and preliminarily certified a class for settlement purposes only ("Settlement Class"); and approved A.B. Data, Ltd. ("A.B. Data") to act as Claims Administrator for the class settlement and execute the proposed notice program, including distributing the Notice and Claim Form (*see* Ex. B to the Declaration of Adam D. Walter, Dkt. 61-4) (together, the "Notice Packet") to Settlement Class members.  (Prelim. Approval Order, Dkt. 60.)

On April 16, 2024, the Court granted final approval of the settlement as memorialized in the Settlement Agreement, approved service awards to Co-Lead Plaintiffs, approved an award of attorneys' fees and costs, and entered final judgment, dismissing the case with prejudice but retaining jurisdiction until all installments have been paid by Defendants as provided for in the Settlement Agreement.  (Dec'n and Order, Dkt. 69.)

Plaintiffs now request approval to disburse settlement funds pursuant to the Settlement Agreement.  (Mot.)  The Motion is unopposed (Dkt. 71), and Defendants do not object to the request for disbursement.  6,016 Proofs of Claims were received, 4,198 of which Plaintiffs contend should be rejected "for reasons other than inadequate documentation."  (Mem. at 4; *see* Decl. of Adam D. Walter ("Walter Decl.") ¶ 36, Dkt. 70-2.)  Plaintiffs request that 1,818 valid and properly-documented claims, representing a total loss of $14,215,574.99, be accepted and receive a distribution.  (Memorandum of Law ("Mem.") at 3, Dkt. 70-1.)  This total is comprised of 1,050 claims received by January 9, 2024 ("Timely Valid Claims") and 768 late-filed claims that were postmarked after January 9, 2024 but were received on or before October 17, 2024 ("Late Valid Claims") (Walter Decl. ¶¶ 34–35).  Plaintiffs contend that the Late Valid Claims should be approved because they "have not caused delay in the

2

distribution of the Net Settlement Fund[1] or otherwise prejudiced any Authorized Claimant." (Mem. at 3.) Finally, to effectuate the distribution, Plaintiffs request that A.B. Data be awarded $25,549.42, the maximum cost[2] it estimates necessary to conduct the initial distribution. (Walter Decl. ¶ 38; *see* Estimate, Dkt. 70-2 at 64.)

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. Following Plaintiffs' receipt and analysis of all Proofs of Claims that were submitted, the Court grants Plaintiffs' Motion for Distribution of Class Action Settlement Funds.

2. The distribution plan for the Net Settlement Fund as set forth in the Walter Declaration and accompanying exhibits is APPROVED. The funds that are currently in the Net Settlement Fund (less any necessary amounts to be withheld for payment of potential tax liabilities, remaining costs of administering the Settlement, and related fees and expenses) shall be distributed on a *pro rata* basis to the Authorized Claimants identified in Exhibits D and E to the Walter Declaration, at the direction of Co-Lead Counsel, pursuant to the Settlement Agreement and the Plan of Allocation and the Net Settlement Fund set forth in the Notice of Pendency and Proposed Settlement of Class Action (*see* Notice Packet) that was distributed pursuant to this Court's Order (Dkt. 69).

3. Any person asserting any rejected or subsequently-filed claims are finally and forever banned as of October 17, 2024, the cut-off date used to finalize the administration and after which date no additional Proofs of Claim will be processed or considered for inclusion in the Initial Distribution of the Net Settlement Fund.

---

[1] Capitalized terms not otherwise defined herein have the meanings given to them in the Settlement Agreement.

[2] Plaintiffs state that if the fees and expenses of the initial distribution are less than this amount, the excess will be returned to the Net Settlement Fund. (Walter Decl. at 14 n.3.)

4. The Court finds that the administration of the Settlement and proposed distribution of the Net Settlement Fund comply with the terms of the Settlement Agreement and that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein, or otherwise involved in the administration or taxation of the Settlement or the Net Settlement Fund, including, but not limited to Class Counsel and the A.B. Data, are released and discharged from any and all claims arising out of such involvement; and all Settlement Class Members are barred from making any further claims against the Net Settlement Fund or the Released Parties beyond the amount allocated to them pursuant to this Order.

5. The checks for distribution to Authorized Claimants shall bear the notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION 120 DAYS AFTER DISTRIBUTION DATE." Class Counsel and A.B. Data are authorized to locate and/or contact any Authorized Claimant who has not cashed his, her, or its check within said time.

6. Pursuant to the Plan of Allocation, if any funds remain in the Net Settlement Fund by reason of uncashed check or otherwise, then, after A.B. Data has made reasonable and diligent efforts to have Settlement Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, any balance remaining in the Net Settlement Fund after six (6) months from the initial distribution, the Claims Administrator, shall, if feasible, (a) first, pay any amounts mistakenly omitted from the initial distribution; (b) second, pay any additional settlement administration fees, costs, and expenses, including those of Class Counsel as may be approved by the Court; and (c) finally, make a second distribution to claimants who cashed their checks from the initial distribution and who would receive at least $10.00, after payment of the estimated costs, expenses, or fess to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible.

7. The Court finds the proposed fees and expenses for A.B. Data to conduct the Initial Distribution, $25,549.42, to be reasonable. This amount shall be paid from the Settlement Fund as specified in the Settlement Agreement.

8. At such time as Co-Lead Counsel, in consultation with the Claims Administrator, determine that no additional distributions are cost-effective, then the remaining funds, after payment of any unpaid fees and expenses incurred in administering the Settlement, shall be contributed to a non-sectarian, not-for-profit organization, to be recommended by Co-Lead Counsel and approved by the Court.

9. This Court retains jurisdiction over any further application or matter which may arise in connection with this action.

**SO ORDERED:**

*Peggy Kuo*
PEGGY KUO
United States Magistrate Judge

Dated: Brooklyn, New York
   February 19, 2025